JOSHUA V. VAN HOVEN
joshua.vanhoven@hglaw.com
GREGORY J. LUNDELL
greg.lundell@hglaw.com
111 N Market Street, Suite 900
San Jose, California 95113

RICHARD T. MCCAULLEY (*pro hac vice*)
richard.mccaulley@hglaw.com
116 W. Hubbard, Unit 20
Chicago, IL 60654

[Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: DA VINCI SURGICAL ROBOTS ANTITRUST LITIGATION** | Lead Case No. 3:21-CV-03825-VC |
| **THIS DOCUMENT RELATES TO:** <br> **ALL CASES** | Honorable Vince Chhabria |
| **SURGICAL INSTRUMENT SERVICE COMPANY, INC.,** <br><br> **Plaintiff,** <br><br> **vs.** <br><br> **INTUITIVE SURGICAL, INC.,** <br><br> **Defendant.** | Case No. 3:21-cv-03496-VC <br><br> Honorable Vince Chhabria |

## JOINT STIPULATION AND [PROPOSED] ORDER
## REGARDING DEPOSITION PROTOCOL

1

WHEREAS, fact discovery closes in both above-captioned matters (the "N.D. Cal. Cases") on November 10, 2022. *See* ECF No. 88.

WHEREAS, Plaintiffs Larkin Community Hospital, Franciscan Alliance, Inc., and King County Public Hospital District No. 1 (the "Hospital Plaintiffs"), Plaintiff Surgical Instrument Service Company, Inc. ("SIS"), and Defendant Intuitive Surgical, Inc. ("Intuitive") have engaged in discussions to facilitate an orderly process to take depositions in this matter prior to the discovery deadline.

WHEREAS, the parties have already begun scheduling depositions to ensure discovery can be complete by the November 10, 2022 deadline.

WHEREAS, the Hospital Plaintiffs, SIS, and Intuitive have collectively disclosed, pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), more than 50 individuals who are likely to have discoverable information that the parties may use to support their claims or defenses.

NOW THEREFORE, to ensure that the parties can efficiently and effectively coordinate taking depositions in the above-captions actions, the Hospital Plaintiffs, SIS, and Intuitive propose that the below protocol govern depositions.

I.      General Provisions

    A.      Scope and Application

        1.      For purposes of this protocol, the N.D. Cal. Cases will be treated as a single case, and, unless otherwise stated herein or agreed by the parties, all limits set out herein shall apply to the two cases collectively.

        2.      Other than the Remote Deposition Protocol (*see* Section IV below), this protocol does not apply to depositions of expert witnesses.

        3.      All parties must comply with Local Rule 30.1.

        4.      All parties may use depositions taken in *Restore Robotics LLC v. Intuitive Surgical, Inc.*, No. 5:19-cv-55-TKW-MJF (N.D. Fla.) and *Rebotix Repair LLC v. Intuitive Surgical*, Inc., No. 8:20-cv-02274-VMC-TGW (M.D. Fla.) as if they were taken in the N.D. Cal. Cases.

2

5. Witnesses affiliated with Intuitive who were deposed in *Restore* or *Rebotix* will not be deposed in the N.D. Cal. Cases unless the noticing party demonstrates a good-faith need for a second deposition, except that Plaintiffs as of right may take Rule 30(b)(1) depositions of four Intuitive-affiliated witnesses who were previously deposed in *Restore* or *Rebotix*.

II.   30(b)(6) Depositions

A. Each party will be subject to no more than a single 30(b)(6) notice.

B. Each party will be subject to no more than 10 hours of questioning on a 30(b)(6) notice. This limit will not be affected by the number of witnesses presented in response to the notice.

III.   Deposition Limits

A. Each witness will be deposed only once in their individual capacity (exclusive of depositions taken in the *Rebotix* and/or *Restore* cases), with all parties being given notice of a deposition. The parties will make good-faith efforts to consolidate 30(b)(1) and 30(b)(6) depositions of a witness who has been noticed in their individual capacity and designated as a 30(b)(6) representative, to prevent any witness from appearing twice.

