```
 1                UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF CALIFORNIA
 3          Before The Honorable Vince Chhabria, Judge
 4
 5 SURGICAL INSTRUMENT SERVICE    )
   COMPANY, INC.,                 )
 6                                )
            Plaintiff,            )
 7                                )
   vs.                            )  No. C 21-03496-VC
 8                                )
   INTUITIVE SURGICAL, INC.,      )
 9                                )
            Defendant.            )
10 _____)
11
                                   San Francisco, California
12                                 Wednesday, September 28, 2022
13
    TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
14             RECORDING 1:54 - 2:06 = 12 MINUTES
15 APPEARANCES:
16 For Plaintiff:
                                   Ropes Gray, LLP
17                                 191 North Wacker Drive
                                   32nd Floor
18                                 Chicago, Illinois 60606
                              BY:  RICHARD T. MCCAULLEY, JR.,
19                                   ESQ.
20                                 Spector Roseman & Kodroff,
                                     P.C.
21                                 2001 Market Street, Suite 3420
                                   Philadelphia, Pennsylvania
22                                   19103
                              BY:  JEFFREY J. CORRIGAN, ESQ.
23
24
25          (APPEARANCES CONTINUED ON NEXT PAGE)
```

*Echo Reporting, Inc.*

```
                                                                    2
 1  APPEARANCES:  (Cont'd.)

 2  For Defendant:             Covington & Burling, LLP
                               3000 El Camino Real
 3                             5 Palo Alto Square
                               Palo Alto, California 94306
 4                             (650) 632-4800
                         BY:   KATHRYN CAHOY, ESQ.
 5
                               Covington & Burling, LLP
 6                             Salesforce Tower
                               415 Mission Street
 7                             54th Floor
                               San Francisco, California
 8                                94105
                               (415) 591-6000
 9                       BY:   SONYA WINNER, ESQ.

10                             Skadden Arps Slate Meagher
                                  & Flom, LLP
11                             One Manhattan West
                               New York, New York 10001
12                       BY:   MICHAEL MENITOVE, ESQ.

13  Transcribed by:            Echo Reporting, Inc.
                               Contracted Court Reporter/
14                             Transcriber
                               echoreporting@yahoo.com
15

16

17

18

19

20

21

22

23

24

25
```

3

1 <u>Wednesday, September 28, 2022</u>                          <u>1:54 p.m.</u>
2                    P-R-O-C-E-E-D-I-N-G-S
3                            --oOo--
4          THE CLERK:  Calling case number 21-CV-3496, Surgical Instrument Service Company, Inc. versus Intuit Surgical, Inc., in case number 21-CV-3825, In Re Divinci Surgical Robot Antitrust Litigation.
8     Counsel, please state your appearances, starting with the Plaintiffs, for Surgical Instrument Services.
10         MR. CORRIGAN (via Zoom):  Good afternoon, your Honor.  Jeff Corrigan here for the Hospital Plaintiffs.
12         THE COURT:  Hello.
13         MR. MCCAULLEY (via Zoom):  Good afternoon, your Honor.  Richard McCaulley for Surgical Instrument.
15         THE COURT:  Hello.
16         MS. CAHOY (via Zoom):  Good afternoon, your Honor. Kathryn Cahoy appearing on behalf of Defendant Intuitive Surgical.
19         THE COURT:  Hello.
20         MS. WINNER (via Zoom):  Good morning, your Honor. Sonya Winner appearing on behalf of Intuitive.
22         THE COURT:  Ms. Winner, welcome to the -- welcome to the party.
24         MS. WINNER:  Thank you, your Honor.  I'm pleased to be here.

