SONYA D. WINNER (SBN 200348)
Email: swinner@cov.com
CORTLIN H. LANNIN (SBN 266488)
Email: clannin@cov.com
ISAAC D. CHAPUT (SBN 326923)
Email: ichaput@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091

ALLEN RUBY (SBN 47109)
allen@allenruby.com
ALLEN RUBY, ATTORNEY AT LAW
15559 Union Ave. #138
Los Gatos, CA 95032
Tel: (408) 477-9690

*Attorneys for Defendant/Counterclaimant Intuitive Surgical Inc.*

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC.,<br><br>　　　　　　　　Plaintiff/<br>　　　　Counterclaim-Defendant<br><br>vs.<br><br><br>INTUITIVE SURGICAL, INC.,<br><br>　　　　　　　　Defendant/<br>　　　Counterclaim-Plaintiff. | Case No.: 3:21-cv-03496-VC<br><br>**DEFENDANT/COUNTERCLAIM-PLAINTIFF INTUITIVE SURGICAL'S STATEMENT IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED**<br><br>Judge: Hon. Vince Chhabria |

INTUITIVE'S STATEMENT IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED

CASE NO. 3:21-cv-03496-VC

Pursuant to Civil Local Rules 7-11 and 79-5(f) and Paragraphs 33-37 of this Court's Standing Order for Civil Cases, Intuitive Surgical, Inc. ("Intuitive") hereby submits this Statement in Support of Plaintiff's Administrative Motion to Consider Whether Another Party's Materials Should be Sealed, filed on March 23, 2023. Dkt. 123. The complete list of excerpts Intuitive seeks to seal and the grounds therefore can be found in this statement, the accompanying declaration of Dr. Jaime Wong ("Wong Dec.") in support, and the proposed order filed with this statement. The documents Intuitive seeks to seal, with proposed redactions marked, are listed in the accompanying proposed order and attached to this Statement.

Intuitive's proposed redactions are narrowly tailored and limited to confidential information regarding Intuitive's core technology changes in development phases and trade secrets in proprietary processes. Compelling reasons support sealing these categories of information.

## I. Legal Standard

Summary judgment motions and accompanying materials may be sealed if there are compelling reasons for doing so. *See Hadley v. Kellogg Sales Co.*, 2019 WL 12495009, at *2 (N.D. Cal. Dec. 12, 2019). Compelling reasons for sealing have been found for information including "business strategies and plans for future products"[1] and "trade secrets."[2] Sealing of court records under the compelling reasons standard also is appropriate where "'court files might . . . become a vehicle for improper purposes.'" *Kamakana,* 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

## II. Argument

Intuitive seeks to seal two specific, highly sensitive categories of non-public information: core technology changes under development and trade secrets, including proprietary testing protocols. Courts within the Ninth Circuit routinely hold that these categories of information

---

[1] *Hadley*, 2019 WL 12495009, at *2.
[2] *Microsoft Corp. v. Hon Hai Precision Indus. Co.*, 2020 WL 8991707, at *3 (N.D. Cal. Feb. 21, 2020) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

1

INTUITIVE'S STATEMENT IN SUPPORT OF PLAINTIFF'S
ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER
PARTY'S MATERIALS SHOULD BE SEALED

CASE NO. 3:21-cv-03496-VC

satisfy the compelling reasons standard and warrant sealing.  *See, e.g.*, *In re Anthem, Inc. Data Breach Litig.*, 2017 WL 9614789, at *2 (N.D. Cal. Aug. 25, 2017); *Hadley*, 2019 WL 12495009, at *2; *Microsoft Corp.*, 2020 WL 8991707, at *3.

Further, Intuitive has narrowly tailored its requests by redacting only the specific portions of documents implicating these issues, leaving the vast majority of the material available for public review.  *Dunbar v. Google, Inc.*, 2013 WL 12216625, at *1 (N.D. Cal. Aug. 18, 2013).  Granting Intuitive's motion thus would not impede the public's ability to understand the nature of the proceedings and the factual bases for the parties' arguments.

As discussed in the attached declaration of Dr. Wong, public disclosure of this information could cause significant competitive harm for the following reasons.

