SONYA D. WINNER (SBN 200348)
Email: swinner@cov.com
CORTLIN H. LANNIN (SBN 266488)
Email: clannin@cov.com
ISAAC D. CHAPUT (SBN 326923)
Email: ichaput@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091

ALLEN RUBY (SBN 47109)
allen@allenruby.com
ALLEN RUBY, ATTORNEY AT LAW
15559 Union Ave. #138
Los Gatos, CA 95032
Tel: (408) 477-9690

*Attorneys for Defendant/Counterclaimant
Intuitive Surgical Inc.*

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC.,<br><br>                        Plaintiff/<br>                    Counterclaim-Defendant<br>   vs.<br><br>INTUITIVE SURGICAL, INC.,<br><br>                        Defendant/<br>                    Counterclaimant. | Lead Case No.: 3:21-cv-03496-VC<br><br>**DECLARATION OF KATHRYN E. CAHOY IN SUPPORT OF INTUITIVE'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: June 8, 2023<br>Hearing Time: 1:00 p.m.<br>Hearing Place: Courtroom 5<br><br>Judge: The Honorable Vince Chhabria |

I, KATHRYN E. CAHOY, declare as follows:

I am an attorney licensed to practice in California and am admitted to practice before this Court. I am a partner with the law firm of Covington & Burling LLP, counsel for Intuitive Surgical, Inc. ("Intuitive") in this matter. I have personal knowledge of the facts set forth herein, and if called to testify, I could and would testify competently thereto.

1. There is no **Exhibit 1** attached to this declaration.

2. Attached to this declaration as **Exhibit 2** is a true and correct copy of excerpts of the transcript of the deposition of Ryan Shaw, taken in this litigation on October 19, 2022.

3. There is no **Exhibit 3** attached to this declaration.

4. Attached to this declaration as **Exhibit 4** is a true and correct copy of excerpts of the transcript of the deposition of Grant Duque, taken in this litigation on November 8, 2022.

5. Attached to this declaration as **Exhibit 5** is a true and correct copy of excerpts of the transcript of the deposition of Margaret Marie Nixon, taken in this litigation on October 7, 2022.

6. There is no **Exhibit 6** attached to this declaration.

7. There is no **Exhibit 7** attached to this declaration.

8. Attached to this declaration as **Exhibit 8** is a true and correct copy of excerpts of the transcript of the deposition of Sharathchandra "Shark" Somayaji, taken in this litigation on November 4, 2022.

9. Attached to this declaration as **Exhibit 9** is a true and correct copy of excerpts of the transcript of the deposition of Grant Duque, 30(b)(6) designee for Intuitive, taken in this litigation on November 8, 2022.

10. Attached to this declaration as **Exhibit 10** is a true and correct copy of the Expert Report of Christy Foreman, served in this litigation by Intuitive on January 18, 2023.

11. Attached to this declaration as **Exhibit 11** is a true and correct copy of Defendant's Exhibit 30, as marked in the deposition of Sandra Sosa-Guerrero taken in this litigation on September 23, 2022, and originally produced by Plaintiffs as LARKIN-00025487 – LARKIN00025500.

1

12. Attached to this declaration as **Exhibit 12** is a true and correct copy of Defendant's Exhibit 5, as marked in the deposition of Judith Schimmel taken in this litigation on September 22, 2022, and originally produced by Plaintiffs as FRANCISCAN-00056312 – FRANCISCAN-00056338.

13. Attached to this declaration as **Exhibit 13** is a true and correct copy of Defendant's Exhibit 113, as marked in the deposition of John Wagner taken in this litigation on October 11, 2022, and originally produced by Plaintiffs as VMC-00020649 – VMC-00020666.

14. Attached to this declaration as **Exhibit 14** is a true and correct copy of a document titled "REBOTIX™ INTERCEPTOR CPLD Software Description" produced by Rebotix Repair LLC as REBOTIX100995 – REBOTIX101019.

15. Attached to this declaration as **Exhibit 15** is a true and correct copy of a document titled "EndoWrist® Service Procedure" produced by Rebotix Repair LLC as REBOTIX162404 – REBOTIX162424.

16. Attached to this declaration as **Exhibit 16** is a true and correct copy of excerpts of the transcript of the deposition of Dr. T. Kim Parnell, taken in this litigation on March 10, 2023.

17. Attached to this declaration as **Exhibit 17** is a true and correct copy of excerpts of the transcript of the deposition of Nickola "Nicky" Goodson, 30(b)(6) designee for Intuitive, taken in this litigation on November 16, 2022.

18. Attached to this declaration as **Exhibit 18** is a true and correct copy of excerpts of the transcript of the deposition of Colin Morales, taken in this litigation on November 1, 2022.

