Jeffrey M. Singletary, Bar No. 233528
jsingletary@swlaw.com
Justin F. Mello, Bar No. 329514
jmello@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone: 714.427.7000
Facsimile: 714.427.7799

Attorneys for Non-Party
RESTORE ROBOTICS LLC

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC.,<br><br>Plaintiff/<br>Counterclaim-Defendant<br><br>vs.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Defendant/<br>Counterclaim-Plaintiff.<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Lead Case No. 3:21-CV-03496-VC<br>Hon. Vince Chhabria<br>Dept. 5<br><br>**DECLARATION OF KEVIN MAY IN RESPONSE TO ADMINISTRATIVE MOTION OF INTUITIVE SURGICAL, INC. TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL LOCAL RULE 79-5(f) REGARDING INTUITIVE'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT (ECF No. 138)** |

DECLARATION OF KEVIN MAY
3:21-CV-03496-VC

I, Kevin May, declare as follows:

1. I am over the age of eighteen years old and am the chief operating officer for non-party Restore Robotics LLC and its successor Restore Robotics Repairs LLC (collectively "Restore"). Restore is a small private company in the business of reselling, repairing, and remanufacturing EndoWrists for use with the da Vinci Surgical System. Restore has settled its own legal dispute with Intuitive and has no interest in the cases pending in this district. Unless otherwise indicated, I state the following of my own personal knowledge and, if called upon to do so, I could and would testify competently to the following.

2. Pursuant to Civil Local Rules 7-11 and 79-5(f), Restore submits this declaration in response to the ADMINISTRATIVE MOTION OF INTUITIVE SURGICAL, INC. TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL LOCAL RULE 79-5(f) REGARDING INTUITIVE'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT (ECF No. 138). Based on my review of the materials provided by Defendant Intuitive Surgical, Inc. ("Intuitive"), I understand that the instant motion includes confidential information that is the subject of an administrative motion filed previously by Intuitive on March 23, 2023 at ECF No. 130. I hereby reference and incorporate the prior declaration of Chief Executive Officer Clif Parker filed in response to that motion at ECF. No. 134. Restore maintains that there are compelling reasons for maintaining the confidentiality of that information.

3. Restore has also completed a review of the additional redactions in the instant motion and asks the Court to permit the limited redactions to Restore's competitively sensitive information because publication would reveal its business plans, testing protocols, production methods, regulatory submissions and strategies, and customer and vendor identities, agreements, and strategies. Consistent with industry practice, Restore has always maintained its competitively sensitive

information within a closely held group of individuals on a need-to-know basis. Restore has invested significant manpower and monetary investment in developing its business, including research processes, production methods, testing protocols, and regulatory strategies and customer, vendor, distributor, and partner relationships. Disclosure would give substantial assistance to potential competitors – allowing them to avoid potentially years of time and millions of dollars required to their launch their own business to compete with Restore. Thus, there are compelling reasons for maintaining the confidentiality of the information very limited redactions.

4.  Restore has identified additional information from the new filing in the table below requiring partial redaction to protect its competitively sensitive information. I am also attaching the proposed redacted versions to Restore-00001248 - Restore-00001256 (Ex. 1) and Restore-00086093 - Restore-00086120 (Ex. 2).

| Smith Amended Rebuttal Report Pages 41-42 | Cost Information (Numbers Only) |
|---|---|
| Smith Amended Rebuttal Report Page 42 | Customer Identities (Names Only) |

| Smith Amended Rebuttal Report Page 43 | Vendor Identity (Name Only) |
|---|---|
| Smith Amended Rebuttal Report Page 43 | Cost Information (Numbers Only) |
| Smith Amended Rebuttal Report Page 43 | Vendor Identity (Name Only) |
| Smith Amended Rebuttal Report Page 43 | Vendor Identity (Name Only) |
| Smith Amended Rebuttal Report Page 45 | Customer Identity (Name Only) |
| Smith Amended Rebuttal Report Page 140 | Vendor Identity (Name Only) |

| | |
|---|---|
| Deposition of Clifton Parker (May 4, 2021)<br>Pages 204-205 | Research Process<br>Product Development<br>Vendor Relationship<br>Cost Information |
| Deposition of Clifton Parker (May 4, 2021)<br>213-216 | Business Plans<br>Regulatory Strategy<br>Vendor Relationship |
| Deposition of Clifton Parker (October 25, 2022)<br>Pages 31-32 | Business Plans<br>Regulatory Strategy |
| Deposition of Kevin May (November 3, 2022)<br>Page 60 | Business Plans |
| Cahoy Dec. Ex. 38<br>Restore-00001248 - Restore-00001256<br>Attached as Ex. 1. | Regulatory Strategy<br>(Partial Redaction) |

| | |
|---|---|
| Cahoy Dec. Ex. 42<br>Restore-00086093 - Restore-00086120<br>Attached as Ex. 2. | Testing Protocols<br>Production Methods<br>510(k) Submission<br>Regulatory Strategy<br>(Partial Redaction) |

5. Restore has not disclosed the documents and information above to any third party because it would allow competitors to make use of Restore's extensive efforts to resell, repair, and remanufacture EndoWrists. Disclosure would provide competitors with a significant head start in their own efforts. Moreover, disclosure of some information would reveal internal finances and ownership structure of a private company that have no bearing on the litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed: April 20, 2023

_____

Kevin May