Alexander Erwig
California Bar No. 334151
alexander@dovel.com
Richard Lyon
California Bar No. 229288
rick@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

ATTORNEYS FOR NON-PARTY
REBOTIX REPAIR LLC,.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC.,<br><br>                    Plaintiff,<br><br><br><br>INTUITIVE SURGICAL, INC.,<br><br>                    Defendant. | Case No.: 3:21-cv-03496-VC<br><br>**STATEMENT OF NON-PARTY REBOTIX REPAIR LLC IN SUPPORT OF MOTION TO SEAL (Dkt. No. 138)**<br><br>Honorable Vince Chhabria |

## I. Introduction

Rebotix Repair LLC, ("Rebotix") submits this statement in support of defendant's motion to seal.

Portions of the material recognized as confidential by the parties in this matter relate to sensitive commercial information, such as the proprietary development of Rebotix's EndoWrist repair process and trade secrets about the method Rebotix uses to restore EndoWrists to their original specifications. This information is sensitive because these technologies took years and cost millions of dollars to research and develop. If this proprietary information were publicly released, it would significantly harm Rebotix's business.

Consequently, Rebotix respectfully requests that portions of the materials identified below be sealed.

## II. Legal Standard

To establish that documents should be kept under seal, the moving party "bears the burden of…meeting the 'compelling reasons' standard." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1094 (9th Cir. 2016). However, in accordance with N.D. Cal Local Rule 79-5, "where the moving party requests sealing of documents because they have been designated confidential by another party or a non-party under a protective order, the burden of establishing adequate reasons for sealing is placed on the designating party or non-party." *Connor v. Quora, Inc.*, No. 18-cv-07597-BLF, 2020 U.S. Dist. LEXIS 202079, at *2-3 (N.D. Cal. Oct. 28, 2020).

_____
Statement of Non-party Rebotix Repair LLC in Support of Motion to Seal    Case No. 3:21-cv-03496-VC

2

As the designating party, Rebotix bears the burden of establishing that the materials at issue should be sealed. A party seeking to maintain materials under seal must detail "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." N.D. Cal. Rule 79-5(c)(1).

### III. Argument

Rebotix respectfully requests that the Court submit an order maintaining several of the documents in Intuitive and Plaintiffs' filings under seal. Those documents contain highly confidential and proprietary information about the process that Rebotix uses to restore EndoWrists to their original specifications. Public disclosure of that information would harm Rebotix's competitive standing. And Rebotix has narrowly tailored its request for sealing to maximize public access while eliminating competitive harm to Rebotix.

### (1) Legitimate private interests warrant sealing.

Courts routinely find that there are compelling reasons to seal documents when those documents contain "sources of business information that might harm a [party's] competitive standing." *Ctr. for Auto Safety v. Chrysler Grp.,* LLC, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598-599 (1978)); *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 U.S. Dist. LEXIS 92477, at *6 (N.D. Cal. May 14, 2021); *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-cv-01967 CW (NC), 2013 U.S. Dist. LEXIS 85375, at *11 (N.D. Cal. June 17, 2013). This is especially true when documents describe the specific workings of a company's proprietary technology. *See U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2014 U.S. Dist. LEXIS 164566, at *1 (N.D.

___

Statement of Non-party Rebotix Repair LLC in Support of Motion to Seal    Case No. 3:21-cv-03496-VC

Cal. Nov. 24, 2014) (finding compelling reasons to seal "proprietary literature describing the structure, configuration, and operation of the Sun Ethernet technology").

Here, sealing of Rebotix's materials is justified because public disclosure of those materials would harm Rebotix's competitive standing.

Rebotix's business involves repairing used Intuitive EndoWrists and restoring them to their original specifications. Once Rebotix has verified that an EndoWrist is functioning according to its original specifications, Rebotix resets the use counter included on that EndoWrist to its original value. To do so, Rebotix uses a proprietary method and technology that it refers to as the Interceptor. One of the reasons that Rebotix's Interceptor technology is valuable is that it allows Rebotix (unlike other repair companies), to reset the use counter after the use counter has reached zero. Without the Interceptor (or a similar technology), a company would be unable to repair EndoWrists to their original specifications.

