SONYA D. WINNER (SBN 200348)
Email: swinner@cov.com
CORTLIN H. LANNIN (SBN 266488)
Email: clannin@cov.com
ISAAC D. CHAPUT (SBN 326923)
Email: ichaput@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

ALLEN RUBY (SBN 47109)
allen@allenruby.com
ALLEN RUBY, ATTORNEY AT LAW
15559 Union Ave. #138
Los Gatos, California 95032
Telephone: (408) 477-9690

*Attorneys for Defendant/Counterclaimant
Intuitive Surgical, Inc.*

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC.,<br><br>    Plaintiff/Counterclaim-Defendant<br><br>vs.<br><br>INTUITIVE SURGICAL, INC.,<br><br>    Defendant/Counterclaimant. | Case No.: 3:21-cv-03496-AMO-LB<br><br>**INTUITIVE SURGICAL, INC.'S STATEMENT IN SUPPORT OF PLAINTIFF'S MAY 4, 2023 ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED**<br><br>Judge: The Honorable Araceli Martínez-Olguín |

Pursuant to Civil Local Rules 7-11 and 79-5(f), Intuitive Surgical, Inc. ("Intuitive") hereby submits this Statement in Support of Plaintiff's Administrative Motion to Consider Whether Another Party's Materials Should be Sealed filed on May 4, 2023.  Dkt. 154.  The complete list of excerpts Intuitive seeks to seal and the grounds therefore can be found in this statement, the accompanying declaration of Dr. Jaime Wong ("Wong Dec.") in support, and the proposed order filed with this statement.  The documents Intuitive seeks to seal, with proposed redactions marked, are listed in the accompanying proposed order and attached either to this Statement or to prior sealing papers filed by Intuitive (which are cross-referenced in the declaration and proposed order).

Intuitive's proposed redactions are limited to confidential information regarding cybersecurity measures, core technology changes in development phases, trade secrets in proprietary processes, and non-public third-party contract terms and granular financial data, for which there are compelling reasons supporting sealing.  In this and its prior sealing papers, Intuitive has proposed narrowly tailored redactions and let most of its information become public, even though much of that information is also sensitive.  Even with regard to highly commercially sensitive regulatory documents, Intuitive seeks to redact just the bare minimum.  This contrasts with Alliance and Restore, who have proposed sealing entire documents and redacting broad swathes of many others based on arguments that apply equally to Intuitive.  *See, e.g.*, Case No. 21-cv-03825, ECF Nos. 144, 146.

I.   **LEGAL STANDARD**

Summary judgment motions and accompanying materials may be sealed if there are compelling reasons for doing so.  *See Hadley v. Kellogg Sales Co.*, 2019 WL 12495009, at *2 (N.D. Cal. Dec. 12, 2019).  Compelling reasons for sealing have been found for information including "cybersecurity practices and protocols,"[1] "business strategies and plans for future products,"[2] "trade secrets,"[3] and other

---

[1] *In re Anthem, Inc. Data Breach Litig.*, 2017 WL 9614789, at *2 (N.D. Cal. Aug. 25, 2017).

[2] *Hadley*, 2019 WL 12495009, at *2.

[3] *Microsoft Corp. v. Hon Hai Precision Indus. Co.*, 2020 WL 8991707, at *3 (N.D. Cal. Feb. 21, 2020) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

"business information that might harm a litigant's competitive standing."[4]  Sealing of court records under the compelling reasons standard also is appropriate where "'court files might . . . become a vehicle for improper purposes.'"  *Kamakana,* 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).

## II.   ARGUMENT

Intuitive seeks to seal four specific, highly sensitive categories of non-public information: (a) cybersecurity measures; (b) core technology changes under development; (c) trade secrets, including proprietary testing protocols; and (d) granular financial data and third-party contract terms.  Courts within the Ninth Circuit routinely hold that these categories of information satisfy the compelling reasons standard and warrant sealing.  *See, e.g.*, *In re Anthem, Inc. Data Breach Litig.*, 2017 WL 9614789, at *2; *Hadley*, 2019 WL 12495009, at *2; *Microsoft Corp.*, 2020 WL 8991707, at *3; *Ctr. For Auto Safety, LLC*, 809 F.3d at 1097.

Further, Intuitive has narrowly tailored its requests by redacting only the specific portions of documents implicating these issues, leaving the vast majority of the material available for public review.  *Dunbar v. Google, Inc.*, 2013 WL 12216625, at *1 (N.D. Cal. Aug. 18, 2013).  Sealing these materials thus would not impede the public's ability to understand the nature of the proceedings and the factual bases for the parties' arguments.

As discussed in the attached declaration of Dr. Wong, public disclosure of this information could cause significant competitive harm for the following reasons.

