SETH R. GASSMAN (SBN 311702)
HAUSFELD LLP
600 Montgomery Street
Suite 3200
San Francisco, CA 94111
Tel: 415-633-1908
Fax: 415-358-4980
Email: sgassman@hausfeld.com

KATHRYN E. CAHOY (SBN 298777)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square
Palo Alto, CA 94306
Tel: (650) 632-4700
Fax: (650) 632-4800
Email: kcahoy@cov.com

[Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: DA VINCI SURGICAL ROBOTS ANTITRUST LITIGATION** | Lead Case No. 3:21-CV-03825-AMO |
| **THIS DOCUMENT RELATES TO:**<br><br>**ALL CASES** | Honorable Araceli Martínez-Olguín |
| **SURGICAL INSTRUMENT SERVICE COMPANY, INC.,**<br><br>   **Plaintiff,**<br><br>   **vs.**<br><br>**INTUITIVE SURGICAL, INC.,**<br><br>   **Defendant.** | Case No. 3:21-cv-03496-AMO<br><br>Honorable Araceli Martínez-Olguín |

## JOINT STIPULATION AND [PROPOSED] ORDER TO MODIFY PROTECTIVE ORDER

Pursuant to Paragraph 13.1 of the Stipulated Protective Order entered on December 15, 2021 (Dkt. No. 65) in Lead Case No. 3:21-CV-03825-VC and entered on March 30, 2022 (Dkt. No. 78) in Case. No. 3:21-cv-03496-VC (hereinafter "Protective Order"), Plaintiffs Larkin Community Hospital, Franciscan Alliance, Inc., and King County Public Hospital District No. 1 (the "Hospital Plaintiffs"), Plaintiff Surgical Instrument Service Company, Inc. ("SIS"), and Defendant Intuitive Surgical, Inc. ("Intuitive") hereby stipulate to modify the Protective Order as set forth below.  The modifications were requested by a third party as a condition of producing documents related to this matter.  The third party agrees to the changes identified below.  The Parties have included as Exhibit 1 a clean version of the Stipulated Modified Protective Order incorporating all the changes identified below.  Additions are marked in **red and bolded**, and deletions are marked with strikethrough.  Attached as Exhibit 2 is a redline version of the Stipulated Modified Protective Order identifying all deviations from the model order.

**Paragraph 2.4 is modified as follows:**

2.4     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL,"~~,~~ "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"~~,~~ **"HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY,"** and/or "PROTECTED HEALTH INFORMATION."

**Paragraph 2.7 is modified as follows:**

2.7     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: means Confidential Information which, if disclosed to a competitor, could result in substantial business harm by revealing proprietary licensing, marketing, design, development, research or business strategy information. HIGHLY CONFIDENTIAL DOCUMENTS **–**

**ATTORNEYS' EYES ONLY** may be designated as either "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or simply "ATTORNEYS' EYES ONLY."~~.~~

**A new Paragraph 2.8 is added as follows and the remaining subsections in Section 2 are re-numbered accordingly:**

2.8    **"HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" Information or Items: means Confidential Information which, if disclosed to in-house counsel, could result in substantial business harm by revealing proprietary licensing, marketing, design, development, research or business strategy information. HIGHLY CONFIDENTIAL DOCUMENTS - OUTSIDE COUNSELS' EYES ONLY may be disclosed only to Outside Counsel of Record. HIGHLY CONFIDENTIAL DOCUMENTS - OUTSIDE COUNSELS' EYES ONLY may be designated as "HIGHLY CONFIDENTIAL DOCUMENTS - OUTSIDE COUNSELS' EYES ONLY" or simply "OUTSIDE COUNSELS' EYES ONLY." Only a Non-Party may designate information or items as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY."**

**Paragraph 2.15 (previously Paragraph 2.14) is modified as follows:**

2.~~14~~15 "PROTECTED HEALTH INFORMATION": information, whether in oral, written, or electronic form, which (1) identifies an individual or creates a reasonable basis to believe the information can be used to identify an individual; (2) relates to the past, present, or future physical or mental health or condition of any individual; (3) relates to the provision of health care to any individual; (4) relates to the past, present, or future payment for the provision of health care to any individual; or (5) any information defined as "protected health information" and protected by state or federal law, including but not limited to the Standards for Privacy of

Individually Identifiable Health Information, 45 C.F.R. 160 and 164, and the Health Insurance Portability and Accountability Act ("HIPAA"). Documents identified as containing "PROTECTED HEALTH INFORMATION" may also be designated "CONFIDENTIAL," ~~or~~ "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," **or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY,"** as appropriate.

