# EXHIBIT 1

SONYA D. WINNER (SBN 200348)
Email: swinner@cov.com
CORTLIN H. LANNIN (SBN 266488)
Email: clannin@cov.com
ISAAC D. CHAPUT (SBN 326923)
Email: ichaput@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

*Attorneys for Defendant*
*Intuitive Surgical, Inc.*

[Additional counsel listed on signature page]

ALLEN RUBY (SBN 47109)
allen@allenruby.com
ALLEN RUBY, ATTORNEY AT LAW
15559 Union Ave. #138
Los Gatos, California 95032
Telephone: (408) 477-9690

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: DA VINCI SURGICAL ROBOT ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Case No.:  3:21-cv-03825-AMO-LB<br><br>Case No.: 3:21-cv-03496-AMO-LB<br><br>**SECOND STIPULATED MODIFIED PROTECTIVE ORDER**<br><br>Judge: The Honorable Araceli Martínez-Olguín |
| SURGICAL INSTRUMENT SERVICE COMPANY, INC.,<br><br>          Plaintiff/<br>Counterclaim-Defendant<br><br>          vs.<br><br>INTUITIVE SURGICAL, INC.,<br><br>          Defendant/<br>Counterclaimant. | |

Pursuant to Paragraph 24 of the Court's standing order for civil cases, the Parties confirm that this Stipulated Protective Order is based on the Northern District of California model order. The Parties have attached a redline version of the Stipulated Modified Protective Order identifying all deviations from the model order.

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: any information (regardless of how it is generated, stored or maintained) or tangible things that the Designating Party believes in good faith constitutes, reflects, discloses or contains information subject to protection under Fed. R. Civ. P. 26(c) or other applicable law, whether it is a document (electronic or otherwise), information contained in a document, information in an affidavit, information revealed during a deposition, information revealed in an interrogatory response or information otherwise revealed.

2.3    Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as  well as their support staff).

2.4     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY," and/or "PROTECTED HEALTH INFORMATION."

2.5     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, tangible things, and electronically stored information "ESI")), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action; (2) is not currently an employee of a Party or Party's competitor; and (3) at the time of retention, does not anticipate becoming an employee of a Party or a Party's competitor.

2.7     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: means Confidential Information which, if disclosed to a competitor, could result in substantial business harm by revealing proprietary licensing, marketing, design, development, research or business strategy information. HIGHLY CONFIDENTIAL DOCUMENTS  – ATTORNEYS' EYES ONLY may be designated as either "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or simply "ATTORNEYS' EYES ONLY."

2.8     <u>"HIGHLY CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY" Information or Items</u>: means Confidential Information which, if disclosed to in-house counsel, could result in substantial business harm by revealing proprietary licensing, marketing, design, development, research or business strategy information. HIGHLY CONFIDENTIAL DOCUMENTS - OUTSIDE COUNSELS' EYES ONLY may be disclosed only to Outside Counsel of Record. HIGHLY CONFIDENTIAL DOCUMENTS - OUTSIDE COUNSELS' EYES ONLY may be designated as "HIGHLY CONFIDENTIAL DOCUMENTS - OUTSIDE COUNSELS' EYES ONLY" or simply "OUTSIDE COUNSELS' EYES ONLY." Only a Non-Party may designate information or items as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY."

2.9 <u>In-House Counsel</u>: attorneys who are employees of a party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 "<u>PROTECTED HEALTH INFORMATION</u>": information, whether in oral, written, or electronic form, which (1) identifies an individual or creates a reasonable basis to believe the information can be used to identify an individual; (2) relates to the past, present, or future physical or mental health or condition of any individual; (3) relates to the provision of health care to any individual; (4) relates to the past, present, or future payment for the provision of health care to any individual; or (5) any information defined as "protected health information" and protected by state or federal law, including but not limited to the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. 160 and 164, and the Health Insurance Portability and Accountability Act ("HIPAA"). Documents identified as containing "PROTECTED HEALTH INFORMATION" may also be designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY," as appropriate.

