# Public Law 94-295
# 94th Congress

## An Act

To amend the Federal Food, Drug, and Cosmetic Act to provide for the safety and effectiveness of medical devices intended for human use, and for other purposes.

May 28, 1976
[S. 510]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

Medical Device
Amendments of
1976.
21 USC 301 note.

### SHORT TITLE AND TABLE OF CONTENTS

SECTION 1. (a) This Act may be cited as the "Medical Device Amendments of 1976".

(b) Whenever in this Act (other than in section 3(a)(1)(B)) an amendment is expressed in terms of an amendment to a section or other provision, the reference shall be considered to be made to a section or other provision of the Federal Food, Drug, and Cosmetic Act.

21 USC 301.

### TABLE OF CONTENTS

Sec. 1. Short title and table of contents.
Sec. 2. Regulation of medical devices.
    "Sec. 513. Classification of devices intended for human use.
            "(a) Device classes.
            "(b) Classification; classification panels.
            "(c) Classification panel organization and operation.
            "(d) Classification.
            "(e) Classification changes.
            "(f) Initial classification of certain devices.
            "(g) Information.
            "(h) Definitions.
    "Sec. 514. Performance standards.
            "(a) Provisions of standards.
            "(b) Initiation of a proceeding for a performance standard.
            "(c) Invitation for standards.
            "(d) Acceptance of certain existing standards.
            "(e) Acceptance of offer to develop standard.
            "(f) Development of standard by Secretary after publication
                of subsection (c) notice.
            "(g) Establishment of a standard.
    "Sec. 515. Premarket approval.
            "(a) General requirement.
            "(b) Regulation to require premarket approval.
            "(c) Application for premarket approval.
            "(d) Action on an application for premarket approval.
            "(e) Withdrawal of approval of application.
            "(f) Product development protocol.
            "(g) Review.
            "(h) Service of orders.
    "Sec. 516. Banned devices.
            "(a) General rule.
            "(b) Special effective date.
    "Sec. 517. Judicial review.
            "(a) Application of section.
            "(b) Additional data, views, and arguments.
            "(c) Standard for review.
            "(d) Finality of judgments.
            "(e) Other remedies.
            "(f) Statement of reasons.

AUTHENTICATED
U.S. GOVERNMENT
INFORMATION
GPO

PUBLIC LAW 94-295—MAY 28, 1976

### TABLE OF CONTENTS—Continued

Sec. 2. Regulation of medical devices.—Continued
 "Sec. 518. Notification and other remedies.
   "(a) Notification.
   ·"(b) Repair, replacement, or refund.
   "(c) Reimbursement.
   "(d) Effect on other liability.
 "Sec. 519. Records and reports on devices.
   "(a) General rule.
   "(b) Persons exempt.
 "Sec. 520. General provisions respecting control of devices intended for
   human use.
   "(a) General rule.
   "(b) Custom devices.
   "(c) Trade secrets.
   "(d) Notices and findings.
   "(e) Restricted devices.
   "(f) Good manufacturing practice requirements.
   "(g) Exemption for devices for investigational use.
   "(h) Release of safety and effectiveness information.
   "(i) Proceedings of advisory panels and committees.
   "(j) Traceability requirements.
   "(k) Research and development.
   "(l) Transitional provisions for devices considered as new
    drugs or antibiotic drugs.
 "Sec. 521. State and local requirements respecting devices.
   "(a) General rule.
   "(b) Exempt requirements.".
Sec. 3. Conforming amendments.
   (a) Amendments to section 201.
   (b) Amendments to section 301.
   (c) Amendments to section 304.
   (d) Amendments to section 501.
   (e) Amendments to section 502.
   (f) Amendments to section 801.
Sec. 4. Registration of device manufacturers.
Sec. 5. Device established and official names.
Sec. 6. Inspections relating to devices.
Sec. 7. Administrative restraint.
Sec. 8. Confidential information; presumption.
Sec. 9. Color additives.
Sec. 10. Assistance for small manufacturers of devices.

### REGULATION OF MEDICAL DEVICES

SEC. 2. Chapter V is amended by adding after section 512 the following new sections:

#### "CLASSIFICATION OF DEVICES INTENDED FOR HUMAN USE

#### "Device Classes

21 USC 360c.

"SEC. 513. (a)(1) There are established the following classes of devices intended for human use:

 "(A) CLASS I, GENERAL CONTROLS.—

21 USC 351, 352, 360.
*Post*, pp. 560, 562, 564, 565.

  "(i) A device for which the controls authorized by or under section 501, 502, 510, 516, 518, 519, or 520 or any combination of such sections are sufficient to provide reasonable assurance of the safety and effectiveness of the device.

  "(ii) A device for which insufficient information exists to determine that the controls referred to in clause (i) are sufficient to provide reasonable assurance of the safety and effectiveness of the device or to establish a performance standard to provide such assurance, but because it—

   "(I) is not purported or represented to be for a use in supporting or sustaining human life or for a use which is

of substantial importance in preventing impairment of human health, and

"(II) does not present a potential unreasonable risk of illness or injury,

is to be regulated by the controls referred to in clause (i).

"(B) Class II, Performance Standards.—A device which cannot be classified as a class I device because the controls authorized by or under sections 501, 502, 510, 516, 518, 519, and 520 by themselves are insufficient to provide reasonable assurance of the safety and effectiveness of the device, for which there is sufficient information to establish a performance standard to provide such assurance, and for which it is therefore necessary to establish for the device a performance standard under section 514 to provide reasonable assurance of its safety and effectiveness.

*21 USC 351, 352, 360.*
*Post, pp. 560, 562, 564, 565.*

*Post, p. 546.*

"(C) Class III, Premarket Approval.—A device which because—

"(i) it (I) cannot be classified as a class I device because insufficient information exists to determine that the controls authorized by or under sections 501, 502, 510, 516, 518, 519, and 520 are sufficient to provide reasonable assurance of the safety and effectiveness of the device and (II) cannot be classified as a class II device because insufficient information exists for the establishment of a performance standard to provide reasonable assurance of its safety and effectiveness, and

"(ii) (I) is purported or represented to be for a use in supporting or sustaining human life or for a use which is of substantial importance in preventing impairment of human health, or

"(II) presents a potential unreasonable risk of illness or injury,

is to be subject, in accordance with section 515, to premarket approval to provide reasonable assurance of its safety and effectiveness.

*Post, p. 552.*

If there is not sufficient information to establish a performance standard for a device to provide reasonable assurance of its safety and effectiveness, the Secretary may conduct such activities as may be necessary to develop or obtain such information.

"(2) For purposes of this section and sections 514 and 515, the safety and effectiveness of a device are to be determined—

"(A) with respect to the persons for whose use the device is represented or intended,

"(B) with respect to the conditions of use prescribed, recommended, or suggested in the labeling of the device, and

"(C) weighing any probable benefit to health from the use of the device against any probable risk of injury or illness from such use.

"(3) (A) Except as authorized by subparagraph (B), the effectiveness of a device is, for purposes of this section and sections 514 and 515, to be determined, in accordance with regulations promulgated by the Secretary, on the basis of well-controlled investigations, including clinical investigations where appropriate, by experts qualified by training and experience to evaluate the effectiveness of the device, from which investigations it can fairly and responsibly be concluded by qualified experts that the device will have the effect it purports or is represented to have under the conditions of use prescribed, recommended, or suggested in the labeling of the device.

PUBLIC LAW 94-295—MAY 28, 1976

"(B) If the Secretary determines that there exists valid scientific evidence (other than evidence derived from investigations described in subparagraph (A))—

"(i) which is sufficient to determine the effectiveness of a device, and

"(ii) from which it can fairly and responsibly be concluded by qualified experts that the device will have the effect it purports or is represented to have under the conditions of use prescribed, recommended, or suggested in the labeling of the device,

*Post,* pp. 546, 552. then, for purposes of this section and sections 514 and 515, the Secretary may authorize the effectiveness of the device to be determined on the basis of such evidence.

### "Classification; Classification Panels

"(b)(1) For purposes of—

"(A) determining which devices intended for human use should be subject to the requirements of general controls, performance standards, or premarket approval, and

"(B) providing notice to the manufacturers and importers of such devices to enable them to prepare for the application of such requirements to devices manufactured or imported by them,

the Secretary shall classify all such devices (other than devices classified by subsection (f)) into the classes established by subsection (a). Panels of experts. Establishment. For the purpose of securing recommendations with respect to the classification of devices, the Secretary shall establish panels of experts or use panels of experts established before the date of the enactment of this section, or both. Section 14 of the Federal Advisory Commit- 5 USC app. I. tee Act shall not apply to the duration of a panel established under this paragraph.

"(2) The Secretary shall appoint to each panel established under paragraph (1) persons who are qualified by training and experience to evaluate the safety and effectiveness of the devices to be referred to the panel and who, to the extent feasible, possess skill in the use of, or experience in the development, manufacture, or utilization of, such devices. The Secretary shall make appointments to each panel so that each panel shall consist of members with adequately diversified expertise in such fields as clinical and administrative medicine, engineering, biological and physical sciences, and other related professions. In addition, each panel shall include as nonvoting members a representative of consumer interests and a representative of interests of the device manufacturing industry. Scientific, trade, and consumer organizations shall be afforded an opportunity to nominate individuals for appointment to the panels. No individual who is in the regular full-time employ of the United States and engaged in the administration of this Act may be a member of any panel. The Secretary shall designate one of the members of each panel to serve as chairman thereof.

"(3) Panel members (other than officers or employees of the United States), while attending meetings or conferences of a panel or otherwise engaged in its business, shall be entitled to receive compensation at rates to be fixed by the Secretary, but not at rates exceeding the daily equivalent of the rate in effect for grade GS–18 of the General Sched- 5 USC 5332 note. ule, for each day so engaged, including traveltime; and while so serving away from their homes or regular places of business each member may be allowed travel expenses (including per diem in lieu of subsistence) as authorized by section 5703(b) of title 5, United States Code, for persons in the Government service employed intermittently.

"(4) The Secretary shall furnish each panel with adequate clerical and other necessary assistance.

## "Classification Panel Organization and Operation

"(c)(1) The Secretary shall organize the panels according to the various fields of clinical medicine and fundamental sciences in which devices intended for human use are used. The Secretary shall refer a device to be classified under this section to an appropriate panel established or authorized to be used under subsection (b) for its review and for its recommendation respecting the classification of the device. The Secretary shall by regulation prescribe the procedure to be followed by the panels in making their reviews and recommendations. In making their reviews of devices, the panels, to the maximum extent practicable, shall provide an opportunity for interested persons to submit data and views on the classification of the devices.

"(2)(A) Upon completion of a panel's review of a device referred to it under paragraph (1), the panel shall, subject to subparagraphs (B) and (C), submit to the Secretary its recommendation for the classification of the device. Any such recommendation shall (i) contain (I) a summary of the reasons for the recommendation, (II) a summary of the data upon which the recommendation is based, and (III) an identification of the risks to health (if any) presented by the device with respect to which the recommendation is made, and (ii) to the extent practicable, include a recommendation for the assignment of a priority for the application of the requirements of section 514 or 515 to a device recommended to be classified in class II or class III. *Post,* pp. 546, 552.

"(B) A recommendation of a panel for the classification of a device in class I shall include a recommendation as to whether the device should be exempted from the requirements of section 510, 519, or 520(f). 21 USC 360. *Post,* pp. 564, 565.

"(C) In the case of a device which has been referred under paragraph (1) to a panel, and which—

"(i) is intended to be implanted in the human body or is purported or represented to be for a use in supporting or sustaining human life, and

"(ii)(I) has been introduced or delivered for introduction into interstate commerce for commercial distribution before the date of enactment of this section, or

"(II) is within a type of device which was so introduced or delivered before such date and is substantially equivalent to another device within that type,

such panel shall recommend to the Secretary that the device be classified in class III unless the panel determines that classification of the device in such class is not necessary to provide reasonable assurance of its safety and effectiveness. If a panel does not recommend that such a device be classified in class III, it shall in its recommendation to the Secretary for the classification of the device set forth the reasons for not recommending classification of the device in such class.

"(3) The panels shall submit to the Secretary within one year of the date funds are first appropriated for the implementation of this section their recommendations respecting all devices of a type introduced or delivered for introduction into interstate commerce for commercial distribution before the date of the enactment of this section.

PUBLIC LAW 94-295—MAY 28, 1976

"Classification"

Publication in
Federal Register.

"(d) (1) Upon receipt of a recommendation from a panel respecting a device, the Secretary shall publish in the Federal Register the panel's recommendation and a proposed regulation classifying such device and shall provide interested persons an opportunity to submit comments on such recommendation and the proposed regulation. After reviewing such comments, the Secretary shall, subject to paragraph (2), by regulation classify such device.

21 USC 360.
*Post*, pp. 564,
565.

"(2) (A) A regulation under paragraph (1) classifying a device in class I shall prescribe which, if any, of the requirements of section 510, 519, or 520(f) shall not apply to the device. A regulation which makes a requirement of section 510, 519, or 520(f) inapplicable to a device shall be accompanied by a statement of the reasons of the Secretary for making such requirement inapplicable.

"(B) A device described in subsection (c) (2) (C) shall be classified in class III unless the Secretary determines that classification of the device in such class is not necessary to provide reasonable assurance of its safety and effectiveness. A proposed regulation under paragraph (1) classifying such a device in a class other than class III shall be accompanied by a full statement of the reasons of the Secretary (and supporting documentation and data) for not classifying such device in such class and an identification of the risks to health (if any) presented by such device.

*Post*, p. 552.

*Post*, p. 546.

"(3) In the case of devices classified in class II and devices classified under this subsection in class III and described in section 515(b) (1) the Secretary may establish priorities which, in his discretion, shall be used in applying sections 514 and 515, as appropriate, to such devices.

"Classification Changes"

Regulation.

Publication in
Federal Register.

