HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC.,<br><br>        Plaintiff/Counterclaim Defendant,<br><br>        v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>        Defendant/Counterclaim Plaintiff. | Case No. 3:21-cv-03496-VC |

# EXPERT REPORT OF CHRISTY FOREMAN, MBE

**Senior Consultant, Biologics Consulting Group**

**January 18, 2023**

This report contains confidential material and is subject to the order governing the production, exchange and filing of confidential information in this matter.

HIGHLY CONFIDENTIAL  ATTORNEYS' EYES ONLY

# Table of Contents

I.     Qualifications ................................................................................................................. 1

II.    Assignment, Summary of Opinions and Materials Considered ........................................ 5

III.   Medical Device Regulatory Overview ............................................................................. 8

       A.     FDA Regulatory Authority ................................................................................... 8

              1.     Statutory Authority ................................................................................... 8

              2.     Regulation ................................................................................................ 9

              3.     Guidance Documents ............................................................................... 10

       B.     Medical Device Classification ............................................................................. 12

       C.     Premarket (510(k)) Notification ........................................................................... 17

              1.     Background on 510(k) Notification .......................................................... 18

              2.     Substantial Equivalence ............................................................................ 20

              3.     Deficiency Letters .................................................................................... 23

IV.    Opinions and Bases for Opinions ................................................................................... 23

       A.     Opinion 1 – Remanufacturing medical devices is a manufacturing activity, which is subject to FDA regulatory requirements, including premarket notification, registration, recall, medical device reporting, unique device identification, and postmarket surveillance among others. ................................. 24

       B.     Opinion 2 – EndoWrist instruments were cleared by FDA as limited use devices, and efforts to remove or extend the usage limitation by companies other than the original equipment manufacturer (OEM) constitute remanufacturing activities .................................................................. 27

              1.     FDA cleared EndoWrist instruments as limited use devices. .................... 27

              2.     FDA has acknowledged the limited use nature of EndoWrist instruments in communications to third parties. ......................................... 47

              3.     Objective and publicly available evidence demonstrates that FDA has determined that removing or extending the usage limitation

      on EndoWrist instruments is a remanufacturing activity, and as such, it requires 510(k) clearance. ............................................................. 48

    4.    Third parties engaging in extending or resetting the lives of EndoWrist instruments are remanufacturers under existing FDA regulation.  Therefore, they were required to obtain 510(k) clearance. ................................................................................................... 55

  C.    Opinion 3 – FDA communicated to certain third parties that their activities constituted remanufacturing. .............................................................. 68

  D.    Opinion 4 – Intuitive has acted in accordance with FDA's requirements for the marketing and sale of its devices and has not unreasonably interpreted FDA's existing regulations and guidance. ........................................... 75

    1.    Intuitive's marketing and sale of EndoWrist instruments with usage limits is consistent with FDA's regulatory requirements. .............. 75

    2.    Intuitive's cybersecurity measures are consistent with FDA expectations for devices that are vulnerable to cybersecurity threats. ................................................................................................ 78

    3.    Intuitive's internal conduct does not contradict applicable FDA regulations and guidance, nor does it negate the duty of third-party companies to comply with existing FDA regulations and guidance. ............................................................................................. 81

V.    Conclusion ................................................................................................................. 86

Appendices ............................................................................................................................ 88

  Appendix A – Curriculum Vitae of Christy Foreman .......................................................... 89

  Appendix B  – Materials Considered ................................................................................. 94

  Appendix C - QSM and NAY Premarket Submissions ..................................................... 102

necessary to develop my opinions regarding the activities at issue. The methods that I used are similar to the methods that I have employed throughout my career, including those methods that I used as a reviewer, manager and senior manager at the Food and Drug Administration and as a consultant to medical device companies.

> A. Opinion 1 – Remanufacturing medical devices is a manufacturing activity, which is subject to FDA regulatory requirements, including premarket notification, registration, recall, medical device reporting, unique device identification, and postmarket surveillance among others.

68. Remanufacturing is clearly defined by FDA in existing regulations.

69. Plaintiff and the relevant third parties in this case have suggested that the definition of "remanufacturing" is a "murky area" because FDA has not published final guidance on all distinctions between remanufacturing and servicing.[43] But FDA's definition of remanufacturing has been clear since the promulgation of 21 CFR 820 in 1996,[44] and there is no doubt that a party that engages in the activities described in the regulation is a remanufacturer.

70. 21 CFR Part 820 (the Quality System Regulation) (the "QSR") provides the FDA regulatory requirements for good manufacturing practices for medical devices. FDA explained: "The provisions of this part shall be applicable to any finished device as defined in this part, intended for human use, that is manufactured, imported, or offered for import in any State or Territory of the United States, the District of Columbia, or the Commonwealth of Puerto Rico."[45]

---

[43] Intuitive-00706083, at -6086.

[44] 61 Fed Reg. 52602 (Oct. 7, 1996).

[45] 21 CFR § 820.1(a)(2).