# ATTACHMENT 20

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC., <br><br>　　　　　　Plaintiff(s), <br><br>　v. <br><br>INTUITIVE SURGICAL, INC., <br><br>　　　　　　Defendant(s). | Case No. 3:21-cv-03496-VC <br><br> Honorable Vince Chhabria <br><br> **REBUTTAL EXPERT REPORT OF DR. AMANDEEP MAHAL** <br><br><br> Complaint Filed: May 10, 2021 |

**Highly Confidential – Subject to Protective Order**

**March 1, 2023**

## TABLE OF CONTENTS

I.     DISCUSSION ................................................................................................................. 1

Expert Report of Dr. Amandeep Mahal
Highly Confidential – Subject to Protective Order
Case no. No. 3:21-cv-03496-VC

I.     **DISCUSSION**

1. On December 1, 2022, I submitted an expert report in this litigation, in which I provided opinions on a number of issues relating to the use of da Vinci surgical systems and associated EndoWrist instruments in surgery.[1]

2. I am submitting this rebuttal report at the request of Haley Guiliano LLP, counsel for Surgical Instrument Service Company, Inc. ("SIS"), the named plaintiff in the lawsuit captioned on this report's first page. I am being compensated for my time spent in preparing this report at an hourly rate of $400/hr. If asked to testify in this lawsuit, I will be compensated at the rate of $600/hr for deposition testimony and $600hr for testifying at trial. My compensation does not depend in any way on the outcome of this action.

3. My qualifications, including a summary of my career, a list of my professional publications and presentations, and description of my current position, are described in my Opening Report and the exhibits to that report.[2]

4. I have been asked by counsel to review, analyze, and respond to the expert report submitted on January 18, 2023, by Dr. Maxwell V. Meng, MD on behalf of Intuitive Surgical.[3]

5. I have reviewed Dr. Meng's Report and the materials considered in Appendix B of that report.

6. Having reviewed Dr. Meng's Report and the materials considered, I note that the Meng Report and materials considered in that report are cumulative of materials that I already considered in preparing my Opening Report. I stand by my Opening Report in its entirety, and

---

[1] Expert Report of Dr. Amandeep Mahal, *Surgical Instrument Service Company, Inc. v. Intuitive Surgical, Inc.,* Case No. 3:21-cv-03496-VC, December 1, 2022 (herein after "Opening Report").
[2] *Id.* at ¶¶ 1-9 and Attachment 1.
[3] Expert Report of Dr. Maxwell V. Meng, *Surgical Instrument Service Company, Inc. v. Intuitive Surgical, Inc.,* Case No. 3:21-cv-03496-VC, January 18, 2023 (herein after "Meng Report").

Expert Report of Dr. Amandeep Mahal
Highly Confidential – Subject to Protective Order
Case no. No. 3:21-cv-03496-VC

nothing in the Meng Report or the materials Dr. Meng considered changes any portion of my opinions or the analysis I performed to arrive at those opinions. Specifically:[4]

    a. Traditional laparoscopic surgery and da Vinci surgery are now common techniques for performing a variety of minimally invasive surgical procedures. Each of these techniques uses small incisions and a camera inserted through the incision, but they are not equivalent. For most procedures where both techniques are available, da Vinci surgery provides a number of advantages over laparoscopic surgery.

    b. When comparing laparoscopic to da Vinci surgery, in my experience surgeons are primarily interested in the safety of the patient and the relative difficulty of performing procedures, and are generally less concerned with the costs of the surgical procedure to the patient or hospital.

    c. Surgeons who use da Vinci systems have the ability to and often do require that da Vinci systems are used for particular surgeries.

    d. As between da Vinci Si and da Vinci Xi systems, for most surgeries a da Vinci Si system performs similarly to a da Vinci Xi system, provides similar advantages over traditional laparoscopic surgery, and is equally safe for patients and operating room staff.

    e. From a surgeon's perspective, corresponding Si and Xi EndoWrist instruments are functionally similar. Although there are improvements to the da Vinci Xi robotic system compared to the Si system, once an instrument is properly located within the operating field, the operation and responsiveness of an Xi EndoWrist instrument is functionally similar to an Si EndoWrist instrument.

---

[4] Opening Report at ¶¶ 15-23.

2

Expert Report of Dr. Amandeep Mahal
Highly Confidential – Subject to Protective Order
Case no. No. 3:21-cv-03496-VC

f. Surgical instruments can and do fail during laparoscopic surgery and during da Vinci surgery. All instruments have risks of failure, new or otherwise. EndoWrist instrument failures during da Vinci surgeries are almost always identified by the surgeon, not the da Vinci system, and are mitigated by the surgeon, usually without incident. Indeed, the process for identifying and replacing a failed EndoWrist instrument offers minimal increased risk to a patient over traditional laparoscopy.

g. Certain "failures" identified in an Intuitive list of types of EndoWrist device failures rarely occur or do not raise patient safety concerns during surgery. Other failures on the list are of types that are immediately noticeable and require either correcting the malfunction or replacing the instrument, which is a relatively simple and standardized procedure that is regularly performed during da Vinci surgery. None of the EndoWrist failures that I have experienced during a da Vinci surgery has resulted in injury to a patient or others in the operating room.

h. The use counter of an EndoWrist instrument does not provide a surgeon with any practical, relevant information about the instrument's actual usage, whether in a particular surgery or over the life of the instrument.

i. The hospitals where I operate, like other hospitals, use both new instruments and instruments that have been serviced by the hospital or a third party (e.g., repaired or refurbished) to reduce costs. As a surgeon with extensive experience in traditional laparoscopic surgery, I am comfortable operating with laparoscopic instruments that have been serviced, and I am generally unable to tell the difference between a new instrument and one that has been serviced.

3

Expert Report of Dr. Amandeep Mahal
Highly Confidential – Subject to Protective Order
Case no. No. 3:21-cv-03496-VC

j. I trust the procedures of the hospitals in which I operate for supplying well-functioning, sterile instruments. Based on my years of experience performing da Vinci surgery, and having experienced failures even of new EndoWrist instruments during surgical procedures, I would feel comfortable using serviced EndoWrist instruments including those where the service involved resetting its use counter, just as I am comfortable using serviced traditional laparoscopic instruments.

7. This rebuttal report does not address every factual error, error in reasoning, misstatement of my opinions or analysis, or other errors or problems with the Meng Report. The fact that I have not specifically commented on portions of the Meng Report does not mean that I agree with Dr. Meng.

8. I reserve the right to supplement or amend this Report and my opinions in the event additional facts or other information become available.

9. A list of materials that I considered in forming my opinions in this rebuttal report is provided below:

- All materials considered in my Opening Report
- Expert Report of Dr. Maxwell V. Meng, Surgical Instrument Service Company, Inc. v. Intuitive Surgical, Inc., Case No. 3:21-cv-03496-VC, January 18, 2023
- Consolidated Amended Class Action Complaint, In re: da Vinci Surgical Robot Antitrust Litigation, Lead Case No. 3:21-cv-03825-VC (ECF 52) (Sept. 9, 2021)
- Expert Report of Dr. Eugene Rubach (Dec. 1, 2022)
- Intuitive-00725731-748

Amandeep S. Mahal, MD,
March 1, 2023

4

Expert Report of Dr. Amandeep Mahal
Highly Confidential – Subject to Protective Order
Case no. No. 3:21-cv-03496-VC