**HALEY GUILIANO LLP**
JOSHUA V. VAN HOVEN (CSB No. 262815)
    E-Mail: joshua.vanhoven@hglaw.com
GREGORY J. LUNDELL (CSB No. 234941)
    E-Mail: greg.lundell@hglaw.com
111 N Market Street, Suite 900
San Jose, California 95113
Telephone: 669.213.1050
Facsimile: 669.500.7375

RICHARD T. MCCAULLEY  (*pro hac vice*)
    E-Mail: richard.mccaulley@hglaw.com
8 E. Huron, 1004
Chicago, Illinois 60661
Telephone: 312.330.8105

Attorneys for Plaintiff
SURGICAL INSTRUMENT SERVICE COMPANY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> INTUITIVE SURGICAL, INC., <br><br> Defendant. | Case No. 3:21-cv-03496-VC <br><br> Honorable Vince Chhabria <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Scheduling Conference: <br><br> August 11, 2021 at 2:00 p.m. |

Haley ▪ Guiliano
111 N. Market St.
Suite 900
San Jose, CA 95113
United States of America

JOINT CASE MANAGEMENT
STATEMENT
Case No. 21-cv-03496-VC

In accordance with Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16-9, Plaintiff Surgical Instrument Service Company, Inc ("SIS") and Defendant Intuitive Surgical, Inc. ("Intuitive") met and conferred on several occasions beginning on July 8, 2021, regarding the topics set forth in Federal Rules of Civil Procedure 26(f) and Civil Local Rule 16-9 and by and through their respective attorneys of record, hereby submit the following Case Management Statement (the "Statement").

## I. Jurisdiction and Service

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337(a) and 15 U.S.C. §§ 15, 22, and 1121. Defendant has been engaged in interstate commerce during all relevant times of the Complaint. This Court has personal jurisdiction over Defendant due to business activities in this District, including Defendant being headquartered in this District. Venue is proper in this Court and Defendant has accepted service of the Complaint and has waived service of summons. No parties remain to be served.

## II. Facts

### *Plaintiff's Statement of Facts*

SIS has 50 years of experience servicing surgical instruments and equipment ranging from simple devices such as forceps and scalpels to complex electromechanical devices such as flexible video endoscopes, powered orthopedic devices, and surgical video systems.

Intuitive has monopoly power in the relevant markets of surgical robots for minimally invasive surgeries, the instruments used in such surgeries, and the servicing of those surgical robots, with a 99%+ market share. In the early 2000's, Intuitive's Form 10-K filings noted a use counter to limit the number of operations performed with EndoWrist instruments, and acknowledged its strategy to "sell the instrument for a fixed number of uses or hours and effectively price our EndoWrist

Haley·Guiliano
111 N. Market St.
Suite 900
San Jose, CA 95113
United States of America

instruments on a per-procedure or per-hour basis." As Intuitive has since gained and exercised monopoly power in the relevant markets, this strategy has become extremely profitable. Although revenue from the da Vinci robots initially exceeded revenue from instrument and accessory sales, by fiscal year 2013 Intuitive's revenues from instruments and accessories surpassed da Vinci robot revenue. By fiscal year 2019 instrument and accessories revenue exceeded $2.4 billion, or more than a $1 billion more than sales of da Vinci systems. Although Intuitive does not break out its gross profit for instruments alone, its gross profit on instruments and da Vinci systems is over 70%.

Plaintiff SIS has detailed procedures for servicing used EndoWrists to original specifications and returning them to service. While these procedures are extensive and return the EndoWrist to original performance specifications, the cost to the hospital is a fraction of what Intuitive charges to buy a new EndoWrist. In 2019 and 2020, SIS entered into contracts and was in discussion for other contracts to provide EndoWrist repair services to numerous hospitals, health care systems, and GPOs. The cost savings were so substantial that one of the nation's largest health care systems awarded SIS's EndoWrist repair program a prestigious annual award for cost savings. Revenues for SIS, and savings to hospitals and patients, were anticipated to be in the tens if not hundreds of millions of dollars.

