**MCCAULLEY LAW GROUP LLC**
JOSHUA V. VAN HOVEN (CSB No. 262815)
E-Mail: josh@mccaulleylawgroup.com
3001 Bishop Dr., Suite 300
San Ramon, California 94583
Telephone: (925) 302-5941

RICHARD T. MCCAULLEY (*pro hac vice*)
E-Mail: richard@mccaulleylawgroup.com
180 N. Wabash Avenue, Suite 601
Chicago, Illinois 60601
Telephone: (312) 330-8105

Attorneys for Plaintiff
SURGICAL INSTRUMENT SERVICE
COMPANY, INC.

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC., <br><br> Plaintiff/Counterclaim-Defendant <br><br> vs. <br><br> INTUITIVE SURGICAL, INC., <br><br> Defendant/Counterclaimant. | Case No.: 3:21-cv-03496-AMO-LB <br><br> **JOINT STIPULATION AND [PROPOSED] ORDER REGARDING THE SCOPE OF THE COURT'S SUMMARY JUDGMENT ORDER (ECF NO. 204)** <br><br> Judge: The Honorable Araceli Martínez-Olguín |

Plaintiff Surgical Instrument Service Company, Inc., and Defendant Intuitive Surgical, Inc. (collectively, the "Parties") hereby stipulate as follows and respectfully request that the Court endorse this stipulation with an order:

WHEREAS, on May 10, 2021, Plaintiff filed its Complaint (ECF No. 1);

WHEREAS, on December 14, 2021, Defendant filed its Answer, Affirmative Defense, and Counterclaims (ECF No. 75.);

WHEREAS, Defendant pleaded as an affirmative defense that "SIS's claims are barred, in whole or in part, by the doctrine of unclean hands because SIS has acted contrary to applicable FDA regulations and/or engaged in other misconduct, including tortious interference with Intuitive's contracts and business relationships" (ECF No. 75 at 39);

WHEREAS, Defendant pleaded Counterclaims for (1) unfair competition and false advertising under the Lanham Act, 15 U.S.C. § 1125, (2) unlawful, unfair and deceptive acts or practices in the conduct of trade or commerce under C.A. Stat. § 17200, (3) false advertising under C.A. Stat. § 17500, (4) common law unfair competition, and (5) tortious interference with contract (*see generally* ECF No. 75 at 40–65);

WHEREAS, on March 23, 2023, Plaintiff moved for partial summary judgment, asking the Court to "grant *partial* summary judgment on Intuitive's counterclaims 1-4 and its unclean hands affirmative defense *as they relate to FDA*," (ECF No. 127 at 23:4-6 (emphasis added));

WHEREAS, Plaintiff did not move for summary judgment as to aspects of Defendant's counterclaims and unclean hands defense that do not relate to FDA;

WHEREAS, on March 31, 2024, the Court issued an order granting in-part and denying in-part Plaintiff's motion for summary judgment, which order stated that "Intuitive's false advertising counterclaims, including Counts One through Four are **DISMISSED**" and that "the Court **GRANTS** SIS's motion for summary adjudication on Intuitive's affirmative defense of unclean hands" (ECF No. 204 at 19:11-13);

1

JOINT STIPULATION AND [PROPOSED] ORDER
REGARDING THE SCOPE OF THE COURT'S
SUMMARY JUDGMENT ORDER (ECF NO. 204)

Case No. 3:21-cv-03496-AMO-LB

WHEREAS, on May 23, 2024, the parties filed a Joint Case Management Statement in which they set forth competing positions regarding the scope of the Court's summary judgment order and its effect on Defendant's counterclaims and affirmative defense (ECF No. 231 at 5-6);

WHEREAS, the Parties subsequently held a telephonic meet-and-confer on June 6, 2024; and

WHEREAS, as discussed during the Case Management Conference held on June 7, 2024, the parties and the Court agree that the Court's summary judgment order granted only partial summary judgment on Defendant's counterclaims and affirmative defense;

NOW THEREFORE, pursuant to the Court's instruction at the June 7, 2024 Case Management Conference, the Parties jointly submit the Proposed Order attached hereto as Exhibit A, which clarifies that the Court's summary judgment order granted partial summary judgment on Defendant's counterclaims and affirmative defense only to the extent that such counterclaims and affirmative defense are "premised on SIS's representations that Section 510(k) clearance was not necessary" or "rely on regulatory interpretation left to the FDA in the first instance." (ECF No. 204 at 13:10-13.) Defendant's counterclaims and affirmative defense are dismissed to the extent that they "rely on proving a violation of the FDCA." (*Id.* at 13:17; *see also* 14:11-17.) The parties respectfully ask the Court to enter the Proposed Order attached hereto as Exhibit A on the docket in this case.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: July 24, 2024          By: */s/ Richard T. McCaulley*
                              Richard T. McCaulley (*pro hac vice*)
                              **MCCAULLEY LAW GROUP LLC**
                              E-Mail: 180 N. Wabash Avenue, Suite 601
                              Chicago, Illinois 60601
                              Telephone: (312) 330-8105
                              richard@mccaulleylawgroup.com

