# VAN HOVEN DECL.
# ISO OPPOSITION TO INTUITIVE'S MOTION TO REOPEN DISCOVERY

# EXHIBIT 7

Page 1

```
 1              UNITED STATES DISTRICT COURT
 2         FOR THE NORTHERN DISTRICT OF CALIFORNIA
 3                  SAN FRANCISCO DIVISION
 4    IN RE: DA VINCI SURGICAL ROBOT    ) Lead Case No.:
      ANTITRUST LITIGATION,             ) 3:21-cv-03825-VC
 5    ------------------------------------)
      THIS DOCUMENT RELATES TO:          )
 6    ALL CASES                          )
      ------------------------------------)
 7
 8    SURGICAL INSTRUMENT SERVICE        )
      COMPANY, INC.,                     ) Case No.
 9                                       ) 3:21-cv-03496-VC
                   Plaintiff,            )
10                                       )
          vs.                            )
11                                       )
      INTUITIVE SURGICAL, INC.,          )
12                                       )
                   Defendant.            )
13    ------------------------------------)
14
15
16       ***HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY***
17
18                REMOTE PROCEEDINGS OF THE
19                DEPOSITION OF STAN HAMILTON
20                FRIDAY, NOVEMBER 4, 2022
21
22
23    REPORTED BY NANCY J. MARTIN
24    CSR. NO. 9504, RMR, RPR
25    PAGES 1 - 112
```

```
 1              UNITED STATES DISTRICT COURT
 2          FOR THE NORTHERN DISTRICT OF CALIFORNIA
 3                 SAN FRANCISCO DIVISION
 4   IN RE: DA VINCI SURGICAL ROBOT    ) Lead Case No.:
     ANTITRUST LITIGATION,             ) 3:21-cv-03825-VC
 5   ------------------------------------)
     THIS DOCUMENT RELATES TO:          )
 6   ALL CASES                          )
     ------------------------------------)
 7
 8   SURGICAL INSTRUMENT SERVICE        )
     COMPANY, INC.,                     ) Case No.
 9                                      ) 3:21-cv-03496-VC
                   Plaintiff,           )
10                                      )
         vs.                            )
11                                      )
     INTUITIVE SURGICAL, INC.,          )
12                                      )
                   Defendant.           )
13   ------------------------------------)
14
15      ***HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY***
16
17                        - - -
18              Friday, November 4, 2022
19                        - - -
20      Remote Deposition of STAN HAMILTON
21   beginning at 11:14 a.m., before Nancy J. Martin, a
22   Registered Merit Reporter, Certified Shorthand
23   Reporter.  All parties appeared remotely.
24
25
```

```
 1      A P P E A R A N C E S :
 2
        ALEXANDER ERWIG, ESQ.
 3      DOVEL & LUNER LLP
        201 Santa Monica Boulevard
 4      Suite 600
        Santa Monica, California  90401
 5      alexander@dovel.com
        Counsel for the Deponent
 6
        JEFFREY J. CORRIGAN, ESQ.
 7      JEFFREY SPECTOR, ESQ.
        SPECTOR ROSEMAN & KODROFF PC
 8      2001 Market Street
        Suite 3420
 9      Philadelphia, Pennsylvania  19103
        jcorrigan@srkattorneys.com
10      (215) 496-0300
        Counsel for the hospital plaintiffs
11
        ANDREW D. LAZEROW, ESQ.
12      ANNA BOBROW, ATTORNEY AT LAW
        COVINGTON & BURLING LLP
13      850 Tenth Street, NW
        Washington, D.C.  20001
14      (202) 662-5081
        alazerow@cov.com
15      Counsel for Intuitive Surgical Inc.
16      DONNY K. SAMPORNA, ESQ.
        HALEY GUILIANO LLP
17      111 North Market Street
        Suite 900
18      San Jose, California  95113
        (669) 213-1080
19      donny.samporna@hglaw.com
        Counsel for Surgical Instrument Service, Incorporated
20
21      ALSO PRESENT:
22      WILL DAVIS, LEGAL VIDEOGRAPHER
23
24
25
```

HIGHLY CONFIDENTIAL

Page 98

1         MR. CORRIGAN:  Okay.  So I'm going to -- I'm
2    sorry to the court reporter -- well, actually, I don't
3    need to know because I am going to reveal this
4    document, and it looks like this is going to be
5    Plaintiff's Document 204.  So I'm marking this as
6    Document 204.
7         Q.  Do you see that Mr. Hamilton?
8             (Deposition Exhibit 204 was marked for
9             identification.)
10            THE WITNESS:  I see a 204.  I presume I click
11   on either the document name or the number?
12   BY MR. CORRIGAN:
13        Q.  Yeah.
14        A.  Never mind.  It's coming up now.  I see it
15   now.
16        Q.  I just hit the magic button saying, "Show
17   this document to the witness."
18            Do you recognize that document?
19        A.  Oh, yes.
20        Q.  What document is that?
21        A.  This is the -- this is the later -- this is
22   July '22 -- I don't know, but this was the letter that
23   we received that Anthony Lee sent to walk back this --
24   the term I would use, the earlier E-mails that we were
25   looking at that were in that chain, after other people

1  in the FDA, including higher level people got
2  involved, then we received this letter to kind of walk
3  back a term decision, implying that FDA had made a
4  regulatory determination, which they had not.
5       Q.  In your mind, how does this E-mail affect all
6  the other E-mails that you read earlier with
7  Mr. Lazerow?
8       A.  It negates anything that they were appearing
9  to do with respect to a regulatory determination or
10 regulatory enforcement, and that was made clear in the
11 last meeting that the timing was before this, and that
12 included some fairly high people in the FDA.  And it
13 was clear that the walk back was occurring and that
14 only an informal assessment was made.  The materials
15 were limited, meaning that those statements that were
16 made by Dr. Lee saying, "I think you didn't do this or
17 that" were based on not even actually seeing any of
18 that information, and informal communications do not
19 represent formal position and do not bind or otherwise
20 obligate or commit the agency to the views expressed,
21 meaning there was nothing for Rebotix to appeal at
22 this time.
23          So what had happened is we were going to
24 appeal this because we felt like we had some very,
25 very good reasons to appeal what Anthony Lee was

Page 100

1  saying, but again, he was just a -- not a particularly
2  high level person.  He was saying a lot of things that
3  then got walked back, and you can see the result.
4           MR. CORRIGAN:  Thank you, Mr. Hamilton.
5  That's all the questions I have for now.
6           THE WITNESS:  Okay.
7
8                    FURTHER EXAMINATION
9  BY MR. LAZEROW:
10     Q.  Mr. Hamilton, by the time that Rebotix
11  received this E-mail that we're looking at on
12  Plaintiff's Exhibit 204 from Mr. Lee, had Rebotix
13  decided that it was proceeding with plans to submit a
14  510(k) application?
15     A.  There was discussion of it.  There was no
16  decision, and there was no actual activity to -- to
17  submit.
18     Q.  After this E-mail, am I right, Rebotix
19  decided that it would proceed with plans to submit a
20  510(k) application?
21           MR. ERWIG:  Objection to form.
22           THE WITNESS:  No.
23  BY MR. LAZEROW:
24     Q.  Can you look please, sir, at Document No. 9
25  in your folder of hard copy documents, marked Document