# EXHIBIT 3

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3  Before The Honorable Araceli Martinez-Olguin, District Judge
 4
 5 SURGICAL INSTRUMENT SERVICE    )
   COMPANY, INC.,                 )
 6                                )
           Plaintiff,             )
 7                                )
   vs.                            )  No. C 21-03496-AMO
 8                                )
   INTUITIVE SURGICAL, INC.,      )  Related Case:
 9                                )
           Defendants.            )  No. C 21-03825-AMO
10 _____)
11                                   San Francisco, California
                                      Friday, June 7, 2024
12
13  TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
              RECORDING 2:22 - 3:06 = 44 MINUTES
14
   APPEARANCES:
15
   For Plaintiffs:
16                              McCaulley Law Group
                                180 North Wabash Avenue
17                              Suite 601
                                Chicago, Illinois 60601
18                         BY:  RICHARD T. MCCAULLEY, JR.,
                                  ESQ.
19
                                Spector Roseman & Kodroff,
20                                P.C.
                                2001 Market Street, Suite 3420
21                              Philadelphia, Pennsylvania
                                  19103
22                         BY:  JEFFREY J. CORRIGAN, ESQ.
                                CHRIS BATEMAN, ESQ.
23
24
25          (APPEARANCES CONTINUED ON NEXT PAGE)
```

```
                                                                    2
 1  APPEARANCES:  (Cont'd.)

 2  For Defendants:

 3                              Paul, Weiss, Rifkin, Wharton
                                  & Garrison, LLP
 4                              535 Mission Street
                                24th Floor
 5                              San Francisco, California
                                  94105
 6                         BY:  JOSHUA HILL, JR., ESQ.

 7                              Paul, Weiss, Rifkin, Wharton
                                  & Garrison, LLP
 8                              2001 K Street, NW
                                Washington, D.C. 20006
 9                         BY:  KENNETH A. GALLO, ESQ.

10                              Paul, Weiss, Rifkind, Wharton
                                  & Garrison, LLP
11                              1285 Avenue of the Americas
                                New York, New York 10019
12                         BY:  WILLIAM MICHAEL, ESQ.

13                              Covington & Burling, LLP
                                Floor 54
14                              415 Mission Street
                                San Francisco, California
15                                94105
                           BY:  SONYA D. WINNER, ESQ.
16
    Transcribed by:             Echo Reporting, Inc.
17                              Contracted Court Reporter/
                                Transcriber
18                              echoreporting@yahoo.com

19

20

21

22

23

24

25
```

1  do.  Right, two cases.  You're two separate cases.  And, in
2  fact, I have questions for you all about -- and I think
3  these in the end will be mostly -- mostly these questions
4  may be directed to -- to Mr. Gallo and his colleagues about
5  the request of how the timing between the two cases works
6  out.  We'll have questions for you all about that, but I
7  just -- I think I'm going to start with my questions for the
8  folks that are -- that are doing -- that are in the In Re Da
9  Vinci and the Hospital Plaintiffs because I just am -- in
10 some ways it -- you all -- it feels cleaner to me right now
11 just because you have a schedule and you're working through
12 things and no one's asking to go to trial immediately in
13 that case.  So -- so, I just -- here's the pieces that I
14 wanted -- here are the pieces that I wanted to discuss with
15 you all.
16      I note that at least with regard to discovery, in that
17 -- in that case, both Plaintiffs and Defendants agree that
18 there is some -- well, you agree that some discovery -- and
19 the scope of it seems to me might be like it might -- seems
20 it might be a small dispute between you.  But I do note that
21 you all say that you want more discovery.
22      I guess I want to ask both of you, and I'll ask you
23 first, Mr. McCaulley, if you intend -- if you're going to
24 move -- when you intend to move for leave to take more
25 discovery or if you all are talking about stipulating about

