1  Kenneth A. Gallo (*pro hac vice*)
   Paul D. Brachman (*pro hac vice*)
2  **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
   2001 K Street, NW
3  Washington, DC  20006-1047
   Telephone:  (202) 223-7300
4  Facsimile:  (202) 204-7420
   Email: kgallo@paulweiss.com
5  Email: pbrachman@paulweiss.com

6  William B. Michael (*pro hac vice*)
   Crystal L. Parker (*pro hac vice*)
7  Daniel A. Crane (*pro hac vice*)
   **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
8  1285 Avenue of the Americas
   New York, NY 10019-6064
9  Telephone:  (212) 373-3000
   Facsimile:  (212) 757-3990
10 Email: wmichael@paulweiss.com
   Email: cparker@paulweiss.com
11 Email: dcrane@paulweiss.com

12 Joshua Hill Jr. (SBN 250842)
   **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
13 535 Mission Street, 24th Floor
   San Francisco, CA 94105
14 Telephone:  (628) 432-5100
   Facsimile:  (628) 232-3101
15 Email: jhill@paulweiss.com

16 *Attorneys for Defendant Intuitive Surgical, Inc.*

17 [Additional counsel listed on signature page]

18                    **UNITED STATES DISTRICT COURT**

19                    **NORTHERN DISTRICT OF CALIFORNIA**

20                         **SAN FRANCISCO DIVISION**

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC.,<br>    *Plaintiff*,<br>v.<br>INTUITIVE SURGICAL, INC.,<br>    *Defendant*. | Case No. 3:21-cv-03496-AMO<br><br>**OMNIBUS SEALING MOTION IN CONNECTION WITH DEFENDANT'S MOTION FOR LIMITED SUPPLEMENTAL DISCOVERY**<br><br>The Honorable Araceli Martínez-Olguín |

**MOTION AND NOTICE OF MOTION**

Pursuant to Civil Local Rules 7-11 and 79-5, and the Joint Stipulation and Order Regarding Omnibus Sealing Procedures, Dkt. 242, Defendant Intuitive Surgical, Inc. ("Intuitive") hereby files this Omnibus Sealing Motion (the "Motion to Seal") in connection with certain documents submitted in support of or in opposition to Defendant's Motion for Limited Supplemental Discovery (the "Motion").

**I.    BACKGROUND**

Intuitive filed its Motion on August 12, 2024. Dkt. 244. In support of its Motion, Intuitive cited to certain materials that had been marked "Confidential" pursuant to the operative Protective Order, Dkt. 78 (as modified by Dkt. 107), and filed those materials under seal. The confidential materials filed under seal in support of Intuitive's Motion include:

- The expert report of Richard F. Bero, damages expert for Plaintiff Surgical Instrument Service Company, Inc. ("SIS"), Dkt. 243-2;

- Excerpts from the transcript of the deposition of Greg Posdal, Rule 30(b)(6) designee for SIS, Dkt. 243-3;

- Excerpts from the transcript of the deposition of Rick Ferreira, an owner of non-party Alliance Healthcare Partners, Dkt. 243-4;

- Excerpts from the transcript of the deposition of Keith Johnson, Rule 30(b)(6) designee for SIS, Dkt. 243-5;

- Excerpts from the transcript of the deposition of Kevin May, an employee of non-party Restore Robotics LLC, Dkt. 243-6;

Intuitive also filed its Motion under seal because the Motion quoted from and described the sealed confidential materials listed above. Dkt. 243-1. Finally, Intuitive also filed under seal as an exhibit to its Motion a letter sent to counsel for SIS on June 24, 2024, which cites from the Bero expert report and from the Posdal deposition. Dkt. 243-7.

On August 26, 2024, SIS filed its Opposition to the Motion. Dkt. 246 (the "Opposition"). In support of its Opposition, SIS cited to certain materials that had been marked "Confidential" or "Highly Confidential" pursuant to the operative Protective Order, Dkt. 78 (as

modified by Dkt. 107), and filed those materials under seal.  The confidential materials filed under seal in support of SIS's Opposition include:

- A November 8, 2022, settlement agreement between Intuitive and Rebotix Repair LLC ("Rebotix"), Dkt. 245-2;

- A January 23, 2023, settlement agreement between Intuitive, on the one hand, and Restore Robotics LLC and Restore Robotics Repairs LLC (collectively, "Restore"), on the other hand, Dkt. 245-3; and

- Excerpts from the transcript of the deposition of Clif Parker, an employee of non-party Restore, Dkt. 245-4.

SIS also submitted under seal a partially redacted version of its Opposition, which quoted from and described the sealed materials listed above.  Dkt. 245-1.

On September 3, 2024, Intuitive filed its Reply in Support of the Motion. Dkt. 250 (the "Reply").  In support of its Reply, Intuitive cited to certain materials that had been marked "Confidential" pursuant to the operative Protective Order, Dkt. 78 (as modified by Dkt. 107), and filed those materials under seal.  The confidential materials filed under seal in support of the Reply include:

- Additional excerpts from the transcript of the deposition of Rick Ferreira, Dkt. 249-2;

- Excerpts from the transcript of the deposition of David Rosa, an Intuitive employee, Dkt. 249-3; and

- Additional excerpts from the transcript of the deposition of Greg Posdal, Dkt. 249-4.

