# Exhibit A

1  | Kenneth A. Gallo (*pro hac vice*)
   | Paul D. Brachman (*pro hac vice*)
2  | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
   | 2001 K Street, NW
3  | Washington, DC  20006-1047
   | Telephone: (202) 223-7300
4  | Facsimile: (202) 204-7420
   | Email: kgallo@paulweiss.com
5  | Email: pbrachman@paulweiss.com

6  | William B. Michael (*pro hac vice*)
   | Crystal L. Parker (*pro hac vice*)
7  | Daniel A. Crane (*pro hac vice*)
   | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
8  | 1285 Avenue of the Americas
   | New York, NY 10019-6064
9  | Telephone: (212) 373-3000
   | Facsimile: (212) 757-3990
10 | Email: wmichael@paulweiss.com
   | Email: cparker@paulweiss.com
11 | Email: dcrane@paulweiss.com

12 | Joshua Hill Jr. (SBN 250842)
   | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
13 | 535 Mission Street, 24th Floor
   | San Francisco, CA 94105
14 | Telephone: (628) 432-5100
   | Facsimile: (628) 232-3101
15 | Email: jhill@paulweiss.com

16 | *Attorneys for Defendant Intuitive Surgical, Inc.*

17 | [Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC., <br><br> *Plaintiff*, <br> v. <br><br> INTUITIVE SURGICAL, INC., <br><br> *Defendant*. | Case No. 3:21-cv-03496-AMO <br><br> **DEFENDANT'S SUPPLEMENTAL REPLY IN SUPPORT OF MOTION FOR LIMITED SUPPLEMENTAL DISCOVERY** <br><br> Date:  September 26, 2024 <br> Time:  2:00 p.m. <br> Courtroom:  10 <br><br> The Honorable Araceli Martínez-Olguín |

Defendant Intuitive submits this further brief in support of its Motion for Limited Supplemental Discovery, Dkt. 244, to bring to the Court's attention a complaint filed on September 18, 2024 in the Northern District of Florida by Restore Robotics Repairs LLC against Intuitive.  *See* Compl., *Restore Robotics Repairs LLC* v. *Intuitive Surgical, Inc.*, No. 3:24-cv-00444 (N.D. Fla. Sept. 18, 2024), ECF No. 1 ("Restore Compl.", Michael Decl. Ex. 1).  Restore's Complaint confirms why proceeding to trial in this case without discovery as to key events in the marketplace during the past two years would prejudice Intuitive, and accordingly why Intuitive's Motion should be granted.

SIS seeks tens of millions of dollars in damages for "lost profits" on "repairs" of X/Xi EndoWrists starting in 2020, even though SIS had no ability to provide such "repairs."  The Restore Complaint directly impeaches SIS's claim that Intuitive prevented SIS from entering the X/Xi EndoWrist business.  Whereas SIS and its experts assert that Restore had begun working on technology to break the encryption on X/Xi EndoWrists as early as *January 2020*, and SIS would have been the beneficiary of that work, *see* Dkt. 244-3 at 31–32, Restore alleges it did not even start to "evaluate options" for such technology until *February 2023*, and that before then it was "unknown" whether anyone would be able to bypass X/Xi encryption, Restore Compl. ¶ 72.

The Restore Complaint likewise directly impeaches SIS's assertion that Intuitive "forced" Restore and other third parties to seek FDA clearance to remanufacture EndoWrists. Dkt. 246 ("Opp.") at 6, 9.  Contrary to SIS's argument, Restore, in its Complaint, confirms that Restore *chose* to seek FDA clearance to remanufacture an S/Si EndoWrist in 2022, confirms that Restore *chose* to seek an additional FDA clearance for X/Xi EndoWrists in 2023, and alleges that but-for Intuitive's conduct, Restore would have made the same choices to seek FDA clearance, only *sooner*.  Restore Compl. ¶¶ 67, 73, 74.

In summary, the Restore Complaint establishes that SIS's inability to reset X/Xi EndoWrists, and failure to pursue a business of FDA-cleared EndoWrist remanufacturing during the period for which SIS seeks damages, were the results of SIS's own choices.  It is thus no wonder that SIS is trying so hard to avoid discovery on these issues—including from Restore.  If deposed, Restore presumably will need to choose between either abandoning its newly-filed

1  complaint, or impeaching SIS's attempt to blame Intuitive for the consequences of SIS's own
2  choices.  SIS should not be allowed to avoid that result by simply pretending that events since
3  the close of fact discovery in 2022 do not exist or, worse still, relying on its own counterfactual
4  version of such events while blocking discovery of real-world facts that undermine its claims.

5  To be clear, Intuitive believes the claims asserted in Restore's Complaint are without
6  merit, and will address those claims in due course.  The relevant point for this Motion is simply
7  that the Restore Complaint further illustrates the need for supplemental discovery as to the topics
8  Intuitive has identified, including:  (1) efforts, or lack thereof, by SIS and its alleged "technology
9  partners," Opp. at 5–6, including Restore, to compete since 2022 by offering FDA-cleared
10 remanufactured EndoWrists, and (2) efforts since 2022 by the same third parties to break the
11 encryption on Intuitive's X/Xi EndoWrist instruments, which SIS alleges was an additional and
12 ongoing anticompetitive restraint giving rise to damages.  *See* Dkt. 244 at 3–5.

