Kenneth A. Gallo (*pro hac vice*)
Paul D. Brachman (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 204-7420
Email: kgallo@paulweiss.com
Email: pbrachman@paulweiss.com

William B. Michael (*pro hac vice*)
Crystal L. Parker (*pro hac vice*)
Daniel A. Crane (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email: wmichael@paulweiss.com
Email: cparker@paulweiss.com
Email: dcrane@paulweiss.com

Joshua Hill Jr. (SBN 250842)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:  (628) 432-5100
Facsimile:  (628) 232-3101
Email: jhill@paulweiss.com
*Attorneys for Defendant Intuitive Surgical, Inc.*
[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC., | Case No. 3:21-cv-03496-AMO |
| *Plaintiff*, | **DEFENDANT'S PROPOSED JURY VERDICT FORM** |
| v. | The Honorable Araceli Martínez-Olguín |
| INTUITIVE SURGICAL, INC., | |
| *Defendant*. | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Section II.A.3 of the Court's Schedule and Pretrial Order, Dkt. 235, Intuitive respectfully submits below its proposed jury verdict form. The parties have been unable to reach agreement on the content of the proposed verdict form. Intuitive respectfully requests that the Court adopt its proposed jury verdict form and reject SIS's.

Intuitive's verdict form refers the jury to the specific parts of the Court's jury instructions that apply to each claim, and also provides step-by-step directions as to how the jury should proceed through the form. This is similar to the approach taken by the court in another recent tying case, *see* Verdict Sheet, *AngioDynamics, Inc.* v. *C.R. Bard, Inc.*, No. 1:17-cv-00598 (N.D.N.Y. Oct. 6, 2022), ECF No. 474, and is appropriate in a case like this one involving multiple claims with multiple elements. SIS's proposed verdict form, by contrast, does not include references to any particular jury instructions, and instead asks the jury to render a verdict only by reference to the "instructions given."

SIS's proposed questions themselves are also misleading and likely to induce error, by referring to some—but not all—of the elements of particular claims. For example, SIS's question regarding its exclusive dealing claim asks whether "Intuitive's agreements with hospitals substantially foreclosed hospitals from purchasing replacement and repaired EndoWrist Instruments," but this is both incorrect and incomplete. SIS seems to be confusing two different elements of an exclusive dealing claim—proof of an agreement that is actually exclusive, and proof that the agreement substantially forecloses competition in the relevant market—while making no mention of other elements, including proof of market power in a properly defined relevant market.

SIS also proposes no special interrogatories, which are encouraged in cases like this one. *See Berkey Photo Inc.* v. *Eastman Kodak Co*., 603 F.2d 263, 279 (2d Cir. 1979) (urging use of special verdicts or interrogatories to the jury in "large and complex cases" to resolve issues, reduce probability of "laborious and expensive retrial," and facilitate appellate review); *Pac. W.*

*Cable Co.* v. *City of Sacramento*, 672 F. Supp. 1322, 1326 (E.D. Cal. 1987) (quoting same). Intuitive proposes two special interrogatories at the outset of the form to determine whether the jury has found that SIS proved that each of its proposed relevant markets is a proper antitrust market. If the jury answers "No" to either of these questions, then it cannot find for SIS on any of its antitrust claims. Accordingly, Intuitive submits that it is appropriate to ask the jury these threshold questions before it proceeds to answer any others in the form.

The parties' verdict forms also differ in their treatment of SIS's tying claim, in two important ways. *First*, SIS proposes to ask the jury to decide its tying claim under the *per se* rule, as well as the rule of reason. For the reasons set forth in Intuitive's separately filed Trial Brief and Brief in Support of Disputed Jury Instructions, SIS should not be permitted to present any theory of *per se* illegality to the jury. *Second*, SIS proposes to omit any mention of a business justification defense. The jury should be instructed on that defense for the reasons set forth in Intuitive's Brief in Support of Disputed Jury Instructions, and it should be the subject of a separate question as it was in the *AngioDynamics* verdict form.

Finally, SIS's proposed verdict form suggests that Intuitive's common law unfair competition claim should rise or fall with its Lanham Act claim, which is incorrect for the reasons set forth in Intuitive's Brief in Support of Disputed Jury Instructions. Instead, the jury should determine whether Intuitive has proved that claim by evaluating the elements of the claim itself.

