PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

NEW YORK      LOS ANGELES
BEIJING       SAN FRANCISCO
BRUSSELS      TOKYO
HONG KONG     TORONTO
LONDON        WILMINGTON

DIRECT DIAL: (202) 223-7356
EMAIL: KGALLO@PAULWEISS.COM

November 11, 2024

**By ECF**

Hon. Araceli Martínez-Olguín
U.S. District Court, Northern District of California
Courtroom 10
450 Golden Gate Avenue
San Francisco, CA 94102

        Re:    *Surgical Instrument Service Company, Inc.* v. *Intuitive Surgical, Inc.*, No. 3:21- cv-03496-AMO (N.D. Cal.)

Dear Judge Martínez-Olguín:

    We represent Defendant Intuitive Surgical, Inc. ("Intuitive") in the above-captioned matter. We write to object to two documents that Plaintiff Surgical Instrument Service Company, Inc. ("SIS") filed on November 6, 2024, Dkts. 284, 285, in violation of this Court's Schedule and Pretrial Order ("Order"), Dkt. 235. For the reasons below, both filings should be stricken.[1]

    The first document, SIS's "First Amendments to the Trial Exhibit List," Dkt. 284, lists **214 additional documents** that SIS seeks to add to the Trial Exhibit List, over a week after the Court-ordered deadline. SIS gave no notice to Intuitive that it would be filing this supplemental list, made no attempt to meet and confer before doing so, and has offered no reason why these documents were not included on the joint Trial Exhibit List the parties filed on October 28, 2024. Nor did SIS seek relief from the Court-ordered deadline, or leave of Court to submit these hundreds of additional trial exhibits. SIS's submission is untimely, improper, and should be stricken.

    The Court's Schedule and Pretrial Order ("Order") required the parties to file a joint Trial Exhibit List by October 28, 2024. Dkt. 235 § II.A.1(d). In advance of that deadline, the parties exchanged proposed exhibits and objections thereto,[2] and filed their joint Trial Exhibit List on the deadline. Dkt. 278-2. None of the 214 documents that SIS now includes in its "First Amendments" were identified to Intuitive as part of the parties' pre-filing exchanges or to the Court in the October 28 joint filing. Intuitive thus has had no opportunity to review these documents and no opportunity to object to them. In addition, Intuitive had no opportunity to address these documents in its motions *in limine*, because SIS identified them for the first time

---

[1] We are raising this dispute by letter pursuant to Your Honor's Individual Rule I.2.b, so as to promptly bring this matter to the Court's attention in advance of the Final Pretrial Conference set for November 25, 2024. *See also* 9/26/24 Hr'g Tr. at 36:24–37:9.

[2] The Court's Order also required each party to file its own objections to exhibits on October 28, 2024. Dkt. 235 § II.A.7. Intuitive did so. Dkt. 277. SIS filed its objections two days after the deadline, on October 30, 2024, without seeking leave of Court. Dkt. 281.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Araceli Martínez-Olguín        2

more than a week after the deadline for serving those motions. *See* Dkt. 235 § II.B. A preliminary review of the new documents suggests that nearly all contain inadmissible hearsay that should be excluded for the reasons explained in Intuitive's *in limine* motions,[3] and they may be objectionable for other reasons. Intuitive should not be put to the burden of filing a whole new round of objections to hundreds of new exhibits after the deadline for pretrial filings has already passed.

To be clear, in a large and complex case like this one, it is to be expected that at some point before or even during trial, either or both of the parties might seek Court approval to amend or supplement their exhibit lists in *some* respect. For example, it is possible that a small number of new exhibits may be identified in response to pre-trial or trial developments. But there is no legitimate reason for SIS to add 214 new exhibits to its list after the Court-ordered deadline for filing exhibit lists has passed. SIS's untimely attempt to amend the Joint Exhibit List should be stricken, and SIS should not be permitted to use these documents at trial.[4]

SIS separately filed on November 6 a "List of Third Party Documents" that it "contends are authentic and constitute business records." Dkt. 285. SIS claims that it is filing these documents "[p]ursuant to . . . Section D.2" of the parties' Joint Proposed Pretrial Order. *Id.* That is incorrect. In Section D.2 of the Pretrial Order, the parties agreed and stipulated that a specific list of documents attached as Appendix A to the Pretrial Order were authentic and constituted business records. Dkt. 278 § D.2; Dkt. 278-1. Intuitive identified *those* documents to SIS on **September 9, 2024**, over one month in advance of the deadline for filing the Joint Pretrial Order. The parties thereafter met and conferred and SIS *agreed* that the documents contained in Appendix A to the Joint Pretrial Order were authentic business records. By contrast, SIS did *not* identify the documents contained in its "List of Third Party Documents" to Intuitive and the parties have not met and conferred about them. The parties thus have *not* agreed and stipulated that these documents are authentic or that they constitute business records, and they are *not* subject to the parties' stipulation in Section D.2 of the Pretrial Order. Indeed, while Intuitive has not objected to any of these exhibits on authenticity grounds, it has objected to several of them on the basis that they contain inadmissible hearsay. *See* Dkt. 277. Intuitive does not waive any of these objections.

Respectfully submitted,

*/s/ Kenneth A. Gallo*

Kenneth A. Gallo

cc:    All counsel of record (by ECF)

---

[3] Pursuant to the Court's Schedule and Pretrial Order, *in limine* motions will be filed on November 11, 2024. Dkt. 235 § II.B.

[4] If the Court does allow the amendments proposed by SIS, Intuitive respectfully requests it be afforded sufficient time to review and lodge objections to SIS's additional trial exhibits. By this filing, Intuitive waives no objections to the underlying documents. Intuitive also reserves the right to use any of the new documents listed on cross-examination of SIS witnesses.