# EXHIBIT B

**MCCAULLEY LAW GROUP LLC**
JOSHUA V. VAN HOVEN (CSB No. 262815)
E-Mail: josh@mccaulleylawgroup.com
3001 Bishop Dr., Suite 300
San Ramon, California 94583
Telephone: 925.302.5941

RICHARD T. MCCAULLEY (*pro hac vice*)
E-Mail: richard@mccaulleylawgroup.com
180 N. Wabash Avenue, Suite 601
Chicago, Illinois 60601
Telephone: 312.330.8105

*Attorneys for Plaintiff and Counter-Defendant,*
SURGICAL INSTRUMENT SERVICE COMPANY, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC.,<br><br>*Plaintiff/Counter-Defendant,*<br><br>v.<br><br>INTUITIVE SURGICAL, INC.<br><br>*Defendant/Counterclaimant.* | CASE NO. 3:21-CV-03496-AMO<br><br>Honorable Araceli Martínez-Olguín<br><br>**PLAINTIFF SIS's MOTION IN LIMINE #2** |

**TABLE OF CONTENTS**

**RELIEF REQUESTED** ................................................................................................................. 1

**INTRODUCTION** ........................................................................................................................ 1

**ARGUMENT** ................................................................................................................................ 2

    Legal Standards - Motions in Limine ................................................................................ 2

    Admissibility of Relevant Evidence Under Federal Rules of Evidence 401 and 402 ........................................................................................................................................... 3

    Evidence Regarding Intuitive's Unclean Hands Affirmative Defense is Irrelevant Because It Cannot Bar SIS's Antitrust Claims As a Matter of Law and Should Be Excluded Under Fed. R. Evid. 402 ............................................................................... 3

**CONCLUSION** ............................................................................................................................. 5

## **TABLE OF AUTHORITIES**

**Federal Statutes**
Food, Drug, and Cosmetic Act .................................................................................................... 2
Lanham Act .............................................................................................................................. 1, 2
Sherman Act 15 U.S.C. § 1 ......................................................................................................... 1
Sherman Act 15 U.S.C. § 2 ......................................................................................................... 1

**Federal Rules**
Federal Rule of Evidence 401 ................................................................................................. 1, 3
Federal Rule of Evidence 402 .................................................................................................... 3

**State Statutes**
California's False Advertising Law ............................................................................................ 2
California's Unfair Competition Law ........................................................................................ 2

**United States Supreme Court Cases**
*Kiefer-Stewart Co. v. Joseph E. Seagram & Sons*,
  340 U.S. 211 (1951) ................................................................................................................. 3
*Luce v. United States*,
  469 U.S. 38 (1984) ................................................................................................................... 3
*Perma Life Mufflers, Inc. v. International Parts Corp.*,
  392 U.S. 134 (1968) ................................................................................................................. 5

**Federal Cases**
*Memorex Corp. v. Int's Bus. Machines Corp.*,
  555 F.2d 1379 (9th Cir.1977) ........................................................................................... 3, 4, 5
*United States v. Heller*,
  551 F.3d 1108 (9th Cir. 2009) ................................................................................................. 3
*United States v. Lewis*,
  493 F. Supp. 3d 858 (C.D. Cal. 2020) ..................................................................................... 3

*Altair Instruments, Inc. v. Telebrands Corp.*,
  2021 WL 5238787 (C.D. Cal. Feb. 18, 2021) ......................................................................... 3
*Broadcom Corp. v. Qualcomm Inc.*,
  2009 WL 650576 (S.D. Cal. March 11, 2009) ........................................................................ 3

**RELIEF REQUESTED**

Plaintiff, Surgical Instrument Service Company, Inc. ("SIS") hereby moves in limine to exclude all testimony[1], evidence, and argument regarding Defendant, Intuitive Surgical, Inc.'s ("Intuitive") First Affirmative Defense of Unclean Hands.[2] This evidence is irrelevant under Fed. R. Evid. 401 as a matter of law.

**INTRODUCTION**

In its Complaint in this case (Dkt. 1), SIS alleges several antitrust violations. Dkt. 204 p. 8. SIS claims that Intuitive has engaged in exclusionary conduct (i.e., imposing various restraints on its customers) which is anticompetitive and unfairly destroyed competition. Id. More specifically, SIS claims Intuitive is violating Sherman Act 15 U.S.C. Section 1 through its use of agreements containing contract provisions that unreasonably restrain trade, namely: illegal tying (Dkt. 1, Count I ¶¶ 111-113); and illegal exclusive dealing (Dkt. 1, Count II ¶¶ 114-116). SIS also claims that Intuitive is violating Sherman Act 15 U.S.C. Section 2 by engaging in unlawful monopolization (Dkt. 1, Count III ¶¶ 117-119) and/or attempted monopolization of the aftermarket for repaired / replacement EndoWrist instruments (Dkt. 1, Count IV ¶¶ 120-122).

Besides the antitrust claims, SIS claimed that Intuitive is engaging in Unfair Trade Practices in violation of the Lanham Act. Dkt. 1, Count V ¶¶ 123-126. SIS raised two Lanham Act claims based on two sets of Intuitive statements: that SIS's services require FDA approval and that SIS's services violate Intuitive's intellectual property rights. Dkt. 204 p. 8.

