Kenneth A. Gallo (*pro hac vice*)
Paul D. Brachman (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: pbrachman@paulweiss.com

William B. Michael (*pro hac vice*)
Crystal L. Parker (*pro hac vice*)
Daniel A. Crane (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email: wmichael@paulweiss.com
Email: cparker@paulweiss.com
Email: dcrane@paulweiss.com

Joshua Hill Jr. (SBN 250842)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:  (628) 432-5100
Facsimile:  (628) 232-3101
Email: jhill@paulweiss.com

*Attorneys for Defendant Intuitive Surgical, Inc.*

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>*Defendant*. | Case No. 3:21-cv-03496-AMO<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE REFERENCES TO OTHER LITIGATION AND SETTLEMENTS**<br><br>Date:  November 25, 2024<br>Time:  11:00 a.m.<br>Courtroom:  10<br><br><br>The Honorable Araceli Martínez-Olguín |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 25, 2024 at 11:00 a.m., or as soon thereafter as this matter may be heard before the Honorable Araceli Martínez-Olguín, District Judge in the United States District Court for the Northern District of California, at 450 Golden Gate Avenue, Courtroom 10, 19th Floor, San Francisco, CA 94102, Defendant Intuitive Surgical, Inc. ("Intuitive") will and hereby does move the Court for an order:  (1) prohibiting Plaintiff SIS from either introducing evidence that Intuitive has been sued by other parties in other cases or referring to other litigations and settlements involving Intuitive, including the litigation and settlement in *Restore Robotics LLC* v. *Intuitive Surgical, Inc.*, No. 5:19-cv-00055 (N.D. Fla.), the litigation and settlement in *Rebotix Repair LLC* v. *Intuitive Surgical, Inc.*, No. 8:20-cv-02274 (M.D. Fla.), the still-pending litigation in *Restore Robotics Repairs LLC* v. *Intuitive Surgical, Inc.*, No. 3:24-cv-00444 (N.D. Fla.), and the still-pending putative class action litigation against Intuitive in *In re: Da Vinci Surgical Robot Antitrust Litigation*, No. 3:21-cv-03825-VC (N.D. Cal.); and (2) requiring the parties to redact any references to other litigation or settlements in any documents or deposition designations.

The relief Intuitive seeks through this Motion is authorized by the Federal Rules of Evidence, including but not limited to Rules 401, 402, 403, and 408, and applicable case law. This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the accompanying Declaration of Paul D. Brachman and attached exhibits, other filings in this matter, and the oral argument of counsel.

**PRELIMINARY STATEMENT**

SIS has indicated that it plans to try to prejudice the jury against Intuitive in this case by introducing evidence that Intuitive has been sued by other parties in other cases. For example, SIS has included on its exhibit list for trial both the complaint that Restore Robotics filed against Intuitive in 2019, and the settlement agreement resolving that litigation in 2023. That is completely improper. The jury should decide this case based on the relevant and probative record evidence, not based on unproven allegations made by other parties or the fact that another case was settled out of court. Furthermore, if SIS were permitted to refer to other litigations and settlements involving Intuitive, then the trial in this case would inevitably devolve into a series of trials-within-a-trial of those other cases—which would be a waste of time and would only serve to further confuse the jury. For all these reasons, and as set out below, the Court should preclude SIS from referring to other resolved or unresolved lawsuits against Intuitive, including the litigation and settlement in *Restore Robotics LLC* v. *Intuitive Surgical, Inc.*, No. 5:19-cv-00055 (N.D. Fla.), the litigation and settlement in *Rebotix Repair LLC* v. *Intuitive Surgical, Inc.*, No. 8:20-cv-02274 (M.D. Fla.), the still-pending litigation in *Restore Robotics Repairs LLC* v. *Intuitive Surgical, Inc.*, No. 3:24-cv-00444 (N.D. Fla.), and the still-pending putative class action litigation against Intuitive in *In re: Da Vinci Surgical Robot Antitrust Litigation*, No. 3:21-cv-03825-VC (N.D. Cal.).[1]

**ARGUMENT**

Courts in this Circuit and others have consistently precluded parties from making references at trial to other litigations on the grounds that such references are both irrelevant and unduly prejudicial, and are thus inadmissible under Rules 401, 402 and 403. *See, e.g.*, *Hill* v. *Novartis Pharm. Corp.*, 944 F. Supp. 2d 943, 952–53 (E.D. Cal. 2013) (excluding "argument or evidence about other litigation" because it was "irrelevant" and "would be confusing"); *In re Homestore.com, Inc. Sec. Litig.*, 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011) (granting motion

---

[1] To the extent there are references to other litigation or settlements in any documents or deposition designations discussing other matters (such as, for example, in Intuitive's public SEC filings), the Court should order the parties to redact such references.

*in limine* because "reference to or evidence of Plaintiff's involvement in other litigation prior to this Action is also irrelevant and carries with it a high risk of prejudice"); *Buonanoma* v. *Sierra Pacific Power Co.*, 2010 WL 3724254, *5 (D. Nev. Sept. 16, 2010) ("Introducing evidence of other lawsuits against [defendant] could unfairly bias the jury against [defendant] for [wrongful] acts that did not take place in this case and confuse the jury into thinking it could hold [defendant] liable in this action for alleged wrongs in other actions."); *Rondor Music Int'l Inc.* v. *TVT Records LLC*, 2006 WL 5105272, at *10 (C.D. Cal. Aug. 21, 2006) (holding that reference to a prior unrelated case "is unnecessary and would potentially result in unfair prejudice to plaintiffs or confusion of the issues"); *Gillis* v. *Murphy-Brown, LLC*, 2018 WL 5831994, at *2 (E.D.N.C. Nov. 7, 2018) ("The danger of allowing evidence of other lawsuits is obvious--a jury might be tempted into punishing a defendant for behavior for which it is not on trial.").

