Kenneth A. Gallo (*pro hac vice*)
Paul D. Brachman (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: pbrachman@paulweiss.com

William B. Michael (*pro hac vice*)
Crystal L. Parker (*pro hac vice*)
Daniel A. Crane (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email: wmichael@paulweiss.com
Email: cparker@paulweiss.com
Email: dcrane@paulweiss.com

Joshua Hill Jr. (SBN 250842)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:  (628) 432-5100
Facsimile:  (628) 232-3101
Email: jhill@paulweiss.com

*Attorneys for Defendant Intuitive Surgical, Inc.*

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> INTUITIVE SURGICAL, INC., <br><br> *Defendant*. | Case No. 3:21-cv-03496-AMO <br><br> **DEFENDANT'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT THAT INTUITIVE MADE FALSE OR MISLEADING STATEMENTS TO CUSTOMERS** <br><br> Date:  November 25, 2024 <br> Time:  11:00 a.m. <br> Courtroom:  10 <br><br> The Honorable Araceli Martínez-Olguín |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 25, 2024 at 11:00 a.m., or as soon thereafter as this matter may be heard before the Honorable Araceli Martínez-Olguín, District Judge in the United States District Court for the Northern District of California, at 450 Golden Gate Avenue, Courtroom 10, 19th Floor, San Francisco, CA 94102, Defendant Intuitive Surgical, Inc. ("Intuitive") will and hereby does move the Court for an order: (1) prohibiting Plaintiff SIS from introducing into evidence documents or testimony stating or suggesting that Intuitive made false or misleading statements to hospital customers; and (2) prohibiting Plaintiff SIS from arguing to the jury that Intuitive made false or misleading statements to its customers, or arguing that such statements constitute anticompetitive conduct.

The relief Intuitive seeks through this Motion is authorized by the Federal Rules of Evidence, including but not limited to Fed. R. Evid. 401, 402, and 403, and by applicable case law.  This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the accompanying Declaration of Paul D. Brachman and attached exhibits, other filings in this matter, and the oral argument of counsel.

i
Defendant's Notice of Motion and Motion in Limine No. 5 to Exclude Evidence and Argument
that Intuitive Made False or Misleading Statements to Customers
3:21-cv-03496-AMO

1

## **PRELIMINARY STATEMENT**

2       SIS should not be allowed to present evidence to the jury suggesting—contrary to this
3  Court's summary judgment decision—that Intuitive made false or misleading statements to
4  customers, including about the need for FDA clearance of SIS's modified EndoWrist instruments.
5  Nor should SIS be permitted to argue that such statements constitute anticompetitive conduct under
6  the antitrust laws.

7       To rise to the level of an antitrust violation, an allegedly false or disparaging statement
8  "must overcome a presumption that the effect on competition" of the statement "was de minimis."
9  *Am. Prof'l Testing Serv., Inc.* v. *Harcourt Brace Jovanovich Legal & Prof'l Publ'ns, Inc.*, 108
10 F.3d 1147, 1152 (9th Cir. 1997).  A plaintiff may overcome this presumption only by proving that
11 the statements were, among other things, "clearly false."  *Id.*  SIS cannot make that showing here.
12 To the contrary, the Court already dismissed at summary judgment SIS's claim that Intuitive
13 violated the Lanham Act by making false or misleading statements in customer correspondence,
14 including statements about "the necessity of Section 510(k) clearance for aftermarket EndoWrist
15 services."  Summary Judgment Order, Dkt. 204 at 15.

16      Because there is no claim remaining in this case that Intuitive made false or misleading
17 statements to customers, any evidence or argument suggesting as much is irrelevant and
18 inadmissible.  Fed. R. Evid. 401, 402.  And without any "clearly false" statement to point to (or
19 any ability to prove the other elements it would need to prove to overcome the Ninth Circuit's
20 presumption), SIS should not be allowed to argue or suggest that Intuitive's statements to
21 customers amount to anticompetitive conduct.  Indeed, it would be legal error for the jury to base
22 an antitrust verdict on such statements.  *Harcourt*, 108 F.3d at 1152.  Accordingly, SIS should not
23 be allowed to prejudice or confuse the jury by asserting that such statements are anticompetitive.
24 Fed. R. Evid. 403.