B. Each side (i.e., hospital plaintiffs and SIS on the one hand, and Intuitive on the other) will be limited to 115 hours and 24 witnesses to use for all non-expert depositions.

1. Each side can use its allotted 115 hours as it wishes, but each witness will count as at least 1 hour, no one witness shall be deposed for more than 7 hours.

2. Time spent deposing Rule 30(b)(6) witnesses will count toward the hours limit and shall count as 1 deposition, regardless of the number of witnesses tendered or the time spent deposing.

3. Except for the 4 depositions Plaintiffs may take as of right under the second clause in ¶ I.A.5. above, all parties reserve their rights to object in good faith to any particular deposition based on burden or any other grounds.

C. To the extent any party submits a declaration in support of or in opposition to any summary judgment, class certification, or other dispositive motion in the N.D. Cal. Cases, the opposing party or parties to that motion shall have the right to depose that declarant without having the deposition count against either the hours cap or the deposition cap. The parties will negotiate in good faith the length of any such deposition in light of the scope and materiality of the declaration. Such deposition can occur after the close of fact discovery, but shall not impact the

3

schedule of the associated motion. The opposing party shall have three business days from the filing of the motion or opposition to inform the filing party that they wish to depose the declarant. If the declarant has already been deposed, the parties will meet in good faith to determine whether another deposition is warranted.

D. To the extent any party lists on its trial witness list an individual who has not previously been deposed, the opposing party or parties shall have the right to depose that witness without having the deposition count against either the hours cap or the deposition cap. The parties will negotiate in good faith the length of any such deposition. Such deposition can occur after the close of fact discovery, but shall not impact the trial date. The opposing party shall have three business days from exchange of the parties' trial witness lists to inform the filing party that they wish to depose the witness.

IV. Remote Deposition Protocol

A. Unless otherwise agreed by all parties, and as applicable, any non-party deponent, all depositions in this action shall be conducted remotely using videoconference technology, and the video feed of the deponent at each deposition shall be video-recorded. The parties agree to negotiate in good faith about conducting certain depositions in person.

B. Any person who is present in the room where the deponent is located shall state his or her appearance for the record and be visible at all times to those participating in the deposition remotely. If one or more other individuals is present in the room with the deponent, a camera or cameras will be set up to capture those additional individuals. One camera will be focused solely on the deponent.

C. The party that notices a deposition ("Noticing Party") shall be responsible for engaging a service provider to provide court reporting, videoconference and remote deposition services for all remote depositions (the "Service Provider"), and shall be responsible for procuring a written transcript and video record of the remote deposition. The costs associated with the use of the Service Provider and its platform shall be the responsibility of the Noticing Party. The parties shall bear their own costs in obtaining a transcript and/or video record of the deposition.

D. For any non-party witness, the Noticing Party shall serve a copy of this Remote Deposition Protocol with the deposition subpoena.

E. The Noticing Party shall provide the Service Provider with a copy of this Remote Deposition Protocol at least forty-eight hours in advance of the deposition.

F. The parties agree that video-recorded remote depositions taken pursuant to this stipulation may be used at a trial or hearing to the same extent that an in-person deposition may be used at a trial or hearing, and the parties agree not to object to

the use of these video recordings on the basis that the deposition was taken remotely. The parties reserve all other objections to the use of any deposition testimony at trial.

G.    The parties agree that each deponent in a remote deposition shall be video recorded. The Service Provider shall capture an audio record of on-record statements made by all individuals who attend the deposition. In addition, all individuals who attend the deposition should strive to ensure that their environment is free from noise and distractions when they are on video or their microphone is unmuted.

H.    While on the record, no counsel shall initiate a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent.

I.    During breaks in the deposition, the parties may use the breakout room feature provided by the Service Provider, if available, which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established by the Service Provider before the deposition and controlled by the Service Provider.