1          THE COURT:  First appearance in this case?
2          MS. WINNER:  It is, your Honor.
3          THE COURT:  All right.  I'm sorry.  Who's --
4 there's somebody else --
5          MR. MENITOVE (via Zoom):  Good afternoon.  Mike
6 Menitove on behalf of Intuitive Surgical, your Honor.
7          THE COURT:  Hello.
8     Okay.  So, let me see.  I -- I just pulled up -- I read
9 both of these last night, and I just pulled up the case
10 management statement from the In Re Divinci case because I
11 thought there was a little -- there was a little more info
12 in there, and maybe it was a little more helpful.
13     So, the status -- the status of the cases in Florida,
14 those are -- those are set to go to trial soon it sounds
15 like?
16          MS. CAHOY:  Yes, your Honor.
17          THE COURT:  So, what's -- what's -- what do you
18 know about how -- how hard those dates are or how likely
19 they are to go?  Have you had any conversations with the
20 judges about that?
21          MS. WINNER:  I can perhaps speak to that, your
22 Honor.  The -- the case in Tampa, hurricane permitting, is
23 -- is currently on the Court's December trial calendar.
24 There's not a fixed date in that court, but the calendar
25 starts on December 5th, and so --

1          THE COURT:  It's like State Court where they just
2 -- you kind of don't know until the 11th hour whether you're
3 actually going to go out?
4          MS. WINNER:  Yes, that's great for going from San
5 Francisco to Tampa, you know, but we'll deal with it.  We
6 don't have any further information beyond that.  We have
7 actually talked just a week ago -- a week or two ago with
8 the judge in Pensacola who has the other case.  That case
9 currently has a trial date in February, and that's still on
10 as far as -- as far as everyone knows.
11         THE COURT:  Okay.  The other issue in this case
12 that you all flagged, if I remember correctly, was -- and if
13 I'm misstating this, let me know, but the Defendants are
14 saying, "Look, we agreed to a process where we would do
15 summary judgment before class certification."  And you're
16 now -- now Plaintiffs, you're saying, "Well, we got to do
17 expert reports on class certification now too, even though
18 we agreed we would adjudicate a summary judgment motion
19 first, which might obviate the need for expert -- expert
20 disclosures and whatnot, expert reports on class
21 certification."  That doesn't make you say, "Plaintiffs,
22 that doesn't make any sense.  Why would we spend the money
23 on that?"
24      That seems right.  I had forgotten until I read that
25 that we decided that we were going to do summary judgment

1  first, but since we just apparently decided that we're going
2  to do summary judgment first, why would we say that they
3  have to do -- that you have to do your class -- your expert
4  reports or declarations or discover on -- on class
5  certification now?  That doesn't make any sense or it
6  defeats the purpose of doing the summary judgment first.
7          MR. CORRIGAN:  Well, I guess my first point, your
8  Honor, was that we negotiated with the Defendant in August
9  of 2021.  We exchanged several versions of the schedule.  We
10 proposed a schedule to the Court, and it was entered by the
11 Court in August of 2021.  We then proposed an extension in
12 April of 2022, again, exchanged dates with the Defendant.
13 That schedule was also entered by the Court.
14         THE COURT:  Yeah, but when did we decide -- when
15 -- when did we decide -- I mean, this -- all of this
16 happened a long time ago.  When did we decide to adopt a
17 schedule where we were going to do summary judgment before
18 class certification?
19         MR. CORRIGAN:  It was all adopted in August of
20 2021, your Honor.  We negotiated this with the Defendant at
21 -- at some length, and it was summary judgment first and
22 class later.
23         THE COURT:  Why would -- why -- why -- right.
24 And, so, given that it was summary judgment first and class
25 later, why would we -- why would we require, you know,