*New Technologies in Research and Development Stages*:  Intuitive seeks to seal documents that discuss highly confidential core technology changes in research and development stages.  Core technology changes are the product of multi-year investment cycles, trials, and substantial regulatory review.  For competitive reasons, Intuitive does not publicly reveal details about them or even their existence in many circumstances.  For example, when asked on a recent earnings call whether Intuitive would start a clinical trial on a new system in 2023, Intuitive's CEO Gary Guthart explained that the company was "doing trials in all sort of places for all sorts of reasons."[3]  While Intuitive has "some places where those are publicly disclosed per normal rules," "[f]or competitive reasons, we don't try to detail them too much, and that's the position we'll take going forward."[4]  If disclosed, that information could cause significant competitive harm by giving competitors key insights into Intuitive's future business strategy and technology that is not yet even on the market.  *See* Wong Dec. ¶ 4.  Competitors could then adjust their own business strategies or adopt similar actions as a consequence, causing Intuitive to lose its

---

[3] Intuitive Surgical, Inc., Q4 2022 Earnings Call Transcript, Jan. 24, 2023, *available at* https://tinyurl.com/2p9ye36m.

[4] *Id.*

2

INTUITIVE'S STATEMENT IN SUPPORT OF PLAINTIFF'S
ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER
PARTY'S MATERIALS SHOULD BE SEALED

CASE NO. 3:21-cv-03496-VC

significant multi-year investments in research and design. *Id.*; *see, e.g.*, *Hadley*, 2019 WL 12495009, at *2 (holding that "business strategies and plans for future products" are sealable under the compelling reasons standard); *Prescott v. Reckitt Benckiser LLC*, 2022 WL 847309, at *2 (N.D. Cal. Mar. 22, 2022) (finding "compelling reasons" to seal information regarding "product development"). Moreover, these future initiatives are not the focus of this case, so are of ancillary importance to the issue at hand.

<u>*Trade Secrets*</u>: Intuitive seeks to seal certain confidential information about the materials used in and processes and specifications used to manufacture Intuitive's EndoWrist instruments, Intuitive's internal testing and analysis of its products, and specific information about the protocols that have been developed for that testing. *See* Wong Dec. ¶ 5. This information qualifies as trade secrets. *See id.*; *see also* 18 U.S.C. § 1839(3). Disclosure of this confidential information would result in unfair harm to Intuitive's business and harm Intuitive's competitive standing because Intuitive has made substantial investments in developing these products and protocols, and making them publicly available would enable competitors to use this information without making similar investments. Wong Dec. ¶ 5. "The Ninth Circuit has repeatedly affirmed that compelling reasons exist to seal court records when the records may be used to 'release trade secrets.'" *Microsoft Corp.*, 2020 WL 8991707, at *3 (quoting *Kamakana*, 447 F.3d at 1179); *Prescott*, 2022 WL 847309, at *2 (finding compelling reasons for sealing when "the materials at issue relate to detergent formulas, product development, and testing protocols, which clearly are protectable as trade secrets").

### III.   Conclusion

Intuitive respectfully requests that the Court seal the material identified in the proposed order for the reasons stated in this Statement and the Declaration of Dr. Jaime Wong.

DATED:  March 30, 2023                              By: <u>*/s/ Kathryn E. Cahoy*</u>
                                                                              KATHRYN E. CAHOY

*Attorney for Intuitive Surgical, Inc.*

*Additional Counsel for Intuitive Surgical, Inc.*

ALLEN RUBY (SBN 47109)
allen@allenruby.com
ALLEN RUBY, ATTORNEY AT LAW
15559 Union Ave. #138
Los Gatos, CA 95032
Tel: (408) 477-9690

KAREN HOFFMAN LENT (*Pro Hac Vice*)
Email: karen.lent@skadden.com
MICHAEL H. MENITOVE (*Pro Hac Vice*)
Email: michael.menitove@skadden.com
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2040

KATHRYN E. CAHOY (SBN 298777)
Email: kcahoy@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: + 1 (650) 632-4700
Facsimile: + 1 (650) 632-4800

SONYA WINNER (SBN 200348)
Email: swinner@cov.com
CORTLIN H. LANNIN (SBN 266488)
Email: clannin@cov.com
ISAAC D. CHAPUT (SBN 326923)
Email: ichaput@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091

ANDREW LAZEROW (*Pro Hac Vice*)
Email: alazerow@cov.com
ASHLEY E. BASS (*Pro Hac Vice*)
Email: abass@cov.com
JOHN KENDRICK (*Pro Hac Vice*)
Email: jkendrick@cov.com
COVINGTON & BURLING LLP
One City Center 850 Tenth Street NW
Washington DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291

INTUITIVE'S STATEMENT IN SUPPORT OF PLAINTIFF'S
ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER
PARTY'S MATERIALS SHOULD BE SEALED

CASE NO. 3:21-cv-03496-VC