19. Attached to this declaration as **Exhibit 19** is a true and correct copy of excerpts of the transcript of the deposition of Chris Gibson taken in the matter of *Rebotix Repair LLC v. Intuitive Surgical, Inc.*, Middle District of Florida case number 8:20-cv-2274, on June 22, 2021.

20. Attached to this declaration as **Exhibit 20** is a true and correct copy of excerpts of the transcript of the deposition of Glenn Papit, 30(b)(6) designee for Rebotix Repair, LLC, taken in the matter of *Rebotix Repair LLC v. Intuitive Surgical, Inc.*, Middle District of Florida case number 8:20-cv-2274, on June 2, 2021.

21. Attached to this declaration as **Exhibit 21** is a true and correct copy of Defendant's Exhibit 255, as marked in the deposition of Kimberly A. Trautman taken in *In re da Vinci Surgical Robot Antitrust Litigation*, Northern District of California case number 3:21-cv-3825-VC, originally produced by Rebotix Repair LLC as REBOTIX170421 – REBOTIX170464.

22. Attached to this declaration as **Exhibit 22** is a true and correct copy of a series of email communications that include the subject line "Rebotix AI Letter Conference Call Follow-Up," produced by Rebotix Repair LLC as REBOTIX077729 – REBOTIX077734.

23. Attached to this declaration as **Exhibit 23** is a true and correct copy of an email dated June 23, 2015, produced by Rebotix Repair LLC as REBOTIX171058.

24. Attached to this declaration as **Exhibit 24** is a true and correct copy of a letter dated December 17, 2015, produced by Rebotix Repair LLC as REBOTIX171076.

25. Attached to this declaration as **Exhibit 25** is a true and correct copy of Defendant's Exhibit 259, as marked in the deposition of Phillip J. Phillips taken in this litigation, and originally produced by Intuitive as Intuitive-00552745 – Intuitive-00552759.

26. Attached to this declaration as **Exhibit 26** is a true and correct copy of excerpts of the transcript of the deposition of Stan Hamilton taken in the matter of *Rebotix Repair LLC v. Intuitive Surgical, Inc.*, Middle District of Florida case number 8:20-cv-2274, on June 4, 2021.

27. Attached to this declaration as **Exhibit 27** is a true and correct copy of a document produced by Rebotix Repair LLC as REBOTIX044230 – REBOTIX044236.

28. Attached to this declaration as **Exhibit 28** is a true and correct copy of a document entitled "Distributor Agreement," produced by Rebotix Repair LLC as REBOTIX050713 – REBOTIX050723.

29. Attached to this declaration as **Exhibit 29** is a true and correct copy of excerpts of the transcript of the deposition of Keith Robert Johnson, 30(b)(6) designee for Surgical Instrument Service Company, Inc., taken in this litigation on October 27, 2022.

30. Attached to this declaration as **Exhibit 30** is a true and correct copy of excerpts of the transcript of the deposition of Greg Posdal, taken in this litigation on November 1, 2022.

31. Attached to this declaration as **Exhibit 31** is a true and correct copy of Defendant's Exhibit 258, as marked in the deposition of Kimberly A. Trautman taken in *In re da Vinci Surgical Robot Antitrust Litigation*, Northern District of California case number 3:21-cv-3825-VC, originally produced by BPI Medical Inc. as BPI000331 – BPI000337.

32. Attached to this declaration as **Exhibit 32** is a true and correct copy of Defendant's Exhibit 256, as marked in the deposition of Kimberly A. Trautman taken in *In re da Vinci Surgical Robot Antitrust Litigation*, Northern District of California case number 3:21-cv-3825-VC, originally produced by Rebotix Repair LLC as REBOTIX171030 – REBOTIX171057.

33. There is no **Exhibit 33** attached to this declaration.

34. Attached to this declaration as **Exhibit 34** is a true and correct copy of a series of email communications culminating in an email dated June 25, 2020, produced by Rebotix Repair LLC as REBOTIX146948 – REBOTIX146955.

35. Attached to this declaration as **Exhibit 35** is a true and correct copy of Defendant's Exhibit 268, as marked in the deposition of Kimberly A. Trautman taken in *In re da Vinci Surgical Robot Antitrust Litigation*, Northern District of California case number 3:21-cv-3825-VC, originally produced by Rebotix Repair LLC as REBOTIX175417 – REBOTIX175418.

36. Attached to this declaration as **Exhibit 36** is a true and correct copy of a letter dated January 13, 2022, produced by Rebotix Repair LLC as REBOTIX175468 – REBOTIX175470.

37. Attached to this declaration as **Exhibit 37** is a true and correct copy of a series of email communications that include in the subject line "Rebotix Repair, LLC re Document Number CPT200126," produced by Rebotix Repair LLC as REBOTIX175839 – REBOTIX175843.