Rebotix invested millions of dollars into developing its Interceptor technology for Intuitive's S/Si EndoWrists. And it is currently developing a similar technology to allow it to reset the use counter on Intuitive's X/Xi EndoWrists. Those research and development efforts are confidential, and not publicly known to Rebotix's competitors. And they give Rebotix a competitive advantage because Rebotix, unlike other potential EndoWrist repair companies, can restore EndoWrists to their original specifications. That competitive advantage is the result of years of development work and millions of dollars of research and development spending. Indeed, several of Rebotix's competitors entered into licensing agreements with Rebotix to use the Interceptor technology themselves (rather than

---
Statement of Non-party Rebotix Repair LLC in Support of Motion to Seal     Case No. 3:21-cv-03496-VC

developing their own approach to resetting the use counter), demonstrating the value of that technology.

As a result, Rebotix has a substantial interest in maintaining its confidential business information under seal.

**(2) Rebotix would suffer significant competitive injury if sealing were denied.**

If Rebotix's development process for the Interceptor or the specific workings of the Interceptor, Rebotix would suffer competitive injury.

Any other company seeking to enter the market for EndoWrist repairs and replacements would currently need to invest time and resources into developing their own approach to resetting the use counter.  The development of such an approach requires significant time and resources.  But, if Rebotix's development process, or the workings of the Interceptor, are filed on the public docket, competitors could simply adopt that same approach and copy Rebotix's proprietary technology.  As a result, one of Rebotix's biggest competitive advantages (that it earned as a result of spending years and investing millions of dollars), would become a nullity.

Courts routinely find that the significant competitive injury from the disclosure of proprietary technology is a compelling reason to seal documents that outweighs the general public right of access.  *See Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 U.S. Dist. LEXIS 92477, at *7 (N.D. Cal. May 14, 2021) ("competitive harm that would result from the disclosure of confidential information regarding Google's smartwatch technology is a compelling reason"); *Synchronoss Techs. v. Dropbox Inc.*, No. 16-cv-00119-HSG, 2017 U.S. Dist. LEXIS 212133, at *6 (N.D. Cal. Dec. 27, 2017) (granting motion to

---

seal "highly confidential and proprietary information belonging to Synchronoss constituting sensitive proprietary business information about the architecture of Synchronoss's technology that is not publicly available or publicly disclosed").

**(3) There is no less restrictive alternative to sealing.**

Only sealing Rebotix's proprietary information about its Interceptor technology would eliminate competitive harm to Rebotix. In the absence of sealing, key aspects of Rebotix's proprietary method to reset the use counter would become available to all of Rebotix's competitors (including competitors like SIS that previously purchased Interceptors from Rebotix rather than developing their own workaround).

Rebotix has carefully reviewed the documents and materials at issue in Intuitive's motion to seal, and identified only those sections of the documents that discuss the specific workings of the Interceptor technology. Rebotix has attempted to narrowly tailor its request for sealing to only those portions of documents that directly relate to the functioning of Rebotix's Interceptor technology. Rebotix would not oppose public filings of those documents that redacted the highly confidential materials at issue.

Rebotix respectfully requests that the Court submit an order authorizing the defendant to keep the following documents under seal as designated in the table below:

- Opposition of Defendant/Counterclaimant Intuitive Surgical, Inc. To Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment (SIS)
- Cahoy Dec. Ex. 14 (REBOTIX100995 - REBOTIX101019)
- Cahoy Dec. Ex. 15 (REBOTIX162404 - REBOTIX162424)

| Document | Sealed Portion | Description |
| --- | --- | --- |
| Opposition of Defendant/Counterclaimant Intuitive Surgical, Inc. To Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment (SIS) | Page 6 | Specific description of how Interceptor process is implemented on an EndoWrist |
| Cahoy Dec. Ex. 14 (REBOTIX100995 - REBOTIX101019) | Entire Document | Interceptor protocol that includes proprietary technical information about how the interceptor functions and how it is applied to the EndoWrist |
| Cahoy Dec. Ex. 15 (REBOTIX162404 - REBOTIX162424) | Entire Document | Complete repair protocol that include detailed device specifications |

## IV. Conclusion

Rebotix requests that the Court maintain the limited portions of the exhibits identified above under seal.

Date: 04/20/2023 Respectfully submitted,

*/s/ Alexander Erwig*
Alexander Erwig
California Bar No. 334151
alexander@dovel.com
Richard Lyon
California Bar No. 229288
rick@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

ATTORNEYS FOR NON-PARTY
REBOTIX REPAIR LLC,.