*Security protocols protecting patient safety*:  Intuitive seeks to seal highly sensitive information regarding the cybersecurity measures used in its da Vinci system.  *See* Wong Dec. ¶ 4.  These cybersecurity measures protect critical information, including information regarding EndoWrist movement control, instrument identification, activation of instrument electrocautery functions, da Vinci movement control, and the da Vinci's camera feeds.  The public release of this information could enable bad actors to attempt to compromise those security measures and put patients at risk.  *Id*.  Courts applying the compelling reasons standard have sealed information that could be used by bad actors to evade security systems.  *See, e.g.*,

---

[4] *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978)).

*Connor v. Quora, Inc.*, 2020 WL 6700473, at *2 (N.D. Cal. Nov. 13, 2020) (sealing information "that could be used by a bad actor to exploit and breach Quora's systems"); *In re Anthem, Inc. Data Breach Litig.*, 2017 WL 9614789, at *2 (holding that "descriptions of cybersecurity practices and protocols" are sealable under the compelling reasons standard). Courts also have found compelling reasons to seal material that could "could put at risk the safety of one or more individuals if made public." *Campbell v. Grounds*, 2022 WL 14151744, at *1 (N.D. Cal. Oct. 24, 2022) (sealing witness's identity to protect safety); *see Brewster v. Mills*, 2022 WL 976973, at *9 (N.D. Cal. Mar. 31, 2022) (finding compelling reason to seal documents where "Defendants have identified legitimate security concerns that warrant keeping these documents under seal").

<u>*New Technologies in Research and Development Stages*</u>: Intuitive seeks to seal documents that discuss highly confidential core technology changes in research and development stages. Core technology changes are the product of multi-year investment cycles, trials, and substantial regulatory review. For competitive reasons, Intuitive does not publicly reveal details about them or even their existence in many circumstances. For example, when asked on a recent earnings call whether Intuitive would start a clinical trial on a new system in 2023, Intuitive's CEO Gary Guthart explained that the company was "doing trials in all sort of places for all sorts of reasons."[5] While Intuitive has "some places where those are publicly disclosed per normal rules," "[f]or competitive reasons, we don't try to detail them too much, and that's the position we'll take going forward."[6] If disclosed, that information could cause significant competitive harm by giving competitors key insights into Intuitive's future business strategy and technology that is not yet even on the market. *See* Wong Dec. ¶ 5. Competitors could then adjust their own business strategies or adopt similar actions as a consequence, causing Intuitive to lose its significant multi-year investments in research and design. *Id.*; *see, e.g.*, *Hadley*, 2019 WL 12495009, at *2 (holding that "business strategies and plans for future products" are sealable under the compelling reasons standard); *Prescott v. Reckitt Benckiser LLC*, 2022 WL 847309, at *2 (N.D. Cal. Mar. 22, 2022) (finding "compelling reasons" to seal information regarding "product development").

---

[5] Intuitive Surgical, Inc., Q4 2022 Earnings Call Transcript, Jan. 24, 2023, *available at* https://tinyurl.com/2p9ye36m.

[6] *Id.*

Moreover, these future initiatives are not the focus of this case, so they are of ancillary importance to the issue at hand.

*Trade Secrets*:  Intuitive seeks to seal certain confidential information about the materials used in and processes and specifications used to manufacture Intuitive's EndoWrist instruments, Intuitive's internal testing and analysis of its products, and specific information about the protocols that have been developed for that testing.  *See* Wong Dec. ¶ 6.  This information qualifies as trade secrets.  *See id.*; *see also* 18 U.S.C. § 1839(3).  Disclosure of this confidential information would result in unfair harm to Intuitive's business and harm Intuitive's competitive standing because Intuitive has made substantial investments in developing these products and protocols, and making them publicly available would enable competitors to use this information without making similar investments.  Wong Dec. ¶ 6.  "The Ninth Circuit has repeatedly affirmed that compelling reasons exist to seal court records when the records may be used to 'release trade secrets.'"  *Microsoft Corp.*, 2020 WL 8991707, at *3 (quoting *Kamakana*, 447 F.3d at 1179); *Prescott*, 2022 WL 847309, at *2 (finding compelling reasons for sealing when "the materials at issue relate to detergent formulas, product development, and testing protocols, which clearly are protectable as trade secrets").