**Paragraph 2.16 (previously Paragraph 2.15) is modified as follows:**

2.~~1516~~ Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," ~~**OR**~~ "PROTECTED HEALTH INFORMATION~~.~~**," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY."**

**Paragraph 5.2 is modified as follows:**

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., Section 5.1 above and the second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," **"HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY,"** and/or "PROTECTED HEALTH INFORMATION" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, to the

- 4 -

extent practicable, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, to the extent practicable, the Producing Party must affix either the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," **"HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY,"** and/or "PROTECTED HEALTH INFORMATION" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition, hearing, or in other pretrial or trial proceedings, that the Designating Party identify within 30 days following receipt of the final transcript all protected testimony and specify the level of protection being asserted. Until those 30 days pass, the entire transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Once the 30 days have passed, only those portions of the testimony that are

- 5 -

appropriately designated for protection shall be covered by the provisions of this Stipulated Protective Order.

      (c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," **"HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY,"** and/or "PROTECTED HEALTH INFORMATION." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and the level of protection being asserted.

**Paragraphs 7.1 and 7.3 are modified as follows:**

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

    7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation and any related litigations (*e.g.*, *Restore Robotics LLC v. Intuitive Surgical,* Inc., No. 5:19-cv-55-TKW-MJF **(N.D. Fla.)**; *Rebotix Repair LLC v. Intuitive Surgical, Inc.*, **No. 8:20-CV-2274-VMC-TGW (M.D. Fla.);** *Surgical Instrument Services Company v. Intuitive Surgical, Inc*., No. 21-cv-03496-VC **(N.D. Cal.)**; ***In re: da Vinci Surgical Robot Antitrust Litigation,*** **No. 3:21-CV-03825-VC (N.D. Cal.)** ~~*Larkin Community Hospital v. Intuitive Surgical Inc.*, No. 3:21-cv-03825-VC; *Franciscan Alliance, Inc. v. Intuitive Surgical, Inc.*, No. 3:21-cv-05198-VC; and *Kaleida Health v. Intuitive Surgical, Inc.*, No. 3:21-cv-05266-VC~~). To the extent documents are used in this case or related

cases, they will be treated according to the same confidentiality designations as those provided in the original litigation in which they were produced.  Should a confidentiality designation conflict with Local Rules or a Court's Standing Orders, the Parties shall make reasonable efforts to resolve the conflict in accordance with Sections 6 or 7 of this Order. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

7.3    Disclosure of "HIGHLY  CONFIDENTIAL  –  ATTORNEYS'  EYES  ONLY," "HIGHLY  CONFIDENTIAL  –  OUTSIDE  COUNSELS'  EYES  ONLY,"  and/or "PROTECTED HEALTH INFORMATION" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party or Non-Party, a Receiving Party may disclose  any  information  or  item  designated  "HIGHLY  CONFIDENTIAL  –  ATTORNEYS' EYES  ONLY,"  "HIGHLY  CONFIDENTIAL  –  OUTSIDE  COUNSELS'  EYES  ONLY," and/or "PROTECTED HEALTH INFORMATION" only to the people and entities permitted to receive "CONFIDENTIAL" information as designated in paragraph 7.2 and in accordance with the  requirements  set  forth  in  the  paragraph,  except  that  "HIGHLY  CONFIDENTIAL  – ATTORNEYS'  EYES  ONLY,"  "HIGHLY  CONFIDENTIAL  –  OUTSIDE  COUNSELS' EYES  ONLY," and/or "PROTECTED HEALTH INFORMATION" information or items shall not be disclosed to the Receiving Party or a Receiving Party's officers, directors, managers, and employees, including In-House Counsel. Any summaries, abstracts, digests or analyses of "HIGHLY  CONFIDENTIAL  –  ATTORNEYS'  EYES  ONLY"  Highly  Confidential

- 7 -

Information prepared by an individual listed in Sections 7.2(A) or (C) may also be shared with certain in-house counsel for the parties provided that (1) customer identifiable information or other competitively sensitive information is redacted from any such summaries, abstracts, digests or analyses and (2) each such in-house attorney shall sign the Acknowledgement. The in-house counsel who may review such redacted analyses are the following: Scott Mosko and Kara Andersen Reiter from Intuitive, W. Patrick Downes from Franciscan Alliance and David Smith from Public Hospital District No 1 of King County d/b/a Valley Medical. **For the avoidance of doubt, "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" information may not be disclosed to the Receiving Party or a Receiving Party's officers, directors, managers, and employees, including In-House Counsel, even in such a redacted summary format.**

**Paragraph 8 is modified as follows:**

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," **"HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY,"** and/or "PROTECTED HEALTH INFORMATION that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," **"HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY,"** and/or "PROTECTED HEALTH INFORMATION" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**Paragraph 9 is modified as follows:**

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," **"HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY,"** and/or "PROTECTED HEALTH INFORMATION." Unless otherwise ordered

- 9 -

by the Court or permitted in writing by the Designating Party or Non-Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY,"** and/or "PROTECTED HEALTH INFORMATION" only to the people and entities permitted to receive "CONFIDENTIAL" information as designated in paragraph 7.2 and in accordance with the requirements set forth in the paragraph, except that "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY,"** and/or "PROTECTED HEALTH INFORMATION" information or items shall not be disclosed to the Receiving Party or a Receiving Party's officers, directors, managers, and employees, including In-House Counsel. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non- Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non Party.