2.16 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "PROTECTED

HEALTH INFORMATION," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information the Receiving Party can demonstrate was either known to it prior to the disclosure or is obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations this Order imposes shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. With the exception

4

of any documents that have received confidentiality designations and been produced in the lawsuits *Restore Robotics LLC v. Intuitive Surgical, Inc.*, No. 5:19-cv-55-TKW-MJF (N.D. Fla.) and *Rebotix Repair LLC v. Intuitive Surgical, Inc.,* No. 8:20-cv-02274-VMC-TGW (M.D. Fla.), and which may be reproduced in this litigation, the Designating Party must designate for protection to the extent practicable only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection or do not qualify for the level of protection originally asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., Section 5.1 above and the second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY," and/or "PROTECTED HEALTH INFORMATION" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, to the extent practicable, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

5

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, to the extent practicable, the Producing Party must affix either the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY," and/or "PROTECTED HEALTH INFORMATION" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in deposition, hearing, or in other pretrial or trial proceedings, that the Designating Party identify within 30 days following receipt of the final transcript all protected testimony and specify the level of protection being asserted. Until those 30 days pass, the entire transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Once the 30 days have passed, only those portions of the testimony that are appropriately designated for protection shall be covered by the provisions of this Stipulated Protective Order.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY," and/or "PROTECTED HEALTH INFORMATION." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and the level of protection being asserted.

5.3     <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation after discovery of the failure to designate, the

Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing with reasonable specificity the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge pursuant to Paragraph 6.2 without Court intervention:

(a)     If the Designating Party is a Party, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion

7

including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

(b)     If the Designating Party is a Non-Party, the Challenging Party may file and serve a motion seeking de-designation under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable).

Any motion brought pursuant to paragraphs 6(a) or 6(b) must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation and any related litigations (*e.g., Restore Robotics LLC v. Intuitive Surgical, Inc.,* No. 5:19-cv-55-TKW-MJF (N.D. Fla.); *Rebotix Repair LLC v. Intuitive Surgical, Inc.,* No. 8:20-CV-2274-VMC-TGW (M.D. Fla.); *Surgical Instrument Services Company v. Intuitive Surgical, Inc.,* No. 21-cv-03496-VC (N.D. Cal.); *In re: da Vinci Surgical Robot Antitrust Litigation*, No. 3:21-CV-03825-VC (N.D. Cal.) . To the extent documents are used in this case or related cases, they will be treated according to the same confidentiality designations as those provided in the original litigation in which they were produced. Should a confidentiality designation conflict with Local Rules or a Court's Standing Order, the Parties shall make reasonable efforts to resolve the conflict in accordance with Sections 6 or 7 of this Order. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom, in the good faith opinion of the disclosing attorney, it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)    the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom, in the good faith opinion of the disclosing attorney, disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is, in the good faith opinion of the disclosing attorney, reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is, in the good faith opinion of the disclosing attorney, reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Should the witness unreasonably refuse to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), the deposing party may seek a Court order requiring the disclosure of the material to the witness for purposes of answering the relevant deposition questions. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

9

(g)     the author or recipient of a document containing the information, or a custodian or other person who otherwise possessed or knew or had reason to know the information, or an employee of the Designating Party.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY," and/or "PROTECTED HEALTH INFORMATION" Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party or Non-Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY," and/or "PROTECTED HEALTH INFORMATION" only to the people and entities permitted to receive "CONFIDENTIAL" information as designated in paragraph 7.2 and in accordance with the requirements set forth in the paragraph, except that "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY," and/or "PROTECTED HEALTH INFORMATION" information or items shall not be disclosed to the Receiving Party or a Receiving Party's officers, directors, managers, and employees, including In-House Counsel. Any summaries, abstracts, digests or analyses of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information prepared by an individual listed in Sections 7.2(A) or (C) may also be shared with certain in-house counsel for the parties provided that (1) customer identifiable information or other competitively sensitive information is redacted from any such summaries, abstracts, digests or analyses and (2) each such in-house attorney shall sign the Acknowledgement. The in-house counsel who may review such redacted analyses are the following: Gary Loeb and Kara Andersen Reiter from Intuitive, W. Patrick Downes from Franciscan Alliance and David Smith from Public Hospital District No 1 of King County d/b/a Valley Medical.  For the avoidance of doubt, "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" information may not be disclosed to the Receiving Party or a Receiving Party's officers, directors, managers, and employees, including In-House Counsel, even in such a redacted summary format.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

SECOND STIPULATED MODIFIED PROTECTIVE ORDER

Case No. 3:21-cv-03825-AMO-LB
Case No. 3:21-cv-03496-AMO-LB

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY," and/or "PROTECTED HEALTH INFORMATION that Party must:

      (a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

      (b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

      (c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY," and/or "PROTECTED HEALTH INFORMATION" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

      (a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY," and/or "PROTECTED HEALTH INFORMATION." Unless otherwise ordered by the Court or permitted in writing by the Designating Party or Non-Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY," and/or "PROTECTED HEALTH INFORMATION" only to the