"(e) Based on new information respecting a device, the Secretary may, upon his own initiative or upon petition of an interested person, by regulation (1) change such device's classification, and (2) revoke, because of the change in classification, any regulation or requirement in effect under section 514 or 515 with respect to such device. In the promulgation of such a regulation respecting a device's classification, the Secretary may secure from the panel to which the device was last referred pursuant to subsection (c) a recommendation respecting the proposed change in the device's classification and shall publish in the Federal Register any recommendation submitted to the Secretary by the panel respecting such change. A regulation under this subsection changing the classification of a device from class III to class II may provide that such classification shall not take effect until the effective date of a performance standard established under section 514 for such device.

"Initial Classification of Certain Devices"

"(f) (1) Any device intended for human use which was not introduced or delivered for introduction into interstate commerce for commercial distribution before the date of the enactment of this section is classified in class III unless—

"(A) the device—

"(i) is within a type of device (I) which was introduced or delivered for introduction into interstate commerce for commercial distribution before such date and which is to be classified pursuant to subsection (b), or (II) which was not so

introduced or delivered before such date and has been classified in class I or II, and

"(ii) is substantially equivalent to another device within such type, or

"(B) the Secretary in response to a petition submitted under paragraph (2) has classified such device in class I or II.

A device classified in class III under this paragraph shall be classified in that class until the effective date of an order of the Secretary under paragraph (2) classifying the device in class I or II.

"(2) (A) The manufacturer or importer of a device classified under paragraph (1) may petition the Secretary (in such form and manner as he shall prescribe) for the issuance of an order classifying the device in class I or class II. Within thirty days of the filing of such a petition, the Secretary shall notify the petitioner of any deficiencies in the petition which prevent the Secretary from making a decision on the petition.

<span style="float:right">Petition.</span>

<span style="float:right">Notification.</span>

"(B) (i) Upon determining that a petition does not contain any deficiency which prevents the Secretary from making a decision on the petition, the Secretary shall refer the petition to an appropriate panel established or authorized to be used under subsection (b). A panel to which such a petition has been referred shall not later than ninety days after the referral of the petition make a recommendation to the Secretary respecting approval or denial of the petition. Any such recommendation shall contain (I) a summary of the reasons for the recommendation, (II) a summary of the data upon which the recommendation is based, and (III) an identification of the risks to health (if any) presented by the device with respect to which the petition was filed. In the case of a petition for a device which is intended to be implanted in the human body or which is purported or represented to be for a use in supporting or sustaining human life, the panel shall recommend that the petition be denied unless the panel determines that the classification in class III of the device is not necessary to provide reasonable assurance of its safety and effectiveness. If the panel recommends that such petition be approved, it shall in its recommendation to the Secretary set forth its reasons for such recommendation.

"(ii) The requirements of paragraphs (1) and (2) of subsection (c) (relating to opportunities for submission of data and views and recommendations respecting priorities and exemptions from sections 510, 519, and 520(f)) shall apply with respect to consideration by panels of petitions submitted under subparagraph (A).

<span style="float:right">21 USC 360.<br>*Post*, pp. 564,<br>565.</span>

"(C) (i) Within ninety days from the date the Secretary receives the recommendation of a panel respecting a petition (but not later than 210 days after the filing of such petition) the Secretary shall by order deny or approve the petition. If the Secretary approves the petition, the Secretary shall order the classification of the device into class I or class II in accordance with the criteria prescribed by subsection (a) (1) (A) or (a) (1) (B). In the case of a petition for a device which is intended to be implanted in the human body or which is purported or represented to be for a use in supporting or sustaining human life, the Secretary shall deny the petition unless the Secretary determines that the classification in class III of the device is not necessary to provide reasonable assurance of its safety and effectiveness. An order approving such petition shall be accompanied by a full statement of the reasons of the Secretary (and supporting documentation and data) for approving the petition and an identification of the risks to health (if any) presented by the device to which such order applies.

"(ii) The requirements of paragraphs (1) and (2) (A) of subsec-

PUBLIC LAW 94-295—MAY 28, 1976

tion (d) (relating to publication of recommendations, opportunity for submission of comments, and exemption from sections 510, 519, and 520(f)) shall apply with respect to action by the Secretary on petitions submitted under subparagraph (A).

21 USC 360.
*Post*, pp. 564, 565.

### "Information

"(g) Within sixty days of the receipt of a written request of any person for information respecting the class in which a device has been classified or the requirements applicable to a device under this Act, the Secretary shall provide such person a written statement of the classification (if any) of such device and the requirements of this Act applicable to the device.

### "Definitions

"(h) For purposes of this section and sections 501, 510, 514, 515, 516, 519, and 520—

21 USC 351, 360.
*Post*, pp. 552, 560.

"(1) a reference to 'general controls' is a reference to the controls authorized by or under sections 501, 502, 510, 516, 518, 519, and 520,

"(2) a reference to 'class I', 'class II', or 'class III' is a reference to a class of medical devices described in subparagraph (A), (B), or (C) of subsection (a)(1), and

*Ante*, p. 540.

"(3) a reference to a 'panel under section 513' is a reference to a panel established or authorized to be used under this section.

### "PERFORMANCE STANDARDS

### "Provisions of Standards

Regulation.
21 USC 360d.

"SEC. 514. (a) (1) The Secretary may by regulation, promulgated in accordance with this section, establish a performance standard for a class II device. A class III device may also be considered a class II device for purposes of establishing a standard for the device under this section if the device has been reclassified as a class II device under a regulation under section 513(e) but such regulation provides that the reclassification is not to take effect until the effective date of such a standard for the device.

"(2) A performance standard established under this section for a device—

"(A) shall include provisions to provide reasonable assurance of its safe and effective performance;

"(B) shall, where necessary to provide reasonable assurance of its safe and effective performance, include—

"(i) provisions respecting the construction, components, ingredients, and properties of the device and its compatibility with power systems and connections to such systems,

Testing.

"(ii) provisions for the testing (on a sample basis or, if necessary, on an individual basis) of the device or, if it is determined that no other more practicable means are available to the Secretary to assure the conformity of the device to the standard, provisions for the testing (on a sample basis or, if necessary, on an individual basis) by the Secretary or by another person at the direction of the Secretary,

"(iii) provisions for the measurement of the performance characteristics of the device,

"(iv) provisions requiring that the results of each or of certain of the tests of the device required to be made under

clause (ii) show that the device is in conformity with the portions of the standard for which the test or tests were required, and

"(v) a provision requiring that the sale and distribution of the device be restricted but only to the extent that the sale and distribution of a device may be restricted under a regulation under section 520(e); and

*Post*, p. 565.

"(C) shall, where appropriate, require the use and prescribe the form and content of labeling for the proper installation, maintenance, operation, and use of the device.

Labeling.

"(4) The Secretary shall provide for periodic evaluation of performance standards established under this section to determine if such standards should be changed to reflect new medical, scientific, or other technological data.

Periodic evaluation.

"(5) In carrying out his duties under this section, the Secretary shall, to the maximum extent practicable—

"(A) use personnel, facilities, and other technical support available in other Federal agencies,

"(B) consult with other Federal agencies concerned with standard-setting and other nationally or internationally recognized standard-setting entities, and

"(C) invite appropriate participation, through joint or other conferences, workshops, or other means, by informed persons representative of scientific, professional, industry, or consumer organizations who in his judgment can make a significant contribution.

"Initiation of a Proceeding for a Performance Standard

"(b)(1) A proceeding for the development of a performance standard for a device shall be initiated by the Secretary by the publication in the Federal Register of notice of the opportunity to submit to the Secretary a request (within fifteen days of the date of the publication of the notice) for a change in the classification of the device based on new information relevant to its classification.

Publication in Federal Register.

"(2) If, after publication of a notice pursuant to paragraph (1) the Secretary receives a request for a change in the device's classification, he shall, within sixty days of the publication of such notice and after consultation with the appropriate panel under section 513, by order published in the Federal Register, either deny the request for change in classification or give notice of his intent to initiate such a change under section 513(e).

*Ante*, p. 540.

"Invitation for Standards

"(c)(1) If, after the publication of a notice under subsection (b), no action is required under paragraph (2) of such subsection or the Secretary denies a request to change the classification of the device with respect to which such notice was published, the Secretary shall publish in the Federal Register a notice inviting any person, including any Federal agency, to—

Publication in Federal Register.

"(A) submit to the Secretary, within sixty days after the date of publication of the notice, an existing standard as a proposed performance standard for such device, or

"(B) offer, within sixty days after the date of publication of the notice, to develop such a proposed standard.

"(2) A notice published pursuant to paragraph (1) for an offer for the development of a proposed performance standard for a device—

"(A) shall specify a period within which the standard is to be

PUBLIC LAW 94–295—MAY 28, 1976

developed, which period may be extended by the Secretary for good cause shown; and

"(B) shall include—

"(i) a description or other designation of the device,

"(ii) a statement of the nature of the risk or risks associated with the use of the device and intended to be controlled by a performance standard,

"(iii) a summary of the data on which the Secretary has found a need for initiation of the proceeding to develop a performance standard, and

"(iv) identification of any existing performance standard known to the Secretary which may be relevant to the proceeding.

Regulation.

"(3) The Secretary shall by regulation require that an offeror of an offer to develop a proposed performance standard submit (and if the offeror is a business entity, require that appropriate directors, officers, and employees of, and consultants to, the business entity submit) to the Secretary such information concerning the offeror as the Secretary determines is relevant with respect to the offeror's qualifications to develop a proposed performance standard for a device, including information respecting the offeror's financial stability, expertise, and experience, and any potential conflicts of interest, including financial interest in the device for which the proposed standard is to be developed, current industrial or commercial affiliates of the offeror, current sources of financial support for research, and business entities in which the offeror has a financial interest, which may be relevant with respect to the offeror's qualifications. Such information submitted by an offeror may not be made public by the Secretary unless required by section 552 of title 5, United States Code, except that in the case of information submitted by an offeror whose offer has been accepted, the Secretary shall make such information (other than information which because of subsection (b)(4) of section 552, title 5, United States Code, is exempt from disclosure pursuant to subsection (a) of such section) public at the time the offer is accepted.

"(4) If the Secretary determines that a performance standard can be developed by any Federal agency (including an agency within the Department of Health, Education, and Welfare), the Secretary may—

"(A) if such determination is made with respect to an agency within such Department, develop such a standard in lieu of accepting any offer to develop such a standard pursuant to a notice published pursuant to this subsection, or

"(B) if such determination is made with respect to any other agency, authorize such agency to develop such a standard in lieu of accepting any such offer.

In making such a determination respecting a Federal agency, the Secretary shall take into account the personnel and expertise within such agency. The requirements described in subparagraphs (B) and (C) of subsection (e)(4) shall apply to development of a standard under this paragraph.

"Acceptance of Certain Existing Standards

"(d)(1) If the Secretary—

"(A) determines that a performance standard has been issued or adopted or is being developed by any Federal agency or by any other qualified entity or receives a performance standard submitted pursuant to a notice published pursuant to subsection (c), and

"(B) determines that such performance standard is based upon scientific data and information and has been subjected to scientific consideration,

he may, in lieu of accepting any offer to develop such a standard pursuant to a notice published pursuant to subsection (c), accept such standard as a proposed performance standard for such device or as a basis upon which a proposed performance standard may be developed.

"(2) If a standard is submitted to the Secretary pursuant to a notice published pursuant to subsection (c) and the Secretary does not accept such standard, he shall publish in the Federal Register notice of that fact together with the reasons therefor.

*Publication in Federal Register.*

### "Acceptance of Offer To Develop Standard

"(e)(1) Except as provided by subsections (c)(4) and (d), the Secretary shall accept one, and may accept more than one, offer to develop a proposed performance standard for a device pursuant to a notice published pursuant to subsection (c) if he determines that (A) the offeror is qualified to develop such a standard and is technically competent to undertake and complete the development of an appropriate performance standard within the period specified in the notice, and (B) the offeror will comply with procedures prescribed by regulations of the Secretary under paragraph (4) of this subsection. In determining the qualifications of an offeror to develop a standard, the Secretary shall take into account the offeror's financial stability, expertise, experience, and any potential conflicts of interests (including financial interest in the device for which such standard is to be developed) and other information submitted pursuant to subsection (c)(3), which may be relevant with respect to the offeror's qualifications.

"(2) The Secretary shall publish in the Federal Register the name and address of each person whose offer is accepted under paragraph (1) and a summary of the terms of such offer as accepted.

*Publication in Federal Register.*

"(3) If such an offer is accepted, the Secretary may, upon application which may be made prior to the acceptance of the offer, agree to contribute to the offeror's cost in developing a proposed standard if the Secretary determines that such contribution is likely to result in a more satisfactory standard than would be developed without such contribution. The Secretary shall by regulation prescribe the items of cost in which he will participate, except that such items may not include the cost of construction (except minor remodeling) or the acquisition of land or buildings. Payments to an offerer under this paragraph may be made without regard to section 3648 of the Revised Statutes (31 U.S.C. 529).

*Regulation.*

"(4) The Secretary shall prescribe regulations governing the development of proposed standards by persons whose offers are accepted under paragraph (1). Such regulations shall, notwithstanding subsection (b)(A) of section 553 of title 5, United States Code, be promulgated in accordance with the requirements of that section for notice and opportunity for participation and shall—

*Regulations.*

"(A) require that performance standards proposed for promulgation be supported by such test data or other documents or materials as the Secretary may reasonably require to be obtained;

*Performance standards.*

"(B) require that notice be given to interested persons of the opportunity to participate in the development of such performance standards and require the provision of such opportunity;

*Notice.*

"(C) require the maintenance of records to disclose (i) the course of the development of performance standards proposed for promulgation, (ii) the comments and other information sub-

*Record maintenance.*

PUBLIC LAW 94-295—MAY 28, 1976

mitted by any person in connection with such development, including comments and information with respect to the need for such performance standards, and (iii) such other matters as may be relevant to the evaluation of such performance standards;

Audit, access to books.

"(D) provide that the Secretary and the Comptroller General of the United States, or any of their duly authorized representatives, shall have access for the purpose of audit and examination to any books, documents, papers, and other records, relevant to the expenditure of any funds contributed by the Secretary under paragraph (3); and

Reports.

"(E) require the submission of such periodic reports as the Secretary may require to disclose the course of the development of performance standards proposed for promulgation.