When Intuitive discovered that its customers were using SIS's services, it immediately leveraged its anti-competitive agreements and monopoly power to crush this threat to its supra-competitive EndoWrist profitability. Intuitive's agreements with hospitals include numerous restrictive terms that allow Intuitive to render the da Vinci robots effectively inoperable, and it threatened to exercise those terms against hospitals that used SIS's services. Intuitive also made misleading statements that use of refurbished EndoWrists would violate FDA requirements and intellectual property rights. Despite the massive savings to

HG Haley·Guiliano
111 N. Market St.
Suite 900
San Jose, CA 95113
United States of America

- 3 -

JOINT CASE MANAGEMENT
STATEMENT
Case No. 3:21-cv-03496-VC

hospitals and patients from SIS's EndoWrist program, SIS's customers and potential customers had no choice but to capitulate to Intuitive's threats.

Intuitive has used its monopoly power in the EndoWrist instrument replacement aftermarket, as well as in the servicing of surgical robots, to engage in a variety of anticompetitive practices. These exclusionary practices essentially prevent hospitals, health care systems, and GPO's from having access to competitors that offer to repair and refurbish EndoWrist instruments which have been previously used.

Intuitive wields its monopoly power in the market for robotic soft tissue surgery systems to coerce hospitals, health care systems, and GPO's to act in ways that have anticompetitive effects thus harming competition. Such coercion is backed up by Intuitive's threats to withhold technical support and servicing for the robotic surgery systems purchased by hospitals, health care systems, and GPO's and to deny those customers access to additional and/or replacement EndoWrist instruments. For these reasons and to remedy the injuries that have been caused by Intuitive's anticompetitive conduct, Plaintiff presently seeks damages and injunctive relief as set forth at paragraph 11 below.

***Defendant's Statement of Facts***

Intuitive is a pioneer in surgical robotics that developed and now manufactures and markets the world-renowned da Vinci Surgical Systems and the EndoWrist instruments that are necessary to perform surgery using those systems. Intuitive's da Vinci systems and EndoWrist instruments, which offer the benefits of minimally invasive surgery to patients around the world, were the result of time- and capital-intensive development processes that included rigorous testing to maximize the products' reliability. This extensive testing was submitted to and reviewed by the Food & Drug Administration ("FDA") in connection with Intuitive applying for and receiving 510(k) clearance to market its da Vinci systems and

- 4 -

JOINT CASE MANAGEMENT STATEMENT
Case No. 3:21-cv-03496-VC

Haley Guiliano
111 N. Market St.
Suite 900
San Jose, CA 95113
United States of America

EndoWrist instruments. Based on the results of this testing, the number of uses for EndoWrist instruments is limited to ensure patient safety, and Intuitive has taken steps to ensure that its customers abide by those limits, including by designing EndoWrist instruments with memory chips to assure that the instruments are not used beyond their validated number of uses, as indicated on the labeling required and approved by the FDA.

For similar safety reasons, Intuitive enters into a service agreement with purchasers or lessees of da Vinci systems that prohibits customers from allowing unauthorized third parties to "repair" the EndoWrist instruments. The "repairs" that Plaintiff alleges it and other third-party service providers could perform on EndoWrist instruments involve adulteration of Intuitive products that puts patients at risk, which in turn threatens Intuitive's reputation and business. For example, one method these service providers use to bypass usage limits is to break the outer casing of EndoWrist instruments and add a chip that renders the usage counter inoperable. The FDA has not cleared any third-party "repair" process for EndoWrist instruments.

Plaintiff's claims are an attempt to recast Intuitive's patient safety measures as anticompetitive conduct. Plaintiff contends that Intuitive's service agreements and the prohibitions on third-party "repairs" in those agreements are part of an anticompetitive scheme to inhibit competition in a purported market for "repair and replacement of instruments for surgical robots for minimally invasive soft tissue surgery," which SIS also refers to as the "EndoWrist instrument aftermarket." In addition to mischaracterizing the nature of the market for da Vinci surgical systems, which are sold as a single product that includes instruments, parts and service, Plaintiff's claims ignore the obvious justifications for Intuitive's purportedly anticompetitive conduct. Intuitive's efforts to ensure the quality of its products and to protect patients do not run afoul of the antitrust laws.