                              JOSHUA V. VAN HOVEN (CSB No. 262815)
                              3001 Bishop Dr., Suite 300
                              San Ramon, California 94583

Telephone: (925) 302-5941
E-Mail: josh@mccaulleylawgroup.com

*Attorneys for Plaintiff Surgical Instrument Service Company, Inc.*

Dated: July 24, 2024                By: */s/ Kenneth A. Gallo*
                                            Kenneth A. Gallo

Kenneth A. Gallo (*pro hac vice*)
Paul D. Brachman (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 204-7420
Email: kgallo@paulweiss.com
Email: pbrachman@paulweiss.com

William B. Michael (*pro hac vice*)
Crystal L. Parker (*pro hac vice*)
Daniel A. Crane (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: wmichael@paulweiss.com
Email: cparker@paulweiss.com
Email: dcrane@paulweiss.com

Joshua Hill Jr. (SBN 250842)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101
Email: jhill@paulweiss.com

Sonya D. Winner (SBN 200348)
**COVINGTON & BURLING LLP**
415 Mission Street, Suite 5400
San Francisco, California 94105-2533

Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Email: swinner@cov.com

Kathryn E. Cahoy (SBN 298777)
**COVINGTON & BURLING LLP**
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, California 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: kcahoy@cov.com

Andrew Lazerow (pro hac vice)
**COVINGTON & BURLING LLP**
One City Center 850 Tenth Street NW
Washington DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: alazerow@cov.com

Allen Ruby (SBN 47109)
allen@allenruby.com
**ALLEN RUBY, ATTORNEY AT LAW**
15559 Union Ave. #138
Los Gatos, California 95032
Telephone: (408) 477-9690

*Attorneys for Defendant
Intuitive Surgical, Inc.*

**E-Filing Attestation**

I, Kenneth A. Gallo, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above have concurred in this filing.

                                                          */s/ Kenneth A. Gallo*

# EXHIBIT A

# [PROPOSED] ORDER CLARIFYING THE SCOPE OF THE COURT'S SUMMARY JUDGMENT ORDER (ECF NO. 204)

On March 23, 2023, Plaintiff moved for partial summary judgment, asking the Court, as relevant here, to "grant partial summary judgment on Intuitive's counterclaims 1-4 and its unclean hands affirmative defense as they relate to FDA." (ECF No. 127 at 23:4-6.)

On March 31, 2024, the Court issued an order granting in-part and denying in-part Plaintiff's motion for summary judgment. Among other things, the Court ruled that Defendant's "counterclaims that rely on proving a violation of the [Food, Drugs, and Cosmetic Act (FDCA)] cannot proceed" (ECF No. 204 at 13:17), and that Defendant could not maintain an unclean hands defense based on an assertion that Plaintiff "violated FDA regulations" (*id.* at 14:9-28).

Although Plaintiff moved only for partial summary judgment, the Court's order stated that "Intuitive's false advertising counterclaims, including Counts One through Four are **DISMISSED**" and that "the Court **GRANTS** SIS's motion for summary adjudication on Intuitive's affirmative defense of unclean hands." (*Id.* at 19:11-13).

The parties and the Court agree that the Court's summary judgment order did not dismiss Counts One through Four of Defendant's counterclaims and Defendant's affirmative defense of unclean hands in their entirety, but rather granted partial summary judgment to Plaintiff only to the extent that Defendant's counterclaims and/or unclean hands defense are "premised on SIS's representations that Section 510(k) clearance was not necessary" or "rely on regulatory interpretation left to the FDA in the first instance." (ECF No. 204 at 13:10-13.) The Court held that Defendant's "counterclaims that rely on proving a violation of the FDCA cannot proceed." (*Id.* at 13:17.) Consistent with that conclusion, the Court likewise held that Intuitive could not base an unclean hands defense on the assertion that SIS "violated FDA regulations." (*Id.* at 14:11-17.)

Defendant's counterclaims and affirmative defense are not dismissed to the extent that they are predicated on conduct, including conduct Defendant has alleged at paragraph 85, subparts (i)-(iv) and (vi) through (ix) of its Answer, Affirmative Defense and Counterclaims (ECF No. 75), that is not "premised on SIS's representations that Section 510(k) clearance was not necessary," does not "rely on

1

regulatory interpretation left to the FDA in the first instance," and does not "rely on proving a violation of the FDCA" or that SIS "violated FDA regulations." The Court hereby clarifies its summary judgment order (ECF No. 204), *nunc pro tunc*, to that effect.

      IT IS SO ORDERED.

Dated _____, 2024          BY THE COURT:

                                                      HON. ARACELI MARTÍNEZ-OLGUÍN
                                                      United States District Judge