```
 1  that, just where is it at?
 2          MR. MCCAULLEY:  I think your Honor may be
 3  misunderstanding.
 4          THE COURT:  Okay.
 5          MR. MCCAULLEY:  I'm with SIS, and we -- we don't
 6  -- we believe that discovery is closed, been closed for a
 7  long time.  We don't have any need for further discovery.
 8  If we caused a misunderstanding, I apologize.
 9          THE COURT:  I'm so sorry.  I have that you weren't
10  completely opposed to minimal narrowly tailored discovery.
11  Is -- that's what's in your statement.  Is that incorrect
12  with regard to -- is -- I'm so sorry.  I'm just -- Mr.
13  McCaulley, you're completely right.  That's a question for
14  Mr. Corrigan.
15         Mr. Corrigan, yes, apologies.  There is a typo -- or,
16  I'm sorry.  I'm just misreading my own notes.  Mr. Corrigan,
17  I understand you all are not opposed to a little bit more
18  discovery in your case.
19          MR. CORRIGAN:  Well, that might be -- that might
20  be a little strong, your Honor.  What we say is we're -- we
21  believe di minimus additional discovery may be necessary.
22          THE COURT:  All right.
23          MR. CORRIGAN:  I mean, when I say di minimus, we
24  mean di minimus.  So, I --
25          THE COURT:  So, here's --
```

1          MR. CORRIGAN:  I'm sorry.
2          THE COURT:  Yeah, go ahead.
3          MR. CORRIGAN:  Go ahead.
4          THE COURT:  No, that's okay.  Go ahead.
5          MR. CORRIGAN:  Just elaborating on what I just
6  said.  And, so, we -- Defendant has not really posed
7  anything to us in terms -- in concrete.  So, instead of just
8  rejecting it out of hand, we said some may be necessary but
9  it's unlikely that we think any is necessary, and if any
10 was, it would be very very minimal.
11         THE COURT:  All right.  So, I guess my question
12 for you all -- and, again, I apologize, Mr. McCaulley, for
13 directing the question to you.
14     My question for you all is -- is essentially ultimately
15 about whether you all are talking about it and, if you are,
16 whether you think you're -- whether you're going to move to
17 reopen discovery, even for limited purposes, or if you're
18 just going to reach a stipulation between you all about
19 that.  And it's fine if you don't have an answer.  I just
20 want to get a feel for where you all are with that.
21         MR. MCCAULLEY:  I think from --
22         MR. GALLO:  I'm -- your Honor
23         MR. MCCAULLEY:  Go ahead, Ken.  I think it's more
24 a question for you.
25         THE COURT:  Well it's not --

1             MR. GALLO:  I assume we're still --
2             THE COURT:  Hold on, hold on, hold on, hold on.
3    So, here's what we're -- maybe -- as you all may have seen
4    from the earlier one, unfortunately, I -- I'm trying to just
5    deal with the Hospital Plaintiffs' case right now, Mr.
6    McCaulley.  So, I know.  I'll come back to you all and
7    discovery in just a moment.
8         So, Mr. Corrigan, I apologize.  I'm the one that
9    brought you in in the first place.  That's my fault.  But,
10   Mr. Corrigan and Mr. Gallo, where are you all in talking
11   about whether or not additional discovery will be taken in
12   this case, in -- in the Hospital Plaintiffs case?
13            MR. GALLO:  Your Honor, I'm happy to address that
14   if it's okay with Mr. Corrigan.  I don't want to cut him
15   off.  Okay.
16        So, your Honor, I think there's just two open issues.
17   I think it's fair to characterize it as we are in
18   discussions.  We are conferring, and I would propose that we
19   continue to confer, and we don't know whether there will be
20   any dispute or not.
21        The two areas that I have in my mind that there may
22   have to be additional discovery are the following.  One is
23   we got the Plaintiffs' class certification papers late last
24   night, you know, midnight last night.  I haven't even,
25   frankly, had a chance to review them, but I know that we got

11

1  a 470-page expert declaration, and I have in my mind the
2  possibility that there could conceivably be some limited
3  discovery before we file our class certification brief, but
4  I don't know that.  I just -- you asked, and I'm just trying
5  to be responsive to your question.  I don't even know that.
6       The second thing I have -- and this will come up in --
7  when we turn to the SIS case as well in mind -- is that by
8  the time the Hospital case were to get to trial, after we go
9  through class certification and if -- and you -- the Court
10 sets a trial date let's assume in 2025, fact and expert
11 discovery will have been closed for two and a half years.
12 And, in my experience, it's common in big antitrust cases
13 like this for there to have to be some narrow targeted
14 supplemental discovery.  For example, damages reports will
15 be two years old or two and a half years old.  Most of the
16 times the plaintiffs want to update their damages reports.
17 The defendants want to respond.
18      There may have been things that occurred in the
19 marketplace that one side or the other thinks is important
20 to put on in evidence at trial and, therefore, may wish to
21 disclose it to the other side, and that may lead to targeted
22 discovery.
23      So, when we raised this with Mr. Corrigan and his
24 colleagues, they said quite reasonably, We'll see.  But
25 right now, they -- they don't -- they're certainly not

agreeing to anything, and I think it would be premature to bother the Court with it at this point.

   THE COURT:  If I'm understanding you right -- well, let me ask, Mr. Corrigan, is there anything you want to add before I ask another question?

   MR. CORRIGAN:  No, your Honor.  That sounds right.

   THE COURT:  Okay.  Okay.  The -- the unfair questions the Court always has, which is I appreciate you all not bringing it to me now if it doesn't need to be in front of me now.

 I'm curious.  It sounds like at least one of those is related to the class cert motion.  So, you will be taking care of that sooner rather than later.  I -- I leave that in your good hands.  I mean, I -- I sort of want to ask the unfair question of when, but, you know, you all can sort that out at some point.  If you agree to things, it makes -- you know this.  It makes it all a lot easier.

 All right.  So, the other question that I have for the -- for Mr. Corrigan and Mr. Gallo and any of their colleagues who may want to jump in, but let me leave it with them for the time being, is just about ADR, right.  I understand you all have -- I -- I just want to ask because you -- I do it in -- well, you know, this is not an initial Case Management Conference.  But, nonetheless, I feel the need to ask whether anyone wants a referral to any of the