Intuitive also submitted the Reply itself under seal, because it quoted from and described confidential materials cited in support of and in opposition to the Motion.  Dkt. 249-1.

Pursuant to the Joint Stipulation and Order Regarding Omnibus Sealing Procedures, Dkt. 242, the materials described above were filed under seal pursuant to interim sealing motions.  Intuitive and SIS have since conferred with each other and with the non-parties whose confidential materials are at issue, and now submit this motion setting forth each party's position with respect to the treatment of its own confidential materials.

## II.  LEGAL STANDARD

Parties seeking to seal documents relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety* v. *Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of providing "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana* v. *City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006).  However, documents relating to motions that are "not related, or only tangentially related, to the merits of a case," *Ctr. for Auto Safety*, 809 F.3d at 1099, are subject to the lower "good cause" standard of Rule 26(c).  *Kamakana*, 447 F.3d at 79.  Rule 26(c), in turn, provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed."  Fed. R. Civ. P. 26(c).

## III.  ARGUMENT

### A.  Intuitive's Request to Seal Intuitive Documents

Intuitive seeks to maintain two documents under seal:  its settlement agreements with Rebotix (Dkt. 245-2) and with Restore (Dkt. 245-3), respectively, each of which Intuitive marked "Highly Confidential-AEO" pursuant to the Stipulated Protective Order in this matter, Dkt. 78 (as modified by Dkt. 107).[1]  "Numerous courts in this district have recognized the importance of protecting confidential settlement communications and materials 'in order to promote settlement' and have concluded that this general policy satisfies the more demanding 'compelling reasons' standard to seal judicial records," and thus have granted motions to seal settlement agreements.  *Milliner* v. *Mutual Secs., Inc.*, 2021 WL 2645794, at *5 (N.D. Cal. June 28, 2021) (collecting cases); *see also Phillips ex rel. Estates of Byrd* v. *Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) ("[C]ourts have granted protective orders to protect confidential settlement agreements."); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods.*

---

[1] Intuitive does not seek to maintain under seal the excerpts from the deposition of David Rosa that it submitted with its Reply, Dkt. 249-3.

*Liab. Litig.*, 2020 WL 2425792, at *4 (N.D. Cal. May 12, 2020) (granting motion to seal settlement agreements and recognizing that "[c]ourts in this district have recognized that the 'general policy of protecting settlement negotiations and communications in order to promote settlement' satisfies the compelling reasons standard" (quoting *Celgard, LLC* v. *Targray Tech. Int'l Inc.*, 2019 WL 3841997, at *2 (N.D. Cal. Aug. 15, 2019))); *United Tactical Sys., LLC* v. *Real Action Paintball, Inc.*, 2015 WL 13390186, at *3 (N.D. Cal. Nov. 10, 2015) ("Confidential settlements benefit society and the parties involved by resolving disputes relatively quickly, with slight judicial intervention, and presumably result in greater satisfaction to the parties." (quoting *Kalinauskas* v. *Wong*, 151 F.R.D. 363, 365 (D. Nev. 1993) (alteration omitted))).[2]

As set forth in the attached declaration of Kara Andersen Reiter, the parties to the Restore and Rebotix settlement agreements engaged in confidential settlement negotiations and incorporated broad confidentiality provisions into the finalized settlement agreements. Reiter Decl. ¶ 4. *See Milliner*, 2021 WL 2645794, at *5 ("The parties' inclusion of the confidentiality provision in the settlement agreement itself supports the conclusion that they intended to keep the settlement agreement confidential and out of the public record."). Intuitive accordingly treats these agreements as highly confidential. Reiter Decl. ¶ 4. Furthermore, there is no public interest in these settlement agreements, which are between private parties and involve a private dispute. *See Milliner*, 2021 WL 2645794, at *6 (citing *Facebook, Inc.* v. *ConnectU, Inc.*, 2008 WL 11357787, at *3–4 (N.D. Cal. July 2, 2008)).

Accordingly, Intuitive respectfully requests that the two settlement agreements be sealed in their entirety, as each is a fully integrated document and the terms as a whole are confidential. Further, Intuitive requests that the Court maintain under seal the proposed redacted

---

[2] Of note, the two settlement agreements at issue are not agreements that were entered in *this case*. Rather, they are settlements from *other* cases that were produced to SIS by Intuitive during discovery. That fact distinguishes other circumstances in which courts have declined to seal settlement agreements entered into by the parties to a particular case to resolve that case, which the Court needed to approve in order for the settlement to take effect. *Cf., e.g., Luo* v. *Zynga, Inc.*, 2013 WL 5814763, at *3 (N.D. Cal. Oct. 29, 2013); *Bernstein* v. *Target Stores, Inc.*, 2013 WL 5807581, at *3 (N.D. Cal. Oct. 28, 2013); *Select Portfolio Servicing* v. *Valentino*, 2013 WL 1800039, at *2–3 (N.D. Cal. Apr. 29, 2013).