13 SIS argues that discovery regarding FDA-cleared remanufacturing is irrelevant because
14 Intuitive supposedly "forced" Restore and Rebotix to pursue the FDA clearance "path."  Opp. at
15 9.  In its Complaint, however, Restore alleges the opposite:  that not only was Restore not
16 "forced" by Intuitive to seek FDA clearance, but that if it had not been for Intuitive's contracts
17 (the same as SIS challenges in this case), Restore would have "sought and received clearance
18 from the FDA to remanufacture X/Xi EndoWrists" sooner—"as early as January 2021."  Restore
19 Compl. ¶ 74.  Further, Restore alleges that having succeeded in obtaining FDA clearance to
20 remanufacture one EndoWrist device (in 2022), Restore just last month—after Intuitive filed this
21 motion for supplemental discovery—"submitted its application for clearance by the FDA to
22 market and sell X/Xi EndoWrists remanufactured for a second cycle of uses."  *Id.* ¶ 73.

23 While Intuitive disputes that its contracts imposed any restraint on the ability of Restore
24 or anyone else (including SIS) to seek FDA clearance, at any time, the fact that Restore has now
25 actually sought FDA clearance twice—despite alleging that Intuitive "never amended the
26 language" of its contracts, *id.* ¶ 76—is highly relevant to multiple issues in this case and warrants
27 supplemental discovery.  *See* Dkt. 244 at 11–12; Dkt. 250 at 9–10.
28

SIS also argues that Intuitive should not be allowed discovery of the X/Xi encryption issue because Rebotix had already figured out how to break the encryption before the close of discovery in 2022, and Restore was "a hundred percent confident" that it could do so. Opp. at 6. SIS's damages expert, Richard Bero, relied on such testimony in his report, stating that "Restore started developing the Xi use counter reset in January 2020." Dkt. 244-3 at 31–32. But Restore's Complaint again directly contradicts SIS's assertions, as well as the testimony that Restore's own witnesses previously gave in this case. *See* Dkt. 246-13 at 141:14–142:25.

Specifically, Restore alleges that it was not until February 24, 2023 that "Restore started the process *to evaluate options* for trying to achieve the technological capability to reset the usage limits on the X/Xi EndoWrists," and it was not until September 15, 2023—almost four years later than SIS's expert claimed—that "Restore launched the expensive and risky process to try to bypass or override the encrypted memory chip on the X/Xi EndoWrists." Restore Compl. ¶ 72 (emphasis added). Far from being "a hundred percent confident" that it could bypass the X/Xi encryption, Restore now claims that before its prior litigation against Intuitive ended in January 2023—which is *after* the close of fact discovery in this case—"it was unknown whether *anyone* would be able to bypass or override the encrypted memory chip on the X/Xi EndoWrists," and there was a "significant risk of failure." *Id.* ¶ 70 (emphasis added).[1]

Restore's Complaint thus makes allegations that directly contradict SIS's version of how the marketplace has evolved in the past two years. But without supplemental discovery on events since fact discovery closed, Intuitive will not be able effectively to contest SIS's version at trial, or—at best—would be put to the highly prejudicial choice of using Restore's recent, untested allegations to do so. Intuitive, the Court, and the jury should not be put in the situation of either (a) having to accept SIS's untested, counterfactual version of recent events, or (b) pretending that time has stood still since the end of 2022. Intuitive respectfully requests that the Court grant the Motion for Limited Supplemental Discovery.

---

[1] Further, contrary to SIS's assertion that Rebotix already "figured out" how to break into X/Xi chips as of 2022, Restore alleges that as of February 2024 Restore itself was "the first and only independent service organization" to have "achieve[d]" that "technological capability." *Id.* ¶ 72.

- 3 -

| | | |
|---|---|---|
| 1 | Dated:  September 20, 2024 | By: /s/ *Kenneth A. Gallo* |
| 2 | | Kenneth A. Gallo |

Kenneth A. Gallo (*pro hac vice*)
Paul D. Brachman (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 204-7420
Email: kgallo@paulweiss.com
Email: pbrachman@paulweiss.com

William B. Michael (*pro hac vice*)
Crystal L. Parker (*pro hac vice*)
Daniel A. Crane (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: wmichael@paulweiss.com
Email: cparker@paulweiss.com
Email: dcrane@paulweiss.com

Joshua Hill Jr. (SBN 250842)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101
Email: jhill@paulweiss.com

Sonya D. Winner (SBN 200348)
**COVINGTON & BURLINGTON LLP**
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Email: swinner@cov.com

Kathryn E. Cahoy (SBN 298777)
**COVINGTON & BURLINGTON LLP**
3000 El Camino Real

- 4 -
Supplemental Reply in Support of Motion for Limited Supplemental Discovery
3:21-cv-03496-AMO

5 Palo Alto Square, 10th Floor
Palo Alto, California 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: kcahoy@cov.com

Andrew Lazerow (*pro hac vice*)
**COVINGTON & BURLINGTON LLP**
One City Center 850 Tenth Street NW
Washington DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: alazerow@cov.com

Allen Ruby (SBN 47109)
**ALLEN RUBY, ATTORNEY AT LAW**
15559 Union Ave. #138
Los Gatos, California 95032
Telephone: (408) 477-9690
Email: allen@allenruby.com

*Attorneys for Defendant*
*Intuitive Surgical, Inc.*

**CERTIFICATE OF SERVICE**

On September 20, 2024, I caused a copy of Intuitive's Supplemental Reply in Support of Motion for Limited Supplemental Discovery to be electronically filed via the Court's Electronic Case Filing System, which pursuant to the Court's order of September 29, 2008, constitutes service in this action on counsel of record for Surgical Instrument Service Company, Inc.

Dated: September 20, 2024         By: */s/ Kenneth A. Gallo*
                                      Kenneth A. Gallo