Intuitive's proposed verdict form is set out below.

**Please deliberate and answer the Questions below.[1]**

### SIS'S CLAIMS

### Question 1

Did SIS prove, by a preponderance of the evidence, that there is a relevant market limited to surgical robots used in minimally invasive soft tissue (or "MIST") surgery in the United States?

Yes_____          No_____

### Question 2

Did SIS prove, by a preponderance of the evidence, that there is a relevant aftermarket limited to EndoWrist repair and replacement in the United States?

Yes_____          No_____

**If you answered "No" to either Question 1 or Question 2, then SIS has not proved any of its claims and you are finished with your deliberations with respect to all of SIS's claims; you must proceed to Question 10 to begin your deliberations regarding Intuitive's claims.  If you answered "Yes" to both Question 1 and Question 2, then you must proceed to Question 3.**

### Question 3

Did SIS prove, by a preponderance of the evidence, all of the elements of an unlawful tying arrangement, according to the elements set forth in Instructions _____ of the Court's Jury Instructions?

Yes_____          No_____

**If you answered "No" to Question 3, then SIS has not proved its tying claim and you are finished with your deliberations with respect to this claim; you must proceed to Question 5 to begin your deliberations regarding SIS's exclusive dealing claim.  If you answered "Yes" to Question 3, then you must go on to answer Question 4.**

---

[1] Throughout this draft verdict form, placeholders have been left for references to particular jury instructions, pending finalization from the Court as to the instruction numbering.

1

## Question 4

2

Did Intuitive prove, by a preponderance of the evidence, a business justification for the alleged tying arrangement, according to Instruction _____ of the Court's Jury Instructions?

3

4

Yes_____          No_____

5

**If you answered "Yes" to <u>Question 4</u>, then SIS has not proved its tying claim and you are finished with your deliberations with respect to this claim.  If you answered "No" to <u>Question 4</u>, then you must address SIS's injury and damages in <u>Question 9</u> and <u>Question 10</u>.  Either way, you must first proceed to <u>Question 5</u> to begin your deliberations regarding SIS's exclusive dealing claim.**

6

7

8

9

## Question 5

10

Did SIS prove, by a preponderance of the evidence, all of the elements of an unlawful exclusive dealing arrangement, according to the elements set forth in Instructions _____ of the Court's Jury Instructions?

11

12

13

Yes_____          No_____

14

**If you answered "No" to <u>Question 5</u>, then SIS has not proved its exclusive dealing claim and you are finished with your deliberations with respect to this claim.  If you answered "Yes" to <u>Question 5</u>, then you must address SIS's injury and damages in <u>Question 8</u> and <u>Question 9</u>.  Either way, you must first proceed to <u>Question 6</u> to begin your deliberations regarding SIS's monopolization claim.**

15

16

17

18

## Question 6

19

Did SIS prove, by a preponderance of the evidence, all of the elements of unlawful monopolization, according to the elements set forth in Instructions _____ of the Court's Jury Instructions?

20

21

Yes_____          No_____

22

**If you answered "No" to <u>Question 6</u>, then SIS has not proved its monopolization claim and you are finished with your deliberations with respect to this claim.  If you answered "Yes" to <u>Question 6</u>, then you must address SIS's injury and damages in <u>Question 8</u> and <u>Question 9</u>.  Either way, you must first proceed to <u>Question 7</u> to begin your deliberations regarding SIS's attempted monopolization claim.**

23

24

25

26

27

28

1

2     **Question 7**

3     Did SIS prove, by a preponderance of the evidence, all of the elements of unlawful attempted monopolization, according to the elements set forth in Instructions _____ of the Court's Jury Instructions?

4

5                    Yes_____                No_____

6     **If you answered "No" to Question 7, then SIS has not proved its attempted monopolization claim and you are finished with your deliberations with respect to this claim.  If you answered "Yes" to Question 7, then you must address SIS's injury and damages in Question 8 and Question 9.**

7

8

9     **Question 8**

10    **If your answers to the prior Questions have resulted in a finding that SIS has not proved any of its claims, then you are finished with you deliberations with respect to SIS's claims and you must proceed to Question 10 to begin your deliberations regarding Intuitive's claims.  Otherwise, you must answer this Question.**

11

12

13    Did SIS prove, by a preponderance of the evidence, all of the elements of injury and causation, according to the elements set forth in Instructions _____ of the Court's Jury Instructions?