Judge Chhabria granted Intuitive's motion to dismiss, in part, as to SIS's Lanham Act claim but only as directed to Intuitive's statements that SIS's services violate Intuitive's intellectual property rights. Dkt. 70 pp. 9, 12.

Intuitive filed an answer to SIS's complaint in which Intuitive asserted one affirmative

---

[1] For purposes of this motion, "testimony" includes lay person and expert testimony presented at trial either live or through video recordings of deposition testimony.

[2] Intuitive's First Affirmative Defense alleges: "SIS's claims are barred, in whole or in part, by the doctrine of unclean hands because SIS has acted contrary to applicable FDA regulations and/or engaged in other misconduct, including tortious interference with Intuitive's contracts and business relationships." Doc. 75 p. 39.

1  defense (unclean hands) and five counterclaims against SIS: unfair competition and false
2  advertising claim under the Lanham Act (Count 1) and its derivative claims for violation of
3  California's Unfair Competition Law (Count 2), violation of California's False Advertising
4  Law (Count 3), common law unfair competition (Count 4), and tortious interference with
5  contract. Dkt. 75 pp. 39-65; Dkt. 204 pp. 8-9.

6      SIS later moved for partial summary judgment, asking, *inter alia*, the Court to grant
7  summary judgment on Intuitive's unclean hands affirmative defense as it relates to the FDA.
8  Dkt. 127 pp. 4-6. Intuitive moved for summary judgment, asking, *inter alia*, the Court to grant
9  summary judgment as to SIS's Lanham Act claim premised on the alleged falsity of statements
10 regarding the necessity of Section 510(k) clearance for aftermarket EndoWrist services. Dkt.
11 137 p. 25.

12     The Court granted SIS's motion for summary adjudication on Intuitive's affirmative
13 defense of unclean hands to the extent it relies on proving a violation of the FDCA. Dkt. 204
14 pp.14, 19; Dkt. 240, Exhibit A p. 1. The Court held that Intuitive could not base an unclean
15 hands defense on the assertion that SIS violated FDA regulations. Id. But, Intuitive's unclean
16 hands affirmative defense was not dismissed to the extent it is predicated on other conduct
17 alleged in paragraph 85, subparts (i)-(iv) and (vi) through (ix) of Intuitive's Answer,
18 Affirmative Defense and Counterclaims (Dkt. 75). Id. The Court granted Intuitive's motion
19 for summary judgment as to SIS's Lanham Act and dismissed that claim, leaving only SIS's
20 antitrust claims. Dkt. 204 pp. 15, 19.

21     Accordingly, the present posture of the case is that SIS's antitrust claims will proceed to
22 trial and Intuitive apparently intends to affirmatively defend against those antitrust claims
23 based on the doctrine of unclean hands predicated on conduct unrelated to FDA approval, to
24 the extent alleged in paragraph 85, subparts (i)-(iv) and (vi) through (ix) of its Answer (Dkt.
25 75).

26                               **ARGUMENT**
27     <u>Legal Standards - Motions in Limine</u>
28     "A motion in limine is a procedural mechanism to limit in advance testimony or evidence

in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Motions in limine are vehicles by which a court may exclude inadmissible or prejudicial evidence before it is "actually offered." *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Motions in limine "avoid the futile attempt of unringing the bell when jurors have seen or heard inadmissible evidence, even when stricken from the record"; "streamline trials, by settling evidentiary disputes in advance and by minimizing side-bar conferences and other disruptions at trial"; and "permit more thorough briefing and argument on evidentiary issues than would be likely during trial." *Altair Instruments, Inc. v. Telebrands Corp.*, 2021 WL 5238787, at *1 (C.D. Cal. Feb. 18, 2021) (cleaned up). "[M]otions in limine must identify the evidence at issue and state with specificity why such evidence is inadmissible." *United States v. Lewis*, 493 F. Supp. 3d 858, 861 (C.D. Cal. 2020) (cleaned up) (citation omitted).

<u>Admissibility of Relevant Evidence Under Federal Rules of Evidence 401 and 402</u>

Federal Rule of Evidence 402 provides that "[r]elevant evidence is admissible" unless the U.S. Constitution, a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme Court" provide otherwise. Fed. R. Evid. 402. Evidence is "relevant" if: (1) "it has any tendency to make a fact more or less probable than it would be without the evidence"; and (2) "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

<u>Evidence Regarding Intuitive's Unclean Hands Affirmative Defense is Irrelevant Because It Cannot Bar SIS's Antitrust Claims As a Matter of Law and Should Be Excluded Under Fed. R. Evid. 402</u>

As the Ninth Circuit has affirmed, "[t]he defense of unclean hands does not apply to antitrust claims." *Memorex Corp. v. Int's Bus. Machines Corp.*, 555 F.2d 1379, 1381–84 (9th Cir.1977); *Broadcom Corp. v. Qualcomm Inc.,* 2009 WL 650576, * 11 (S.D. Cal. March 11, 2009). Indeed, the Ninth Circuit stated that " 'Unclean hands' has not been recognized as a defense to an antitrust action for many years." *Id.* at 1381 (citing *Kiefer-Stewart Co. v. Joseph E. Seagram & Sons*, 340 U.S. 211 (1951)).