This risk of prejudice is especially acute where—as in *Restore* and *Rebotix*—a prior case has resulted in a settlement. As the court found in *RCHFU, LLC* v. *Marriott Vacations Worldwide Corp.*, "[e]vidence that defendants have entered into settlements with other plaintiffs in similar circumstances to resolve similar claims creates a substantial risk of injecting unfair prejudice into the trial, as the jury may construe such evidence as defendants' acceptance of fault or wrongdoing." 445 F. Supp. 3d 1327, 1334 (D. Colo. 2020). The court further noted that "such evidence would have little probative value in this case, where the issues concern whether defendants acted wrongfully with regards to [the specific plaintiffs in that case] and whether *these* plaintiffs suffered damages." *Id.* (emphasis in original). *See also IV Sols., Inc.* v. *United Healthcare Servs., Inc.*, 2014 WL 5846805, at *3 (C.D. Cal. Nov. 12, 2014) (granting motion *in limine* to exclude evidence of a settlement because "presentation of evidence regarding that litigation . . . would create almost certain prejudice to [defendant]").

Here, evidence of resolved and unresolved antitrust lawsuits against Intuitive has no probative value, and the potential for unfair prejudice, waste of time, and jury confusion cannot reasonably be disputed. The mere existence of these other suits is irrelevant to the questions presented in this case. If SIS were permitted to introduce evidence of those other lawsuits and the allegations made therein, Intuitive would be forced to offer evidence that those lawsuits and

allegations lack merit, which would "lead to a series of mini-trials that would likely confuse and mislead the jury from the task at hand of evaluating [SIS's] claims in this case and result in a waste of time and judicial resources." *Smith* v. *E-backgroundchecks.com, Inc.*, 2015 WL 11233453, at *2 (N.D. Ga. June 4, 2015). For these additional reasons, any evidence or argument about those suits should be excluded under Rule 403.

The policies underlying Rule 408(a) of the Federal Rules of Evidence reaffirm this conclusion, particularly with respect to Intuitive's settlements in *Restore* and *Rebotix*. Under that rule, evidence of acceptance of a compromise is not admissible "either to prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408(a). The prohibition set out in this rule is based on two rationales: *first*, to prevent irrelevant evidence, "since the offer [of settlement] may be motivated by a desire for peace rather than from any concession of weakness of position," and *second*, to promote "public policy favoring the compromise and settlement of disputes." Fed. R. Evid. 408 Advisory Committee Notes; *see also* Wright & Miller, Federal Practice & Procedure: Evidence § 5302 (2022) (articulating the same policy justification). As the Ninth Circuit has held, those Rule 408 policy rationales and protections extend to situations like this, "where the party seeking to introduce evidence of a compromise was not involved in the original compromise." *Hudspeth* v. *Comm'r*, 914 F.2d 1207, 1213 (9th Cir. 1990); *see also United States* v. *Contra Costa Cnty. Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1982) (holding that Rule 408 prevents introduction of an earlier settlement).

The court in *Restore* agreed that such evidence raises numerous admissibility problems, including relevance, hearsay, undue prejudice and waste of time, and thus granted Intuitive's motion *in limine* in that case to preclude any reference to other Intuitive lawsuits (including *Rebotix*, the *SIS* case and the *In re Da Vinci* case). *See* Ex. 1 at 77:5–16, 79:12–80:2.[2] The only limited purpose for which the *Restore* court was prepared to permit a reference to information in the Rebotix settlement agreement was to establish the fact that Intuitive had agreed therein not to take the position that FDA-cleared instruments violate its contracts. *See id.* at 66:7–67:17. And

---

[2] All references to "Ex." refer to exhibits to the Declaration of Paul D. Brachman in Support of Defendant's Motion in Limine No. 3 to Exclude References to Other Litigation and Settlements.

1   even then, the court specifically recognized that the jury should not be informed that this

2   information came from a settlement agreement, and the parties agreed to stipulate to the underlying

3   fact without referencing another lawsuit or settlement. *See id.*

4   **CONCLUSION**

5   For these reasons, Intuitive respectfully requests that the Court grant this motion.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant's Motion in Limine No. 3 to Exclude References to Other Litigation and Settlements
3:21-cv-03496-AMO

Dated:  October 28, 2024

By: /s/ *Kenneth A. Gallo*
    Kenneth A. Gallo

Kenneth A. Gallo (*pro hac vice*)
Paul D. Brachman (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: pbrachman@paulweiss.com

William B. Michael (*pro hac vice*)
Crystal L. Parker (*pro hac vice*)
Daniel A. Crane (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email: wmichael@paulweiss.com
Email: cparker@paulweiss.com
Email: dcrane@paulweiss.com

Joshua Hill Jr. (SBN 250842)
**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:  (628) 432-5100
Facsimile:  (628) 232-3101
Email: jhill@paulweiss.com

Sonya D. Winner (SBN 200348)
**COVINGTON & BURLINGTON LLP**
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone:  (415) 591-6000
Facsimile:  (415) 591-6091
Email: swinner@cov.com

Kathryn E. Cahoy (SBN 298777)
**COVINGTON & BURLINGTON LLP**
3000 El Camino Real

Defendant's Motion in Limine No. 3 to Exclude References to Other Litigation and Settlements
3:21-cv-03496-AMO

5 Palo Alto Square, 10th Floor
Palo Alto, California 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: kcahoy@cov.com

Andrew Lazerow (*pro hac vice*)
**COVINGTON & BURLINGTON LLP**
One City Center 850 Tenth Street NW
Washington DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: alazerow@cov.com

Allen Ruby (SBN 47109)
**ALLEN RUBY, ATTORNEY AT LAW**
15559 Union Ave. #138
Los Gatos, California 95032
Telephone: (408) 477-9690
Email: allen@allenruby.com

Attorneys for *Defendant*
*Intuitive Surgical, Inc.*

## CERTIFICATE OF SERVICE

On October 28, 2024, I caused a copy of Intuitive's Motion in Limine No. 3 to Exclude References to Other Litigation and Settlements to be electronically served via email on counsel of record for Surgical Instrument Service Company, Inc.