25

## **BACKGROUND**

26      In correspondence with customers, Intuitive expressed the view that modifying EndoWrists
27 to reset the instrument's use counter requires FDA clearance, and explained that using EndoWrists

28

Defendant's Notice of Motion and Motion in Limine No. 5 to Exclude Evidence and Argument
that Intuitive Made False or Misleading Statements to Customers
3:21-cv-03496-AMO

that had been modified by unauthorized third parties could pose patient safety risks and would violate certain provisions of customers' contracts with Intuitive. *See, e.g.*, Ex. 1.[1] SIS alleged in its Complaint that those communications and statements violated the Lanham Act, 15 U.S.C. § 1125. Specifically, SIS alleged that in "correspondence to multiple SIS customers and potential customers," Intuitive had "at least misrepresented that SIS's services are contrary to FDA approvals of the EndoWrist products and are in violation of intellectual property rights." Complaint, Dkt. 1 ¶ 124.

The Court granted Intuitive's motion to dismiss the portion of SIS's Lanham Act claim premised on Intuitive's alleged statements about its intellectual property rights, finding that SIS's allegations that Intuitive merely "referenced its intellectual property in an unspecified letter to its customers is insufficient to plausibly allege that it made a 'false or misleading representation of fact' in violation of the Lanham Act." Mot. to Dismiss Order, Dkt. 70 at 12 (citations omitted). And the Court later granted Intuitive's motion for summary judgment to dismiss the balance of SIS's Lanham Act claim premised on Intuitive's statements about the need for FDA clearance, reasoning that the Court could not "resolve . . . as a matter of law" whether 510(k) clearance was actually required for SIS's activities. Dkt. 204 at 15. As a result, SIS's Lanham Act claim has been dismissed in its entirety and there is no claim remaining in this case that Intuitive made false or misleading statements to customers.

## **ARGUMENT**

SIS should not be allowed to argue to the jury or present evidence suggesting in any way that Intuitive made false or misleading statements to its customers, including about the need for FDA clearance. Nor should SIS be permitted to argue that such statements were anticompetitive conduct under the antitrust laws. Any such evidence or argument is irrelevant under Federal Rules of Evidence 401 and 402 because the Court has already dismissed SIS's Lanham Act claim. And such evidence or argument is separately inadmissible under Rule 403 because, in the absence of

---

[1] All references to "Ex." refer to exhibits to the Declaration of Paul D. Brachman in Support of Intuitive's Motion in Limine No. 5 to Exclude Evidence and Argument That Intuitive Made False or Misleading Statements to Customers.

1 any claim that Intuitive's statements were "clearly false," those statements do not constitute

2 anticompetitive conduct as a matter of law.

3 Relevant evidence is that which "has any tendency to make a fact" that "is of consequence

4 in determining the action" "more or less probable than it would be without the evidence." Fed R.

5 Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. It is well established in

6 this Circuit that evidence that only goes to supporting a claim that has been resolved at summary

7 judgment is irrelevant at trial, and is thus inadmissible. *See, e.g.*, *Van* v. *Language Line Servs.,*

8 *Inc.*, 2016 WL 3566980, at *5 (N.D. Cal. June 30, 2016) ("Evidence offered only in support of

9 one of [the claims dismissed at summary judgment] is irrelevant to the merits of Plaintiff's

10 remaining claims."); *Puckett* v. *Zamora*, 2015 WL 3869662, at *1 (E.D. Cal. June 23, 2015)

11 ("Evidence of previously dismissed claims and parties to this action is not relevant."); *Brown* v.

12 *Kavanaugh*, 2013 WL 1819796, at *2 (E.D. Cal. Apr. 30, 2013) ("Matters pled and dismissed in

13 this case are not relevant to Plaintiff's remaining claims.").

14 The Court dismissed SIS's Lanham Act claim at summary judgment because it could not

15 "resolve . . . as a matter of law" whether Intuitive's statements about the need for FDA clearance

16 were false or misleading. Dkt. 204 at 15. SIS thus should not be allowed to introduce any evidence

17 at trial suggesting or stating that Intuitive's statements to customers were factually false or

18 misleading. And SIS's counsel should also be prohibited from arguing to the jury that Intuitive's

19 statements to customers were false or misleading as a matter of law.

20 SIS may argue, as it did at summary judgment, that Intuitive's statements to customers are

21 relevant because they constitute anticompetitive conduct. *See* SIS's Opp'n to Intuitive's Mot. for

22 Summ. J., Dkt. 156 at 8 ("It was these threats to hospitals (*including* false statements about FDA

23 requirements), that caused hospitals to stop using repaired EndoWrists, including those serviced

24 by SIS." (emphasis added)). That is incorrect. Under Ninth Circuit precedent, allegedly false or

25 disparaging statements about a competitor or its products are presumptively ***not*** anticompetitive.