J.    Remote depositions shall be recorded by stenographic means consistent with the requirements of Rule 30(b)(3), but given the COVID-19 pandemic, the court reporter need not be physically present with the witness whose deposition is being taken. The parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

K.    The court reporter will stenographically record the testimony, and the court reporter's transcript shall constitute the official record. The Service Provider will record the video feed of the deponent and preserve the video recording. The court reporter may be given a copy of the video recording (of any videotaped deposition) and may review the video recording to improve the accuracy of any written transcript.

L.    The parties agree that the court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the witness via videoconference.

M.    At the beginning of each deposition, consistent with Rule 30(b)(5)(A) of the Federal Rules of Civil Procedure, the employee of the Service Provider responsible for video-recording the deposition shall begin the deposition with an on-the-record statement that includes: (i) the officer's name and company affiliation; (ii) the date and time, and place of the deposition (which shall be defined as the location of the deponent); (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation; and (v) a statement that the

identity of all persons present at the remote deposition will appear in the stenographic record.

N.     At least three business days prior to the commencement of each deposition, the counsel noticing the deposition shall provide, or cause the Service Provider to provide, all counsel the details necessary to gain access to each remote deposition, including but not limited to any web addresses, login credentials, and hardware and software requirements.

O.     At least two business days prior to the commencement of each deposition, the participants shall access the remote deposition video and exhibit platform(s), and ensure that the platform(s) and all participants' hardware, software, and internet connections are functioning properly. The parties agree to work collaboratively and in good faith with the Service Provider to assess each deponent's technological abilities and to troubleshoot any issues at least two business days in advance of the deposition so any adjustments can be made.

P.     The parties also agree to work collaboratively to address and troubleshoot technological (including audio or video) issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any party to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent or each other. To the extent a deposition needs to be adjourned due to technical problems that cannot be resolved within an hour, the parties shall resume the deposition at the earliest feasible date and time.

Q.     Any time spent addressing technical issues will count as "off the record" time and shall not count against any time limit, provided that and starting when a questioning attorney or defending attorney specifies it is "off the record." If a technical issue prevents the deponent, questioning attorney, or defending attorney from speaking to or hearing other participants, the deposition shall be deemed "off the record" from that time.

R.     Every deponent shall endeavor to have technology sufficient to appear for a videoconference deposition (e.g., a laptop or desktop computer, or other suitable device with internet, webcam, and microphone capabilities), and bandwidth sufficient to sustain the remote deposition. At least seven days prior to the remote deposition, the defending attorney shall consult with the deponent and confirm whether the deponent has access to the required technology. If not, the defending attorney shall endeavor to supply it prior to the deposition. Other than the deposition computer used by the witness to carry out the deposition, and any telephone line used for the same purpose, such witness shall not access any network or cellular connected device, such as mobile phones or tablets, during the deposition, except during designated breaks.

S.      Participants shall take care to minimize background noise during the deposition. Participants other than the deponent, the questioning attorney, and the defending attorney shall place their microphones on mute except during times that they desire to speak on the record. Participants shall make best efforts to refrain from speaking at the same time as other Participants. The deponent, the questioning attorney, and the defending attorney shall keep their cameras turned on while the deposition is being conducted. All other participants shall keep their cameras off at all times, except as otherwise directed by the court reporter.