1  expert discovery on class certification now?
2          MR. CORRIGAN:  Well --
3          THE COURT:  I mean, I know there's potential --
4  there's a lot of potential for overlap, but --
5          MR. CORRIGAN:  Sure.  They're --
6          THE COURT:  -- the whole point of doing it this
7  way is to sort of save the money and time and difficulty
8  associated with class certification proceedings which in
9  cases like this can be really, you know, hard and time
10 consuming and expensive.
11         MR. CORRIGAN:  That's part of why we -- we went
12 with this, and we've done it in other cases as well, your
13 Honor.  We have a case right now, just for example, and the
14 class certification process went on, and there were a number
15 of expert reports and a number of expert depositions, and
16 class was certified and then came to merits, and the expert
17 says to me, "Okay.  What do you want me to do with the
18 merits report?"  And I said, "Well, why don't you take a new
19 cover page and put merits on it on top of your class
20 certification report, and that's basically your class
21 certification -- your merits report." That's how much
22 overlap there is, your Honor.  And under the -- the
23 following depositions are very similar to the depositions at
24 the class stage.  There's just a lot of overlap.  We've done
25 it in this case before.  And, in fact, the Defendant has

1  agreed to it twice in this case.  If we do the -- the expert
2  issues all at once, the overlap can be taken care of that
3  way.  The depositions can be taken care of that way.
4      Right now, the schedule -- the schedule's been entered
5  twice -- would have to be revised and expanded.  Right now
6  the schedule on the class cert are -- the opposition would
7  be due August 17th --
8          THE COURT:  Okay.  Hold on.  I want to pull that
9  up.
10         MR. CORRIGAN:  Sure.
11         THE COURT:  Can you show me where that is on the
12 docket so that I have it in front of me?
13         MR. CORRIGAN:  It's Docket Number 88.  That's the
14 revised schedule that you entered, Docket Number 88.
15         THE COURT:  Okay. Great.  Give me one second to
16 just review it.
17         MR. CORRIGAN:  Sure.
18     (Pause.)
19         THE COURT:  One second.  I'll pull it up on my
20 computer here.
21     (Pause.)
22         THE COURT:  Eighty-eight you said?
23         MR. CORRIGAN:  Yes.
24         THE COURT:  Okay.
25     (Pause.)

9

1  THE COURT: Okay. It's a summary judgment hearing
2 on motion for summary judgment, February 9th -- oh, sorry.
3 We changed it to June 8th of '23, right?
4  MR. CORRIGAN: Yeah.
5  THE COURT: And then hearing on class
6 certification would be October of '23, and it's an elongated
7 briefing schedule for class certification, and I just don't
8 understand why, to the extent that there's any additional
9 expert work that needs to be done on the issue of class
10 certification, why can't you just do that during the process
11 of briefing the -- the motion?
12  MS. CAHOY: Your Honor, that's exactly our
13 position. We're not -- to be clear, we're not asking for
14 changes to the case schedule. We interpret it to mean
15 exactly as you say, that if the parties have an expert
16 report relating to class certification issues, they should
17 submit it with their briefing. If someone opposes that,
18 they can submit it with their opposition briefing. There
19 are no changes --
20  THE COURT: And if you need to take the deposition
21 -- their deposition --
22  MS. CAHOY: Yes.
23  THE COURT: -- you can take their deposition
24 during the -- you know, after the declaration is filed.
25  MS. CAHOY: That's exactly right, and I believe