38. Attached to this declaration as **Exhibit 38** is a true and correct copy of a series of email communications culminating in an email dated July 21, 2020, produced by Restore Robotics LLC as Restore-00001248 – Restore-00001256.

39. Attached to this declaration as **Exhibit 39** is a true and correct copy of excerpts of the transcript of the deposition of Clifton Earl Parker, 30(b)(6) designee for Restore Robotics LLC and Restore Robotics Repairs LLC, taken in the matter of *Restore Robotics LLC v. Intuitive Surgical, Inc.*, Northern District of Florida case number 5:19-cv-55-TKW-MJF, on May 4, 2021.

40. Attached to this declaration as **Exhibit 40** is a true and correct copy of a letter and related papers produced by Surgical Instrument Service Company, Inc., as SIS357813 – SIS357818.

41. Attached to this declaration as **Exhibit 41** is a true and correct copy of Defendant's Exhibit 266, as marked in the deposition of Kimberly A. Trautman taken in *In re da Vinci Surgical Robot Antitrust Litigation*, Northern District of California case number 3:21-cv-3825-VC, originally produced by Alliance Healthcare Partners as AHP000527 – AHP000537.

42. Attached to this declaration as **Exhibit 42** is a true and correct copy of a series of email communications culminating in an email dated June 30, 2022, produced by Restore Robotics LLC as Restore-00086093 – Restore-00086120.

43. There is no **Exhibit 43** attached to this declaration.

44. There is no **Exhibit 44** attached to this declaration.

45. There is no **Exhibit 45** attached to this declaration.

46. There is no **Exhibit 46** attached to this declaration.

47. Attached to this declaration as **Exhibit 47** is a true and correct copy of excerpts of the transcript of the deposition of Judith Schimmel, taken in this litigation on September 22, 2022.

48. There is no **Exhibit 48** attached to this declaration.

49. There is no **Exhibit 49** attached to this declaration.

50. There is no **Exhibit 50** attached to this declaration.

51. Attached to this declaration as **Exhibit 51** is a true and correct copy of excerpts of the transcript of the deposition of Dr. Michael Burke, taken in this litigation on September 27, 2022.

52. There is no **Exhibit 52** attached to this declaration.

53. There is no **Exhibit 53** attached to this declaration.

54. There is no **Exhibit 54** attached to this declaration.

55. There is no **Exhibit 55** attached to this declaration.

56. There is no **Exhibit 56** attached to this declaration.

57. There is no **Exhibit 57** attached to this declaration.

58. There is no **Exhibit 58** attached to this declaration.

59. There is no **Exhibit 59** attached to this declaration.

60. There is no **Exhibit 60** attached to this declaration.

61. There is no **Exhibit 61** attached to this declaration.

62. There is no **Exhibit 62** attached to this declaration.

63. There is no **Exhibit 63** attached to this declaration.

64. Attached to this declaration as **Exhibit 64** is a true and correct copy of Defendant's Exhibit 267, as marked in the deposition of Kimberly A. Trautman taken in *In re da Vinci Surgical Robot Antitrust Litigation*, Northern District of California case number 3:21-cv-3825-VC, originally produced by Rebotix Repair LLC as REBOTIX175710 – REBOTIX175730.

65. Attached to this declaration as **Exhibit 65** is a true and correct copy of a document entitled "White Paper: Evaluating Whether Activities are Servicing or Remanufacturing," downloaded on April 11, 2023, from https://www.fda.gov/media/117238/download.

66. Attached to this declaration as **Exhibit 66** is a true and correct copy of excerpts of the transcript of the deposition of Disha Peswani, taken in this litigation on October 6, 2022.

67. There is no **Exhibit 67** attached to this declaration.

68. There is no **Exhibit 68** attached to this declaration.

69. There is no **Exhibit 69** attached to this declaration.

70. There is no **Exhibit 70** attached to this declaration.

71. Attached to this declaration as **Exhibit 71** is a true and correct copy of an Order issued in *Rebotix Repair, LLC v. Intuitive Surgical, Inc.*, Middle District of Florida case number 8:20-cv-2274-VMC-TGW, on August 10, 2022.

72. Attached to this declaration as **Exhibit 72** is a true and correct copy of an Order issued in *Restore Robotics, LLC v. Intuitive Surgical, Inc.*, Northern District of Florida case number 5:19-cv-55-TKW-MJF, on February 7, 2022.

73. Attached to this declaration as **Exhibit 73** is a true and correct copy of excerpts of the transcript of the deposition of Nickola "Nicky" Goodson, taken in this litigation on October 27, 2022.

74. Attached to this declaration as **Exhibit 74** is a true and correct copy of excerpts of the transcript of the deposition of Marshall Mohr, 30(b)(6) designee for Intuitive, taken in this litigation on November 7, 2022.