*Detailed Non-Public Financial Information*:  Intuitive seeks to seal documents that reflect granular financial information, including prices Intuitive agreed to with a specific third-party customer, units sold and revenue for each individual model of EndoWrist, and Intuitive's cost of goods sold (COGS) in manufacturing individual EndoWrist models.  *See* Wong Dec. ¶ 7.  If publicly revealed, this information could cause Intuitive competitive harm because it would give other parties insight into Intuitive's business and allow them to use that competitive intelligence to further their own pricing or investment strategies without investing similar resources to obtain the information.  *Id.*; *see also* 18 U.S.C. § 1839(3).  This kind of "detailed financial information" satisfies the compelling reasons standard.  *Apple, Inc. v. Samsung Elecs. Co.*, Ltd., 727 F.3d 1214, 1225 (Fed. Cir. 2013) (affirming decision to seal "product-specific information concerning such things as costs, sales, profits, and profit margins"); *see also Rodman v. Safeway Inc.*, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (granting motions to seal "information discussing Safeway's pricing strategy, business decisionmaking, and financial records").  That is particularly true, here, where the information also reveals detailed information on the

popularity of particular products. *See Unlockd Media, Inc. Liquidation Trust*, 2022 WL 4624985, at *2 (sealing under the compelling reasons standard "confidential business and financial information relating to the click-through rates that Plaintiff obtained from its advertising partners, the average revenue per smartphone user that Plaintiff received from its partners, the dollar value(s) of the rewards that smartphone users received for seeing advertisements"). Finally, although Intuitive's pricing and sales are topics in the case, this level of granular information about them buried in lengthy schedules to an expert report will not advance the public's ability to understand the nature of the proceedings. *See Apple, Inc.*, 727 F.3d 1214 at 1226 (sealing granular financial information in part "because the parties agreed to rely on less-detailed financial information to prove their damages at trial").

Furthermore, the contract terms Intuitive has agreed to with a specific customer satisfy the compelling reasons standard, as they reflect confidential and highly negotiated terms, which, if made public, could be used by competitors to undermine Intuitive. *See Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, 2018 WL 3932554, at *3 (N.D. Cal. Aug. 16, 2018) (permitting sealing of "specific pricing terms, competitively sensitive information, and negotiation practices with customers" under the compelling reasons standard.); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding district court erred in denying motion to seal "pricing terms, royalty rates, and guaranteed minimum payment terms" under the compelling reasons standard).

## III.    CONCLUSION

Intuitive respectfully requests that the Court seal the material identified in the proposed order for the reasons stated in this Statement and the Declaration of Dr. Jaime Wong.

DATED:  May 11, 2023                                By:   */s/ Kathryn E. Cahoy*
                                                                    KATHRYN E. CAHOY

                                                                    *Attorney for Intuitive Surgical, Inc.*

*Additional Counsel for Intuitive Surgical, Inc.*        KATHRYN E. CAHOY (SBN 298777)
                                                                    Email: kcahoy@cov.com
ALLEN RUBY (SBN 47109)                              COVINGTON & BURLING LLP
allen@allenruby.com                                         3000 El Camino Real
ALLEN RUBY, ATTORNEY AT LAW               5 Palo Alto Square, 10th Floor
15559 Union Ave. #138                                   Palo Alto, California 94306-2112
Los Gatos, California 95032                             Telephone: (650) 632-4700

| | |
|---|---|
| Telephone: (408) 477-9690 | Facsimile: (650) 632-4800 |
| KAREN HOFFMAN LENT (*Pro Hac Vice*) | SONYA WINNER (SBN 200348) |
| Email: karen.lent@skadden.com | Email: swinner@cov.com |
| MICHAEL H. MENITOVE (*Pro Hac Vice*) | CORTLIN H. LANNIN (SBN 266488) |
| Email: michael.menitove@skadden.com | Email: clannin@cov.com |
| SKADDEN, ARPS, SLATE, | ISAAC D. CHAPUT (SBN 326923) |
| MEAGHER & FLOM LLP | Email: ichaput@cov.com |
| One Manhattan West | COVINGTON & BURLING LLP |
| New York, NY 10001 | Salesforce Tower |
| Telephone: (212) 735-3000 | 415 Mission Street, Suite 5400 |
| Facsimile: (212) 735-2040 | San Francisco, California 94105-2533 |
| | Telephone: (415) 591-6000 |
| | Facsimile: (415) 591-6091 |
| | |
| | ANDREW LAZEROW (*Pro Hac Vice*) |
| | Email: alazerow@cov.com |
| | ASHLEY E. BASS (*Pro Hac Vice*) |
| | Email: abass@cov.com |
| | JOHN KENDRICK (*Pro Hac Vice*) |
| | Email: jkendrick@cov.com |
| | COVINGTON & BURLING LLP |
| | One City Center 850 Tenth Street NW |
| | Washington DC 20001-4956 |
| | Telephone: (202) 662-6000 |
| | Facsimile: (202) 662-6291 |

6

INTUITIVE SURGICAL, INC.'S STATEMENT IN SUPPORT OF PLAINTIFF'S MAY 4, 2023 ADMINISTRATIVE MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED - Case No. 3:21-cv-03496-AMO-LB