- 10 -

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**Paragraph 13.4 is modified as follows:**

13.4    Use in Court. Nothing in this Stipulated Protective Order shall be construed to bear upon, in any manner, the admissibility at trial or in any other court proceeding of any document, testimony or other evidence. Additionally, nothing in this Stipulated Protective Order shall govern the use of information marked "CONFIDENTIAL,"~~,~~ "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"~~,~~ **"HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY,"** and/or "PROTECTED HEALTH INFORMATION" at any trial or proceeding in this action. The parties will meet and confer to determine appropriate procedures in advance of trial and present any issues to the Court, as appropriate.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: November 4, 2022

Respectfully Submitted,

ALLEN RUBY (SBN 47109)
allen@allenruby.com
ALLEN RUBY, ATTORNEY AT LAW
15559 Union Ave. #138
Los Gatos, CA 95032
Tel: (408) 477-9690

KAREN HOFFMAN LENT
(*Pro Hac Vice*)
karen.lent@skadden.com
MICHAEL H. MENITOVE
(*Pro Hac Vice*)
michael.menitove@skadden.com
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Tel: (212) 735-3000
Fax: (212) 735-2040

*/s/ Kathryn E. Cahoy*
KATHRYN E. CAHOY (SBN 298777)
kcahoy@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square
Palo Alto, CA 94306
Tel: (650) 632-4700
Fax: (650) 632-4800

ASHLEY E BASS
(*Pro Hac Vice*)
JOHN FOSTER KENDRICK
(*Pro Hac Vice*)
abass@cov.com
jkendrick@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 10th St NW Washington, DC 20001
Tel: (202) 662-6000


SONYA DIANE WINNER (SBN 200348)
ISAAC DANIEL CHAPUT (SBN 326923)
swinner@cov.com
ichaput@cov.com
COVINGTON & BURLING LLP
415 Mission Street
Floor 54 San Francisco, CA 94105-2533
Tel: (415) 591-6000

*Attorneys for Defendant INTUITIVE SURGICAL, INC.*

Jeffrey J. Corrigan (*pro hac vice*)
Jeffrey L. Spector (*pro hac vice*)
Icee N. Etheridge (*pro hac vice*)
SPECTOR ROSEMAN & KODROFF, P.C.
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: 215-496-0300
Fax: 215-496-6611
Email: jcorrigan@srkattorneys.com
        jspector@srkattorneys.com
        ietheridge@srkattorneys.com


Benjamin D. Brown (SBN 202545)
Daniel McCuaig (*pro hac vice*)
COHEN MILSTEIN SELLERS &
TOLL PLLC
1100 New York Ave., Suite 500
Washington, DC 20005
Tel: 202-408-4600
Fax: 202-408-4699
Email: bbrown@cohenmilstein.com
        dmccuaig@cohenmilstein.com


Manuel J. Dominguez (*pro hac vice*)
COHEN MILSTEIN SELLERS &
TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Tel: 561-515-2604
Fax: 561-515-1401
Email: jdominguez@cohenmilstein.com

/s/ Seth R. Gassman
Seth R. Gassman (SBN 311702)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: 415-633-1908
Fax: 415-358-4980
Email: sgassman@hausfeld.com


Brent W. Landau (*pro hac vice*)
Gary I. Smith, Jr. (*pro hac vice*)
HAUSFELD LLP
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Tel: 215-985-3270
Fax: 215-985-3271
Email: blandau@hausfeld.com
        gsmith@hausfeld.com


Christopher J. Bateman (*pro hac vice*)
COHEN MILSTEIN SELLERS &
TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Tel: 212-838-7797
Fax: 212-838-7745
Email: cbateman@cohenmilstein.com

*Interim Co-Lead Counsel for the Proposed Class*

Eric L. Cramer (*pro hac vice forthcoming*)
BERGER MONTAGUE
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: 215-875-3009
Email: ecramer@bm.net