11

people and entities permitted to receive "CONFIDENTIAL" information as designated in paragraph 7.2 and in accordance with the requirements set forth in the paragraph, except that "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY," and/or "PROTECTED HEALTH INFORMATION" information or items shall not be disclosed to the Receiving Party or a Receiving Party's officers, directors, managers, and employees, including In-House Counsel. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b)

12

use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

12.    <u>CHALLENGES TO DESIGNATION OF PRIVILEGE</u>

Nothing in this Stipulated Protective Order shall affect or alter any attorney-client privilege, work product immunity or any other privilege or immunity. Any party seeking to challenge a claim of privilege, or to challenge a failure to provide a complete privilege log, shall use its best efforts to meet and confer with the producing party asserting the privilege in a timely manner to attempt to resolve the issue(s) prior to submitting a challenge to the Court. If a meet and confer does not resolve all issues, any party seeking to challenge a claim of privilege or to require the production of a privilege log may submit a motion challenging the privilege claim or compelling the production of a privilege log. The motion to challenge a privilege claim shall identify the specific entries on the producing party's privilege log that the receiving party challenges. Although the burden remains on the producing party to establish the privilege, the parties agree to propose a briefing schedule to the Court that permits the party challenging the designation with an opportunity to file a reply to the producing party's brief.

13.    <u>MISCELLANEOUS</u>

13.1     <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3     <u>Filing Protected Material</u>. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

13.4     <u>Use in Court</u>. Nothing in this Stipulated Protective Order shall be construed to bear upon, in any manner, the admissibility at trial or in any other court proceeding of any document, testimony or other evidence. Additionally, nothing in this Stipulated Protective Order shall govern the use of information marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY," and/or "PROTECTED HEALTH INFORMATION" at any trial or proceeding in this action. The parties will meet and confer to determine appropriate procedures in advance of trial and present any issues to the Court, as appropriate.

14.     <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned

14

or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED:   December 6, 2023              By:  */s/ Kathryn E. Cahoy*
                                            KATHRYN E. CAHOY

                                       *Attorney for Intuitive Surgical, Inc.*

*Additional Counsel for Intuitive Surgical, Inc.*   KATHRYN E. CAHOY (SBN 298777)
                                                    Email: kcahoy@cov.com
ALLEN RUBY (SBN 47109)                              COVINGTON & BURLING LLP
allen@allenruby.com                                 3000 El Camino Real
ALLEN RUBY, ATTORNEY AT LAW                         5 Palo Alto Square, 10th Floor
15559 Union Ave. #138                               Palo Alto, California 94306-2112
Los Gatos, California 95032                         Telephone: (650) 632-4700
Telephone: (408) 477-9690                           Facsimile: (650) 632-4800

KAREN HOFFMAN LENT (*Pro Hac Vice*)                 SONYA D. WINNER (SBN 200348)
Email: karen.lent@skadden.com                       Email: swinner@cov.com
MICHAEL H. MENITOVE (*Pro Hac Vice*)                CORTLIN H. LANNIN (SBN 266488)
Email: michael.menitove@skadden.com                 Email: clannin@cov.com
SKADDEN, ARPS, SLATE,                               ISAAC D. CHAPUT (SBN 326923)
MEAGHER & FLOM LLP                                  Email: ichaput@cov.com
One Manhattan West                                  COVINGTON & BURLING LLP
New York, NY 10001                                  Salesforce Tower
Telephone: (212) 735-3000                           415 Mission Street, Suite 5400
Facsimile: (212) 735-2040                           San Francisco, California 94105-2533
                                                    Telephone: (415) 591-6000
JOSHUA HILL (SBN 250842)                            Facsimile: (415) 591-6091
JHill@paulweiss.com
                                                    ANDREW LAZEROW (*Pro Hac Vice*)

15

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON, LLP
535 Mission Street, 24th Floor
San Francisco, California 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

Email: alazerow@cov.com
ASHLEY E. BASS (*Pro Hac Vice*)
Email: abass@cov.com
JOHN KENDRICK (*Pro Hac Vice*)
Email: jkendrick@cov.com
COVINGTON & BURLING LLP
One City Center 850 Tenth Street NW
Washington DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