Publication in Federal Register.

"(5) If an offer is made pursuant to a notice published pursuant to subsection (c) and the Secretary does not accept such offer, he shall publish in the Federal Register notice of that fact together with the reasons therefor.

"Development of Standard by Secretary After Publication of Subsection (c) Notice

"(f) If the Secretary has published a notice pursuant to subsection (c) and—

"(1) no person makes an offer or submits a standard pursuant to the notice;

"(2) the Secretary has not accepted an existing performance standard under subsection (d) or accepted an offer to develop a proposed performance standard pursuant to the notice; or

"(3) the Secretary has accepted an offer or offers to develop a proposed performance standard, but determines thereafter that—

"(A) the offeror under each such offer is unwilling or unable to continue the development of the performance standard which was the subject of the offer or offers, or

"(B) the performance standard which has been developed is not satisfactory,

Publication in Federal Register.

and publishes notice of that determination in the Federal Register together with his reasons therefor;
then the Secretary may proceed to develop a proposed performance standard. The authority provided by this subsection is in addition to the authority provided by subsection (c)(4). The requirements described in subparagraphs (B) and (C) of subsection (e)(4) shall apply to the development of a standard by the Secretary under this subsection.

"Establishment of a Standard

"(g)(1)(A) After publication pursuant to subsection (c) of a notice respecting a performance standard for a device, the Secretary shall either—

Publication in Federal Register.

"(i) publish, in the Federal Register in a notice of proposed rulemaking, a proposed performance standard for the device (I) developed by an offeror under such notice and accepted by the Secretary, (II) developed under subsection (c)(4), (III) accepted by the Secretary under subsection (d), or (IV) developed by him under subsection (f), or

Publication in Federal Register.

"(ii) issue a notice in the Federal Register that the proceeding is terminated together with the reasons for such termination.

"(B) If the Secretary issues under subparagraph (A)(ii) a notice of termination of a proceeding to establish a performance standard for a device, he shall (unless such notice is issued because the device is a banned device under section 516) initiate a proceeding under section 513(e) to reclassify the device subject to the proceeding terminated by such notice.

*Post*, p. 560.
*Ante*, p. 540.

"(2) A notice of proposed rulemaking for the establishment of a performance standard for a device published under paragraph (1)(A) (i) shall set forth proposed findings with respect to the degree of risk of illness or injury designed to be eliminated or reduced by the proposed standard and the benefit to the public from the device.

Notice of proposed rulemaking.

"(3)(A) After the expiration of the period for comment on a notice of proposed rulemaking published under paragraph (1) respecting a performance standard and after consideration of such comments and any report from an advisory committee under paragraph (5), the Secretary shall (i) promulgate a regulation establishing a performance standard and publish in the Federal Register findings on the matters referred to in paragraph (2), or (ii) publish a notice terminating the proceeding for the development of the standard together with the reasons for such termination. If a notice of termination is published, the Secretary shall (unless such notice is issued because the device is a banned device under section 516) initiate a proceeding under section 513(e) to reclassify the device subject to the proceeding terminated by such notice.

Publication in Federal Register.

Notice.

"(B) A regulation establishing a performance standard shall set forth the date or dates upon which the standard shall take effect, but no such regulation may take effect before one year after the date of its publication unless (i) the Secretary determines that an earlier effective date is necessary for the protection of the public health and safety, or (ii) such standard has been established for a device which, effective upon the effective date of the standard, has been reclassified from class III to class II. Such date or dates shall be established so as to minimize, consistent with the public health and safety, economic loss to, and disruption or dislocation of, domestic and international trade.

"(4)(A) The Secretary, upon his own initiative or upon petition of an interested person may by regulation, promulgated in accordance with the requirements of paragraphs (2) and (3)(B) of this subsection, amend or revoke a performance standard.

Regulation.

"(B) The Secretary may declare a proposed amendment of a performance standard to be effective on and after its publication in the Federal Register and until the effective date of any final action taken on such amendment if he determines, after affording all interested persons an opportunity for an informal hearing, that making it so effective is in the public interest. A proposed amendment of a performance standard made so effective under the preceding sentence may not prohibit, during the period in which it is so effective, the introduction or delivery for introduction into interstate commerce of a device which conforms to such standard without the change or changes provided by such proposed amendment.

"(5)(A) The Secretary—

"(i) may on his own initiative refer a proposed regulation for the establishment, amendment, or revocation of a performance standard, or

"(ii) shall, upon the request of an interested person unless the Secretary finds the request to be without good cause or the request is made after the expiration of the period for submission of comments on such proposed regulation refer such proposed regulation,

to an advisory committee of experts, established pursuant to subpara-

graph (B), for a report and recommendation with respect to any matter involved in the proposed regulation which requires the exercise of scientific judgment. If a proposed regulation is referred under this subparagraph to an advisory committee, the Secretary shall provide the advisory committee with the data and information on which such proposed regulation is based. The advisory committee shall, within sixty days of the referral of a proposed regulation and after independent study of the data and information furnished to it by the Secretary and other data and information before it, submit to the Secretary a report and recommendation respecting such regulation, together with all underlying data and information and a statement of the reason or basis for the recommendation. A copy of such report and recommendation shall be made public by the Secretary.

**Report and recommendation.**

**Information, availability to public.**
**Advisory committees.**
*Ante*, p. 540.

"(B) The Secretary shall establish advisory committees (which may not be panels under section 513) to receive referrals under subparagraph (A). The Secretary shall appoint as members of any such advisory committee persons qualified in the subject matter to be referred to the committee and of appropriately diversified professional background, except that the Secretary may not appoint to such a committee any individual who is in the regular full-time employ of the United States and engaged in the administration of this Act. Each such committee shall include as nonvoting members a representative of consumer interests and a representative of interests of the device manufacturing industry. Members of an advisory committee who are not officers or employees of the United States, while attending conferences or meetings of their committee or otherwise serving at the request of the Secretary, shall be entitled to receive compensation at rates to be fixed by the Secretary, which rates may not exceed the daily equivalent of the rate in effect for grade GS-18 of the General Schedule, for each day (including traveltime) they are so engaged; and while so serving away from their homes or regular places of business each member may be allowed travel expenses, including per diem in lieu of subsistence, as authorized by section 5703 of title 5 of the United States Code for persons in the Government service employed intermittently. The Secretary shall designate one of the members of each advisory committee to serve as chairman thereof. The Secretary shall furnish each advisory committee with clerical and other assistance, and shall by regulation prescribe the procedures to be followed by each such committee in acting on referrals made under subparagraph (A).

**5 USC 5332 note.**

**Procedures, regulation.**

### "PREMARKET APPROVAL

#### "General Requirement

**21 USC 360e.**

"SEC. 515. (a) A class III device—
     "(1) which is subject to a regulation promulgated under subsection (b); or
     "(2) which is a class III device because of section 513(f),
is required to have, unless exempt under section 520(g), an approval under this section of an application for premarket approval.

**Post**, p. 565.

#### "Regulation To Require Premarket Approval

"(b)(1) In the case of a class III device which—
     "(A) was introduced or delivered for introduction into interstate commerce for commercial distribution before the date of enactment of this section; or

"(B) is (i) of a type so introduced or delivered, and (ii) is substantially equivalent to another device within that type, the Secretary shall by regulation, promulgated in accordance with this subsection, require that such device have an approval under this section of an application for premarket approval.

"(2) (A) A proceeding for the promulgation of a regulation under paragraph (1) respecting a device shall be initiated by the publication in the Federal Register of a notice of proposed rulemaking. Such notice shall contain—

*Publication in Federal Register.*

"(i) the proposed regulation;

"(ii) proposed findings with respect to the degree of risk of illness or injury designed to be eliminated or reduced by requiring the device to have an approved application for premarket approval and the benefit to the public from use of the device;

"(iii) opportunity for the submission of comments on the proposed regulation and the proposed findings; and

"(iv) opportunity to request a change in the classification of the device based on new information relevant to the classification of the device.

"(B) If, within fifteen days after publication of a notice under subparagraph (A), the Secretary receives a request for a change in the classification of a device, he shall, within sixty days of the publication of such notice and after consultation with the appropriate panel under section 513, by order published in the Federal Register, either deny the request for change in classification or give notice of his intent to initiate such a change under section 513(e).

*Publication in Federal Register.*

*Ante,* p. 540.

"(3) After the expiration of the period for comment on a proposed regulation and proposed findings published under paragraph (2) and after consideration of comments submitted on such proposed regulation and findings, the Secretary shall (A) promulgate such regulation and publish in the Federal Register findings on the matters referred to in paragraph (2)(A)(ii), or (B) publish a notice terminating the proceeding for the promulgation of the regulation together with the reasons for such termination. If a notice of termination is published, the Secretary shall (unless such notice is issued because the device is a banned device under section 516) initiate a proceeding under section 513(e) to reclassify the device subject to the proceeding terminated by such notice.

*Publication in Federal Register.*

*Post,* p. 560.

"(4) The Secretary, upon his own initiative or upon petition of an interested person, may by regulation amend or revoke any regulation promulgated under this subsection. A regulation to amend or revoke a regulation under this subsection shall be promulgated in accordance with the requirements prescribed by this subsection for the promulgation of the regulation to be amended or revoked.

"Application for Premarket Approval

"(c)(1) Any person may file with the Secretary an application for premarket approval for a class III device. Such an application for a device shall contain—

"(A) full reports of all information, published or known to or which should reasonably be known to the applicant, concerning investigations which have been made to show whether or not such device is safe and effective;

"(B) a full statement of the components, ingredients, and properties and of the principle or principles of operation, of such device;

"(C) a full description of the methods used in, and the facilities and controls used for, the manufacture, processing, and, when relevant, packing and installation of, such device;

*Ante*, p. 546.

"(D) an identifying reference to any performance standard under section 514 which would be applicable to any aspect of such device if it were a class II device, and either adequate information to show that such aspect of such device fully meets such performance standard or adequate information to justify any deviation from such standard;

"(E) such samples of such device and of components thereof as the Secretary may reasonably require, except that where the submission of such samples is impracticable or unduly burdensome, the requirement of this subparagraph may be met by the submission of complete information concerning the location of one or more such devices readily available for examination and testing;

"(F) specimens of the labeling proposed to be used for such device; and

"(G) such other information relevant to the subject matter of the application as the Secretary, with the concurrence of the appropriate panel under section 513, may require.

*Ante*, p. 540.

"(2) Upon receipt of an application meeting the requirements set forth in paragraph (1), the Secretary shall refer such application to the appropriate panel under section 513 for study and for submission (within such period as he may establish) of a report and recommendation respecting approval of the application, together with all underlying data and the reasons or basis for the recommendation.

"Action on an Application for Premarket Approval

"(d)(1)(A) As promptly as possible, but in no event later than one hundred and eighty days after the receipt of an application under subsection (c) (except as provided in section 520(l)(3)(D)(ii) or unless, in accordance with subparagraph (B)(i), an additional period as agreed upon by the Secretary and the applicant), the Secretary, after considering the report and recommendation submitted under paragraph (2) of such subsection, shall—

*Post*, p. 565.

"(i) issue an order approving the application if he finds that none of the grounds for denying approval specified in paragraph (2) of this subsection applies; or

"(ii) deny approval of the application if he finds (and sets forth the basis for such finding as part of or accompanying such denial) that one or more grounds for denial specified in paragraph (2) of this subsection apply.

"(B)(i) The Secretary may not enter into an agreement to extend the period in which to take action with respect to an application submitted for a device subject to a regulation promulgated under subsection (b) unless he finds that the continued availability of the device is necessary for the public health.

"(ii) An order approving an application for a device may require as a condition to such approval that the sale and distribution of the device be restricted but only to the extent that the sale and distribution of a device may be restricted under a regulation under section 520(e).

Denial.

"(2) The Secretary shall deny approval of an application for a device if, upon the basis of the information submitted to the Secretary as part of the application and any other information before him with respect to such device, the Secretary finds that—

"(A) there is a lack of a showing of reasonable assurance that such device is safe under the conditions of use prescribed, recommended, or suggested in the proposed labeling thereof;

"(B) there is a lack of a showing of reasonable assurance that the device is effective under the conditions of use prescribed, recommended, or suggested in the proposed labeling thereof;

"(C) the methods used in, or the facilities or controls used for, the manufacture, processing, packing, or installation of such device do not conform to the requirements of section 520(f);    *Post,* p. 565.

"(D) based on a fair evaluation of all material facts, the proposed labeling is false or misleading in any particular; or

"(E) such device is not shown to conform in all respects to a performance standard in effect under section 514 compliance with *Ante,* p. 546. which is a condition to approval of the application and there is a lack of adequate information to justify the deviation from such standard.

Any denial of an application shall, insofar as the Secretary deter-    Statement. mines to be practicable, be accompanied by a statement informing the applicant of the measures required to place such application in approvable form (which measures may include further research by the applicant in accordance with one or more protocols prescribed by the Secretary).

"(3) An applicant whose application has been denied approval may,    Review. by petition filed on or before the thirtieth day after the date upon which he receives notice of such denial, obtain review thereof in accordance with either paragraph (1) or (2) of subsection (g), and any interested person may obtain review, in accordance with paragraph (1) or (2) of subsection (g), of an order of the Secretary approving an application.

## "Withdrawal of Approval of Application

"(e)(1) The Secretary shall, upon obtaining, where appropriate,    Notice and advice on scientific matters from a panel or panels under section 513,    hearing. and after due notice and opportunity for informal hearing to the    *Ante,* p. 540. holder of an approved application for a device, issue an order withdrawing approval of the application if the Secretary finds—

"(A) that such device is unsafe or ineffective under the conditions of use prescribed, recommended, or suggested in the labeling thereof;

"(B) on the basis of new information before him with respect to such device, evaluated together with the evidence available to him when the application was approved, that there is a lack of a showing of reasonable assurance that the device is safe or effective under the conditions of use prescribed, recommended, or suggested in the labeling thereof;

"(C) that the application contained or was accompanied by an untrue statement of a material fact;

"(D) that the applicant (i) has failed to establish a system    Record for maintaining records, or has repeatedly or deliberately failed    maintenance. to maintain records or to make reports, required by an applicable regulation under section 519(a), (ii) has refused to permit access    *Post,* p. 564. to, or copying or verification of, such records as required by section 704, or (iii) has not complied with the requirements of    21 USC 374. section 510;    21 USC 360.