Haley•Guiliano
111 N. Market St.
Suite 900
San Jose, CA 95113
United States of America

- 5 -

JOINT CASE MANAGEMENT STATEMENT
Case No. 3:21-cv-03496-VC

### III. Legal Issues

*Plaintiff's Statement*

Plaintiff anticipates the following issues, which are mixed questions of fact and law, will be explored in fact and expert discovery and will depend on the developed record:

- Whether Defendant's conduct constitutes illegal tying under section 1 of the Sherman Act;
- Whether Defendant's conduct constitutes illegal exclusive dealings under section 1 of the Sherman Act;
- Whether Defendant's conduct constitutes illegal monopolization under Section 2 of the Sherman Act;
- Whether Defendant abused its monopoly power in the U.S. surgical robot market in order to gain a competitive advantage in the markets to service and repair da Vinci systems and EndoWrist instruments in violation of Sections 1 and 2 of the Sherman Act;
- Whether Defendant's conduct had the effect of substantially lessening competition in the (1) da Vinci Service, and (2) EndoWrist Service Aftermarkets;
- Whether Defendant's conduct constitutes illegal unfair trade practices under section 43 of the Lanham Act.
- The appropriate measure of damages incurred by Plaintiff; and
- The appropriate form of injunctive relief, if any.

*Defendant's Statement*

Intuitive anticipates that the following legal issues may be relevant in this case, depending on the stage of litigation that the case reaches[1]:

- Whether Plaintiff's claims should be stayed pending the outcome of

---

[1] Intuitive is also assessing whether to assert counterclaims.

- 6 -

JOINT CASE MANAGEMENT STATEMENT
Case No. 3:21-cv-03496-VC

Haley Guiliano
111 N. Market St.
Suite 900
San Jose, CA 95113
United States of America

related cases brought against Intuitive in *Restore Robotics LLC v. Intuitive Surgical, Inc.*, No. 5:19-cv-55-TKW-MJF (N.D. Fla.) ("*Restore*") and *Rebotix Repair LLC v. Intuitive Surgical*, Inc., No. 8:20-cv-02274-VMC-TGW (M.D. Fla.) ("*Rebotix*");

- Whether Plaintiff can establish any relevant antitrust market in which Intuitive has monopoly power, or market power;
- Whether Plaintiff can establish that it suffered antitrust injury;
- Whether Plaintiff can establish that Intuitive engaged in any unlawful tying arrangement;
- Whether Plaintiff can establish that Intuitive engaged in any unlawful exclusionary conduct; and
- Whether Plaintiff is entitled to any damages or any potential injunctive relief that it seeks.

### IV. Motions

Intuitive will file a motion to dismiss on August 6, 2021. Intuitive also intends to file a motion to stay this case pending the outcomes in *Restore* and *Rebotix*, consistent with the Court's Order on Notice of Pendency of Other Action. (*See* ECF No. 35.) Plaintiff does not anticipate any further motions at this time.

### V. Amendment of Pleadings

***Plaintiff's Statement***

Deadline to file amended pleadings October 1, 2021.

***Defendant's Statement***

As discussed further below, Intuitive believes that Plaintiff's claims should be stayed pending resolution of the *Restore* and *Rebotix* actions because the outcomes in those cases may narrow or dispose of Plaintiff's claims. *See* Section X. Intuitive therefore believes the deadline to file amended pleadings should be 30 days after the stay is lifted.

- 7 -

JOINT CASE MANAGEMENT STATEMENT
Case No. 3:21-cv-03496-VC

Haley·Guiliano
111 N. Market St.
Suite 900
San Jose, CA 95113
United States of America

Case 3:21-cv-03496-VC Document 236-1 Filed 08/23/24 Page 9 of 15

## VI. Evidence Preservation

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident. The parties have confirmed litigation holds are in place. The parties are negotiating a proposed ESI Order based on this District's model order (as well as the orders entered in the *Restore* and *Rebotix* actions), which will identify electronically stored information that is not reasonably accessible.

## VII. Disclosures

*Plaintiff's Statement*

The parties will exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a) within fourteen (14) calendar days following the Case Management Conference.

*Defendant's Statement*

In light of its belief that Plaintiff's claims should be stayed, Intuitive proposes that the Parties exchange Initial Disclosures 30 days after the stay is lifted. In no event should Initial Disclosures be exchanged before the Court decides whether to stay this litigation pending the outcomes in *Restore* and *Rebotix*.