portions of the Opposition[3] (indicated with highlighting in Exhibit A to this motion, which was originally filed by SIS under seal at Dkt. 245-1 and publicly with redactions implemented at Dkt. 246) and Reply (indicated with highlighting in Exhibit B to this motion, which was originally filed by Intuitive under seal at Dkt. 249-1 and publicly as a slipsheet at Dkt. 250), as indicated in the attached proposed order, in order to maintain the confidentiality of the settlement agreements, for the reasons set forth above.  *See, e.g.*, *Doe* v. *Apple Inc. Health & Welfare Benefit Plan*, 2023 WL 2021697, at *2 (N.D. Cal. Feb. 15, 2023) (approving redactions to brief in support of motion that referenced terms of a sealed settlement agreement, which if not redacted would reveal the terms of the agreement).

**B.     SIS's Request to Seal SIS Documents**

Counsel for Intuitive conferred with counsel for SIS, who represented that SIS does not seek to maintain under seal any of its materials submitted in connection with the Motion, Opposition, or Reply.  *See* Dkt. 243-2, 243-3, 243-5, 243-7, 249-4.

**C.     Third-Party Requests to Seal Third-Party Documents**

There are two non-parties who have designated material as confidential that was filed in connection with the Motion, Opposition, and Reply:  Alliance Healthcare Partners, and Restore.  Counsel for Intuitive conferred with counsel for these non-parties, who represented that neither seeks to maintain under seal any of their materials submitted in connection with the Motion, Opposition, or Reply.  *See* Dkt. 243-4, 243-6, 245-4, 249-2.

Because neither SIS nor any non-party has sought to seal the portions of their confidential materials cited in the Motion, Intuitive does not seek to permanently seal the Motion, Dkt. 243-1, which was filed under seal solely to protect confidential information of SIS, Alliance Healthcare Partners, and Restore.

---

[3] Intuitive disputes SIS's characterization of the contents of the settlement agreements and SIS's speculation about the parties' motivation for entering into the settlement agreements.  Nevertheless, because SIS's Opposition refers to the confidential content of the settlement agreements, Intuitive seeks to redact those references for the reasons described herein.

## IV. CONCLUSION

For the forgoing reasons, SIS and Intuitive respectfully requests that the Court seal the material identified in the attached proposed order.

Dated:  September 17, 2024

By: */s/ Kenneth A. Gallo*
    Kenneth A. Gallo

Kenneth A. Gallo (*pro hac vice*)
Paul D. Brachman *(pro hac vice)*
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 204-7420
Email: kgallo@paulweiss.com
Email: pbrachman@paulweiss.com

William B. Michael (*pro hac vice*)
Crystal L. Parker (*pro hac vice*)
Daniel A. Crane (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email: wmichael@paulweiss.com
Email: cparker@paulweiss.com
Email: dcrane@paulweiss.com

Joshua Hill Jr. (SBN 250842)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:  (628) 432-5100
Facsimile:  (628) 232-3101
Email: jhill@paulweiss.com

Sonya D. Winner (SBN 200348)
**COVINGTON & BURLINGTON LLP**
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone:  (415) 591-6000
Facsimile:  (415) 591-6091
Email: swinner@cov.com

Kathryn E. Cahoy (SBN 298777)
**COVINGTON & BURLINGTON LLP**
3000 El Camino Real
5 Palo Alto Square, 10th Floor

|    |    |
|----|----|
| 1  | Palo Alto, California 94306-2112 |
| 2  | Telephone: (650) 632-4700 |
|    | Facsimile: (650) 632-4800 |
| 3  | Email: kcahoy@cov.com |
| 4  |    |
| 5  | Andrew Lazerow (*pro hac vice*) |
|    | **COVINGTON & BURLINGTON LLP** |
| 6  | One City Center 850 Tenth Street NW |
|    | Washington DC 20001-4956 |
| 7  | Telephone: (202) 662-6000 |
|    | Facsimile: (202) 662-6291 |
| 8  | Email: alazerow@cov.com |
| 9  | Allen Ruby (SBN 47109) |
|    | **ALLEN RUBY, ATTORNEY AT LAW** |
| 10 | 15559 Union Ave. #138 |
|    | Los Gatos, California 95032 |
| 11 | Telephone: (408) 477-9690 |
|    | Email: allen@allenruby.com |
| 12 |    |
| 13 | *Attorneys for Defendant Intuitive Surgical, Inc.* |

# CERTIFICATE OF SERVICE

I, Kenneth A. Gallo, hereby certify that on September 17, 2024, I caused a true and correct copy of the foregoing Omnibus Sealing Motion in Connection with Defendant's Motion for Limited Supplemental Discovery, which was this day filed under provisional seal, to be electronically filed via the Court's Electronic Case Filing System and served via email on counsel of record for Surgical Instrument Service Company, Inc, and on non-parties Restore Robotics LLC's and Alliance Healthcare Partners' counsel, Jeffrey Berhold, via electronic mail.

Dated: September 17, 2024          By: /s/ Kenneth A. Gallo
                                       Kenneth A. Gallo

                                       *Attorney for Intuitive Surgical, Inc.*