14

15                   Yes_____                No_____

16

17    **If you answered "No" to Question 8, then SIS has not proved any of its claims and you are finished with your deliberations with respect to SIS's claims; you must proceed to Question 10 to begin your deliberations regarding Intuitive's claims.  If you answered "Yes" to Question 8, then you must go on to answer Question 9.**

18

19

20    **Question 9**

21    What amount, if any, do you award to SIS as compensatory damages for its claims, in accord with Instructions _____ of the Court's Jury Instructions?

22

23                    _____

24    **You have now completed your deliberations with respect to SIS's claims.  You must now proceed to Question 10 to begin your deliberations regarding Intuitive's claims.**

25

26

27

28

1

## **INTUITIVE'S CLAIMS**

2

### **Question 10**

3
4

Did Intuitive prove, by a preponderance of the evidence, all of the elements of unfair competition and false advertising under the Lanham Act, according to Instruction _____ of the Court's Jury Instructions?

5
6

Yes_____          No_____

7
8
9

**If you answered "No" to <u>Question 10</u>, then Intuitive has not proved its claim for unfair competition and false advertising under the Lanham Act, and you are finished with your deliberations with respect to this claim. If you answered "Yes" to <u>Question 10</u>, then you must address Intuitive's damages in <u>Question 13</u>. Either way, you must proceed to <u>Question 11</u> to begin your deliberations regarding Intuitive's claim for unfair competition.**

10
11

### **Question 11**

12
13

Did Intuitive prove, by a preponderance of the evidence, all of the elements of unfair competition, according to the elements set forth in Instructions _____ of the Court's Jury Instructions?

14

Yes_____          No_____

15
16
17
18

**If you answered "No" to <u>Question 11</u>, then Intuitive has not proved its unfair competition claim and you are finished with your deliberations with respect to this claim. If you answered "Yes" to <u>Question 11</u>, then you must address Intuitive's damages in <u>Question 13</u>. Either way, you must first proceed to <u>Question 12</u> to begin your deliberations regarding Intuitive's tortious interference with contract claim.**

19

### **Question 12**

20
21
22

Did Intuitive prove, by a preponderance of the evidence, all of the elements of tortious interference with contract, according to the elements set forth in Instructions _____ of the Court's Jury Instructions?

23

Yes_____          No_____

24
25
26

**If you answered "No" to <u>Question 12</u>, then Intuitive has not proved its tortious interference with contract claim and you are finished with your deliberations with respect to this claim. If you answered "Yes" to <u>Question 12</u>, then you must go on to address Intuitive's damages in <u>Question 13</u>.**

27
28

- 6 -

1

## **Question 14**

2   **If your answers to the prior Questions have resulted in a finding that Intuitive has not
    proved any of its claims, then you are finished with you deliberations with respect to**
3   **Intuitive's claims.  Otherwise, you must answer this Question.**

4

5   What amount, if any, do you award to Intuitive as compensatory damages for its claims, in
    accord with Instructions _____ of the Court's Jury Instructions?

6

7                    _____

8

9   **You have now completed your deliberations with respect to Intuitive's claims.**

10  **The Foreperson should sign and date this Verdict Form and inform the Court Security
    Officer that a unanimous verdict has been reached.**

11

12

13  Dated:_____        By: _____

14                                            Jury Foreperson

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

On October 28, 2024, I caused a copy of Defendant's Proposed Jury Verdict Form to be electronically filed via the Court's Electronic Case Filing System, which pursuant to the Court's order of September 29, 2008, constitutes service in this action on counsel of record for Surgical Instrument Service Company, Inc.

Dated:  October 28, 2024                    By:  */s/ Kenneth A. Gallo*
                                                          Kenneth A. Gallo

- 8 -
DEFENDANT'S PROPOSED JURY VERDICT FORM
Case No. 3:21-cv-03496-AMO