Intuitive's "unclean hands" defense refers to alleged wrongdoing by SIS against it and

as such, is co-extensive with and analogous to its counterclaims. *See Memorex*, 555 F.2d at 1382. As to this type of affirmative defense, the Ninth Circuit in *Memorex* stated:

> But the same considerations which led the Supreme Court to abolish these traditional equitable defenses are present here. A defendant who violates the antitrust laws has committed a public wrong. A private wrong done by a potential plaintiff should not prevent that party, who may be the only party with standing to sue, from taking action under the antitrust laws.
>
> Accordingly, we hold that illegality is not to be recognized as a defense to an antitrust action when the illegal acts by the plaintiff are directed against the defendant. A wrongful act committed against one who violates the antitrust laws must not become a shield in the violator's hands against operation of the antitrust laws. This is particularly true when the defendant has other remedies available to him.

*Memorex*, 555 F.2d at 1382.

In this case, the alleged unfair competition, false advertising, and tortious interference with contract allegations are not, as a matter of law, a bar to SIS's antitrust action. Intuitive's violations of the antitrust laws are not immunized because of SIS's alleged wrongdoing.[3] "This rule is based upon important public policy grounds." *Memorex,* 555 F.2d at 1382.

> "The purposes of the antitrust laws are best served by insuring that the private action will be an ever-present threat to deter anyone contemplating business behavior in violation of the antitrust laws. The plaintiff who reaps the reward of treble damages may be no less morally reprehensible than the defendant, but the law encourages his suit to further the overriding public policy in favor of competition. A more fastidious regard for the relative moral worth of the parties would only result in seriously undermining the usefulness of the private action as a bulwark of antitrust enforcement. And permitting the plaintiff to recover a windfall

---

[3] In fact, Intuitive has asserted counterclaims against SIS for these same claims, which the Ninth Circuit in *Memorex* stated was the proper course. *Memorex*, 555 F.2d at 1382.

gain does not encourage continued violations by those in his position since they remain fully subject to civil and criminal penalties for their own illegal conduct."
*Id.* (quoting *Perma Life Mufflers, Inc. v. International Parts Corp.*, 392 U.S. 134, 139 (1968)). The Ninth Circuit continues "to side with the goal of vigorous enforcement of our antitrust laws." *Id.* at 1383.

## CONCLUSION

For the foregoing reasons, Plaintiff SIS respectfully requests that the Court grant this motion in limine #2, excluding all testimony, and argument regarding Defendant Intuitive's First Affirmative Defense of Unclean Hands.

Dated: October 28, 2024

McCAULLEY LAW GROUP LLC
By:     */s/ Joshua Van Hoven*
        JOSHUA V. VAN HOVEN

E-Mail: josh@mccaulleylawgroup.com
3001 Bishop Dr., Suite 300
San Ramon, California 94583
Telephone: 925.302.5941

RICHARD T. MCCAULLEY (*pro hac vice*)
E-Mail: richard@mccaulleylawgroup.com
180 N. Wabash Avenue, Suite 601
Chicago, Illinois 60601
Telephone: 312.330.8105

*Attorneys for Plaintiff and Counter-Defendant,*
SURGICAL INSTRUMENT SERVICE
COMPANY, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2024, I caused a copy of the foregoing **PLAINTIFF SIS's MOTION IN LIMINE #2**, to be electronically to be served *via* electronic mail to counsel of record:

**Crystal Lohmann Parker**
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
212-373-3000
Email: cparker@paulweiss.com

**Joshua Hill , Jr.**
Paul, Weiss, Rifkind, Wharton & Garrison LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
(628) 432-5123
Email: jhill@paulweiss.com

**Kenneth A. Gallo**
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street NW
Washington, DC 20006-104 7
202-223-7356
Fax: 202-204-7356
Email: kgallo@paulweiss.com

**Paul David Brachman**
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K St., NW
Washington, DC 20006
202-223-7440
Email: pbrachman@paulweiss.com

**William Michael**
Paul, Weiss, Rifkind, Wharton and Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
212-373-3000
Email: WMichael@paulweiss.com

**Allen Ruby**
Attorney at Law
15559 Union Ave. #138
Los Gatos, CA 95032
408-4 77-9690
Email: allen@allenruby.com

**Andrew David Lazerow**
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
202-662-5081
Email: alazerow@cov.com

**Kathryn Elizabeth Cahoy**
Covington & Burling LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
650-632-4700
Email: kcahoy@cov.com

**Sonya Diane Winner**
Covington & Burling LLP
Floor 54
415 Mission Street
San Francisco, CA 94105-2533
(415) 591-6000
Email: swinner@cov.com

Dated: October 28, 2024      By:   */s/ Joshua Van Hoven*
                                   JOSHUA V. VAN HOVEN