Dated:  October 28, 2024                       By:  */s/ Kenneth A. Gallo*
                                                             Kenneth A. Gallo

Kenneth A. Gallo (*pro hac vice*)
Paul D. Brachman (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: pbrachman@paulweiss.com

William B. Michael (*pro hac vice*)
Crystal L. Parker (*pro hac vice*)
Daniel A. Crane (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email: wmichael@paulweiss.com
Email: cparker@paulweiss.com
Email: dcrane@paulweiss.com

Joshua Hill Jr. (SBN 250842)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:  (628) 432-5100
Facsimile:  (628) 232-3101
Email: jhill@paulweiss.com

*Attorneys for Defendant Intuitive Surgical, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC.,<br>　　　　　*Plaintiff*,<br>　　v.<br><br>INTUITIVE SURGICAL, INC.,<br>　　　　　*Defendant*. | Case No. 3:21-cv-03496-AMO<br><br>**DECLARATION OF PAUL D. BRACHMAN IN SUPPORT OF INTUITIVE'S MOTION IN LIMINE NO. 3 TO EXCLUDE REFERENCES TO OTHER LITIGATION AND SETTLEMENTS**<br><br>The Honorable Araceli Martínez-Olguín |

1

I, PAUL D. BRACHMAN, declare as follows:

2

1.    I am an attorney licensed to practice in New York and the District of Columbia,

3

and am admitted *pro hac vice* to practice before this Court.  I am a partner with the law firm of

4

Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"), counsel for Intuitive Surgical,

5

Inc. ("Intuitive") in this matter.  I have personal knowledge of the facts set forth herein, and if

6

7

called to testify, I could and would testify competently hereto.

8

2.    Attached to this declaration as **Exhibit 1** is a true and correct copy of excerpted

9

pages of the transcript of proceedings before the court in *Restore Robotics LLC* v. *Intuitive*

10

*Surgical, Inc.*, No. 5:19-cv-00055 (N.D. Fla.) on January 13, 2023.

11

I declare under the penalty of perjury under the laws of the United States that the

12

foregoing is true and correct.

13

Dated:  October 28, 2024                                    By: */s/ Paul D. Brachman*

14

PAUL D. BRACHMAN

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

Declaration of Paul D. Brachman in Support of Intuitive's Motion in Limine No. 3 to Exclude
References to Other Litigation and Settlements
3:21-cv-03496-AMO

**FILER'S ATTESTATION**

I, Kenneth A. Gallo, am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatory identified above has concurred in this filing.

Dated:  October 28, 2024

By: /s/ *Kenneth A. Gallo*
        Kenneth A. Gallo

Kenneth A. Gallo (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com

*Attorney for Defendant*
*Intuitive Surgical, Inc.*

Declaration of Paul D. Brachman in Support of Intuitive's Motion in Limine No. 3 to Exclude References to Other Litigation and Settlements
3:21-cv-03496-AMO

**EXHIBIT 1**

**to**

**PAUL D. BRACHMAN DECLARATION IN SUPPORT
OF DEFENDANT'S MOTION IN LIMINE NO. 3
TO EXCLUDE REFERENCES TO OTHER
LITIGATION AND SETTLEMENTS**

1        **UNITED STATES DISTRICT COURT**
         **NORTHERN DISTRICT OF FLORIDA**
2            **PANAMA CITY DIVISION**

3
   RESTORE ROBOTICS, LLC,            )
4  RESTORE ROBOTICS REPAIRS, LLC,    )
   and CLIF PARKER ROBOTICS, LLC,    )
5                                     )
            Plaintiffs,              )
6                                     )
        v.                           )
7                                     )
                                      )
8  INTUITIVE SURGICAL, INC.,         )   Case No: 5:19-CV-55/TKW-MJF
                                      )
9          Defendant.               )   Pensacola, Florida
   _____)   January 13, 2023
10                                    )
   INTUITIVE SURGICAL, INC.,         )   2:02 p.m.
11                                    )
            Counterclaimant,         )
12      v.                           )
                                      )
13 RESTORE ROBOTICS, LLC,            )
   RESTORE ROBOTICS REPAIRS, LLC,    )
14 and CLIF PARKER ROBOTICS, LLC,    )
                                      )
15          Counterclaim            )
            Defendants.             )
16 _____)

17

18          **TRANSCRIPT OF PRETRIAL CONFERENCE**
       **BEFORE THE HONORABLE T. KENT WETHERELL, II**
19             **UNITED STATES DISTRICT JUDGE**
                **(Pages 1 through 108)**

20

21

22

23

24          *Julie A. Wycoff, RMR, CRR*
        *Official United States Court Reporter*
25      *(850) 470-8196 * julieawycoff@gmail.com*

1    <u>APPEARANCES:</u>

2    For the Plaintiffs:       Jeffrey L. Berhold, P.C.
                               by:  **JEFFREY L. BERHOLD**
3                              1230 Peachtree Street
                               Suite 1050
4                              Atlanta, Georgia 30309
                               (404) 872-3800
5                              *jeff@berhold.com*

6                              Harrison Rivard Duncan & Buzzett
                               by:  **WILLIAM G. HARRISON**
7                              101 Harrison Avenue
                               Panama City, Florida 32401
8                              (850) 769-1414
                               *wharrison@harrisonrivard.com*

9

10   For the Defendant:        **ALLEN J. RUBY**
                               15559 Union Avenue
11                             Suite 138
                               Los Gatos, California 95032
12                             (408) 477-9690
                               *allen@allenruby.com*
13
                               Covington & Burling, LLP
14                             by:  **SONYA D. WINNER** and
                                    **ANDREW D. LAZEROW**
15                             One CityCenter
                               850 Tenth Street NW
16                             Washington, DC 20001
                               (202) 662-5638
17                             *swinner@cov.com*
                               *alazerow@cov.com*
18
                               Skadden Arps Slate Meagher & Flom, LLP
19                             by:  **KAREN M. LENT**
                                    **MICHAEL H. MENITOVE**
20                             One Manhattan West
                               New York, New York 10001
21                             (212) 735-3000
                               *karen.lent@skadden.com*
22                             *michael.menitove@skadden.com*

23                             Beggs & Lane
                               by:  **DAVID L. MCGEE**
24                             501 Commendencia Street
                               Pensacola, Florida 32501
25                             (850) 432-2451
                               *dlm@beggslane.com*

1          MS. WINNER:  -- that's why I don't have the document

2    number on it.