26 *Harcourt*, 108 F.3d at 1152. To overcome that presumption, a plaintiff must show six elements,

27 including that the statements were "clearly false" and "made to buyers without knowledge of the

28 subject matter." *Id.* Unless SIS can overcome that presumption, Intuitive's statements to

1    customers are not anticompetitive conduct as a matter of law, and thus are not relevant in any way

2    to SIS's antitrust claims.  And SIS cannot overcome the presumption, because the Court has

3    already dismissed SIS's claim that Intuitive's statements to customers were false or misleading.

4    Nor can SIS credibly suggest that hospitals were "without knowledge" of the subject matter of

5    Intuitive's statements, or that hospitals are unsophisticated buyers.  In *Retractable Technologies,*

6    *Inc.* v. *Becton Dickinson & Co.*, for example, the Fifth Circuit held that even false claims made by

7    the defendant were not actionable under the antitrust laws because they "were not made to

8    unsophisticated parties (part 4), but to hospitals and GPOs."  842 F.3d 883, 896 (5th Cir. 2016).

9    Intuitive's statements were likewise made to hospitals and, unlike the statements in *Becton*

10   *Dickinson*, were ***not*** "clearly false," as the Court correctly held at summary judgment.  Because

11   Intuitive's statements to customers do not satisfy at least two of the six factors necessary to

12   overcome the *Harcourt* presumption, they are irrelevant to proving SIS's remaining antitrust

13   claims and should be excluded.  Fed. R. Evid. 401, 402.

14       For substantially the same reasons, any evidence or argument suggesting that Intuitive's

15   statements to customers were false, misleading, or anticompetitive should be excluded under Rule

16   403.  Because SIS cannot overcome the *Harcourt* presumption, it would be legal error for a jury

17   to base an antitrust verdict on Intuitive's statements to customers.  Allowing SIS to argue or put

18   on evidence suggesting that Intuitive's statements to customers were false, misleading, or

19   anticompetitive could only serve to confuse the issues and invite legal error, and would inevitably

20   prejudice the jury and waste time.

21                                    **<u>CONCLUSION</u>**

22       For these reasons, Intuitive respectfully requests that the Court grant this motion.

23

24

25

26

27

28

| | |
|---|---|
| 1 | Dated:  October 28, 2024 |

By: /s/ *Kenneth A. Gallo*
       Kenneth A. Gallo

Kenneth A. Gallo (*pro hac vice*)
Paul D. Brachman (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON &**
**GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: pbrachman@paulweiss.com

William B. Michael (*pro hac vice*)
Crystal L. Parker (*pro hac vice*)
Daniel A. Crane (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON &**
**GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email: wmichael@paulweiss.com
Email: cparker@paulweiss.com
Email: dcrane@paulweiss.com

Joshua Hill Jr. (SBN 250842)
**PAUL, WEISS, RIFKIND, WHARTON &**
**GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105 Telephone:
(628) 432-5100 Facsimile:  (628)
232-3101
Email: jhill@paulweiss.com

Sonya D. Winner (SBN 200348)
**COVINGTON & BURLINGTON LLP** 415
Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone:  (415) 591-6000 Facsimile:
(415) 591-6091
Email: swinner@cov.com

- 5 -

Defendant's Notice of Motion and Motion in Limine No. 5 to Exclude Evidence and Argument
that Intuitive Made False or Misleading Statements to Customers
3:21-cv-03496-AMO

1

Kathryn E. Cahoy (SBN 298777)
**COVINGTON & BURLINGTON LLP**

2

3000 El Camino Real

3

5 Palo Alto Square, 10th Floor
Palo Alto, California 94306-2112

4

Telephone: (650) 632-4700
Facsimile: (650) 632-4800

5

Email: kcahoy@cov.com

6

7

Andrew Lazerow (*pro hac vice*)
**COVINGTON & BURLINGTON LLP**
One City Center 850 Tenth Street NW

8

Washington DC 20001-4956
Telephone: (202) 662-6000

9

Facsimile: (202) 662-6291
Email: alazerow@cov.com

10

11

Allen Ruby (SBN 47109)
**ALLEN RUBY, ATTORNEY AT LAW**

12

15559 Union Ave. #138
Los Gatos, California 95032

13

Telephone: (408) 477-9690
Email: allen@allenruby.com

14

15

*Attorneys for Defendant
Intuitive Surgical, Inc.*

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant's Notice of Motion and Motion in Limine No. 5 to Exclude Evidence and Argument
that Intuitive Made False or Misleading Statements to Customers
3:21-cv-03496-AMO

1

## **CERTIFICATE OF SERVICE**

2          On October 28, 2024, I caused a copy of Defendant's Notice of Motion and

3  Motion in Limine No. 5 to Exclude Evidence and Argument that Intuitive Made False or

4  Misleading Statements to Customers to be electronically served via email on counsel of record

5  for Surgical Instrument Service Company, Inc.