T.      The parties agree that any of the following methods for administering exhibits may be employed during a remote deposition, or a combination of one or more methods:

    1.      Counsel noticing the deposition may mail or courier hard copies of documents that may be used during the deposition to the deponent and the defending attorney. Noticing counsel shall inform the defending attorney prior to mailing the documents and shall provide tracking information for the package. Such documents shall be delivered by 2:00 pm (local time for the witness) the business day before the deposition, unless otherwise agreed. The defending attorney shall confirm receipt of the package by electronic mail to counsel noticing the deposition. Every recipient of a mailed package shall keep the package sealed until the deposition begins and shall only unseal the package when instructed by counsel taking the deposition. In addition, neither the witness, the defending attorney, nor anyone acting at the direction of any attorney, shall review any hard-copy documents received in advance of counsel taking the deposition directing the witness to look at the document. This same procedure shall apply to any hard copies of documents any other counsel intends to use for examining the witness. Copies of the exhibits shall be provided to all the other deposition attendees by one of the electronic methods described in subparagraphs (2) and (3) below. Counsel noticing the deposition will advise the parties at the time the deposition is noticed the method that the court reporter or court reporting service will use to identify and track the official versions of the exhibits. The box shall include a prepaid shipping label to return the documents to the questioning attorney. Following the completion of the deposition the witness will secure any hard-copy exhibits in an envelope or box immediately following the deposition and will not alter any exhibit (mark up, remove pages, etc.) after the conclusion of the deposition. Counsel for the witness will arrange for the exhibits to be destroyed or returned to questioning attorney. If hard copies of documents are used, deposing counsel retains the right to use additional electronic exhibits not included with the hard-copy exhibits, including Excel documents or other file types such as video or audio files that cannot be easily printed. There may also occasionally be last-minute deposition exhibits which are not able to be provided to the witness or

defendant counsel in advance. The use of such last-minute exhibits should be the exception, not the rule.

2.   Counsel noticing the deposition may choose to send a compressed .zip file of the documents that may be used during the deposition via electronic mail to the deponent, the defending attorney and the court reporter. The .zip file shall be delivered by 11:00 pm ET the business day before the deposition. The defending attorney and the court reporter shall confirm receipt of the .zip file by electronic mail to counsel noticing the deposition. The .zip file shall be password protected, and counsel taking the deposition shall supply the password via electronic email immediately prior to the commencement of the deposition. Every recipient of a .zip file shall not open (a) the .zip file, and (b) any specific document within the .zip file until specifically directed to do so by the counsel taking the deposition.

3.   Counsel may choose to display or send exhibits electronically to the deponent, the defending attorney and the court reporter during the deposition, by (a) using document-sharing technology and/or (b) sending the exhibit while on the record via electronic mail. In any event, the method used to share documents must allow the deponent and counsel for all parties to review the exhibits independently and in their entirety during the course of the deposition.

4.   Regardless of the method(s) for administering exhibits selected by the questioning attorney, the witness may request to use hard copies of documents. The witness shall make that request at least seven calendar days before the scheduled date of the deposition by electronic mail to counsel noticing the deposition. In response to such a request, hard copies of documents that may be used during the deposition shall be sent to the deponent and the defending attorney pursuant to the procedure outlined above. However, deposing counsel retains the right to use additional electronic exhibits not included with the hard-copy exhibits, including Excel documents or other file types such as video or audio files that cannot be easily printed. There may also occasionally be last-minute deposition exhibits which are not able to be provided to the witness or defendant counsel in advance. The use of such last-minute exhibits should be the exception, not the rule.

U.   All parties stipulate that an objection by counsel for any Plaintiff shall be deemed an objection for all Plaintiffs.

V.   A remote deposition shall satisfy the parties' obligations to make the deponent available for deposition and the deponent's obligations to appear for a deposition to the same extent as if the deposition had been conducted in person.

W.       The parties may modify these procedures by mutual agreement and reserve their
         rights to seek reasonable modifications of these procedures as appropriate in
         individual circumstances.