1  that's why the -- I mean, that's why the more elongated time
2  period anyway, to allow for that to happen, additional
3  expert reports be provided or a deposition to be taken if
4  needed.  So, we think it's consistent with the schedule to
5  submit the class certification expert reports with the class
6  certification briefing, which is the typical course.  It
7  avoids the inefficiencies of addressing something that's
8  potentially irrelevant, maybe relevant, by summary judgment.
9  And there's time built into the schedule so that we don't
10 need to ask for any changes for the schedule for this to
11 happen.
12          THE COURT:  Yeah.  I mean, I -- I -- to me, that's
13 the whole point of sequencing it the way we did, and that --
14 that's the way we're going to do it.
15          I'm concerned about these cases, though.  I mean,
16 this is a question about both cases.  Has anyone taken a
17 deposition yet?
18          MS. CAHOY:  Yes, your Honor.  We've taken three.
19 There are a number on -- on schedule.  The parties have been
20 working very cooperatively to get these scheduled.  We do
21 not expecting asking for an extension to the November 10th
22 fact discovery close deadline.  We negotiated a deposition
23 protocol, you know, that allows for this to happen.  So, I
24 -- we all believe we're on track to stick with the current
25 schedule.

```
 1          MR. CORRIGAN:  Your Honor, we would agree.  If I
 2 might be heard, I could -- if I could just make two points.
 3          THE COURT:  Go ahead.
 4          MR. CORRIGAN:  Ms. Cahoy mentioned the term
 5 "interpretation", and if you look at the schedule as it
 6 stands now, it says, "Deadline to serve expert reports on
 7 all issues on which a party has the burden of proof," which
 8 we don't think requires much interpretation.  I understand
 9 what you're saying --
10          THE COURT:  I think it does.  I think it requires
11 interpretation because it -- it -- to me, that contemplates
12 issues on which they have the burden of proof relating to
13 summary judgment.  That's the interpretation I would give
14 them.
15          MR. CORRIGAN:  Okay.  Well --
16          THE COURT:  That's just sort of canned language
17 that people use all the time in --
18          MR. CORRIGAN:  It wasn't canned in our -- your
19 Honor, we did not mean it as canned language.  We meant it
20 to be what we've done in other cases, which is to have one
21 expert discovery period on both -- on all issues, which is
22 what --
23          THE COURT:  Okay.  I -- I understand.
24          MR. CORRIGAN:  Okay.
25          THE COURT:  I understand what you're saying.
```

1           MR. CORRIGAN:  Your Honor, the other point I would
2  make is right now, the opposition on class certification is
3  due August 17th, and then the reply is due September 7th.
4  That's only three weeks, and what we have to do in the three
5  weeks is digest expert reports, depose experts, and then
6  come up with a reply expert report, and the reason there is
7  just a short three-week period in the schedule as it stands
8  now and has been approved twice is because we had an earlier
9  expert discovery period.  So, we were not contemplating
10 having to do any other expert reports in conjunction with
11 this class cert briefing.  So, the three-week period there
12 is in contemplation of the earlier expert discovery period,
13 the earlier one expert discovery period.
14      So, I -- I would ask that if we do it the way it looks
15 like we're going to do it, that we would get an extension on
16 the reply date so that we could properly depose their expert
17 or experts and --
18           THE COURT:  Okay.  You can file your --
19           MR. CORRIGAN:  -- submit a reply brief.
20           THE COURT:  You can have a -- file your reply on
21 September 14th of 2023.
22      Okay.  So, that's that.  I'm glad to hear that you
23 think you're on -- on track.  I said in the prior scheduling
24 order that I didn't anticipate granting any further
25 extensions, and that is still the case.  So, that is good to

```
                                                            13
 1  hear.  Is there anything else in either case that -- that we
 2  can do for you today?
 3          MR. CORRIGAN:  No, your Honor.
 4          MR. MCCAULLEY:  I don't think so, your Honor.
 5          MS. CAHOY:  No, your Honor.
 6          THE COURT:  All right.  Great.  Thank you very
 7  much.
 8          ALL:  Thank you, your Honor.
 9       (Proceedings adjourned at 2:06 p.m.)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1              CERTIFICATE OF TRANSCRIBER

2

3     I certify that the foregoing is a true and correct
4 transcript, to the best of my ability, of the above pages of
5 the official electronic sound recording provided to me by
6 the U.S. District Court, Northern District of California, of
7 the proceedings taken on the date and time previously stated
8 in the above matter.
9     I further certify that I am neither counsel for,
10 related to, nor employed by any of the parties to the action
11 in which this hearing was taken; and, further, that I am not
12 financially nor otherwise interested in the outcome of the
13 action.

14              *[signature]*

15

16           Echo Reporting, Inc., Transcriber

17              Friday, September 30, 2022