75. Attached to this declaration as **Exhibit 75** is a true and correct copy of the Expert Report of Dr. Robert D. Howe that Intuitive served in this litigation on January 18, 2023.

76. Attached to this declaration as **Exhibit 76** is a true and correct copy of the Expert Report of Dr. Maxwell V. Meng, MD, that Intuitive served in this litigation on January 18, 2023.

77. Attached to this declaration as **Exhibit 77** is a true and correct copy of excerpts of the transcript of the deposition of Greg Posdal, taken in the matter of *Restore Robotics LLC v. Intuitive Surgical, Inc.*, Northern District of Florida case number 5:19-cv-55-TKW-MJF, on May 10, 2021.

78. Attached to this declaration as **Exhibit 78** are true and correct copies of an email dated August 22, 2019, produced by Plaintiff as SIS000046, and a document produced by Plaintiff as SIS000035 – SIS000045.  The email says "Attachments: Distributor Agreement (SIS) 0813.docx."  The metadata produced with SIS000035 – SIS000045 includes the filename "(SIS000035-SIS000045) 2019-08-22 - CORR Agreement Attachment (Distributor Agreement (SIS) 0813).pdf."

79. Attached to this declaration as **Exhibit 79** is a true and correct copy of excerpts of the transcript of the deposition of Greg Posdal, as 30(b)(6) designee for Surgical Instrument Service Company, Inc., taken in this litigation on November 1, 2022.

80. Attached to this declaration as **Exhibit 80** are true and correct copies of a series of email communications that include in the subject line "UMC Tuscon" and the attached documents, produced by Plaintiff as SIS095115 – SIS095139.

81. Attached to this declaration as **Exhibit 81** is a true and correct copy of the Expert Report of Richard F. Bero, served in this litigation by Plaintiff on December 2, 2022.

82. Attached to this declaration as **Exhibit 82** is a true and correct copy of a letter dated November 26, 2019, as that letter was marked as Plaintiffs' Exhibit 293, originally produced by Intuitive as Intuitive-00049154 – Intuitive-00049156.

83. Attached to this declaration as **Exhibit 83** is a true and correct copy of a letter dated February 14, 2020, produced by Intuitive as Intuitive-00986535 – Intuitive-00986537.

84. Attached to this declaration as **Exhibit 84** is a true and correct copy of excerpts of the transcript of the deposition of Keith Robert Johnson, taken in this litigation on October 27, 2022.

85. Attached to this declaration as **Exhibit 85** is a true and correct copy of the Expert Report of Paul D. Martin, Ph.D., that Intuitive served in this litigation on January 18, 2023.

86. Attached to this declaration as **Exhibit 86** is a true and correct copy of excerpts of the transcript of the deposition of Kurt Humphrey taken in this litigation on March 15, 2023.

87. Attached to this declaration as **Exhibit 87** is a true and correct copy of a document entitled "Off-The-Shelf Software Use in Medical Devices: Guidance for Industry and Food and Drug Administration Staff," downloaded on April 11, 2023, from https://www.fda.gov/media/71794/download.

88. Attached to this declaration as **Exhibit 88** is a true and correct copy of a document entitled "Guidance for Industry: Cybersecurity for Networked Medical Devices Containing Off-the-Shelf (OTS) Software," downloaded April 11, 2023, from https://www.fda.gov/media/72154/download.

89. Attached to this declaration as **Exhibit 89** is a true and correct copy of the Rebuttal Expert Report of Kurt Humphrey served by Plaintiff on March 1, 2023.

90. Attached to this declaration as **Exhibit 90** is a true and correct copy of excerpts of a document entitled "K131861: AI response" produced by Intuitive as Intuitive-00506505 – Intuitive-00506641.

91.     Attached to this declaration as **Exhibit 91** are true and correct copies of an email dated August 27, 2013, produced by Intuitive as Intuitive-00499486, and an attachment to the email, produced by Intuitive as Intuitive-00499499 – Intuitive-00499500.

92.     There is no **Exhibit 92** attached to this declaration.

93.     There is no **Exhibit 93** attached to this declaration.

94.     Attached to this declaration as **Exhibit 94** is a true and correct copy of excerpts of the transcript of the deposition of Stan Hamilton taken in this litigation on November 4, 2022.

95.     Attached to this declaration as **Exhibit 95** is a true and correct copy of excerpts of the transcript of the deposition of Clifton Earl Parker taken in this litigation on October 25, 2022.

96.     Attached to this declaration as **Exhibit 96** is a true and correct copy of excerpts of the transcript of the deposition of Kevin May taken in this litigation on November 3, 2022.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED:  April 13, 2023

/s/ Kathryn E. Cahoy
KATHRYN E. CAHOY