*/s/ Michael J. Boni*
Michael J. Boni
Joshua D. Snyder (*pro hac vice*)
John E. Sindoni (*pro hac vice*)
BONI, ZACK & SNYDER LLC
15 St. Asaphs Road
Bala Cynwyd, PA 19004
Tel: 610-822-0200
Fax: 610-822-0206
Email: mboni@bonizack.com
        jsnyder@bonizack.com
        jsindoni@bonizack.com

Kevin Bruce Love (*pro hac vice forthcoming*)
Michael E. Criden (*pro hac vice forthcoming*)
Lindsey Grossman (*pro hac vice forthcoming*)
CRIDEN & LOVE, P.A.
7301 SW 57th Court, Suite 515
South Miami, FL 33143
Tel: 305-357-9010
Fax: 305-357-9050
Email: klove@cridenlove.com
        mcriden@cridenlove.com
        lgrossman@cridenlove.com

Kimberly A. Justice (*pro hac vice forthcoming*)
Jonathan M. Jagher (*pro hac vice forthcoming*)
FREED KANNER LONDON & MILLEN LLC
923 Fayette Street
Conshohocken, PA 19428
Tel: 610-234-6487
Fax: 224-632-4521
Email: kjustice@fklmlaw.com
        jjagher@fklmlaw.com

Howard Langer (*pro hac vice forthcoming*)
Edward Diver (*pro hac vice forthcoming*)
Peter Leckman (CA Bar No. 235721)
LANGER, GROGAN & Diver, P.C.
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: 215-320-0876
Fax: 215-320-5703
Email: hlanger@langergrogan.com
        ndiver@langergrogan.com
        pleckman@langergrogan.com

William H. London (*pro hac vice forthcoming*)
Douglas A. Millen (*pro hac vice forthcoming*)
FREED KANNER LONDON & MILLEN LLC
2201 Waukegan Road, #130
Bannockburn, IL 60015
Tel: 224-632-4500
Fax: 224-632-4521
Email: blondon@fklmlaw.com
        dmillen@fklmlaw.com

- 14 -

W. Joseph Bruckner (*pro hac vice forthcoming*)
Brian D. Clark (*pro hac vice forthcoming*)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Tel: 612-339-6900
Fax: 612-339-0981
Email: wjbruckner@locklaw.com
        bdclark@locklaw.com

William J. Leonard (*pro hac vice forthcoming*)
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West, Suite 3400
1500 Market Street
Philadelphia, PA 19102-2101
Tel: 215-665-3000
Fax: 215-665-3165
Email: William.leonard@obermayer.com

Jennifer Duncan Hackett (*pro hac vice*)
ZELLE LLP
1775 Pennsylvania Avenue, NW, Suite 375
Washington, DC 20006
Tel: 202-899-4100
Fax: 612-336-9100
Email: jhackett@zelle.com

Judith A. Zahid (SBN 215418)
Heather T. Rankie (SBN 268002)
James S. Dugan (SBN 325565)
ZELLE LLP
555 12th Street, Suite 1230
Oakland, CA 94607
Tel: 415-693-0700
Fax: 415-693-0770
Email: jzahid@zelle.com
        hrankie@zelle.com
        jdugan@zelle.com

*Counsel for the Proposed Class*

/s/ Joshua V. Van Hoven
JOSHUA V. VAN HOVEN
joshua.vanhoven@hglaw.com
GREGORY J. LUNDELL
greg.lundell@hglaw.com
111 N Market Street, Suite 900
San Jose, California 95113

RICHARD T. MCCAULLEY (*pro hac vice*)
richard.mccaulley@hglaw.com
116 W. Hubbard, Unit 20
Chicago, IL 60654

*Attorneys for Plaintiff SURGICAL INSTRUMENT SERVICE COMPANY, INC.*

## ATTESTATION PER LOCAL RULE 5-1(i)(3)

The e-filing attorney hereby attests that concurrence in the filing of the document has been obtained from each of the other signatories indicated by a conformed signature (/s/) within this e-filed document.

Dated: November 4, 2022                     COVINGTON & BURLING LLP


                                            By:   */s/ Kathryn E. Cahoy*
                                                  KATHRYN E. CAHOY
                                                  Attorney for Defendant

- 16 -

## [PROPOSED] ORDER

**It is hereby ordered** that the Protective Order is modified as set forth above.


**IT IS SO ORDERED.**

Dated: <u>September 22, 2023</u>

_____
Hon. Araceli Martínez-Olguín
United States District Court Judge

- 17 -

## <u>CERTIFICATE OF SERVICE</u>

I, Kathryn E. Cahoy, hereby certify that I caused to be filed electronically a true and correct copy of the foregoing document via the Northern District of California's ECF on November 4, 2022.


*/s/ Kathryn E. Cahoy*
KATHRYN E. CAHOY
Attorney for Defendant

- 18 -