DATED:  December 6, 2023

By:  */s/ Michael J. Boni*
MICHAEL J. BONI

Michael J. Boni
Joshua D. Snyder (*pro hac vice*)
John E. Sindoni (*pro hac vice*)
BONI, ZACK & SNYDER LLC
15 St. Asaphs Road
Bala Cynwyd, PA 19004
Tel: 610-822-0200
Fax: 610-822-0206
Email: mboni@bonizack.com
jsnyder@bonizack.com
jsindoni@bonizack.com

*Counsel for Plaintiffs and the Proposed Class*

Manuel J. Dominguez (*pro hac vice*)
COHEN MILSTEIN SELLERS &
TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Tel: 561-515-2604
Fax: 561-515-1401
Email: jdominguez@cohenmilstein.com

Jeffrey J. Corrigan (*pro hac vice*)
Jeffrey L. Spector (*pro hac vice*)
Icee N. Etheridge (*pro hac vice*)
SPECTOR ROSEMAN & KODROFF, P.C.
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: 215-496-0300
Fax: 215-496-6611
Email: jcorrigan@srkattorneys.com
jspector@srkattorneys.com
ietheridge@srkattorneys.com

Benjamin D. Brown (SBN 202545)
Daniel McCuaig (*pro hac vice*)
Zachary Glubiak (*pro hac vice*)
COHEN MILSTEIN SELLERS &
TOLL PLLC
1100 New York Ave., Suite 500
Washington, DC 20005

Brent W. Landau (*pro hac vice*)
Jeannine M. Kenney (*pro hac vice*)
HAUSFELD LLP
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Tel: 215-985-3270
Fax: 215-985-3271

16

Tel: 202-408-4600
Fax: 202-408-4699
Email: bbrown@cohenmilstein.com
dmccuaig@cohenmilstein.com
zglubiak@cohenmilstein.com

Email: blandau@hausfeld.com
jkenney@hausfeld.com

Christopher J. Bateman (*pro hac vice*)
COHEN MILSTEIN SELLERS &
TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Tel: 212-838-7797
Fax: 212-838-7745
Email: cbateman@cohenmilstein.com

Reena A. Gambhir (*pro hac vice*)
HAUSFELD LLP
888 16th St NW
Washington, DC 20006
Tel: 202-540-7145
Fax: 202-540-7201
Email: rgambhir@hausfeld.com

Samuel Maida (SBN 333835)
Gary I. Smith, Jr. (SBN 344865)
HAUSFELD LLP
600 Montgomery Street, Suite
3200 San Francisco, CA 94111
Tel: 415-633-1908
Fax: 415-358-4980
Email: smaida@hausfeld.com
gsmith@hausfeld.com

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

DATED:  December 6, 2023

By:  /s/ *Joshua V. Van Hoven*
JOSHUA V. VAN HOVEN

JOSHUA V. VAN HOVEN
josh@mccaulleylawgroup.com
3001 Bishop Dr., Suite 300
San Ramon, California 94583
Telephone: 925.302.5941

RICHARD T. MCCAULLEY (pro hac vice)
richard@mccaulleylawgroup.com
180 N. Wabash Avenue, Suite 601
Chicago, Illinois 60601
Telephone: 312.330.8105

*Attorneys for Plaintiff Surgical Instrument Service Company, Inc.*

17

1

<u>ATTESTATION PER LOCAL RULE 5-1(i)(3)</u>

2

The e-filing attorney hereby attests that concurrence in the filing of the document has

3

been obtained from each of the other signatories indicated by a conformed signature (/s/) within

4

this e-filed document.

5

6

DATED:   December 6, 2023                    By:   <u>*/s/ Kathryn E. Cahoy*</u>
                                                    KATHRYN E. CAHOY

7

8

*Attorney for Intuitive Surgical, Inc.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND STIPULATED MODIFIED PROTECTIVE
ORDER

Case No. 3:21-cv-03825-AMO-LB
Case No. 3:21-cv-03496-AMO-LB

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on in the case of *Larkin Community Hospital, et al. v. Intuitive Surgical, Inc.*, Case No. 3:21-cv-03825-VC (N.D. Cal). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____of

_____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature:_____

**<u>CERTIFICATE OF SERVICE</u>**

I, Kathryn E. Cahoy, hereby certify that I caused to be filed electronically a true and correct copy of the foregoing document via the Northern District of California's ECF on December 6, 2023.

By: *<u>/s/ Kathryn E. Cahoy</u>*
KATHRYN E. CAHOY

*Attorney for Intuitive Surgical, Inc.*

SECOND STIPULATED MODIFIED PROTECTIVE ORDER

Case No. 3:21-cv-03825-AMO-LB
Case No. 3:21-cv-03496-AMO-LB