"(E) on the basis of new information before him with respect to such device, evaluated together with the evidence before him when the application was approved, that the methods used in, or

*Post,* p. 565.

the facilities and controls used for, the manufacture, processing, packing, or installation of such device do not conform with the requirements of section 520(f) and were not brought into conformity with such requirements within a reasonable time after receipt of written notice from the Secretary of nonconformity;

"(F) on the basis of new information before him, evaluated together with the evidence before him when the application was approved, that the labeling of such device, based on a fair evaluation of all material facts, is false or misleading in any particular and was not corrected within a reasonable time after receipt of written notice from the Secretary of such fact; or

"(G) on the basis of new information before him, evaluated together with the evidence before him when the application was approved, that such device is not shown to conform in all respects to a performance standard which is in effect under section 514 compliance with which was a condition to approval of the application and that there is a lack of adequate information to justify the deviation from such standard.

*Ante,* p. 546.

"(2) The holder of an application subject to an order issued under paragraph (1) withdrawing approval of the application may, by petition filed on or before the thirtieth day after the date upon which he receives notice of such withdrawal, obtain review thereof in accordance with either paragraph (1) or (2) of subsection (g).

## "Product Development Protocol

"(f)(1) In the case of a class III device which is required to have an approval of an application submitted under subsection (c), such device shall be considered as having such an approval if a notice of completion of testing conducted in accordance with a product development protocol approved under paragraph (4) has been declared completed under paragraph (6).

"(2) Any person may submit to the Secretary a proposed product development protocol with respect to a device. Such a protocol shall be accompanied by data supporting it. If, within thirty days of the receipt of such a protocol, the Secretary determines that it appears to be appropriate to apply the requirements of this subsection to the device with respect to which the protocol is submitted, he shall refer the proposed protocol to the appropriate panel under section 513 for its recommendation respecting approval of the protocol.

*Ante,* p. 540.

"(3) A proposed product development protocol for a device may be approved only if—

"(A) the Secretary determines that it is appropriate to apply the requirements of this subsection to the device in lieu of the requirement of approval of an application submitted under subsection (c); and

"(B) the Secretary determines that the proposed protocol provides—

"(i) a description of the device and the changes which may be made in the device,

"(ii) a description of the preclinical trials (if any) of the device and a specification of (I) the results from such trials to be required before the commencement of clinical trials of the device, and (II) any permissible variations in preclinical trials and the results therefrom,

"(iii) a description of the clinical trials (if any) of the device and a specification of (I) the results from such trials to be required before the filing of a notice of completion of the

requirements of the protocol, and (II) any permissible variations in such trials and the results therefrom,

"(iv) a description of the methods to be used in, and the facilities and controls to be used for, the manufacture, processing, and, when relevant, packing and installation of the device,

"(v) an identifying reference to any performance standard under section 514 to be applicable to any aspect of such device, *Ante*, p. 546.

"(vi) if appropriate, specimens of the labeling proposed to be used for such device,

"(vii) such other information relevant to the subject matter of the protocol as the Secretary, with the concurrence of the appropriate panel or panels under section 513, may require, *Ante*, p. 540. and

"(viii) a requirement for submission of progress reports Progress report. and, when completed, records of the trials conducted under the protocol which records are adequate to show compliance with the protocol.

"(4) The Secretary shall approve or disapprove a proposed product development protocol submitted under paragraph (2) within one hundred and twenty days of its receipt unless an additional period is agreed upon by the Secretary and the person who submitted the protocol. Approval of a protocol or denial of approval of a protocol is final agency action subject to judicial review under chapter 7 of title 5, United States Code.
5 USC 701 *et seq.*

"(5) At any time after a product development protocol for a Notice of device has been approved pursuant to paragraph (4), the person completion. for whom the protocol was approved may submit a notice of completion—

"(A) stating (i) his determination that the requirements of the protocol have been fulfilled and that, to the best of his knowledge, there is no reason bearing on safety or effectiveness why the notice of completion should not become effective, and (ii) the data and other information upon which such determination was made, and

"(B) setting forth the results of the trials required by the protocol and all the information required by subsection (c) (1).

"(6)(A) The Secretary may, after providing the person who has Final order to an approved protocol an opportunity for an informal hearing and revoke protocol. at any time prior to receipt of notice of completion of such protocol, issue a final order to revoke such protocol if he finds that—

"(i) such person has failed substantially to comply with the requirements of the protocol,

"(ii) the results of the trials obtained under the protocol differ so substantially from the results required by the protocol that further trials cannot be justified, or

"(iii) the results of the trials conducted under the protocol or available new information do not demonstrate that the device tested under the protocol does not present an unreasonable risk to health and safety.

"(B) After the receipt of a notice of completion of an approved protocol the Secretary shall, within the ninety-day period beginning on the date such notice is received, by order either declare the protocol completed or declare it not completed. An order declaring a protocol not completed may take effect only after the Secretary has provided the person who has the protocol opportunity for an informal hearing on the order. Such an order may be issued only if the Secretary finds—

PUBLIC LAW 94-295—MAY 28, 1976

"(i) such person has failed substantially to comply with the requirements of the protocol,

"(ii) the results of the trials obtained under the protocol differ substantially from the results required by the protocol, or

"(iii) there is a lack of a showing of reasonable assurance of the safety and effectiveness of the device under the conditions of use prescribed, recommended, or suggested in the proposed labeling thereof.

"(C) A final order issued under subparagraph (A) or (B) shall be in writing and shall contain the reasons to support the conclusions thereof.

"(7) At any time after a notice of completion has become effective, the Secretary may issue an order (after due notice and opportunity for an informal hearing to the person for whom the notice is effective) revoking the approval of a device provided by a notice of completion which has become effective as provided in subparagraph (B) if he finds that any of the grounds listed in subparagraphs (A) through (G) of subsection (e)(1) of this section apply. Each reference in such subparagraphs to an application shall be considered for purposes of this paragraph as a reference to a protocol and the notice of completion of such protocol, and each reference to the time when an application was approved shall be considered for purposes of this paragraph as a reference to the time when a notice of completion took effect.

"(8) A person who has an approved protocol subject to an order issued under paragraph (6)(A) revoking such protocol, a person who has an approved protocol with respect to which an order under paragraph (6)(B) was issued declaring that the protocol had not been completed, or a person subject to an order issued under paragraph (7) revoking the approval of a device may, by petition filed on or before the thirtieth day after the date upon which he receives notice of such order, obtain review thereof in accordance with either paragraph (1) or (2) of subsection (g).

"Review

Hearing.

"(g)(1) Upon petition for review of—

"(A) an order under subsection (d) approving or denying approval of an application or an order under subsection (e) withdrawing approval of an application, or

"(B) an order under subsection (f)(6)(A) revoking an approved protocol, under subsection (f)(6)(B) declaring that an approved protocol has not been completed, or under subsection (f)(7) revoking the approval of a device,

the Secretary shall, unless he finds the petition to be without good cause or unless a petition for review of such order has been submitted under paragraph (2), hold a hearing, in accordance with section 554 of title 5 of the United States Code, on the order. The panel or panels which considered the application, protocol, or device subject to such order shall designate a member to appear and testify at any such hearing upon request of the Secretary, the petitioner, or the officer conducting the hearing, but this requirement does not preclude any other member of the panel or panels from appearing and testifying at any such hearing. Upon completion of such hearing and after considering the record established in such hearing, the Secretary shall issue an order either affirming the order subject to the hearing or reversing such order and, as appropriate, approving or denying approval of the application, reinstating the application's approval, approving the protocol, or placing in effect a notice of completion.

Order.

"(2) (A) Upon petition for review of—
"(i) an order under subsection (d) approving or denying approval of an application or an order under subsection (e) withdrawing approval of an application, or
"(ii) an order under subsection (f)(6)(A) revoking an approved protocol, under subsection (f)(6)(B) declaring that an approved protocol has not been completed, or under subsection (f)(7) revoking the approval of a device,
the Secretary shall refer the application or protocol subject to the order and the basis for the order to an advisory committee of experts established pursuant to subparagraph (B) for a report and recommendation with respect to the order. The advisory committee shall, after independent study of the data and information furnished to it by the Secretary and other data and information before it, submit to the Secretary a report and recommendation, together with all underlying data and information and a statement of the reasons or basis for the recommendation. A copy of such report shall be promptly supplied by the Secretary to any person who petitioned for such referral to the advisory committee.

**Report and recommendation.**

"(B) The Secretary shall establish advisory committees (which may not be panels under section 513) to receive referrals under subparagraph (A). The Secretary shall appoint as members of any such advisory committee persons qualified in the subject matter to be referred to the committee and of appropriately diversified professional backgrounds, except that the Secretary may not appoint to such a committee any individual who is in the regular full-time employ of the United States and engaged in the administration of this Act. Members of an advisory committee (other than officers or employees of the United States), while attending conferences or meetings of their committee or otherwise serving at the request of the Secretary, shall be entitled to receive compensation at rates to be fixed by the Secretary, which rates may not exceed the daily equivalent for grade GS–18 of the General Schedule for each day (including traveltime) they are so engaged; and while so serving away from their homes or regular places of business each member may be allowed travel expenses, including per diem in lieu of subsistence, as authorized by section 5703 of title 5 of the United States Code for persons in the Government service employed intermittently. The Secretary shall designate the chairman of an advisory committee from its members. The Secretary shall furnish each advisory committee with clerical and other assistance, and shall by regulation prescribe the procedures to be followed by each such committee in acting on referrals made under subparagraph (A).

**Advisory committees. Establishment.**

**Compensation.**

**5 USC 5332 note.**

**Chairman.**

"(C) The Secretary shall make public the report and recommendation made by an advisory committee with respect to an application and shall by order, stating the reasons therefor, either affirm the order referred to the advisory committee or reverse such order and, if appropriate, approve or deny approval of the application, reinstate the application's approval, approve the protocol, or place in effect a notice of completion.

**Information, availability to public.**

## "Service of Orders

"(h) Orders of the Secretary under this section shall be served (1) in person by any officer or employee of the department designated by the Secretary, or (2) by mailing the order by registered mail or certified mail addressed to the applicant at his last known address in the records of the Secretary.

PUBLIC LAW 94-295—MAY 28, 1976

## "BANNED DEVICES

### "General Rule

21 USC 360f.

*Ante*, p. 540.

"SEC. 516. (a) Whenever the Secretary finds, on the basis of all available data and information and after consultation with the appropriate panel or panels under section 513, that—

"(1) a device intended for human use presents substantial deception or an unreasonable and substantial risk of illness or injury; and

"(2) in the case of substantial deception or an unreasonable and substantial risk of illness or injury which the Secretary determined could be corrected or eliminated by labeling or change in labeling and with respect to which the Secretary provided written notice to the manufacturer specifying the deception or risk of illness or injury, the labeling or change in labeling to correct the deception or eliminate or reduce such risk, and the period within which such labeling or change in labeling was to be done, such labeling or change in labeling was not done within such period;

Hearing.

he may initiate a proceeding to promulgate a regulation to make such device a banned device. The Secretary shall afford all interested persons opportunity for an informal hearing on a regulation proposed under this subsection.

### "Special Effective Date

Publication in Federal Register.

"(b) The Secretary may declare a proposed regulation under subsection (a) to be effective upon its publication in the Federal Register and until the effective date of any final action taken respecting such regulation if (1) he determines, on the basis of all available data and information, that the deception or risk of illness or injury associated with the use of the device which is subject to the regulation presents an unreasonable, direct, and substantial danger to the health of individuals, and (2) before the date of the publication of such regulation, the Secretary notifies the manufacturer of such device that such regulation is to be made so effective. If the Secretary makes a proposed

Notice and hearing.

regulation so effective, he shall, as expeditiously as possible, give interested persons prompt notice of his action under this subsection, provide reasonable opportunity for an informal hearing on the proposed regulation, and either affirm, modify, or revoke such proposed regulation.

### "JUDICIAL REVIEW

### "Application of Section

21 USC 360g.

"SEC. 517. (a) Not later than thirty days after—

"(1) the promulgation of a regulation under section 513 classifying a device in class I or changing the classification of a device to class I or an order under subsection (f)(2) of such section reclassifying a device or denying a petition for reclassification of a device,

*Ante*, p. 546.

"(2) the promulgation of a regulation under section 514 establishing, amending, or revoking a performance standard for a device,

*Ante*, p. 552.

"(3) the issuance of an order under section 514(b)(2) or 515 (b)(2)(B) denying a request for reclassification of a device,

"(4) the promulgation of a regulation under paragraph (3) of section 515(b) requiring a device to have an approval of a pre-

market application, a regulation under paragraph (4) of that section amending or revoking a regulation under paragraph (3), or an order pursuant to section 515(g)(1) or 515(g)(2)(C),

*Ante, p. 552.
Ante, p. 560.*

"(5) the promulgation of a regulation under section 516 (other than a proposed regulation made effective under subsection (b) of such section upon the regulation's publication) making a device a banned device,

"(6) the issuance of an order under section 520(f)(2), or

*Post, p. 565.*

"(7) an order under section 520(g)(4) disapproving an application for an exemption of a device for investigational use or an order under section 520(g)(5) withdrawing such an exemption for a device,

any person adversely affected by such regulation or order may file a petition with the United States Court of Appeals for the District of Columbia or for the circuit wherein such person resides or has his principal place of business for judicial review of such regulation or order. A copy of the petition shall be transmitted by the clerk of the court to the Secretary or other officer designated by him for that purpose. The Secretary shall file in the court the record of the proceedings on which the Secretary based his regulation or order as provided in section 2112 of title 28, United States Code. For purposes of this section, the term 'record' means all notices and other matter published in the Federal Register with respect to the regulation or order reviewed, all information submitted to the Secretary with respect to such regulation or order, proceedings of any panel or advisory committee with respect to such regulation or order, any hearing held with respect to such regulation or order, and any other information identified by the Secretary, in the administrative proceeding held with respect to such regulation or order, as being relevant to such regulation or order.