## VIII. Discovery

a. *Discovery Taken to Date*

No Discovery has taken place by either party.

b. *The Scope of Anticipated Discovery*

*Plaintiff's Statement*

Plaintiff anticipates obtaining discovery regarding a number of topics, including, among others: (1) the terms and conditions of Intuitive's sale or lease of the da Vinci robot, robot service, and EndoWrist instruments; (2) Intuitive's sales

and marketing of the da Vinci and EndoWrists; (3) Intuitive's financial planning and projections; (4) communications between and among Intuitive and other market participants; (5) actions taken by Intuitive to preclude customers from using the SIS's services; (6) any justifications Intuitive claims for those actions; (7) the structure and characteristics of the relevant markets for the da Vinci, da Vinci service, and EndoWrists; (8) market definition and Intuitive's share of the relevant markets; (9) patents for the da Vinci and EndoWrists and any patent litigation; and (10) damages.

In addition to the discovery Plaintiff has requested and will request from Intuitive, Plaintiff also anticipates discovery on many of these same issues from third parties and other competitors of Intuitive.

Plaintiff anticipates expert discovery, including experts regarding economic issues, industry issues, anticompetitive effects, and damages.

***Defendant's Statement***

To the extent discovery becomes necessary, Intuitive anticipates obtaining discovery from Plaintiff regarding, among other topics: (1) Plaintiff's sales and marketing of its services; (2) Plaintiff's communications, both internal and with customers, about Intuitive's and its products; (3) Plaintiff's communications with other third-party service providers that purportedly "service" or "repair" da Vinci systems or EndoWrist instruments; (4) Plaintiff's negotiations or agreements with other such service providers; (5) the ability of Plaintiff and other such service providers to "repair" EndoWrist instruments, including whether Plaintiff or other such service providers are acting in accordance with regulatory requirements (e.g., FDA 510(k) clearance); and (6) evidence pertaining to Plaintiff's alleged injuries and damages.

Intuitive also anticipates obtaining discovery on similar subjects from customers and third-party service providers. Intuitive will also engage in expert

Haley Guiliano
111 N. Market St.
Suite 900
San Jose, CA 95113
United States of America

- 9 -

JOINT CASE MANAGEMENT STATEMENT
Case No. 3:21-cv-03496-VC

discovery, including experts regarding economic, medical, engineering, and regulatory issues.

### c. Limitations or Modifications of the Discovery Rules

The parties agree that discovery shall be conducted in accordance with the Federal Rules of Civil Procedure and this District's Civil Local Rules, without any additional modifications.

### d. Protective Order/E-Discovery Stipulation

The parties are negotiating a Stipulated Protective Order based on this District's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (as well as the protective orders entered in *Restore* and *Rebotix*), and will alert the Court of any disputes, if necessary. The parties are also negotiating a stipulation regarding the discovery of electronically stored information and will submit it to the Court promptly for approval.

## IX. Class Action

This is not a class action. Three of the related cases are class actions.

## X. Related Cases

*Plaintiff's Statement*

There are three antitrust class actions pending in the Northern District of California brought on behalf of Intuitive customers: (1) *Larkin Community Hospital v. Intuitive Surgical, Inc.*; (2) *Kaleida Health v. Intuitive Surgical, Inc.*, No. 3:21-cv-05266; and (3) *Franciscan Alliance, Inc. et al. v. Intuitive Surgical, Inc.*, No. 3:21-cv-05198. The *Larkin* and *Kaleida Health* actions are both pending before this Court. The *Franciscan Alliance* action is currently pending before Judge Chen.

Defendant has filed an administrative motion pursuant to Local Rule 3-13 identifying two pending antitrust actions brought on behalf of competitors of

Haley·Guiliano
111 N. Market St.
Suite 900
San Jose, CA 95113
United States of America

- 10 -

JOINT CASE MANAGEMENT
STATEMENT
Case No. 3:21-cv-03496-VC

Intuitive: (1) *Restore Robotics LLC v. Intuitive Surgical, Inc.*, No. 5:19-cv-55-TKW-MJF, pending before Judge T. Kent Wetherell II in the Northern District of Florida; and (1) *Rebotix Repair LLC v. Intuitive Surgical, Inc.*, No. 8:20-cv-02274-VMC-TGW, pending before Judge Virginia Covington in the Middle District of Florida. Plaintiff has responded to the administrative motion.