3          THE COURT:  216-13, I think --

4          MS. WINNER:  Yeah.  That may be correct.

5          THE COURT:  So let me look at it.

6          MS. WINNER:  Yeah.

7          THE COURT:  I guess just to expound on the ruling,

8    what I viewed this to be relevant to is Intuitive being willing

9    to allow people to work on their robots under certain

10   circumstances.  That's the relevance I took from that document.

11   I don't think the jury necessarily needs to know that that came

12   out of a lawsuit.  There is just simply a contractual document

13   that's out there or an admission, or whatever you want to call

14   it, that Intuitive says, "Under these circumstances, we're okay

15   with people working on our robots.  That doesn't necessarily

16   preclude us from saying we think it's a bad idea."

17          So that's what I thought the piece of information that

18   would go back to the jury.  The form in which, I haven't really

19   given a lot of thought to.  So I'm open to clarification or

20   discussion on that.

21          MS. WINNER:  Okay.  Well, thank you, Your Honor.

22   That's very helpful.  I thought that was probably what

23   Your Honor intended.

24          So what our proposal would be -- and we'd be happy to

25   work with Mr. Berhold on this -- would be for a stipulation of

1    the parties that said -- that basically said something along the

2    lines of, "Intuitive has entered into an agreement with Rebotix

3    that includes the following provisions," and then would just put

4    in those provisions that Your Honor has found to be relevant

5    and -- instead of having to give them just this highly redacted

6    document, and then that stipulation could go to the jury.

7           THE COURT:  Okay.  Mr. Berhold.

8           MR. BERHOLD:  Restore doesn't have an issue -- sorry.

9    I'd like to stand.  I keep --

10          THE COURT:  Whatever makes you comfortable.

11          MR. BERHOLD:  -- a standing desk in my office.

12          So we would not have an issue so long -- we would want

13   to see the format.  But the most important thing is it's in

14   writing, and the jury can take it back, right?  It's not a --

15   but if it -- we're not opposed in principle to it having --

16   being reconstituted in a stipulation, as long as it's not

17   2-point font or...

18          MS. WINNER:  Oh, no, no.  It would be in an ordinary

19   font for pleading.

20          MR. BERHOLD:  Joking.

21          MS. WINNER:  And I think we're on the same page,

22   Your Honor.

23          THE COURT:  Okay.  I certainly have -- I understand

24   the concern.  And, you know, a bunch of big black boxes will

25   potentially get the jury to speculate about what they're not

1    seeing, and we certainly don't want the jury to do that.  We

2    just want them to get this information.

3             And so whether the form in which they get it is, as

4    you describe, a separately prepared stipulation that then would

5    go back -- that includes all of those pertinent terms that will

6    then go back to them or whether it is a document that includes

7    at the bottom of it those signature pages but doesn't include

8    all the black boxes and so it's kind of a compressed version of

9    the settlement agreement, I'm indifferent on that and I'll leave

10    it to the parties to come to whatever solution they want to.

11             MS. WINNER:  Thank you, Your Honor.

12             Would you like me to then address the part of the

13    motion that you left open?

14             THE COURT:  Yes, please.

15             MS. WINNER:  Thank you, Your Honor.

16             It is -- and that part of the motion is -- asks for

17    exclusion of evidence or argument relating to other lawsuits

18    that have been brought against Intuitive by other parties,

19    including the Rebotix case, as a litigation as opposed to

20    this -- the thing we were just talking about, which is resolved,

21    as well --

22             THE COURT:  Right.  Well, let me ask you a question.

23             MS. WINNER:  Yes.

24             THE COURT:  Is the universe of other litigation the

25    Rebotix case and the case out in California by the hospitals?

1          MS. WINNER:  There are actually two cases in

2     California, Your Honor.  One is another competitor case by a

3     company called SIS.  And I forget what SIS exactly stands for.

4     Surgical Instrument Service Corp.

5          And then, yes, the class action brought by -- putative

6     class action, let me be really clear, and I think that's

7     important here.  It's a putative class action brought by three

8     hospitals and -- three hospital plaintiffs, and --

9          THE COURT:  And let me ask --

10         MS. WINNER:  -- those are in California.

11         THE COURT:  -- another question.

12         MS. WINNER:  Yes.

13         THE COURT:  This is why I deferred this because I did

14    have some questions I wanted to go through.

15         The Rebotix and the SIS case are similar to this case

16    in the sense that there is -- they're brought by a plaintiff

17    that performs or has technology to perform repairs and are

18    arguing similarly that they've been kept out of the market?

19         MS. WINNER:  Somewhat similar.  The facts in the SIS

20    case are, I think, somewhat in dispute about what exactly SIS

21    had the capability to do, but -- which is one of the many

22    reasons why there's a big 403 issue here.

23         But, yeah, it is a -- what you would call a competitor

24    case rather than a customer case, which is what the hospital

25    case is.

1          THE COURT:  And so the hospital case is hospitals

2    saying, alleging, that -- or what they're trying to accomplish

3    is not to be bound by the servicing agreement that says they

4    have to do their servicing with Intuitive?  And I know I'm

5    talking in very broad generalizations, but I'm just trying to

6    understand what I'm dealing with here.