6
   Dated:  October 28, 2024                          By:  */s/ Kenneth A. Gallo*
7                                                          Kenneth A. Gallo

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kenneth A. Gallo (*pro hac vice*)
Paul D. Brachman (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: pbrachman@paulweiss.com

William B. Michael (*pro hac vice*)
Crystal L. Parker (*pro hac vice*)
Daniel A. Crane (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email: wmichael@paulweiss.com
Email: cparker@paulweiss.com
Email: dcrane@paulweiss.com

Joshua Hill Jr. (SBN 250842)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:  (628) 432-5100
Facsimile:  (628) 232-3101
Email: jhill@paulweiss.com

*Attorneys for Defendant Intuitive Surgical, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC.,<br>   *Plaintiff*,<br>  v.<br><br>INTUITIVE SURGICAL, INC.,<br>   *Defendant*. | Case No. 3:21-cv-03496-AMO<br><br><br>**DECLARATION OF PAUL D. BRACHMAN IN SUPPORT OF INTUITIVE'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT THAT INTUITIVE MADE FALSE OR MISLEADING STATEMENTS TO CUSTOMERS**<br><br>The Honorable Araceli Martínez-Olguín |

1

I, PAUL D. BRACHMAN, declare as follows:

2

      1.      I am an attorney licensed to practice in New York and the District of Columbia,

3

and am admitted *pro hac vice* to practice before this Court.  I am a partner with the law firm of

4

Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"), counsel for Intuitive Surgical,

5

Inc. ("Intuitive") in this matter.  I have personal knowledge of the facts set forth herein, and if

6

called to testify, I could and would testify competently hereto.

7

      2.      Attached to this declaration as **Exhibit 1** is a true and correct copy of a letter from

8

Intuitive to Banner Health dated February 14, 2020 and produced at Intuitive-00986535–37.

9

      I declare under the penalty of perjury under the laws of the United States that the

10

foregoing is true and correct.

11

12

13

Dated:  October 28, 2024              By: /s/ *Paul D. Brachman*

14

                                   PAUL D. BRACHMAN

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Brachman Declaration in Support of Defendant's Motion in Limine No. 5 to Exclude Evidence
and Argument That Intuitive Made False or Misleading Statements to Customers
3:21-cv-03496-AMO

## **FILER'S ATTESTATION**

I, Kenneth A. Gallo, am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatory identified above has concurred in this filing.

Dated:  October 28, 2024

By: /s/ *Kenneth A. Gallo*
　　　Kenneth A. Gallo

Kenneth A. Gallo (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com

*Attorney for Defendant
Intuitive Surgical, Inc.*

Brachman Declaration in Support of Defendant's Motion in Limine No. 5 to Exclude Evidence and Argument That Intuitive Made False or Misleading Statements to Customers
3:21-cv-03496-AMO

**EXHIBIT 1**

**to**

**PAUL D. BRACHMAN DECLARATION IN SUPPORT
OF DEFENDANT'S MOTION IN LIMINE NO. 5
TO EXCLUDE EVIDENCE AND ARGUMENT THAT
INTUITIVE MADE FLASE OR MISLEADING
STATEMENTS TO CUSTOMERS**

INTUITIVE.

February 14, 2020

Jeff Buehrle, CFO Rural Hospitals
Banner Health
2901 N. Central Avenue
Phoenix, Arizona 85012

Dear Mr. Buehrle:

We understand that Banner Health is considering using "refurbished" EndoWrist® instruments, obtained from and/or modified by a third party for use beyond the programmed number of uses. The programmed number of uses, as indicated in the product labeling, represents the validated intended use of the product documented and submitted to authorities. Intuitive strongly discourages the procuring of its products through unauthorized channels and/or using its products that have been modified to work beyond the pre-programmed number of uses.