DATED: September 13, 2022                          Respectfully Submitted,

                                                   */s/ Joshua Van Hoven*
                                                   JOSHUA V. VAN HOVEN
                                                   joshua.vanhoven@hglaw.com
                                                   GREGORY J. LUNDELL
                                                   greg.lundell@hglaw.com
                                                   111 N Market Street, Suite 900
                                                   San Jose, California 95113

                                                   RICHARD T. MCCAULLEY (*pro hac vice*)
                                                   richard.mccaulley@hglaw.com
                                                   116 W. Hubbard, Unit 20
                                                   Chicago, IL 60654

         *Attorneys for Plaintiff SURGICAL INSTRUMENT SERVICE COMPANY, INC.*

Jeffrey J. Corrigan (*pro hac vice*)
Jeffrey L. Spector (*pro hac vice*)
Icee N. Etheridge (*pro hac vice*)
SPECTOR ROSEMAN & KODROFF, P.C.
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: 215-496-0300
Fax: 215-496-6611
Email: jcorrigan@srkattorneys.com
        jspector@srkattorneys.com
        ietheridge@srkattorneys.com

*/s Seth R. Gassman*
Seth R. Gassman (SBN 311702)
Samuel Maida (SBN 333835)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980
Email: sgassman@hausfeld.com
Email: smaida@hausfeld.com


Benjamin D. Brown (SBN 202545)
Daniel McCuaig (*pro hac vice*)
COHEN MILSTEIN SELLERS &
TOLL PLLC
1100 New York Ave., Suite 500
Washington, DC 20005
Tel: 202-408-4600
Fax: 202-408-4699
Email: bbrown@cohenmilstein.com
        dmccuaig@cohenmilstein.com

Brent W. Landau (*pro hac vice*)
Gary I. Smith, Jr. (*pro hac vice*)
HAUSFELD LLP
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Tel: 215-985-3270
Fax: 215-985-3271
Email: blandau@hausfeld.com
        gsmith@hausfeld.com


Manuel J. Dominguez (*pro hac vice*)
COHEN MILSTEIN SELLERS &
TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Tel: 561-515-2604
Fax: 561-515-1401
Email: jdominguez@cohenmilstein.com

Christopher J. Bateman (*pro hac vice*)
COHEN MILSTEIN SELLERS &
TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Tel: 212-838-7797
Fax: 212-838-7745
Email: cbateman@cohenmilstein.com

*Interim Co-Lead Counsel for the Proposed Class*

Eric L. Cramer (*pro hac vice forthcoming*)
BERGER MONTAGUE
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: 215-875-3009
Email: ecramer@bm.net

Michael J. Boni
Joshua D. Snyder (*pro hac vice*)
John E. Sindoni (*pro hac vice*)
BONI, ZACK & SNYDER LLC
15 St. Asaphs Road
Bala Cynwyd, PA 19004
Tel: 610-822-0200
Fax: 610-822-0206
Email: mboni@bonizack.com
        jsnyder@bonizack.com
        jsindoni@bonizack.com

Kevin Bruce Love (*pro hac vice forthcoming*)
Michael E. Criden (*pro hac vice forthcoming*)
Lindsey Grossman (*pro hac vice forthcoming*)
CRIDEN & LOVE, P.A.
7301 SW 57th Court, Suite 515
South Miami, FL 33143
Tel: 305-357-9010
Fax: 305-357-9050
Email: klove@cridenlove.com
        mcriden@cridenlove.com
        lgrossman@cridenlove.com

Kimberly A. Justice (*pro hac vice forthcoming*)
Jonathan M. Jagher (*pro hac vice forthcoming*)
FREED KANNER LONDON &
MILLEN LLC
923 Fayette Street
Conshohocken, PA 19428
Tel: 610-234-6487
Fax: 224-632-4521
Email: kjustice@fklmlaw.com
        jjagher@fklmlaw.com

Howard Langer (*pro hac vice forthcoming*)
Edward Diver (*pro hac vice forthcoming*)
Peter Leckman (CA Bar No. 235721)
LANGER, GROGAN & Diver, P.C.
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: 215-320-0876
Fax: 215-320-5703
Email: hlanger@langergrogan.com
        ndiver@langergrogan.com
        pleckman@langergrogan.com