*"Record."*

## "Additional Data, Views, and Arguments

"(b) If the petitioner applies to the court for leave to adduce additional data, views, or arguments respecting the regulation or order being reviewed and shows to the satisfaction of the court that such additional data, views, or arguments are material and that there were reasonable grounds for the petitioner's failure to adduce such data, views, or arguments in the proceedings before the Secretary, the court may order the Secretary to provide additional opportunity for the oral presentation of data, views, or arguments and for written submissions. The Secretary may modify his findings, or make new findings by reason of the additional data, views, or arguments so taken and shall file with the court such modified or new findings, and his recommendation, if any, for the modification or setting aside of the regulation or order being reviewed, with the return of such additional data, views, or arguments.

*Modifications.*

## "Standard for Review

"(c) Upon the filing of the petition under subsection (a) of this section for judicial review of a regulation or order, the court shall have jurisdiction to review the regulation or order in accordance with chapter 7 of title 5, United States Code, and to grant appropriate relief, including interim relief, as provided in such chapter. A regulation described in paragraph (2) or (5) of subsection (a) and an order issued after the review provided by section 515(g) shall not be affirmed if it is found to be unsupported by substantial evidence on the record taken as a whole.

*5 USC 701 et seq.*

### "Finality of Judgments

Review.

"(d) The judgment of the court affirming or setting aside, in whole or in part, any regulation or order shall be final, subject to review by the Supreme Court of the United States upon certiorari or certification, as provided in section 1254 of title 28 of the United States Code.

### "Other Remedies

"(e) The remedies provided for in this section shall be in addition to and not in lieu of any other remedies provided by law.

### "Statement of Reasons

"(f) To facilitate judicial review under this section or under any other provision of law of a regulation or order issued under section 513, 514, 515, 516, 518, 519, 520, or 521 each such regulation or order shall contain a statement of the reasons for its issuance and the basis, in the record of the proceedings held in connection with its issuance, for its issuance.

### "NOTIFICATION AND OTHER REMEDIES

### "Notification

21 USC 360h.

"SEC. 518. (a) If the Secretary determines that—

"(1) a device intended for human use which is introduced or delivered for introduction into interstate commerce for commercial distribution presents an unreasonable risk of substantial harm to the public health, and

"(2) notification under this subsection is necessary to eliminate the unreasonable risk of such harm and no more practicable means is available under the provisions of this Act (other than this section) to eliminate such risk,

the Secretary may issue such order as may be necessary to assure that adequate notification is provided in an appropriate form, by the persons and means best suited under the circumstances involved, to all health professionals who prescribe or use the device and to any other person (including manufacturers, importers, distributors, retailers, and device users) who should properly receive such notification in order to eliminate such risk. An order under this subsection shall require that the individuals subject to the risk with respect to which the order is to be issued be included in the persons to be notified of the risk unless the Secretary determines that notice to such individuals would present a greater danger to the health of such individuals than no such notification. If the Secretary makes such a determination with respect to such individuals, the order shall require that the health professionals who prescribe or use the device provide for the notification of the individuals whom the health professionals treated with the device of the risk presented by the device and of any action which may be taken by or on behalf of such individuals to eliminate or reduce such risk. Before issuing an order under this subsection, the Secretary shall consult with the persons who are to give notice under the order.

### "Repair, Replacement, or Refund

Hearing.

"(b)(1)(A) If, after affording opportunity for an informal hearing, the Secretary determines that—

"(i) a device intended for human use which is introduced or delivered for introduction into interstate commerce for commer-

cial distribution presents an unreasonable risk of substantial harm to the public health,

"(ii) there are reasonable grounds to believe that the device was not properly designed and manufactured with reference to the state of the art as it existed at the time of its design and manufacture,

"(iii) there are reasonable grounds to believe that the unreasonable risk was not caused by failure of a person other than a manufacturer, importer, distributor, or retailer of the device to exercise due care in the installation, maintenance, repair, or use of the device, and

"(iv) the notification authorized by subsection (a) would not by itself be sufficient to eliminate the unreasonable risk and action described in paragraph (2) of this subsection is necessary to eliminate such risk,

the Secretary may order the manufacturer, importer, or any distributor of such device, or any combination of such persons, to submit to him within a reasonable time a plan for taking one or more of the actions described in paragraph (2). An order issued under the preceding sentence which is directed to more than one person shall specify which person may decide which action shall be taken under such plan and the person specified shall be the person who the Secretary determines bears the principal, ultimate financial responsibility for action taken under the plan unless the Secretary cannot determine who bears such responsibility or the Secretary determines that the protection of the public health requires that such decision be made by a person (including a device user or health professional) other than the person he determines bears such responsibility.

"(B) The Secretary shall approve a plan submitted pursuant to an order issued under subparagraph (A) unless he determines (after affording opportunity for an informal hearing) that the action or actions to be taken under the plan or the manner in which such action or actions are to be taken under the plan will not assure that the unreasonable risk with respect to which such order was issued will be eliminated. If the Secretary disapproves a plan, he shall order a revised plan to be submitted to him within a reasonable time. If the Secretary determines (after affording opportunity for an informal hearing) that the revised plan is unsatisfactory or if no revised plan or no initial plan has been submitted to the Secretary within the prescribed time, the Secretary shall (i) prescribe a plan to be carried out by the person or persons to whom the order issued under subparagraph (A) was directed, or (ii) after affording an opportunity for an informal hearing, by order prescribe a plan to be carried out by a person who is a manufacturer, importer, distributor, or retailer of the device with respect to which the order was issued but to whom the order under subparagraph (A) was not directed.

*Hearing.*

*Hearing.*

"(2) The actions which may be taken under a plan submitted under an order issued under paragraph (1) are as follows:

"(A) To repair the device so that it does not present the unreasonable risk of substantial harm with respect to which the order under paragraph (1) was issued.

"(B) To replace the device with a like or equivalent device which is in conformity with all applicable requirements of this Act.

"(C) To refund the purchase price of the device (less a reasonable allowance for use if such device has been in the possession of the device user for one year or more—

"(i) at the time of notification ordered under subsection (a), or

PUBLIC LAW 94-295—MAY 28, 1976

"(ii) at the time the device user receives actual notice of the unreasonable risk with respect to which the order was issued under paragraph (1),

whichever first occurs).

"(3) No charge shall be made to any person (other than a manufacturer, importer, distributor or retailer) for availing himself of any remedy, described in paragraph (2) and provided under an order issued under paragraph (1), and the person subject to the order shall reimburse each person (other than a manufacturer, importer, distributor, or retailer) who is entitled to such a remedy for any reasonable and foreseeable expenses actually incurred by such person in availing himself of such remedy.

### "Reimbursement

"(c) An order issued under subsection (b) with respect to a device may require any person who is a manufacturer, importer, distributor, or retailer of the device to reimburse any other person who is a manufacturer, importer, distributor, or retailer of such device for such other person's expenses actually incurred in connection with carrying out the order if the Secretary determines such reimbursement is required for the protection of the public health. Any such requirement shall not affect any rights or obligations under any contract to which the person receiving reimbursement or the person making such reimbursement is a party.

### "Effect on Other Liability

"(d) Compliance with an order issued under this section shall not relieve any person from liability under Federal or State law. In awarding damages for economic loss in an action brought for the enforcement of any such liability, the value to the plaintiff in such action of any remedy provided him under such order shall be taken into account.

### "RECORDS AND REPORTS ON DEVICES

### "General Rule

21 USC 360i.

"SEC. 519. (a) Every person who is a manufacturer, importer, or distributor of a device intended for human use shall establish and maintain such records, make such reports, and provide such information, as the Secretary may by regulation reasonably require to assure that such device is not adulterated or misbranded and to otherwise assure its safety and effectiveness. Regulations prescribed under the preceding sentence—

"(1) shall not impose requirements unduly burdensome to a device manufacturer, importer, or distributor taking into account his cost of complying with such requirements and the need for the protection of the public health and the implementation of this Act;

"(2) which prescribe the procedure for making requests for reports or information shall require that each request made under such regulations for submission of a report or information to the Secretary state the reason or purpose for such request and identify to the fullest extent practicable such report or information;

"(3) which require submission of a report or information to the Secretary shall state the reason or purpose for the submission of such report or information and identify to the fullest extent practicable such report or information;

"(4) may not require that the identity of any patient be disclosed in records, reports, or information required under this subsection unless required for the medical welfare of an individual, to determine the safety or effectiveness of a device, or to verify a record, report, or information submitted under this Act; and

"(5) may not require a manufacturer, importer, or distributor of a class I device to—

"(A) maintain for such a device records respecting information not in the possession of the manufacturer, importer, or distributor, or

"(B) to submit for such a device to the Secretary any report or information—

"(i) not in the possession of the manufacturer, importer, or distributor, or

"(ii) on a periodic basis,

unless such report or information is necessary to determine if the device should be reclassified or if the device is adulterated or misbranded.

In prescribing such regulations, the Secretary shall have due regard for the professional ethics of the medical profession and the interests of patients. The prohibitions of paragraph (4) of this subsection continue to apply to records, reports, and information concerning any individual who has been a patient, irrespective of whether or when he ceases to be a patient.

### "Persons Exempt

"(b) Subsection (a) shall not apply to—

"(1) any practitioner who is licensed by law to prescribe or administer devices intended for use in humans and who manufactures or imports devices solely for use in the course of his professional practice;

"(2) any person who manufactures or imports devices intended for use in humans solely for such person's use in research or teaching and not for sale (including any person who uses a device under an exemption granted under section 520(g)); and

*Infra.*

"(3) any other class of persons as the Secretary may by regulation exempt from subsection (a) upon a finding that compliance with the requirements of such subsection by such class with respect to a device is not necessary to (A) assure that a device is not adulterated or misbranded or (B) otherwise to assure its safety and effectiveness.

### "GENERAL PROVISIONS RESPECTING CONTROL OF DEVICES INTENDED FOR HUMAN USE

### "General Rule

"SEC. 520. (a) Any requirement authorized by or under section 501, 502, 510, or 519 applicable to a device intended for human use shall apply to such device until the applicability of the requirement to the device has been changed by action taken under section 513, 514, or 515 or under subsection (g) of this section, and any requirement established by or under section 501, 502, 510, or 519 which is inconsistent with a requirement imposed on such device under section 514 or 515 or under subsection (g) of this section shall not apply to such device.

21 USC 360j.
21 USC 351, 352, 360.
*Ante,* p. 564.
*Ante,* pp. 540, 546, 552.

"Custom Devices

"(b) Sections 514 and 515 do not apply to any device which, in order to comply with the order of an individual physician or dentist (or any other specially qualified person designated under regulations promulgated by the Secretary after an opportunity for an oral hearing) necessarily deviates from an otherwise applicable performance standard or requirement prescribed by or under section 515 if (1) the device is not generally available in finished form for purchase or for dispensing upon prescription and is not offered through labeling or advertising by the manufacturer, importer, or distributor thereof for commercial distribution, and (2) such device—

"(A)(i) is intended for use by an individual patient named in such order of such physician or dentist (or other specially qualified person so designated) and is to be made in a specific form for such patient, or

"(ii) is intended to meet the special needs of such physician or dentist (or other specially qualified person so designated) in the course of the professional practice of such physician or dentist (or other specially qualified person so designated), and

"(B) is not generally available to or generally used by other physicians or dentists (or other specially qualified persons so designated).

"Trade Secrets

"(c) Any information reported to or otherwise obtained by the Secretary or his representative under section 513, 514, 515, 516, 518, 519, or 704 or under subsection (f) or (g) of this section which is exempt from disclosure pursuant to subsection (a) of section 552 of title 5, United States Code, by reason of subsection (b)(4) of such section shall be considered confidential and shall not be disclosed and may not be used by the Secretary as the basis for the reclassification of a device under section 513 from class III to class II or as the basis for the establishment or amendment of a performance standard under section 514 for a device reclassified from class III to class II, except that such information may be disclosed to other officers or employees concerned with carrying out this Act or when relevant in any proceeding under this Act (other than section 513 or 514 thereof).

*Ante*, pp. 540, 546, 552, 560, 562, 564.
21 USC 374.

"Notices and Findings

"(d) Each notice of proposed rulemaking under section 513, 514, 515, 516, 518, or 519, or under this section, any other notice which is published in the Federal Register with respect to any other action taken under any such section and which states the reasons for such action, and each publication of findings required to be made in connection with rulemaking under any such section shall set forth—

"(1) the manner in which interested persons may examine data and other information on which the notice or findings is based, and

"(2) the period within which interested persons may present their comments on the notice or findings (including the need therefor) orally or in writing, which period shall be at least sixty days but may not exceed ninety days unless the time is extended by the Secretary by a notice published in the Federal Register stating good cause therefor.

Publication in Federal Register.

"Restricted Devices

"(e) (1) The Secretary may by regulation require that a device be **Regulation.**
restricted to sale, distribution, or use—

"(A) only upon the written or oral authorization of a practitioner licensed by law to administer or use such device, or

"(B) upon such other conditions as the Secretary may prescribe in such regulation,

if, because of its potentiality for harmful effect or the collateral measures necessary to its use, the Secretary determines that there cannot otherwise be reasonable assurance of its safety and effectiveness. No condition prescribed under subparagraph (B) may restrict the use of a device to persons with specific training or experience in its use or to persons for use in certain facilities unless the Secretary determines that such a restriction is required for the safe and effective use of the device. No such condition may exclude a person from using a device solely because the person does not have the training or experience to make him eligible for certification by a certifying board recognized by the American Board of Medical Specialties or has not been certified by such a Board. A device subject to a regulation under this subsection is a restricted device.

"(2) The label of a restricted device shall bear such appropriate **Labeling.**
statements of the restrictions required by a regulation under paragraph (1) as the Secretary may in such regulation prescribe.

"Good Manufacturing Practice Requirements

"(f) (1) (A) The Secretary may, in accordance with subparagraph **Regulations.**
(B), prescribe regulations requiring that the methods used in, and the facilities and controls used for, the manufacture, packing, storage, and installation of a device conform to current good manufacturing practice, as prescribed in such regulations, to assure that the device will be safe and effective and otherwise in compliance with this Act.