***Defendant's Statement***

Intuitive respectfully suggests that a stay of Plaintiff's claims pending the resolution of the *Restore* and *Rebotix* matters will contribute to the fair and efficient resolution of the actions before this Court—with due regard for the rights of all parties.

Restore and Rebotix have asserted nearly identical claims and factual allegations against Intuitive as Plaintiff. Plaintiff, like Restore and Rebotix in the related actions, asserts that Intuitive has engaged in antitrust misconduct that impairs the ability of third-party providers to "repair" Intuitive's EndoWrist instruments. Intuitive has asserted counterclaims against Restore and Rebotix, alleging that each entity's business model is entirely unlawful. Intuitive also submits that the evidence in each case will establish that Restore and Rebotix were required to obtain FDA clearance, but failed to do so. If the courts in the pending actions were to determine that Restore's and Rebotix's businesses are unlawful, Plaintiff's business would likely similarly be deemed unlawful, given Plaintiff alleges to provide "repairs" just like Restore and Rebotix, and Plaintiff would therefore be unable to establish that it suffered antitrust injury.

In addition, the *Restore* and *Rebotix* litigations were filed well in advance of this action and have already progressed past fact discovery. The parties have produced, and secured third-party production of, millions of pages of documents, and deposed 41 people with relevant information. Pursuant to the Case Management Order in *Restore*, expert discovery will close on October 21, 2021,

- 11 -

JOINT CASE MANAGEMENT STATEMENT
Case No. 3:21-cv-03496-VC

Haley Guiliano
111 N. Market St.
Suite 900
San Jose, CA 95113
United States of America

and summary judgment and *Daubert* motions are due by November 12, 2021. Pursuant to the Case Management Order in *Rebotix*, expert discovery will close on September 30, 2021, and summary judgment and *Daubert* motions are due by October 22, 2021. Trial is tentatively set to start on March 7, 2022.

Thus, the outcomes in *Restore* and *Rebotix*—including in connection with summary judgment motions scheduled to be briefed this fall—could fully dispose of Plaintiff's claims. Accordingly, staying Plaintiff's claims pending the disposition of the *Restore* and *Rebotix* actions would avoid conflicts, conserve resources and promote efficient resolution of Plaintiff's claims.

## XI. Relief

*Plaintiff's Statement*

Plaintiff requests the following relief:

1. For damages in an amount to be determined at trial and trebled pursuant to 15 U.S.C. §§ 15(a) and 1117(a);
2. For injunctive relief pursuant to 15 U.S.C. §§ 26 and 1116;
3. For costs and attorney's fees incurred in this action pursuant to 15 U.S.C. §§ 15(a) and 1117(a); and
4. For such other and further relief as the Court deems just and proper.

*Defendant's Statement*

Intuitive opposes all forms of relief sought by Plaintiff. Intuitive will also assess whether to assert counterclaims against Plaintiff, such as Lanham Act claims, and will seek appropriate damages, if so. If a determination of damages becomes necessary, that determination will be based on discovery and expert testimony.

## XII. Settlement and ADR

Pursuant to ADR Local Rule 3-5, the parties have reviewed the ADR Handbook.

HG Haley·Guiliano
111 N. Market St.
Suite 900
San Jose, CA 95113
United States of America

- 12 -

JOINT CASE MANAGEMENT STATEMENT
Case No. 3:21-cv-03496-VC

*Plaintiff's Statement*

Plaintiff believes ADR could be useful in narrowing the issues in the case and potentially reaching a resolution.

*Defendant's Statement*

Intuitive proposes postponing ADR until after resolution of the *Restore* and *Rebotix* actions, and the proposed stay is lifted, as set forth in Exhibit B.

### XIII. Consent to Magistrate Judge for All Purposes

Plaintiff has declined to consent to proceed before a Magistrate Judge for all purposes.

### XIV. Other References

The parties do not believe that this case is suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

### XV. Narrowing of Issues

The Parties do not believe that it is possible to narrow the issues by agreement at this time.