7          MS. WINNER:  I think that Your Honor understands that

8    that is, I think, an oversimplification.  But I think for your

9    purposes, I think you're generally in the right neighborhood of

10   what we're talking about here.

11         And one thing, though -- the fact that I think is very

12   important, again, too, is none of those hospitals has alleged in

13   its complaint or I believe there's anything in the record in

14   those cases that they were, or sought to be, customers of

15   Restore.  So these are actually, I think, hospitals that if they

16   were customers or sought to be customers of anybody, it was

17   Rebotix actually.  So, you know, these are not -- these are not,

18   you know, their customers suing.  These are -- these are

19   hospitals out there, and it's a putative class action.  But

20   certainly class certification has not been granted in the case,

21   and so these are -- at the moment, it's just an individual suit

22   by three hospitals.

23         THE COURT:  And the argument is what?  I mean, I know

24   you said there's a 403 argument.  Is there an argument that it's

25   not relevant and, even if it is, it's outweighed; or is it just,

1    "We acknowledge it's relevant, but we think it's outweighed"?

2         MS. WINNER:  It is -- well, it's -- I think they're --

3    it's -- we would not -- it's not -- we don't think it's relevant

4    because, again, these were not -- these were not customers of

5    Restore.  The -- SIS actually at the time, they were in business

6    where -- SIS was actually doing business with Rebotix also.  So

7    these -- it doesn't have a bearing on Restore's claims in this

8    case.  But if there was any relevance, it would be very much

9    outweighed by 403 issues.

10        And before I talk about the 403, let me just add one

11   other thing that Your Honor didn't mention.  You know, any

12   mention of what they allege in the Complaint is all hearsay, so

13   there are big issues with that as well.

14        On 403, you know, we -- the prejudicial effect, I

15   think, is self-evident, which is why the case law pretty

16   universally says that except in very narrow circumstances,

17   evidence of other lawsuits is not admissible.  For 403 issues,

18   for hearsay issues, you know, the case law that we've cited to

19   Your Honor actually talks about both of those.

20        There is also the fact that we could end up -- in

21   addition to the prejudice issue, that we could end up with mini

22   trials.  You know, we'll have to explain, you know, what the

23   problem is with these hospital plaintiffs, what was really going

24   on with them, which often has -- not only has nothing to do with

25   Restore, in some instances has nothing to do really with their

1    desire to use anybody like Restore for anything.  Their

2    complaints are really about other things entirely.

3                THE COURT:  And just --

4                MS. WINNER:  And we could end up in --

5                THE COURT:  -- as an aside --

6                MS. WINNER:  -- mini trials.

7                THE COURT:  -- my --

8                MS. WINNER:  Yes.

9                THE COURT:  And I think it probably was implicit in

10   the ruling, although --

11               MS. WINNER:  Uh-huh.

12               THE COURT:  -- I wanted to get rulings out rather than

13   explain them more.  But my concern about mini trials drove the

14   motion that related to the Restore versus -- or the Rebotix

15   versus Restore lawsuit that may be out there about technology.

16               MS. WINNER:  Yeah.  And --

17               THE COURT:  That drove that concern right over the

18   hill because, you know, the last thing we need is, in addition

19   to an antitrust case and a false advertising case, is a case

20   about patent infringement or business -- proprietary theft.

21               And so anyway, just -- that got me thinking about

22   that.  And I assume that was implicit in the ruling, but that

23   was clearly that.  So I get your concern about that.  You would

24   have to come in and explain what that case is really about and

25   that it's just an allegation that -- go from there.

 1          MS. WINNER:  Yeah, exactly.

 2          And if I could just add one other thing.  There are

 3   some cases that did admit -- that were cited to Your Honor by

 4   Restore that did allow admission of evidence of other suits, but

 5   they tended to be in very narrow circumstances.  Typically, I

 6   think they were all or almost all -- I think they may have all

 7   been product liability cases.  And the issue was typically,

 8   well, there was a claim that the defendant never knew there was

 9   any problem with their product.  They had -- they weren't on

10   notice of there being a problem with their product, and the

11   plaintiff came back and said, "Well, what about these 400 other

12   people whose," you know, "widget blew up and sued you?  That,

13   obviously, put you on notice."

14          And the Court said, "Well, yeah, that" -- "for notice

15   purposes in a product liability suit" or, you know, analogous

16   situations where it really is front and center to the issues in

17   the case.  And it's not just a question of bringing in hearsay

18   allegations from somebody else's complaint.  You know, in that

19   situation, it may be admissible, but we don't have that

20   situation here.

21          THE COURT:  Well, let me ask this question.  The one

22   conceivable relevance to me -- I mean, the competitor -- and

23   I'll certainly give Mr. Harrison and Berhold an opportunity to

24   respond.

25          The competitor lawsuit seemed kind of far afield of

1    where we need to be.  But as I understood what they want to use

2    the hospital class action for is to show that there are people

3    out there that want to use their services and feel constrained

4    about their ability to do so by virtue of the restrictions that

5    Intuitive has in place.

6           So it's -- to the extent that the defendant comes in

7    and says nobody was going to use their services anyway, isn't

8    there at least some marginal relevance to the fact that there's

9    a group of hospitals, or at least three hospitals, that want to

10   use -- well, I guess your argument would be not use their

11   services, use somebody else's.

12          MS. WINNER:  Well, and it's -- there are only three

13   hospitals.  It's not like it's, you know, hundreds of hospitals.

14   It's not somebody that they had a history with.  It's marginal

15   at best.  If there's any relevance at all, it is marginal at

16   best here, and that's where 403 really does come into play.