**Extended Instrument Use Can Impact Product Performance and Patient Safety**

All Intuitive products are designed and tested to achieve a targeted level of safety, precision, and dexterity over the programmed number of instrument uses. Gradual degradation of the instrument occurs both from use in surgery as well as repeated cleaning and sterilization cycles required between uses. Examples of degraded performance may include, but are not limited to:

- Unintuitive motion (i.e. instruments do not track well with master manipulators; unexpected motion or stalls);
- Insufficient grip force;
- Dull or damaged scissor blades;
- Worn/damaged cables.

With continued use beyond the instrument's determined useful life, the wear and tear from these additional uses may reduce these levels of safety, precision and dexterity.

In addition, in light of the prescribed cleaning and sterilization processes for the Intuitive instruments, device handling and modification by an outside party that deviates from validated processes submitted and cleared by regulatory authorities may cause instrument damage that could create patient safety issue. Third party remanufacturers or refurbishers may use non validated or incompatible cleaning agents and/or disinfection/sterilization processes, which are likely to damage the instruments, negatively affecting product performance.

Further, third party remanufacturers or refurbishers may damage the instrument's internal mechanisms that interface with the robotic system and allow Intuitive to monitor the device. In sum, the use of third party remanufacturers or refurbishers may affect the operation of the Instrument thereby jeopardizing patient safety.

**Extended Instrument Uses: Impact to Regulatory Clearances and Safety Precautions**

All of Intuitive's medical devices, including EndoWrist® instruments, are evaluated by the United States Food and Drug Administration ("FDA") and/or other international regulatory agencies to assess the safety and effectiveness of a device over its intended life and are cleared for use by those regulatory authorities.

Refurbishing activities performed by an unauthorized third party violate the U.S. Federal Food, Drug, and Cosmetic Act ("FDC Act") and the regulations promulgated and enforced thereunder by the FDA when such activities do not bring products to established specifications or when such activities change intended uses. Deviation from these specifications might prevent such products from performing properly, thereby

Highly Confidential-AEO

Intuitive-00986535

subjecting patients to significant risk. By using a third party remanufacturer or refurbisher, the hospital has no way to know whether the refurbished instrument meets the rigorous specifications as established by Intuitive Surgical and cleared by the FDA or other regulators. Moreover, the regulatory clearance provided to Intuitive by the FDA and other regulatory authorities may not apply to products that have been remanufactured or refurbished by unauthorized third parties.

Refurbishing activities performed by an unauthorized third party that change intended uses or modify the control mechanisms of the device may constitute the entry of adulterated and misbranded products to the marketplace. Specifically, the manufacture and entry into commerce of a medical device that does not meet specifications renders the product adulterated under 21 U.S.C. § 351. Moreover, any modification to allow for use of a da Vinci product beyond its labeled useful life exceeds the scope of the original clearance by expanding the FDA cleared indications for use. Engaging in such activities without first obtaining a new clearance to do so misbrands the product under 21 U.S.C. § 351. The cited provisions of the FDC Act and FDA's implementing regulations help to protect the public health by ensuring that medical devices are shown to be either safe and effective or substantially equivalent to other devices already legally marketed and that the products were designed, manufactured and serviced in a controlled manner to ensure that they meet designated specifications.

Furthermore, acquiring da Vinci System surgical products through unauthorized channels may violate the hospital's internal policies, which violation may include not obtaining proper patient's and/or surgeon's consent for the use of an altered or adulterated device on the patient.

**Your Contract with Intuitive**

We presume that you are aware that, in connection with Banner Health's purchase or lease of *da Vinci* Surgical products, Banner Health entered into a Terms and Conditions Agreement ("Sales Agreement") and Use, License and Service Agreement ("ULSA"), each as amended (collectively, the Agreement").[1] Using instruments beyond the programmed number of uses is a material breach of the Agreement. Here are terms of the Agreement that you might wish to consider:

- Instruments and Accessories are subject to a limited license to use those Instruments and Accessories with, and prepare those Instruments and Accessories for use with, the System. Any other use is prohibited, whether before or after the Instrument or Accessory's license expiration, including repair, refurbishment, or reconditioning not approved by Intuitive. This license expires once an Instrument or Accessory is used up to its maximum number of uses specified in the documentation accompanying the Instrument or Accessory. [Sales Agreement Exhibit D, ULSA § 8];

- Customer agreed that it will not, nor will Customer permit any third party to, modify, disassemble, reverse engineer, alter, or misuse the System or Instruments and Accessories. Further, if Customer fails to comply with the requirements of the section titled "Use of System", Intuitive may terminate the Agreement immediately upon written notice, and any warranties applicable to the System will become void. [Sales Agreement § 9, ULSA § 3.4];

- Moreover, Intuitive will not be liable for, and Customer agreed to indemnify and hold Intuitive harmless from and against, any claims or damages caused by Customer's failure to comply with the requirements of Section 3.4 of the ULSA [ULSA § 11.2].