William H. London (*pro hac vice forthcoming*)
Douglas A. Millen (*pro hac vice forthcoming*)
FREED KANNER LONDON &
MILLEN LLC
2201 Waukegan Road, #130
Bannockburn, IL 60015
Tel: 224-632-4500
Fax: 224-632-4521
Email: blondon@fklmlaw.com
        dmillen@fklmlaw.com

W. Joseph Bruckner (*pro hac vice forthcoming*)
Brian D. Clark (*pro hac vice forthcoming*)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Tel: 612-339-6900
Fax: 612-339-0981
Email: wjbruckner@locklaw.com
        bdclark@locklaw.com

William J. Leonard (*pro hac vice forthcoming*)
OBERMAYER REBMANN MAXWELL &
HIPPEL LLP
Centre Square West, Suite 3400
1500 Market Street
Philadelphia, PA 19102-2101
Tel: 215-665-3000
Fax: 215-665-3165
Email: William.leonard@obermayer.com

Jennifer Duncan Hackett (*pro hac vice*)
ZELLE LLP
1775 Pennsylvania Avenue, NW, Suite 375
Washington, DC 20006
Tel: 202-899-4100
Fax: 612-336-9100
Email: jhackett@zelle.com

Judith A. Zahid (SBN 215418)
Heather T. Rankie (SBN 268002)
James S. Dugan (SBN 325565)
ZELLE LLP
555 12th Street, Suite 1230
Oakland, CA 94607
Tel: 415-693-0700
Fax: 415-693-0770
Email: jzahid@zelle.com
        hrankie@zelle.com
        jdugan@zelle.com

*Counsel for the Proposed Class*

ALLEN RUBY (SBN 47109)
allen@allenruby.com
ALLEN RUBY, ATTORNEY AT LAW
15559 Union Ave. #138
Los Gatos, CA 95032
Tel: (408) 477-9690

KAREN HOFFMAN LENT
(*Pro Hac Vice*)
karen.lent@skadden.com
MICHAEL H. MENITOVE
(*Pro Hac Vice*)
michael.menitove@skadden.com
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Tel: (212) 735-3000
Fax: (212) 735-2040

MICHAEL S. BAILEY (*Pro Hac Vice*)
michael.bailey@skadden.com
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Tel: (202) 371-7000
Fax: (202) 393-5760

*s/ Kathryn E. Cahoy*
KATHRYN ELIZABETH CAHOY
MATTHEW ERIK DELGADO
kcahoy@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square
Palo Alto, CA 94306
Tel: (650) 632-4700
Fax: (650) 632-4800

ASHLEY E BASS
JOHN FOSTER KENDRICK
abass@cov.com
jkendrick@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 10th St NW
Washington, DC 20001
202-662-6000

SONYA DIANE WINNER
ISAAC DANIEL CHAPUT
swinner@cov.com
ichaput@cov.com
COVINGTON & BURLING LLP
415 Mission Street
Floor 54
San Francisco, CA 94105-2533
Tel: (415) 591-6000

*Attorneys for Defendant* INTUITIVE SURGICAL, INC.

## [PROPOSED] ORDER

**It is hereby ordered** that the above protocol shall govern depositions in these cases.


**It is so ordered**

Dated: _____, 2022

_____
Hon. Vince Chhabria
United States District Court Judge

## **CERTIFICATE OF SERVICE**

I, Joshua Van Hoven, hereby certify that I caused to be filed electronically a true and

correct copy of the foregoing document via the Northern District of California's ECF on

September 13, 2022.

_____*/s/ Joshua Van Hoven*_____
Joshua Van Hoven

**FILER'S ATTESTATION**

I, Joshua Van Hoven, am the ECF User whose ID and password are being used to file this document. In compliance with Civil L.R. 5-1(h)(3), I hereby attest that all counsel listed above have concurred in this filing.


_/s/ Joshua Van Hoven_
Joshua Van Hoven

Joint Stipulation and [Proposed] Order re: Depositions          Case No. 3:21-cv-03825/ Case No. 3:21-cv-03496-VC