"(B) Before the Secretary may promulgate any regulation under subparagraph (A) he shall—

"(i) afford the advisory committee established under paragraph **Recommenda-**
(3) an opportunity to submit recommendations to him with respect **tions.**
to the regulation proposed to be promulgated, and

"(ii) afford opportunity for an oral hearing. **Hearing.**

The Secretary shall provide the advisory committee a reasonable time to make its recommendation with respect to proposed regulations under subparagraph (A).

"(2) (A) Any person subject to any requirement prescribed by regu- **Petition for**
lations under paragraph (1) may petition the Secretary for an exemp- **exemption or**
tion or variance from such requirement. Such a petition shall be **variance.**
submitted to the Secretary in such form and manner as he shall prescribe and shall—

"(i) in the case of a petition for an exemption from a requirement, set forth the basis for the petitioner's determination that compliance with the requirement is not required to assure that the device will be safe and effective and otherwise in compliance with this Act,

"(ii) in the case of a petition for a variance from a requirement, set forth the methods proposed to be used in, and the facilities and controls proposed to be used for, the manufacture, packing, storage, and installation of the device in lieu of the methods, facilities, and controls prescribed by the requirement, and

PUBLIC LAW 94–295—MAY 28, 1976

"(iii) contain such other information as the Secretary shall prescribe.

"(B) The Secretary may refer to the advisory committee established under paragraph (3) any petition submitted under subparagraph (A). The advisory committee shall report its recommendations to the Secretary with respect to a petition referred to it within sixty days of the date of the petition's referral. Within sixty days after—

**Recommendations.**

"(i) the date the petition was submitted to the Secretary under subparagraph (A), or

"(ii) if the petition was referred to an advisory committee, the expiration of the sixty-day period beginning on the date the petition was referred to the advisory committee,

whichever occurs later, the Secretary shall by order either deny the petition or approve it.

"(C) The Secretary may approve—

"(i) a petition for an exemption for a device from a requirement if he determines that compliance with such requirement is not required to assure that the device will be safe and effective and otherwise in compliance with this Act, and

"(ii) a petition for a variance for a device from a requirement if he determines that the methods to be used in, and the facilities and controls to be used for, the manufacture, packing, storage, and installation of the device in lieu of the methods, controls, and facilities prescribed by the requirement are sufficient to assure that the device will be safe and effective and otherwise in compliance with this Act.

An order of the Secretary approving a petition for a variance shall prescribe such conditions respecting the methods used in, and the facilities and controls used for, the manufacture, packing, storage, and installation of the device to be granted the variance under the petition as may be necessary to assure that the device will be safe and effective and otherwise in compliance with this Act.

**Hearing.**

"(D) After the issuance of an order under subparagraph (B) respecting a petition, the petitioner shall have an opportunity for an informal hearing on such order.

**Advisory committee. Establishment.**

"(3) The Secretary shall establish an advisory committee for the purpose of advising and making recommendations to him with respect to regulations proposed to be promulgated under paragraph (1)(A) and the approval or disapproval of petitions submitted under paragraph (2). The advisory committee shall be composed of nine members as follows:

**Membership.**

"(A) Three of the members shall be appointed from persons who are officers or employees of any State or local government or of the Federal Government.

"(B) Two of the members shall be appointed from persons who are representative of interests of the device manufacturing industry; two of the members shall be appointed from persons who are representative of the interests of physicians and other health professionals; and two of the members shall be representative of the interests of the general public.

Members of the advisory committee who are not officers or employees of the United States, while attending conferences or meetings of the committee or otherwise engaged in its business, shall be entitled to receive compensation at rates to be fixed by the Secretary, which rates may not exceed the daily equivalent of the rate in effect for grade GS–18 of the General Schedule, for each day (including traveltime) they are so engaged; and while so serving away from their homes or

**5 USC 5332 note.**

regular places of business each member may be allowed travel expenses, including per diem in lieu of subsistence, as authorized by section 5703 of title 5 of the United States Code for persons in the Government service employed intermittently. The Secretary shall designate one of the members of the advisory committee to serve as its chairman. The Secretary shall furnish the advisory committee with clerical and other assistance. Section 14 of the Federal Advisory Committee Act shall not apply with respect to the duration of the advisory committee established under this paragraph.

5 USC app. I.

## "Exemption for Devices for Investigational Use

"(g)(1) It is the purpose of this subsection to encourage, to the extent consistent with the protection of the public health and safety and with ethical standards, the discovery and development of useful devices intended for human use and to that end to maintain optimum freedom for scientific investigators in their pursuit of that purpose.

"(2)(A) The Secretary shall, within the one hundred and twenty-day period beginning on the date of the enactment of this section, by regulation prescribe procedures and conditions under which devices intended for human use may upon application be granted an exemption from the requirements of section 502, 510, 514, 515, 516, 519, or 706 or subsection (e) or (f) of this section or from any combination of such requirements to permit the investigational use of such devices by experts qualified by scientific training and experience to investigate the safety and effectiveness of such devices.

Regulation.

21 USC 352, 360.
*Ante,* pp. 546,
552, 560, 564.
21 USC 376.

"(B) The conditions prescribed pursuant to subparagraph (A) shall include the following:

"(i) A requirement that an application be submitted to the Secretary before an exemption may be granted and that the application be submitted in such form and manner as the Secretary shall specify.

"(ii) A requirement that the person applying for an exemption for a device assure the establishment and maintenance of such records, and the making of such reports to the Secretary of data obtained as a result of the investigational use of the device during the exemption, as the Secretary determines will enable him to assure compliance with such conditions, review the progress of the investigation, and evaluate the safety and effectiveness of the device.

"(iii) Such other requirements as the Secretary may determine to be necessary for the protection of the public health and safety.

"(C) Procedures and conditions prescribed pursuant to subparagraph (A) for an exemption may appropriately vary depending on (i) the scope and duration of clinical testing to be conducted under such exemption, (ii) the number of human subjects that are to be involved in such testing, (iii) the need to permit changes to be made in the device subject to the exemption during testing conducted in accordance with a clinical testing plan required under paragraph (3)(A), and (iv) whether the clinical testing of such device is for the purpose of developing data to obtain approval for the commercial distribution of such device.

"(3) Procedures and conditions prescribed pursuant to paragraph (2)(A) shall require, as a condition to the exemption of any device to be the subject of testing involving human subjects, that the person applying for the exemption—

"(A) submit a plan for any proposed clinical testing of the device and a report of prior investigations of the device (includ-

ing, where appropriate, tests on animals) adequate to justify the proposed clinical testing—

"(i) to the local institutional review committee which has been established in accordance with regulations of the Secretary to supervise clinical testing of devices in the facilities where the proposed clinical testing is to be conducted, or

"(ii) to the Secretary, if—

"(I) no such committee exists, or

"(II) the Secretary finds that the process of review by such committee is inadequate (whether or not the plan for such testing has been approved by such committee),

for review for adequacy to justify the commencement of such testing; and, unless the plan and report are submitted to the Secretary, submit to the Secretary a summary of the plan and a report of prior investigations of the device (including, where appropriate, tests on animals);

**Notification.** "(B) promptly notify the Secretary (under such circumstances and in such manner as the Secretary prescribes) of approval by a local institutional review committee of any clinical testing plan submitted to it in accordance with subparagraph (A);

"(C) in the case of a device to be distributed to investigators for testing, obtain signed agreements from each of such investigators that any testing of the device involving human subjects will be under such investigator's supervision and in accordance with subparagraph (D) and submit such agreements to the Secretary; and

"(D) assure that informed consent will be obtained from each human subject (or his representative) of proposed clinical testing involving such device, except where subject to such conditions as the Secretary may prescribe, the investigator conducting or supervising the proposed clinical testing of the device determines in writing that there exists a life threatening situation involving the human subject of such testing which necessitates the use of such device and it is not feasible to obtain informed consent from the subject and there is not sufficient time to obtain such consent from his representative.

The determination required by subparagraph (D) shall be concurred in by a licensed physician who is not involved in the testing of the human subject with respect to which such determination is made unless immediate use of the device is required to save the life of the human subject of such testing and there is not sufficient time to obtain such concurrence.

**Application approval.**
**Ante, p. 560.** "(4)(A) An application, submitted in accordance with the procedures prescribed by regulations under paragraph (2), for an exemption for a device (other than an exemption from section 516) shall be deemed approved on the thirtieth day after the submission of the application to the Secretary unless on or before such day the Secretary by order disapproves the application and notifies the applicant of the disapproval of the application.

"(B) The Secretary may disapprove an application only if he finds that the investigation with respect to which the application is submitted does not conform to procedures and conditions prescribed under regulations under paragraph (2). Such a notification shall contain the order of disapproval and a complete statement of the reasons for the Secretary's disapproval of the application and afford the applicant opportunity for an informal hearing on the disapproval order.

**Hearing.**

**Exemption withdrawal.** "(5) The Secretary may by order withdraw an exemption granted under this subsection for a device if the Secretary determines that the

conditions applicable to the device under this subsection for such exemption are not met. Such an order may be issued only after opportunity for an informal hearing, except that such an order may be issued before the provision of an opportunity for an informal hearing if the Secretary determines that the continuation of testing under the exemption with respect to which the order is to be issued will result in an unreasonable risk to the public health.

## "Release of Safety and Effectiveness Information

"(h)(1) The Secretary shall promulgate regulations under which a detailed summary of information respecting the safety and effectiveness of a device which information was submitted to the Secretary and which was the basis for—

    "(A) an order under section 515(d)(1)(A) approving an application for premarket approval for the device or denying approval of such an application or an order under section 515(e) withdrawing approval of such an application for the device,

    "(B) an order under section 515(f)(6)(A) revoking an approved protocol for the device, an order under section 515(f)(6)(B) declaring a protocol for the device completed or not completed, or an order under section 515(f)(7) revoking the approval of the device, or

    "(C) an order approving an application under subsection (g) for an exemption for the device from section 516 or an order disapproving, or withdrawing approval of, an application for an exemption under such subsection for the device,

shall be made available to the public upon issuance of the order. Summaries of information made available pursuant to this paragraph respecting a device shall include information respecting any adverse effects on health of the device.

"(2) The Secretary shall promulgate regulations under which each advisory committee established under section 515(g)(2)(B) shall make available to the public a detailed summary of information respecting the safety and effectiveness of a device which information was submitted to the advisory committee and which was the basis for its recommendation to the Secretary made pursuant to section 515(g)(2)(A). A summary of information upon which such a recommendation is based shall be made available pursuant to this paragraph only after the issuance of the order with respect to which the recommendation was made and each summary shall include information respecting any adverse effect on health of the device subject to such order.

"(3) Any information respecting a device which is made available pursuant to paragraph (1) or (2) of this subsection (A) may not be used to establish the safety or effectiveness of another device for purposes of this Act by any person other than the person who submitted the information so made available, and (B) shall be made available subject to subsection (c) of this section.

## "Proceedings of Advisory Panels and Committees

"(i) Each panel under section 513 and each advisory committee established under section 514(g)(5)(B) or 515(g) or under subsection (f) of this section shall make and maintain a transcript of any proceeding of the panel or committee. Each such panel and committee shall delete from any transcript made pursuant to this subsection information which under subsection (c) of this section is to be considered confidential.

Margin notes:
Regulations.
Ante, p. 552.
Ante, p. 560.
Regulations.
Ante, p. 540.
Ante, p. 546.

### "Traceability Requirements

"(j) No regulation under this Act may impose on a type or class of device requirements for the traceability of such type or class of device unless such requirements are necessary to assure the protection of the public health.

### "Research and Development

Contracts.

"(k) The Secretary may enter into contracts for research, testing, and demonstrations respecting devices and may obtain devices for research, testing, and demonstration purposes without regard to sections 3648 and 3709 of the Revised Statutes (31 U.S.C. 529, 41 U.S.C. 5).

### "Transitional Provisions for Devices Considered as New Drugs or Antibiotic Drugs

"(l)(1) Any device intended for human use—

"(A) for which on the date of enactment of the Medical Device Amendments of 1976 (hereinafter in this subsection referred to as the 'enactment date') an approval of an application sub-

21 USC 355.

mitted under section 505(b) was in effect;

"(B) for which such an application was filed on or before the enactment date and with respect to which application no order of approval or refusing to approve had been issued on such date under subsection (c) or (d) of such section;

"(C) for which on the enactment date an exemption under subsection (i) of such section was in effect;

"(D) which is within a type of device described in subparagraph (A), (B), or (C) and is substantially equivalent to another device within that type;

"(E) which the Secretary in a notice published in the Federal Register before the enactment date has declared to be a new drug subject to section 505; or

"(F) with respect to which on the enactment date an action is

21 USC 332–334.
21 USC 331.

pending in a United States court under section 302, 303, or 304 for an alleged violation of a provision of section 301 which enforces a requirement of section 505 or for an alleged violation of section 505(a),

is classified in class III unless the Secretary in response to a petition submitted under paragraph (2) has classified such device in class I or II.

Petition.

"(2) The manufacturer or importer of a device classified under paragraph (1) may petition the Secretary (in such form and manner as he shall prescribe) for the issuance of an order classifying the device in class I or class II. Within thirty days of the filing of such

Notification.

a petition, the Secretary shall notify the petitioner of any deficiencies in the petition which prevent the Secretary from making a decision on the petition. Except as provided in paragraph (3)(D)(ii), within

Hearing.

one hundred and eighty days after the filing of a petition under this paragraph and after affording the petitioner an opportunity for an informal hearing, the Secretary shall, after consultation with the

*Ante,* p. 540.

appropriate panel under section 513, by order either deny the petition or order the classification, in accordance with the criteria prescribed by section 513(a)(1)(A) or 513(a)(1)(B), of the device in class I or class II.

"(3) (A) In the case of a device which is described in paragraph (1) (A) and which is in class III—

"(i) such device shall on the enactment date be considered a device with an approved application under section 515, and

"(ii) the requirements applicable to such device before the enactment date under section 505 shall continue to apply to such device until changed by the Secretary as authorized by this Act.