*Defendant's Statement*

For the reasons explained above, Intuitive believes that staying Plaintiff's claims pending the resolutions of *Restore* and *Rebotix* will narrow the issues before the Court.

### XVI. Expedited Trial Procedure

The Parties do not believe that this case is appropriate to be handled under the Expedited Trial Procedure of General Order 64.

### XVII. Scheduling

*Plaintiff's Statement*

Plaintiff's proposed schedule for fact discovery, expert discovery, briefing on summary judgment and related *Daubert* motions, and trial is attached as Exhibit A.

- 13 -

JOINT CASE MANAGEMENT STATEMENT
Case No. 3:21-cv-03496-VC

HG Haley Guiliano
111 N. Market St.
Suite 900
San Jose, CA 95113
United States of America

*Defendant's Statement*

Intuitive's proposed schedule for fact discovery, expert discovery, briefing on summary judgment and related *Daubert* motions, and trial is attached as Exhibit B.

## XVIII. Trial

*Plaintiff's Statement*

The Parties seek a jury trial on all issues so triable. At this point, Plaintiff estimates that a trial can be conducted in six (6) days, where each side is given fifteen (15) hours, excluding jury selection, opening statement, and closing argument.

*Defendant's Statement*

Intuitive believes that the outcomes of the *Restore* and *Rebotix* actions will significantly impact the issues in this case (if any) to be resolved at trial and thus will directly impact the length of any trial. Intuitive therefore suggests that the Parties will have a better sense of the approximate duration of any trial once those other actions are resolved and the stay in this case is lifted.

## XIX. Disclosure of Non-Party Interested Entities or Persons

On May 10, 2021, Plaintiff filed its "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15. Plaintiff intends to file an updated disclosure prior to the Case Management Conference.

Defendant Intuitive's filing explains that it has no non-party interested entities to identify.

## XX. Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

| | | |
|---|---|---|
| 1 | Dated: August 04, 2021 | HALEY GUILIANO LLP<br>By: /s/ Richard McCaulley |
| 2 | | JOSHUA V. VAN HOVEN<br>joshua.vanhoven@hglaw.com |
| 3 | | GREGORY J. LUNDELL<br>greg.lundell@hglaw.com |
| 4 | | 111 N. Market Street, Suite 900<br>San Jose, California 95113 |
| 5 | | Telephone: 669.213.1050<br>Facsimile: 669.500.7375 |
| 6 | | |
| 7 | | RICHARD T. MCCAULLEY (*pro hac vice*)<br>richard.mccaulley@hglaw.com |
| 8 | | 8 E. Huron, 1004<br>Chicago, Illinois 60661 |
| 9 | | Telephone: 312.330.8105 |
| 10 | | *Attorneys for Plaintiff*<br>SURGICAL INSTRUMENT SERVICES |
| 11 | | COMPANY, INC. |
| 12 | | /s/ Allen Ruby<br>ALLEN RUBY (SBN 47109) |
| 13 | | allen@allenruby.com<br>ALLEN RUBY, ATTORNEY AT LAW |
| 14 | | 15559 Union Ave. #138<br>Los Gatos, California 95032 |
| 15 | | Telephone: 408.477.9690 |
| 16 | | KAREN HOFFMAN LENT (*pro hac vice*)<br>karen.lent@skadden.com |
| 17 | | MICHAEL H. MENITOVE (*pro hac vice*)<br>michael.menitove@skadden.com |
| 18 | | SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP |
| 19 | | One Manhattan West<br>New York, New York 10001 |
| 20 | | Telephone: 212.735.3000<br>Facsimile: 212.735.2040 |
| 21 | | MICHAEL S. BAILEY (*pro hac vice pending*) |
| 22 | | michael.bailey@skadden.com |
| 23 | | SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP |
| 24 | | 1440 New York Avenue, N.W.<br>Washington, D.C. 20005 |
| 25 | | Telephone: 202.371.7000<br>Facsimile: 202.393.5760 |
| 26 | | *Attorneys for Defendant* |
| 27 | | INTUITIVE SURGICAL, INC. |

Haley Guiliano
111 N. Market St.
Suite 900
San Jose, CA 95113
United States of America

- 15 -

JOINT CASE MANAGEMENT
STATEMENT
Case No. 3:21-cv-03496-VC