17   There's prejudicial impact.  We're going to have to come in and

18   explain what was going on with those three particular hospitals

19   and why.  You know, that doesn't tell you anything about whether

20   Restore's business would succeed or not.

21          The other thing I would say is, you know, I don't

22   think that we're going to come in and say literally nobody was

23   ever willing to use their service.  It's actually, if anything,

24   rather interesting that these three hospitals that profess to

25   have been interested in this service weren't customers of

1   theirs.  But, you know, we could go round and round about this

2   very peripheral, marginal issue that really is not pertinent to

3   the core issues in this case.

4         THE COURT:  All right.  Well, let me hear from

5   plaintiff, and then I'll give you a chance to close on it.

6         Mr. Berhold, I guess I'm really struggling to

7   understand what even the marginal relevance is of the fact that

8   other competitors have sued Intuitive as well.

9         So what did you think that shows?

10        MR. BERHOLD:  So let me start with some background.

11  Rebotix and Restore had an exclusive distributor agreement

12  starting in October of 2018.  And by the middle of 2019 -- so

13  Plaintiff Rebotix.  By the middle of 2019, Plaintiff SIS had

14  reached out to Plaintiff Rebotix -- not reached out, had made

15  contact with Rebotix.  And under the contract, Rebotix would

16  have referred them to Restore.  Instead, Rebotix, by that time,

17  according to their own testimony, was frustrated with sales

18  through the exclusive distribution agreement with Restore.  And

19  of course there's the question, what was the cause -- why was

20  that an issue?  Was it Intuitive or something else?  But then

21  SIS ends up -- instead of making arrangements with Restore,

22  Rebotix then signs SIS to an exclusive distribution agreement in

23  October of 2019.

24        So our argument is, big picture, but for the

25  interference of Intuitive, we had our relationship with --

1    exclusive relationship with Rebotix, and we would have also

2    started selling through SIS.

3            And the Rebotix litigation is relevant, just the fact

4    of the case, just the fact -- we're not interested in

5    introducing the complaint.  Just the fact of the litigation goes

6    to the relevance.  It's highly relevant to the idea that Rebotix

7    didn't terminate Restore due to a lack of performance.  It was

8    because of the interference from Intuitive.  That was the cause

9    of the lack of performance.  So that's why it's highly relevant

10   to us, the Rebotix lawsuit.

11           THE COURT:  I guess I'm not following you --

12           MR. BERHOLD:  Yes.

13           THE COURT:  -- how a -- how the fact that they filed a

14   lawsuit against them is probative of that question, the question

15   of why Intuitive -- or why they stopped the --

16           MR. BERHOLD:  Oh, so on the one hand, at least one

17   employee of Rebotix has testified, "We terminated Restore

18   because they weren't doing a good job selling."

19           But the same time, they brought a lawsuit -- their

20   lawsuit is not just about their role after.  They brought a

21   lawsuit based on the entire -- based on from the very beginning,

22   from their exclusive distributorship through Restore, how they

23   were harmed by the interference from Intuitive.

24           So the lawsuit is that -- the evidence of the lawsuit,

25   the fact of the lawsuit, we offer it to rebut the testimony from

1    the Rebotix employee that we dropped them after a year because

2    they just weren't performing.  It wasn't just that they weren't

3    performing.  They weren't making sales because of the

4    interference from Intuitive, and Rebotix knew that.

5           THE COURT:  Well, maybe it's late in the day, but I

6    still didn't follow that.  And so the fact that I'm having

7    trouble following the relevance or how that's probative to the

8    issues that are here, to me, is somewhat damning of -- even if

9    I'm just missing something, you know, the fact that I'm having

10   trouble following it suggests that it's not crystal clear.  The

11   path isn't A to B.  It kind of wiggles and waggles.  And so to

12   that extent, I think whatever marginal relevance it had, based

13   on the fact maybe I'm just not understanding, it would be

14   outweighed by the fact that we don't typically bring in ideas

15   that other lawsuits have been filed.  So as to the competitors,

16   I would grant their motion.

17          Now, talk to me about the hospitals.  What's the

18   purpose of that evidence?

19          MR. BERHOLD:  So on the hospitals, there are two

20   issues.  One, obviously, you've already identified consumer

21   demand, right?  The point is there is a demand from consumers

22   for these repaired instruments.

23          And then additionally, you know, again, we're -- yeah,

24   they would have been seeking to buy from Restore instead of

25   Rebotix but for the fact that this -- Rebotix did not abide by

 1    its exclusive distribution agreement with Restore out of

 2    frustration of what was happening with the interference from

 3    Intuitive.

 4            THE COURT:  I guess it seems to me that if this was

 5    three hospitals that you had been in contact with and said,

 6    "Hey, we'd love to do business with you, but we're afraid our

 7    equipment's going to be turned into a paperweight, so we're just

 8    not going to do it," and then, you know, there was evidence that

 9    they brought forward to say, no, that was just some low-level

10    guy and the top people said, no, we love Intuitive's services

11    and we're not going to use them, then maybe to rebut that, to

12    come in and show that these people actually sued Intuitive to

13    try to enable them to use services, your services, might be

14    relevant.

15            But you're not representing that you had any

16    relationship with these folks?

17            MR. BERHOLD:  No.  It's just the general fact of the

18    lawsuit which shows their interest in repaired instruments and

19    services.