In addition to the above, Intuitive believes that it has important intellectual property rights in the da Vinci system and its instruments. You may want to be sure that a vendor offering "reprogrammed instruments" is not violating intellectual property rights that belong to Intuitive.

---

1 Capitalized terms in this Section have the same meaning as set forth in the Agreement.

Based on the terms of the Agreement and the patient safety implications of the Systems being used with instruments refurbished by an unauthorized third party, Intuitive may no longer accept your service calls for such Systems. Should Intuitive or its personnel determine, after having accepted a service call or a purchase order for a service call, such as after an Intuitive Field Service Engineer arrives at your site for a service call, that the System has been used with instruments refurbished or modified by an unauthorized third party, Intuitive may not provide service for such a System. Please contact Intuitive's Director of External Affairs, Dan Jones (dan.jones@intusurg.com), if you have any further questions.

Sincerely,

**Signature:** *Romain DENIS*
Romain DENIS (Feb 18, 2020)

**Email:** romain.denis@intusurg.com

**Title:** Vice President Global RAQA

**Company:** Intuitive Surgical

**Signature:** *Kara Andersen Reiter*
Kara Andersen Reiter (Feb 19, 2020)

**Email:** kara.reiter@intusurg.com

**Title:** SVP, General Counsel and Chief Compliance Offi

**Company:** Intuitive Surgical

cc: Doug Bowen, VP Supply Chain

Intuitive-00986537

1

**MCCAULLEY LAW GROUP LLC**
JOSHUA V. VAN HOVEN, (CSB No. 262815)

2   E-Mail: josh@mccaulleylawgroup.com
3001 Bishop Dr., Suite 300

3   San Ramon, California 94583
Telephone: 925.302.5941

4

RICHARD T. MCCAULLEY (*pro hac vice*)

5   E-Mail: richard@mccaulleylawgroup.com
180 N. Wabash Avenue, Suite 601

6   Chicago, Illinois 60601
Telephone: 312.330.8105

7

*Attorneys for Plaintiff and Counter-Defendant,*

8   SURGICAL INSTRUMENT SERVICE COMPANY, INC.

9                 **UNITED STATES DISTRICT COURT**

10               **NORTHERN DISTRICT OF CALIFORNIA**

11                    **SAN FRANCISCO DIVISION**

12
SURGICAL INSTRUMENT SERVICE          Case No. 3:21-cv-03496-AMO

13  COMPANY, INC.
                                     Honorable Araceli Martínez-Olguín
          Plaintiff/Counter-Defendant,

14

15       v.                          **PLAINTIFF SIS' OPPOSITION TO**
                                     **INTUITIVE'S MOTION IN LIMINE #5**
16  INTUITIVE SURGICAL, INC.,

17              *Defendant/Counterclaimant.*

18

19       In its Motion In Limine No. 5 ("Mtn No. 5"), Defendant, Intuitive Surgical, Inc. ("Intuitive")

20  seeks an order prohibiting Plaintiff, Surgical Instrument Service Company, Inc's ("SIS") from:

21       (1)    introducing into evidence documents or testimony stating or suggesting that

22  Intuitive made false or misleading statements to hospital customers; and

23

24       (2)    arguing to the jury that Intuitive made false or misleading statements to its

25  customers, or arguing that such statements constitute anticompetitive conduct.

26  Mtn No. 5 at p. i.

27

28

                                        1

**SIS DOES NOT OPPOSE THE RELIEF INTUITIVE SEEKS
PROVIDED CERTAIN CLARIFYING LANGUAGE IS INCLUDED
TO MODIFY THE SCOPE OF THE PROHIBITION**

SIS does not oppose the relief sought by Intuitive provided the following clarifying language is included to modify the scope of the prohibition in order to make it more precise and to remove the possibility of a misinterpretation that would be contrary to law:

(1)    the prohibition does not apply to SIS introducing into evidence documents or testimony stating or suggesting that Intuitive's statements to its customers, although not false or misleading, are nevertheless part of Intuitive's overall anticompetitive, exclusionary conduct; and

(2)    the prohibition does not apply to SIS introducing into evidence documents or testimony stating or suggesting that using modified EndoWrists with a reset use counter does not pose patient safety risks.