*Ante*, p. 552.

21 USC 355.

"(B) In the case of a device which is described in paragraph (1) (B) and which is in class III, an application for such device shall be considered as having been filed under section 515 on the enactment date. The period in which the Secretary shall act on such application in accordance with section 515(d) (1) shall be one hundred and eighty days from the enactment date (or such greater period as the Secretary and the applicant may agree upon after the Secretary has made the finding required by section 515(d) (1) (B) (i)) less the number of days in the period beginning on the date an application for such device was filed under section 505 and ending on the enactment date. After the expiration of such period such device is required, unless exempt under subsection (g), to have in effect an approved application under section 515.

"(C) A device which is described in paragraph (1) (C) and which is in class III shall be considered a new drug until the expiration of the ninety-day period beginning on the date of the promulgation of regulations under subsection (g) of this section. After the expiration of such period such device is required, unless exempt under subsection (g), to have in effect an approved application under section 515.

"(D) (i) Except as provided in clauses (ii) and (iii), a device which is described in subparagraph (D), (E), or (F) of paragraph (1) and which is in class III is required, unless exempt under subsection (g) of this section, to have on and after sixty days after the enactment date in effect an approved application under section 515.

"(ii) If—

"(I) a petition is filed under paragraph (2) for a device described in subparagraph (D), (E), or (F) of paragraph (1), or

"(II) an application for premarket approval is filed under section 515 for such a device,

within the sixty-day period beginning on the enactment date (or within such greater period as the Secretary, after making the finding required under section 515(d) (1) (B), and the petitioner or applicant may agree upon), the Secretary shall act on such petition or application in accordance with paragraph (2) or section 515 except that the period within which the Secretary must act on the petition or application shall be within the one hundred and twenty-day period beginning on the date the petition or application is filed. If such a petition or application is filed within such sixty-day (or greater) period, clause (i) of this subparagraph shall not apply to such device before the expiration of such one hundred and twenty-day period, or if such petition is denied or such application is denied approval, before the date of such denial, whichever occurs first.

"(iii) In the case of a device which is described in subparagraph (E) of paragraph (1), which the Secretary in a notice published in the Federal Register after March 31, 1976, declared to be a new drug subject to section 505, and which is in class III—

Publication in Federal Register.

"(I) the device shall, after eighteen months after the enactment date, have in effect an approved application under section 515 unless exempt under subsection (g) of this section, and

"(II) the Secretary may, during the period beginning one

hundred and eighty days after the enactment date and ending eighteen months after such date, restrict the use of the device to investigational use by experts qualified by scientific training and experience to investigate the safety and effectiveness of such device, and to investigational use in accordance with the requirements applicable under regulations under subsection (g) of this section to investigational use of devices granted an exemption under such subsection.

If the requirements under subsection (g) of this section are made applicable to the investigational use of such a device, they shall be made applicable in such a manner that the device shall be made reasonably available to physicians meeting appropriate qualifications prescribed by the Secretary.

21 USC 357.

"(4) Any device intended for human use which on the enactment date was subject to the requirements of section 507 shall be subject to such requirements as follows:

"(A) In the case of such a device which is classified into class I, such requirements shall apply to such device until the effective date of the regulation classifying the device into such class.

"(B) In the case of such a device which is classified into class II, such requirements shall apply to such device until the effective date of a performance standard applicable to the device under section 514.

*Ante,* p. 546.

"(C) In the case of such a device which is classified into class III, such requirements shall apply to such device until the date on which the device is required to have in effect an approved application under section 515.

*Ante,* p. 552.

### "STATE AND LOCAL REQUIREMENTS RESPECTING DEVICES

### "General Rule

21 USC 360k.

"SEC. 521. (a) Except as provided in subsection (b), no State or political subdivision of a State may establish or continue in effect with respect to a device intended for human use any requirement—

"(1) which is different from, or in addition to, any requirement applicable under this Act to the device, and

"(2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under this Act.

### "Exempt Requirements

Regulation. Notice and hearing.

"(b) Upon application of a State or a political subdivision thereof, the Secretary may, by regulation promulgated after notice and opportunity for an oral hearing, exempt from subsection (a), under such conditions as may be prescribed in such regulation, a requirement of such State or political subdivision applicable to a device intended for human use if—

"(1) the requirement is more stringent than a requirement under this Act which would be applicable to the device if an exemption were not in effect under this subsection; or

"(2) the requirement—

"(A) is required by compelling local conditions, and

"(B) compliance with the requirement would not cause the device to be in violation of any applicable requirement under this Act.".

CONFORMING AMENDMENTS

### Amendments to Section 201

Sec. 3. (a)(1)(A) Paragraph (h) of section 201 is amended to read as follows:

"(h) The term 'device' (except when used in paragraph (n) of this section and in sections 301(i), 403(f), 502(c), and 602(c)) means an instrument, apparatus, implement, machine, contrivance, implant, in vitro reagent, or other similar or related article, including any component, part, or accessory, which is—

    "(1) recognized in the official National Formulary, or the United States Pharmacopeia, or any supplement to them,

    "(2) intended for use in the diagnosis of disease or other conditions, or in the cure, mitigation, treatment, or prevention of disease, in man or other animals, or

    "(3) intended to affect the structure or any function of the body of man or other animals, and

which does not achieve any of its principal intended purposes through chemical action within or on the body of man or other animals and which is not dependent upon being metabolized for the achievement of any of its principal intended purposes.".

(B) Section 15(d) of the Federal Trade Commission Act is amended to read as follows:

"(d) The term 'device' (except when used in subsection (a) of this section) means an instrument, apparatus, implement, machine, contrivance, implant, in vitro reagent, or other similar or related article, including any component, part, or accessory, which is—

    "(1) recognized in the official National Formulary, or the United States Pharmacopeia, or any supplement to them,

    "(2) intended for use in the diagnosis of disease or other conditions, or in the cure, mitigation, treatment, or prevention of disease, in man or other animals, or

    "(3) intended to affect the structure or any function of the body of man or other animals, and

which does not achieve any of its principal intended purposes through chemical action within or on the body of man or other animals and which is not dependent upon being metabolized for the achievement of any of its principal intended purposes.".

(2) Section 201 is amended by adding at the end the following:

"(y) The term 'informal hearing' means a hearing which is not subject to section 554, 556, or 557 of title 5 of the United States Code and which provides for the following:

    "(1) The presiding officer in the hearing shall be designated by the Secretary from officers and employees of the Department of Health, Education, and Welfare who have not participated in any action of the Secretary which is the subject of the hearing and who are not directly responsible to an officer or employee of the Department who has participated in any such action.

    "(2) Each party to the hearing shall have the right at all times to be advised and accompanied by an attorney.

    "(3) Before the hearing, each party to the hearing shall be given reasonable notice of the matters to be considered at the hearing, including a comprehensive statement of the basis for the action taken or proposed by the Secretary which is the subject of the hearing and a general summary of the information which will be presented by the Secretary at the hearing in support of such action.

*Margin notes:*
21 USC 321.

"Device."
21 USC 331, 343, 352, 362.

15 USC 55.

"Device."

"Informal hearing."

Notice.

Statement.

"(4) At the hearing the parties to the hearing shall have the right to hear a full and complete statement of the action of the Secretary which is the subject of the hearing together with the information and reasons supporting such action, to conduct reasonable questioning, and to present any oral or written information relevant to such action.

Report.

Review.

"(5) The presiding officer in such hearing shall prepare a written report of the hearing to which shall be attached all written material presented at the hearing. The participants in the hearing shall be given the opportunity to review and correct or supplement the presiding officer's report of the hearing.

Transcription.

"(6) The Secretary may require the hearing to be transcribed. A party to the hearing shall have the right to have the hearing transcribed at his expense. Any transcription of a hearing shall be included in the presiding officer's report of the hearing.".

## Amendments to Section 301

21 USC 331.

(b)(1) Section 301 is amended by adding at the end the following new paragraphs:

*Ante,* pp. 562, 565.

*Ante,* p. 564.

"(q)(1) The failure or refusal to (A) comply with any requirement prescribed under section 518 or 520(g), or (B) furnish any notification or other material or information required by or under section 519 or 520(g).

"(2) With respect to any device, the submission of any report that is required by or under this Act that is false or misleading in any material respect.".

(2) Section 301(e) is amended by striking out "or" before "512" and by inserting after "(m)" a comma and the following: "515(f), or 519".

(3) Section 301(j) is amended by inserting "510," before "512", by inserting "513, 514, 515, 516, 518, 519, 520," before "704", and by striking out "or 706" and inserting in lieu thereof "706, or 708".

(4) Section 301(l) is amended (A) by inserting "or device" after "drug" each time it occurs, and (B) by striking out "505" and inserting in lieu thereof "505, 515, or 520(g), as the case may be".

## Amendments to Section 304

21 USC 334.

(c) Section 304(a) is amended (1) by striking out "device," in paragraph (1), and (2) by striking out "and" before "(C)" in paragraph (2), and (3) by striking out the period at the end of that paragraph and inserting in lieu thereof a comma and the following: "and (D) Any adulterated or misbranded device.".

## Amendments to Section 501

21 USC 351.

(d) Section 501 is amended by adding at the end the following new paragraphs:

*Ante,* p. 546.

"(e) If it is, or purports to be or is represented as, a device which is subject to a performance standard established under section 514, unless such device is in all respects in conformity with such standard.

"(f)(1) If it is a class III device—

*Ante,* p. 552.

"(A)(i) which is required by a regulation promulgated under subsection (b) of section 515 to have an approval under such section of an application for premarket approval and which is not exempt from section 515 under section 520(g), and

"(ii)(I) for which an application for premarket approval or a notice of completion of a product development protocol was not filed with the Secretary within the ninety-day period beginning on the date of the promulgation of such regulation, or

"(II) for which such an application was filed and approval of the application has been denied or withdrawn, or such a notice was filed and has been declared not completed or the approval of the device under the protocol has been withdrawn;

"(B)(i) which was classified under section 513(f) into class III, which under section 515(a) is required to have in effect an approved application for premarket approval, and which is not exempt from section 515 under section 520(g), and

"(ii) which does not have such an application in effect; or

"(C) which was classified under such section 520(l) into class III, which under such section is required to have in effect an approved application under section 515, and which does not have such an application in effect.

<span style="float:right">*Ante*, p. 540.<br>*Ante*, p. 552.<br><br>*Ante*, p. 565.</span>

"(2)(A) In the case of a device classified under section 513(f) into class III and intended solely for investigational use, paragraph (1)(B) shall not apply with respect to such device during the period ending on the ninetieth day after the date of the promulgation of the regulations prescribing the procedures and conditions required by section 520(g)(2).

"(B) In the case of a device subject to a regulation promulgated under subsection (b) of section 515, paragraph (1) shall not apply with respect to such device during the period ending—

"(i) on the last day of the thirtieth calendar month beginning after the month in which the classification of the device in class III became effective under section 513, or

"(ii) on the ninetieth day after the date of the promulgation of such regulation,

whichever occurs later.

"(g) If it is a banned device.

"(h) If it is a device and the methods used in, or the facilities or controls used for, its manufacture, packing, storage, or installation are not in conformity with applicable requirements under section 520(f)(1) or an applicable condition prescribed by an order under section 520(f)(2).

"(i) If it is a device for which an exemption has been granted under section 520(g) for investigational use and the person who was granted such exemption or any investigator who uses such device under such exemption fails to comply with a requirement prescribed by or under such section.".

### Amendments to Section 502

(e)(1) Section 502 is amended by adding at the end the following new paragraphs:

<span style="float:right">21 USC 352.</span>

"(q) In the case of any restricted device distributed or offered for sale in any State, if (1) its advertising is false or misleading in any particular, or (2) it is sold, distributed, or used in violation of regulations prescribed under section 520(e).

"(r) In the case of any restricted device distributed or offered for sale in any State, unless the manufacturer, packer, or distributor thereof includes in all advertisements and other descriptive printed matter issued or caused to be issued by the manufacturer, packer, or distributor with respect to that device (1) a true statement of the device's

PUBLIC LAW 94–295—MAY 28, 1976

21 USC 352.

Notice and
hearing.

established name as defined in section 502(e), printed prominently and in type at least half as large as that used for any trade or brand name thereof, and (2) a brief statement of the intended uses of the device and relevant warnings, precautions, side effects, and contra-indications and, in the case of specific devices made subject to a finding by the Secretary after notice and opportunity for comment that such action is necessary to protect the public health, a full description of the components of such device or the formula showing quantitatively each ingredient of such device to the extent required in regulations which shall be issued by the Secretary after an opportunity for a hearing. Except in extraordinary circumstances, no regulation issued under this paragraph shall require prior approval by the Secretary of the content of any advertisement and no advertisement of a restricted device, published after the effective date of this paragraph shall, with respect to the matters specified in this paragraph or covered by regulations issued hereunder, be subject to the provisions of sections 12 through 15 of the Federal Trade Commission Act (15 U.S.C. 52–55). This paragraph shall not be applicable to any printed matter which the Secretary determines to be labeling as defined in section 201(m).

21 USC 321.

*Ante,* p. 546.

*Ante,* p. 562.

*Ante,* p. 564.

"(s) If it is a device subject to a performance standard established under section 514, unless it bears such labeling as may be prescribed in such performance standard.

"(t) If it is a device and there was a failure or refusal (1) to comply with any requirement prescribed under section 518 respecting the device, or (2) to furnish any material or information required by or under section 519 respecting the device.".

(2) Section 502(j) is amended by inserting "or manner" after "dosage".

### Amendments to Section 801

21 USC 381.

21 USC 360b.

*Ante,* p. 552.

*Ante,* p. 560.

(f) (1) Section 801(d) is amended to read as follows:

"(d) (1) A food, drug, device, or cosmetic intended for export shall not be deemed to be adulterated or misbranded under this Act if it—

"(A) accords to the specifications of the foreign purchaser,

"(B) is not in conflict with the laws of the country to which it is intended for export,

"(C) is labeled on the outside of the shipping package that it is intended for export, and

"(D) is not sold or offered for sale in domestic commerce.