20            THE COURT:  I mean, putting aside the lawsuit

21    component of it, why isn't there a hearsay problem with that?  I

22    mean, instead of a lawsuit, a complaint, this was just a -- you

23    know, a letter to the editor where three hospital executives

24    wrote in the newspaper and said, "There's a problem out here,

25    and we think the world ought to know about it."  I mean, that's

```
 1   essentially what that complaint is, is just a statement of fact
 2   that they don't like what Intuitive's doing.  And so you want to
 3   come in for the truth of the fact that hospitals don't like what
 4   Intuitive's doing.  So why isn't there a hearsay problem here?
 5           MR. BERHOLD:  Well, I mean, the hearsay issue then is
 6   803.3, and it goes to the state of mind, right?  So that would
 7   be my argument on hearsay, that it falls under a hearsay
 8   exception.
 9           THE COURT:  Okay.
10           MR. BERHOLD:  I'm still trying to think of a clever
11   way to bring you back to the competitor lawsuits, but I --
12           THE COURT:  I just -- I don't see it.  I really don't.
13   I mean, the fact that -- you know, even if every competitor out
14   there has sued them, maybe if they're arguing that y'all are
15   about -- just y'all are out there with some crazy business plan
16   that no one else in the world had come up with and it's unviable
17   on its face, you know, maybe the fact that other people are run
18   out of business, too, I guess maybe I could conceive of it, but
19   you still probably have a 403 problem.
20           So after what I've heard, I find that either not
21   relevant or outweighed by the prejudicial effect of confusing
22   the jury and wasting a lot of time, because I do agree with
23   Intuitive that it would just then require them to come in and
24   produce evidence to explain that those folks never did any
25   business with you or whatever else it might be in the nuances of
```

1    those specific lawsuits, and so I'll grant their motion

2    in limine on that, both aspects of the competitor lawsuits.

3            And I didn't ask, are there any other areas of the

4    motions -- before we get to Rosecrans, are there any other areas

5    of the motions in limine that needed clarification?

6            MS. WINNER:  Well, I have one clarification I was

7    seeking, Your Honor, and, actually, this is clarification of a

8    nonruling.

9            There were a couple of the motions in limine that you

10   deferred ruling to trial as to specific evidence, and this goes

11   to a general question actually about opening statements.  And

12   for our motion in limine, obviously, on, for example, the

13   certainly hearsay statements, Your Honor has deferred that to

14   trial, and we understand that.  I'm not rearguing that.

15           But the question is, you know, does that mean that

16   the -- that that testimony should not be referred to in opening

17   statements until Your Honor has had an opportunity to rule?

18           THE COURT:  Do we have any -- I'm going back through

19   that ruling and trying to refresh my recollection why I did

20   that.

21           In addition to deferring it, I also went a little

22   further and said, "Here's what I think the answer's going to

23   be."

24           MR. BERHOLD:  If it helps, I don't know that we're

25   planning on playing any of the videotaped testimony, playing it

1   **MCCAULLEY LAW GROUP LLC**
    JOSHUA V. VAN HOVEN, (CSB No. 262815)
2   E-Mail: josh@mccaulleylawgroup.com
    3001 Bishop Dr., Suite 300
3   San Ramon, California 94583
    Telephone: 925.302.5941
4
    RICHARD T. MCCAULLEY (*pro hac vice*)
5   E-Mail: richard@mccaulleylawgroup.com
    180 N. Wabash Avenue, Suite 601
6   Chicago, Illinois 60601
    Telephone: 312.330.8105
7
    *Attorneys for Plaintiff and Counter-Defendant,*
8   SURGICAL INSTRUMENT SERVICE COMPANY, INC.

9                    **UNITED STATES DISTRICT COURT**

10                   **NORTHERN DISTRICT OF CALIFORNIA**

11                        **SAN FRANCISCO DIVISION**

12
    SURGICAL INSTRUMENT SERVICE          Case No. 3:21-cv-03496-AMO
13  COMPANY, INC.
                                         Honorable Araceli Martínez-Olguín
14              Plaintiff/Counter-Defendant,

15       v.                              **PLAINTIFF SIS' OPPOSITION TO
                                         INTUITIVE'S MOTION IN LIMINE #3**
16  INTUITIVE SURGICAL, INC.,

17              Defendant/Counterclaimant.

18

19       In its Motion In Limine No. 3 ("Mtn No. 3"), Defendant, Intuitive Surgical, Inc. ("Intuitive")

20  seeks and order prohibiting Plaintiff, Surgical Instrument Service Company, Inc's ("SIS") from:

21       (1)    introducing evidence that Intuitive has been sued by other parties in other cases;

22       (2)    referring to other litigations and settlements involving Intuitive, including

23
                a.    the litigation and settlement in *Restore Robotics LLC v. Intuitive Surgical,*
24  *Inc.*, No. 5:19-cv-00055 (N.D. Fla.);

25
26              b.    the litigation and settlement in *Rebotix Repair LLC v. Intuitive Surgical, Inc.*,
27  No. 8:20-cv-02274 (M.D. Fla.);

28

                                         1

c.   the still-pending litigation in *Restore Robotics Repairs LLC v. Intuitive Surgical, Inc.*, No. 3:24-cv-00444 (N.D. Fla.); and

d.   the still-pending putative class action litigation against Intuitive in *In re: Da Vinci Surgical Robot Antitrust Litigation*, No. 3:21-cv-03825-VC (N.D. Cal.).

Intuitive also requests that the Court's Order include the requirement that the parties redact any references to other litigation or settlements in any documents or deposition designations. Mtn No. 3 at p. i. SIS has no objection to this requirement as long as the parties have to identify in advance of the use of exhibits at trial the specific edits or redactions required to comply with the Court's order with respect to this motion in limine. Additionally, that the parties are to negotiate the time by which such edits or redactions must be identified. In the event the parties cannot agree with respect to specific edits or redactions, the parties reserve their rights, after meeting and conferring in good faith, to seek the Court's intervention and to seek the exclusion of any references or evidence they believe should be precluded.