**SIS'S RESPONSE TO INTUITIVE'S PRELIMINARY STATEMENT --
BACKGROUND AND ARGUMENT SECTIONS**

In the "Preliminary Statement", Intuitive asserts that "SIS should not be allowed to argue or suggest that Intuitive's statements to customers amount to anticompetitive conduct. Indeed, it would be legal error for the jury to base an antitrust verdict on such statements. [citation omitted] Accordingly, SIS should not be allowed to prejudice or confuse the jury by asserting that such statements are anticompetitive." Mtn No. 5 at p. 1:20-23. Intuitive's assertion is worded very broadly, without any qualifiers attached to the type of statements Intuitive made to customers, or reference to examples of such statements. It is not unreasonable to assume from this broad assertion that Intuitive may be asking that the Court prohibit SIS from arguing or suggesting that **any** Intuitive statements to customers amount to anticompetitive, exclusionary conduct, irrespective of whether the statements are true, false, misleading or disparaging. If that is what Intuitive is requesting, then Intuitive is overreaching and such a broadly worded prohibition is not warranted by the arguments or law Intuitive presents in its motion. SIS should be able to introduce into

2

evidence documents or testimony stating or suggesting that Intuitive's statements to its customers, although not false or misleading, are nevertheless part of Intuitive's overall anticompetitive conduct.

In the "Background", Intuitive states that in "correspondence with customers, Intuitive expressed the view that modifying EndoWrists to reset the instrument's use counter requires FDA clearance, and explained that **using EndoWrists that had been modified by unauthorized third parties could pose patient safety risks** and **would violate certain provisions of customers' contracts with Intuitive.**" Mtn No. 5 at p. 1:26-2:2 (emphasis added). Intuitive asserts that "SIS alleged in its Complaint that those communications and statements violated the Lanham Act, 15 U.S.C. § 1125." Mtn No. 5 at p. 2:2-4. Intuitive's claim is only half true. SIS did not allege a violation of the Lanham Act based on Intuitive's statements to customers explaining that using EndoWrists that had been modified by unauthorized third parties could pose patient safety risks or would violate certain provisions of customers' contracts with Intuitive. Nevertheless, those sorts of statements are part of Intuitive's anticompetitive conduct and are evidence of Intuitive's violation of the antitrust laws.

In the "Argument", Intuitive posits that "SIS may argue, as it did at summary judgment, that Intuitive's statements to customers are relevant because they constitute anticompetitive conduct." Mtn No. 5 at p. 3:20-21. As an example of such a statement, Intuitive offers SIS's reference to "threats to hospitals (including false statements about FDA requirements), that caused hospitals to stop using repaired EndoWrists, including those serviced by SIS." Mtn No. 5 at p. 3:22-24. Intuitive thereafter argues that statements to customers, which threaten those hospitals and cause them to stop using repaired EndoWrists, including those serviced by SIS, are "presumptively *not* anticompetitive." *Id.* Intuitive is incorrect.

The Ninth Circuit precendent relied on by Intuitive does not support its argument. The Ninth

Circuit in *Am. Prof'l Testing Serv., Inc. v. Harcourt Brace Jovanovich Legal & Prof'l Publ'ns, Inc.*, 108 F.3d 1147, 1151 (9th Cir. 1997) focused on determining whether the district court erred in overturning the jury's factual findings that Harcourt's disparagement of American constituted exclusionary conduct in California. The Ninth Circuit held: "While the disparagement of a rival or compromising a rival's employee may be unethical and even impair the opportunities of a rival, its harmful effects on competitors are ordinarily not significant enough to warrant recognition under § 2 of the Sherman Act." *Id.* The Ninth Circuit stated that the district court did not err "in overturning the jury's factual determination that Harcourt's implementation of a campaign designed to disparage American's bar review courses in the California, Arizona, Florida, New York, and national bar review markets through the distribution of anonymous, false, and deceptive advertising fliers on law school campuses constituted exclusionary conduct." *Id.*

SIS alleges that Intuitive statements to customers that say using repaired EndoWrists, including those serviced by SIS, could pose patient safety risks and/or violate the customer's contracts with Intuitive, and then threatening those customers with termination of warranties and discontinuance of other services constitute exclusionary conduct in violation of the Sherman Act. The Ninth Circuit decision in *Harcourt* has no application to SIS's antitrust claim against Intuitive. SIS has not alleged that such statements by Intuitive to customers are a campaign designed to disparage SIS's services offering refurbished EndoWrist instruments with reset use counters.