This paragraph does not authorize the exportation of any new animal drug, or an animal feed bearing or containing a new animal drug, which is unsafe within the meaning of section 512.

"(2) Paragraph (1) does not apply to any device—

"(A) which does not comply with an applicable requirement of section 514 or 515,

"(B) which under section 520(g) is exempt from either such section, or

"(C) which is a banned device under section 516,

unless, in addition to the requirements of paragraph (1), the Secretary has determined that the exportation of the device is not contrary to public health and safety and has the approval of the country to which it is intended for export.".

(2) Section 801(a)(1) is amended by inserting after "conditions" the following: "or, in the case of a device, the methods used in, or the facilities or controls used for, the manufacture, packing, storage,

or installation of the device do not conform to the requirements of
section 520(f)".

*Ante,* p. 565.

### REGISTRATION OF DEVICE MANUFACTURERS

Sec. 4. (a) Section 510 is amended as follows:

21 USC 360.

(1) The section heading is amended by inserting "AND DEVICES"
after "DRUGS".

(2) Subsection (a)(1) is amended by inserting "or device package"
after "drug package"; by inserting "or device" after "the drug"; and
by inserting "or user" after "consumer".

(3) Subsections (b), (c), and (d) are amended by inserting "or a
device or devices" after "drugs" each time it occurs.

(4) Subsection (e) is amended by adding at the end the following:
"The Secretary may by regulation prescribe a uniform system for the
identification of devices intended for human use and may require that
persons who are required to list such devices pursuant to subsection
(j) shall list such devices in accordance with such system.".

(5) Subsection (g) is amended by inserting "or devices" after
"drugs" each time such term occurs in paragraphs (1), (2), and (3)
of such subsection.

(6) Subsection (h) is amended by inserting after "704 and" the
following: "every such establishment engaged in the manufacture,
propagation, compounding, or processing of a drug or drugs or of a
device or devices classified in class II or III".

(7) The first sentence of subsection (i) is amended by inserting
", or a device or devices," after "drug or drugs"; and the second sen-
tence of such subsection is amended by inserting "shall require such
establishment to provide the information required by subsection (j)
in the case of a device or devices and" immediately before "shall
include" and by inserting "or devices" after "drugs".

(8) Subsection (j) is amended—

(A) in the matter preceding subparagraph (A) of paragraph
(1), by striking out "a list of all drugs (by established name"
and inserting in lieu thereof "a list of all drugs and a list of all
devices and a brief statement of the basis for believing that each
device included in the list is a device rather than a drug (with
each drug and device in each list listed by its established name",
and by striking out "drugs filed" and inserting in lieu thereof
"drugs or devices filed";

(B) in paragraph (1)(A), by striking out "such list" and
inserting in lieu thereof "the applicable list"; by inserting "or a
device intended for human use contained in the applicable list
with respect to which a performance standard has been established
under section 514 or which is subject to section 515," after "512,",
and by inserting "or device" after "such drug" each time it
appears;

*Ante,* pp. 546,
552.

(C) in paragraph (1)(B), by striking out "drug contained in
such list" before clause (i) and inserting in lieu thereof "drug or
device contained in an applicable list";

(D) by amending clause (i) of paragraph (1)(B) to read as
follows—

"(i) which drug is subject to section 503(b)(1), or which
device is a restricted device, a copy of all labeling for such
drug or device, a representative sampling of advertisements
for such drug or device, and, upon request made by the Sec-
retary for good cause, a copy of all advertisements for a par-
ticular drug product or device, or";

21 USC 353.

(E) by amending clause (ii) of paragraph (1)(B) to read as follows:

21 USC 353.

"(ii) which drug is not subject to section 503(b)(1) or which device is not a restricted device, the label and package insert for such drug or device and a representative sampling of any other labeling for such drug or device;";

(F) in paragraph (1)(C), by striking out "such list" and inserting "an applicable list" in lieu thereof;

(G) in paragraph (1)(D), by striking out "the list" and inserting in lieu thereof "a list"; by inserting "or the particular device contained in such list is not subject to a performance standard established under section 514 or to section 515 or is not a restricted device" after "512,"; and by inserting "or device" after "particular drug product" each place it occurs; and

*Ante*, pp. 546, 552.

(H) in paragraph (2), by inserting "or device" after "drug" each time it appears and, in paragraph (2)(C), by inserting "each" before "by established name".

(9) Such section is amended by adding after subsection (j) the following new subsection:

Report.

"(k) Each person who is required to register under this section and who proposes to begin the introduction or delivery for introduction into interstate commerce for commercial distribution of a device intended for human use shall, at least ninety days before making such introduction or delivery, report to the Secretary (in such form and manner as the Secretary shall by regulation prescribe)—

*Ante*, p. 540.

"(1) the class in which the device is classified under section 513 or if such person determines that the device is not classified under such section, a statement of that determination and the basis for such person's determination that the device is or is not so classified, and

"(2) action taken by such person to comply with requirements under section 514 or 515 which are applicable to the device.".

21 USC 331.

(b)(1) Section 301(p) is amended by striking out "510(j)," and inserting in lieu thereof "510(j) or 510(k),".

21 USC 352.

(2) Section 502(o) is amended by (A) striking out "is a drug and" and (B) inserting before the period a comma and the following:

21 USC 360.

"if it was not included in a list required by section 510(j), if a notice or other information respecting it was not provided as required by such section or section 510(k), or if it does not bear such symbols from the uniform system for identification of devices prescribed under section 510(e) as the Secretary by regulation requires".

21 USC 381.

(3) The second sentence of section 801(a) is amended by inserting "or devices" after "drugs" each time it occurs.

### DEVICE ESTABLISHED AND OFFICIAL NAMES

21 USC 352.

SEC. 5. (a)(1) Subparagraph (1) of section 502(e) is amended by striking out "subparagraph (2)" and inserting in lieu thereof "subparagraph (3)".

(2) Subparagraph (2) of such section is redesignated as subparagraph (3) and is amended by striking out "this paragraph (e)" and inserting in lieu thereof "subparagraph (1)".

(3) Such section is amended by adding after subparagraph (1) the following new subparagraph:

"(2) If it is a device and it has an established name, unless its label bears, to the exclusion of any other nonproprietary name, its established name (as defined in subparagraph (4)) prominently printed in type at least half as large as that used thereon for any proprietary

name or designation for such device, except that to the extent compliance with the requirements of this subparagraph is impracticable, exemptions shall be established by regulations promulgated by the Secretary.".

(4) Such section is amended by adding after subparagraph (3) (as so redesignated) the following:

"(4) As used in subparagraph (2), the term 'established name' with respect to a device means (A) the applicable official name of the device designated pursuant to section 508, (B) if there is no such name and such device is an article recognized in an official compendium, then the official title thereof in such compendium, or (C) if neither clause (A) nor clause (B) of this subparagraph applies, then any common or usual name of such device.". `"Established name." 21 USC 358.`

(b) Section 508 is amended (1) in subsections (a) and (e) by adding "or device" after "drug" each time it appears; (2) in subsection (b) by adding after "all supplements thereto," the following: "and at such times as he may deem necessary shall cause a review to be made of the official names by which devices are identified in any official compendium (and all supplements thereto)"; (3) in subsection (c)(2) by adding "or device" after "single drug", and by adding "or to two or more devices which are substantially equivalent in design and purpose" after "purity,"; (4) in subsection (c)(3) by adding "or device" after "useful drug", and after "drug or drugs" each time it appears; and (5) in subsection (d) by adding "or devices" after "drugs". `Review.`

### INSPECTIONS RELATING TO DEVICES

SEC. 6. (a) The second sentence of subsection (a) of section 704 (21 U.S.C. 374) is amended by inserting "or restricted devices" after "prescription drugs" both times it appears.

(b) The third sentence of such subsection is amended to read as follows: "No inspection authorized by the preceding sentence shall extend to financial data, sales data other than shipment data, pricing data, personnel data (other than data as to qualifications of technical and professional personnel performing functions subject to this Act), and research data (other than data relating to new drugs, antibiotic drugs, and devices and subject to reporting and inspection under regulations lawfully issued pursuant to section 505 (i) or (j), section 507 (d) or (g), section 519, or 520(g), and data relating to other drugs or devices which in the case of a new drug would be subject to reporting or inspection under lawful regulations issued pursuant to section 505(j)).". `21 USC 355, 357. Ante, pp. 564, 565.`

(c)(1) Paragraph (1) of the sixth sentence of such subsection is amended by inserting "or devices" after "drugs" each time it occurs.

(2) Paragraph (2) of that sentence is amended by inserting ", or prescribe or use devices, as the case may be," after "administer drugs"; and by inserting ", or manufacture or process devices," after "process drugs".

(3) Paragraph (3) of that sentence is amended by inserting "or manufacture or process devices," after "process drugs".

(d) Section 704 is amended by adding at the end the following new subsection:

"(e) Every person required under section 519 or 520(g) to maintain records and every person who is in charge or custody of such records shall, upon request of an officer or employee designated by the Secretary, permit such officer or employee at all reasonable times to have access to, and to copy and verify, such records.". `Records, accessibility.`

### ADMINISTRATIVE RESTRAINT

21 USC 334.

Detention.
21 USC 374.

SEC. 7. (a) Section 304 is amended by adding at the end the following new subsection:

"(g)(1) If during an inspection conducted under section 704 of a facility or a vehicle, a device which the officer or employee making the inspection has reason to believe is adulterated or misbranded is found in such facility or vehicle, such officer or employee may order the device detained (in accordance with regulations prescribed by the Secretary) for a reasonable period which may not exceed twenty days unless the Secretary determines that a period of detention greater than twenty days is required to institute an action under subsection (a) or section 302, in which case he may authorize a detention period of not to exceed thirty days. Regulations of the Secretary prescribed under this paragraph shall require that before a device may be ordered detained under this paragraph the Secretary or an officer or employee designated by the Secretary approve such order. A detention order under this paragraph may require the labeling or marking of a device during the period of its detention for the purpose of identifying the device as detained. Any person who would be entitled to claim a device if it were seized under subsection (a) may appeal to the Secretary a detention of such device under this paragraph. Within five days of the date an appeal of a detention is filed with the Secretary, the Secretary shall after affording opportunity for an informal hearing by order confirm the detention or revoke it.

21 USC 332.
Regulations.

Appeal.

"(2)(A) Except as authorized by subparagraph (B), a device subject to a detention order issued under paragraph (1) shall not be moved by any person from the place at which it is ordered detained until—

"(i) released by the Secretary, or

"(ii) the expiration of the detention period applicable to such order,

whichever occurs first.

"(B) A device subject to a detention order under paragraph (1) may be moved—

"(i) in accordance with regulations prescribed by the Secretary, and

"(ii) if not in final form for shipment, at the discretion of the manufacturer of the device for the purpose of completing the work required to put it in such form.".

21 USC 331.

(b) Section 301 is amended by adding after the paragraph added by section 3(b)(1) the following new paragraph:

"(r) The movement of a device in violation of an order under section 304(g) or the removal or alteration of any mark or label required by the order to identify the device as detained.".

### CONFIDENTIAL INFORMATION; PRESUMPTION

SEC. 8. Chapter 7 is amended by adding at the end the following new sections:

#### "CONFIDENTIAL INFORMATION

21 USC 379.

"SEC. 708. The Secretary may provide any information which is exempt from disclosure pursuant to subsection (a) of section 552 of title 5, United States Code, by reason of subsection (b)(4) of such section to a person other than an officer or employee of the Department if the Secretary determines such other person requires the information in connection with an activity which is undertaken under contract with the Secretary, which relates to the administration of this Act, and with

respect to which the Secretary (or an officer or employee of the Department) is not prohibited from using such information. The Secretary shall require as a condition to the provision of information under this section that the person receiving it take such security precautions respecting the information as the Secretary may by regulation prescribe.

### "PRESUMPTION

"SEC. 709. In any action to enforce the requirements of this Act respecting a device the connection with interstate commerce required for jurisdiction in such action shall be presumed to exist.".

21 USC 379a.

### COLOR ADDITIVES

SEC. 9. (a) Section 706 is amended (1) by inserting "or device" after "drug" each time it occurs, (2) by inserting "or devices" after "drugs" each time it occurs, and (3) by adding at the end of subsection (a) the following new sentences: "A color additive for use in or on a device shall be subject to this section only if the color additive comes in direct contact with the body of man or other animals for a significant period of time. The Secretary may by regulation designate the uses of color additives in or on devices which are subject to this section.".

21 USC 376.

(b)(1) Section 501(a) is amended (A) by inserting "(3) if its" in lieu of "(3) if it is a drug and its"; (2) by inserting "(4) if (A) it bears or contains" in lieu of "(4) if (A) it is a drug which bears or contains"; and (3) by inserting "or devices" after "drugs" in subclause (B) of clause (4).

21 USC 351.

(2) Section 502(m) is amended by striking out "in or on drugs".

21 USC 352.

### ASSISTANCE FOR SMALL MANUFACTURERS OF DEVICES

SEC. 10. The Secretary of Health, Education, and Welfare shall establish within the Department of Health, Education, and Welfare an identifiable office to provide technical and other nonfinancial assistance to small manufacturers of medical devices to assist them in complying with the requirements of the Federal Food, Drug, and Cosmetic Act, as amended by this Act.

Office.
Establishment.
42 USC 3512.

Approved May 28, 1976.

LEGISLATIVE HISTORY:

HOUSE REPORTS: No. 94-853 accompanying H.R. 11124 (Comm. on Interstate and Foreign Commerce) and No. 94-1090 (Comm. of Conference).
SENATE REPORT No. 94-33 (Comm. on Labor and Public Welfare).
CONGRESSIONAL RECORD:
Vol. 121 (1975): Apr. 17, considered and passed Senate.
Vol. 122 (1976): Mar. 9, considered and passed House, amended, in lieu of H.R. 11124.
May 13, House and Senate agreed to conference report.
WEEKLY COMPILATION OF PRESIDENTIAL DOCUMENTS:
Vol. 12, No. 22 (1976): May 28, Presidential statement.