**SIS DOES NOT OPPOSE THE RELIEF INTUITIVE SEEKS
PROVIDED CERTAIN CONDITIONS ARE INCLUDED**

SIS does not oppose the relief sought by Intuitive provided the following conditions are included:

(1)   the prohibitions against introducing evidence, or making reference to other litigations and settlements, apply only to the presentation of evidence, testimony and argument to the jury and the parties are free to introduce evidence or make reference to other litigations and settlements in oral argument to the Court outside the presence of the jury and in written submission to the Court;

(2)   the prohibitions against introducing evidence, or making reference to other litigations and settlements apply to both SIS and Intuitive; and

(3)   should Intuitive present evidence, testimony and/or argument in the presence of the

2

jury regarding Intuitive's March 2023 statement that "Intuitive will not void its service contract with, cease doing business with, or consider it a breach of contract by a customer in the United States who chooses to purchase remanufactured instruments that have been remanufactured by a third party pursuant to and in compliance with a 510(k) clearance or equivalent granted by the FDA", SIS will be able to present evidence, testimony and/or argument to the jury regarding the litigations and settlements in the *Rebotix* and *Restore* cases.

### SIS'S RESPONSE TO INTUITIVE'S PRELIMINARY STATEMENT

Intuitive claims that SIS has "plans to try to prejudice the jury against Intuitive in this case by introducing evidence that Intuitive has been sued by other parties in other cases." Mtn No. 3 at p. 1. That is not at all accurate. SIS included documents from the *Restore* and *Rebotix* litigation on its trial exhibit list to be used to provide context and a complete record only if Intuitive "opens the door" by presenting testimony and/or argument at trial regarding Intuitive's March 2023 statement that "Intuitive will not void its service contract with, cease doing business with, or consider it a breach of contract by a customer in the United States who chooses to purchase remanufactured instruments that have been remanufactured by a third party pursuant to and in compliance with a 510(k) clearance or equivalent granted by the FDA".

As Intuitive acknowledges in its motion, the *Restore* court was prepared to permit a reference to information in the Rebotix settlement agreement to establish the fact that Intuitive had agreed therein not to take the position that FDA-cleared instruments violate its contracts. Mtn No. 3 at p. 3:24-26.

Moreover, there is no basis for Intuitive's allegation that SIS will seek to introduce evidence at trial regarding "unresolved lawsuits". SIS has no such plans or intentions.

### CONCLUSION

For the foregoing reasons, SIS respectfully requests that the Court include the proposed

conditions with any Order entered granting Intuitive's Motion in Limine No. 3.

Dated: November 7, 2024

McCAULLEY LAW GROUP LLC
By: */s/ Joshua Van Hoven*___
      JOSHUA V. VAN HOVEN

E-Mail: josh@mccaulleylawgroup.com
3001 Bishop Dr., Suite 300
San Ramon, California 94583
Telephone: 925.302.5941

RICHARD T. MCCAULLEY (pro hac vice)
E-Mail: richard@mccaulleylawgroup.com
180 N. Wabash Avenue, Suite 601
Chicago, Illinois 60601
Telephone: 312.330.8105

*Attorneys for* SURGICAL INSTRUMENT SERVICE COMPANY, INC.

1

**CERTIFICATE OF SERVICE**

2    I hereby certify that on November 7, 2024, I caused a copy of the foregoing

3    **PLAINTIFF SIS's OPPOSITION TO INTUITIVE'S MOTION IN LIMINE #3**, to be

4    electronically to be served *via* electronic mail to counsel of record:

5

6    **Crystal Lohmann Parker**
     Paul, Weiss, Rifkind, Wharton & Garrison LLP
7    1285 Avenue of the Americas
     New York, NY 10019
8    212-373-3000
     Email: cparker@paulweiss.com
9
     **Joshua Hill , Jr.**
10   Paul, Weiss, Rifkind, Wharton & Garrison LLP
     535 Mission Street, 24th Floor
11   San Francisco, CA 94105
     (628) 432-5123
12   Email: jhill@paulweiss.com

13   **Kenneth A. Gallo**
     Paul, Weiss, Rifkind, Wharton & Garrison LLP
14   2001 K Street NW
     Washington, DC 20006-104 7
15   202-223-7356
     Fax: 202-204-7356
16   Email: kgallo@paulweiss.com

17   **Paul David Brachman**
     Paul, Weiss, Rifkind, Wharton & Garrison LLP
18   2001 K St., NW
     Washington, DC 20006
19   202-223-7440
     Email: pbrachman@paulweiss.com
20
     **William Michael**
21   Paul, Weiss, Rifkind, Wharton and Garrison LLP
     1285 Avenue of the Americas
22   New York, NY 10019
     212-373-3000
23   Email: WMichael@paulweiss.com

24   **Allen Ruby**
     Attorney at Law
25   15559 Union Ave. #138
     Los Gatos, CA 95032
26   408-4 77-9690
     Email: allen@allenruby.com

27

28

5

**Andrew David Lazerow**
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
202-662-5081
Email: alazerow@cov.com

**Kathryn Elizabeth Cahoy**
Covington & Burling LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
650-632-4700
Email: kcahoy@cov.com

**Sonya Diane Winner**
Covington & Burling LLP
Floor 54
415 Mission Street
San Francisco, CA 94105-2533
(415) 591-6000
Email: swinner@cov.com

Dated: <u>November 7, 2024</u>        By: <u>    /s/ Joshua Van Hoven    </u>
                                            JOSHUA V. VAN HOVEN

1

**FILER'S ATTESTATION**

2

    I, Kenneth A. Gallo, am the ECF User whose ID and password are being used to file this

3

document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories

4

identified above have concurred in this filing.

5

6

  Dated:  November 11, 2024            By: /s/ *Kenneth A. Gallo*                    
                                      Kenneth A. Gallo

7

8

                                  Kenneth A. Gallo (*pro hac vice*)
                                  **PAUL, WEISS, RIFKIND, WHARTON &**

9

                                  **GARRISON LLP**
                                  2001 K Street, NW

10

                                  Washington, DC  20006-1047
                                  Telephone:  (202) 223-7300

11

                                  Facsimile:  (202) 204-7420
                                  Email: kgallo@paulweiss.com

12

13

                                  *Attorney for Defendant*
                                  *Intuitive Surgical, Inc.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28