Intuitive contends that: "Because SIS cannot overcome the *Harcourt* presumption, it would be legal error for a jury to base an antitrust verdict on Intuitive's statements to customers. Allowing SIS to argue or put on **evidence suggesting that Intuitive's statements to customers were** false, misleading, or **anticompetitive** could only serve to confuse the issues and invite legal error, and would inevitably prejudice the jury and waste time." Mtn No. 5 at p. 4:16-20. Intuitive's position is not supported by the law and the broad prohibition sought by this motion is unwarranted.

**CONCLUSION**

For the foregoing reasons, SIS respectfully requests that in the interest of ensuring the prohibition is precise and to remove the possibility of a misinterpretation that would be legal error, the Court should include the proposed clarifying language as part of any Order entered granting Intuitive's Motion in Limine No. 5.


Dated: November 7, 2024          McCAULLEY LAW GROUP LLC
                                 By: */s/ Joshua Van Hoven*
                                      JOSHUA V. VAN HOVEN

                                 E-Mail: josh@mccaulleylawgroup.com
                                 3001 Bishop Dr., Suite 300
                                 San Ramon, California 94583
                                 Telephone: 925.302.5941

                                 RICHARD T. MCCAULLEY (pro hac vice)
                                 E-Mail: richard@mccaulleylawgroup.com
                                 180 N. Wabash Avenue, Suite 601
                                 Chicago, Illinois 60601
                                 Telephone: 312.330.8105

                          *Attorneys for* SURGICAL INSTRUMENT SERVICE COMPANY, INC.

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on November 7, 2024, I caused a copy of the foregoing

3    **PLAINTIFF SIS's OPPOSITION TO INTUITIVE'S MOTION IN LIMINE #5,** to be

4    electronically to be served *via* electronic mail to counsel of record:

5

6    **Crystal Lohmann Parker**
     Paul, Weiss, Rifkind, Wharton & Garrison LLP
7    1285 Avenue of the Americas
     New York, NY 10019
8    212-373-3000
     Email: cparker@paulweiss.com
9
     **Joshua Hill , Jr.**
10   Paul, Weiss, Rifkind, Wharton & Garrison LLP
     535 Mission Street, 24th Floor
11   San Francisco, CA 94105
     (628) 432-5123
12   Email: jhill@paulweiss.com

13   **Kenneth A. Gallo**
     Paul, Weiss, Rifkind, Wharton & Garrison LLP
14   2001 K Street NW
     Washington, DC 20006-104 7
15   202-223-7356
     Fax: 202-204-7356
16   Email: kgallo@paulweiss.com

17   **Paul David Brachman**
     Paul, Weiss, Rifkind, Wharton & Garrison LLP
18   2001 K St., NW
     Washington, DC 20006
19   202-223-7440
     Email: pbrachman@paulweiss.com
20
     **William Michael**
21   Paul, Weiss, Rifkind, Wharton and Garrison LLP
     1285 Avenue of the Americas
22   New York, NY 10019
     212-373-3000
23   Email: WMichael@paulweiss.com

24   **Allen Ruby**
     Attorney at Law
25   15559 Union Ave. #138
     Los Gatos, CA 95032
26   408-4 77-9690
     Email: allen@allenruby.com

27

28

**Andrew David Lazerow**
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
202-662-5081
Email: alazerow@cov.com

**Kathryn Elizabeth Cahoy**
Covington & Burling LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
650-632-4700
Email: kcahoy@cov.com

**Sonya Diane Winner**
Covington & Burling LLP
Floor 54
415 Mission Street
San Francisco, CA 94105-2533
(415) 591-6000
Email: swinner@cov.com

Dated: <u>November 7, 2024</u>        By: <u>    /s/ Joshua Van Hoven    </u>
                                              JOSHUA V. VAN HOVEN

1

**FILER'S ATTESTATION**

2

I, Kenneth A. Gallo, am the ECF User whose ID and password are being used to file this

3

document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories

4

identified above have concurred in this filing.

5

6

Dated:  November 11, 2024

7

By: /s/ *Kenneth A. Gallo*
Kenneth A. Gallo

8

Kenneth A. Gallo (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON &**

9

**GARRISON LLP**
2001 K Street, NW

10

Washington, DC  20006-1047
Telephone:  (202) 223-7300

11

Facsimile:  (202) 204-7420
Email: kgallo@paulweiss.com

12

13

*Attorney for Defendant*
*Intuitive Surgical, Inc.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28