Kenneth A. Gallo (*pro hac vice*)
Paul D. Brachman (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: pbrachman@paulweiss.com

William B. Michael (*pro hac vice*)
Crystal L. Parker (*pro hac vice*)
Daniel A. Crane (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: wmichael@paulweiss.com
Email: cparker@paulweiss.com
Email: dcrane@paulweiss.com

Joshua Hill Jr. (SBN 250842)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101
Email: jhill@paulweiss.com

*Attorneys for Defendant Intuitive Surgical, Inc.*

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC., <br>        *Plaintiff*, <br> v. <br> INTUITIVE SURGICAL, INC., <br>        *Defendant*. | Case No. 3:21-cv-03496-AMO <br><br> **OMNIBUS SEALING MOTION IN CONNECTION WITH DEFENDANT'S TRIAL BRIEF** <br><br> The Honorable Araceli Martínez-Olguín |

# MOTION AND NOTICE OF MOTION

Pursuant to Civil Local Rules 7-11 and 79-5, and the Joint Stipulation and Order Regarding Omnibus Sealing Procedures, Dkt. 242, Defendant Intuitive Surgical, Inc. ("Intuitive") hereby files this Omnibus Sealing Motion (the "Motion to Seal") in connection with certain documents submitted in support of its Trial Brief.

## I.   BACKGROUND

Intuitive filed its Trial Brief on October 28, 2024. Dkt. 280. In support of its Trial Brief, Intuitive cited to certain materials that had been marked "Confidential" or "Highly Confidential-AEO," pursuant to the operative Protective Order, Dkt. 78 (as modified by Dkt. 107), and filed those materials under seal. The confidential materials filed under seal in support of Intuitive's Trial Brief include:

- A Sales, License, and Service Agreement between Intuitive Surgical and Northwestern Memorial Healthcare dated December 16, 2019 and produced at Intuitive-01862315–29 (Dkt. 279-2);

- A letter dated August 28, 2018 and produced at Restore-00086086–92 (Dkt. 279-3);

- A letter dated November 15, 2018 and produced at Intuitive-00478439–44 (Dkt. 279-4);

- A letter dated February 12, 2019 and produced at Restore-00025577–84 (Dkt. 279-5);

- A letter dated April 16, 2019 and produced at REBOTIX145274–79 (Dkt. 279-6); and

- Surgical Instrument Service Company, Inc.'s ("SIS's") Responses to Intuitive's Second Set of Requests for Admission and Third Set of Interrogatories, dated October 16, 2024 (Dkt. 279-7).

Intuitive also filed its Trial Brief under seal because the Trial Brief quoted from and described the sealed confidential materials listed above. Dkt. 279-1.

Pursuant to the Joint Stipulation and Order Regarding Omnibus Sealing Procedures, Dkt. 242, the materials described above were filed under seal pursuant to an interim sealing motion. Dkt. 279. Intuitive has since conferred with SIS and with the non-parties whose confidential materials are at issue, and now submits this motion setting forth each party and/or non-party's position with respect to the treatment of its own confidential materials.

## II. LEGAL STANDARD

Parties seeking to seal documents bear the burden of providing "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana* v. *City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citations omitted). Compelling reasons for sealing have been found for information including "business strategies and plans for future products," *e.g.*, *Hadley* v. *Kellogg Sales Co.*, 2019 WL 12495009, at *2 (N.D. Cal. Dec. 12, 2019) (citation omitted), "trade secrets," *e.g.*, *Microsoft Corp.* v. *Hon Hai Precision Indus. Co.*, 2020 WL 8991707, at *3 (N.D. Cal. Feb. 21, 2020) (quoting *Kamakana*, 447 F.3d at 1179), and other "business information that might harm a litigant's competitive standing," *e.g.*, *Ctr. for Auto Safety* v. *Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978)). Sealing of court records under the compelling reasons standard also is appropriate where "'court files might . . . become a vehicle for improper purposes.'" *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).

## III. ARGUMENT

### A. Intuitive's Request to Seal Limited Portions of One Intuitive Document

Intuitive seeks to maintain under seal a few limited portions of one document: specifically, the non-public price terms Intuitive agreed to in one contract with a customer. *See* Wong Dec. ¶ 2. This document was marked "Highly Confidential-AEO" pursuant to the Stipulated Protective Order in this matter, Dkt. 78 (as modified by Dkt. 107).[1] And the contract itself includes a confidentiality provision regarding its "terms and conditions." *See* Dkt. 279-2 ¶ 13.1(A). As discussed in the attached declaration of Dr. Wong, public disclosure of this information could cause significant competitive harm because, if publicly revealed, it would give other parties insight into Intuitive's business and allow them to use that competitive intelligence to further their own pricing strategies. *See* Wong Dec. ¶ 2.

---

[1] Intuitive does not seek to maintain under seal the letter dated November 15, 2018 and produced at Intuitive-00478439–44, docketed at Dkt. 279-4.

"[C]ourts 'regularly find that litigants may file under seal contracts with third parties that contain proprietary and confidential business information.'" *Bestway (USA), Inc.* v. *Sgromo*, 2018 WL 1411108, at *1 (N.D. Cal. Mar. 21, 2018) (quoting *Finisar Corp.* v. *Nistica, Inc.*, 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015)). And, specifically, this kind of "detailed . . . financial information" satisfies the compelling reasons standard. *See Rodman* v. *Safeway Inc.*, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (granting motions to seal "information discussing Safeway's pricing strategy, business decisionmaking, and financial records"); *see also Nicolosi Distrib., Inc.* v. *Finishmaster, Inc.*, 2018 WL 3932554, at *3 (N.D. Cal. Aug. 16, 2018) (permitting sealing of "specific pricing terms, competitively sensitive information, and negotiation practices with customers" under the compelling reasons standard); *DiscoverOrg Data, LLC* v. *Bitnine Glob., Inc.*, 2020 WL 8669859, at *3 (N.D. Cal. Nov. 6, 2020) (finding that "that the competitive harm that would result from the disclosure of Plaintiff's pricing and contracts with third parties is a compelling reason that outweighs the general history of access and the public policies favoring disclosure" and granting motion to seal (citing *Kamakana*, 447 F.3d at 1178–79)); *Costco Wholesale Corp. v. Johnson & Johnson Vision Care Inc*, 2015 WL 2405486, at *2 (N.D. Cal. May 18, 2015) (granting motion to seal "redacted portions of [an agreement because they] contain sensitive pricing information, disclosure of which could cause Defendant competitive harm" (citing *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008)); *In re Elec. Arts, Inc.*, 298 F. App'x at 569 (finding district court erred in denying motion to seal "pricing terms, royalty rates, and guaranteed minimum payment terms" under the compelling reasons standard).

Although Intuitive's pricing is a topic in the case, this level of granular information as to the prices charged to one specific customer in one specific contract will not advance the public's ability to understand the nature of the proceedings. *See Apple, Inc.* v. *Samsung Elecs. Co.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013) (sealing granular financial information in part "because the parties agreed to rely on less-detailed financial information to prove their damages at trial"). Furthermore, the contract terms Intuitive has agreed to with a specific customer satisfy the

compelling reasons standard, as they reflect confidential and highly negotiated terms, which, if made public, could be used by competitors to undermine Intuitive.

Intuitive has also narrowly tailored its requests by redacting only the specific portions of the documents implicating these issues—*i.e.*, the price terms—leaving the vast majority of the material available for public review. *Costco Wholesale*, 2015 WL 2405486, at *2 (finding proposed redactions to an agreement only for pricing terms were "'narrowly tailored' to seal only sealable material"). Sealing these materials thus would not impede the public's ability to understand the nature of the proceedings and the factual bases for the parties' arguments.

Accordingly, Intuitive respectfully requests that the non-public price terms be redacted and maintained under seal. A proposed redacted version of the document is attached as Exhibit A.

**B.  SIS Request to Seal SIS Documents**

Counsel for Intuitive conferred with counsel for SIS, who represented that SIS does not seek to maintain under seal any of its materials submitted in connection with Intuitive's Trial Brief. *See* Dkt. 279-7.

**C.  Third-Party Requests to Seal Third-Party Documents**

There are two non-parties who have designated material as confidential that was filed in connection with the Trial Brief: Restore Robotics LLC and Rebotix Repair LLC. Counsel for Intuitive conferred with counsel for these non-parties, who represented that neither seeks to maintain under seal any of their materials submitted in connection with Intuitive's Trial Brief. *See* Dkt. 297-3, 279-5; 279-6.

Because no party or non-party seeks to seal the portions of their confidential materials cited in the Trial Brief, Intuitive does not seek to permanently seal the Trial Brief, Dkt. 279-1.

**IV.  CONCLUSION**

For the forgoing reasons, Intuitive respectfully requests that the Court seal the material identified in the attached proposed order.

| | | |
|---|---|---|
| 1 | Dated:  November 11, 2024 | By: */s/ Kenneth A. Gallo* |
| 2 | | Kenneth A. Gallo |
| | | |
| 3 | | Kenneth A. Gallo (*pro hac vice*) |
| | | Paul D. Brachman (*pro hac vice*) |
| 4 | | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |
| 5 | | 2001 K Street, NW |
| | | Washington, DC  20006-1047 |
| 6 | | Telephone:  (202) 223-7300 |
| | | Facsimile:  (202) 223-7420 |
| 7 | | Email: kgallo@paulweiss.com |
| | | Email: pbrachman@paulweiss.com |

William B. Michael (*pro hac vice*)
Crystal L. Parker (*pro hac vice*)
Daniel A. Crane (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email: wmichael@paulweiss.com
Email: cparker@paulweiss.com
Email: dcrane@paulweiss.com

Joshua Hill Jr. (SBN 250842)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:  (628) 432-5100
Facsimile:  (628) 232-3101
Email: jhill@paulweiss.com

Sonya D. Winner (SBN 200348)
**COVINGTON & BURLINGTON LLP**
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone:  (415) 591-6000
Facsimile:  (415) 591-6091
Email: swinner@cov.com

Kathryn E. Cahoy (SBN 298777)
**COVINGTON & BURLINGTON LLP**
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, California 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: kcahoy@cov.com

Andrew Lazerow (*pro hac vice*)
**COVINGTON & BURLINGTON LLP**
One City Center 850 Tenth Street NW
Washington DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: alazerow@cov.com

Allen Ruby (SBN 47109)
**ALLEN RUBY, ATTORNEY AT LAW**
15559 Union Ave. #138
Los Gatos, California 95032
Telephone: (408) 477-9690
Email: allen@allenruby.com

*Attorneys for Defendant
Intuitive Surgical, Inc.*

**CERTIFICATE OF SERVICE**

I, Kenneth A. Gallo, hereby certify that on November 11, 2024, I caused a true and correct copy of the foregoing Omnibus Sealing Motion in Connection with Defendant's Trial Brief, which was this day filed under provisional seal, to be electronically filed via the Court's Electronic Case Filing System and served via email on counsel of record for Surgical Instrument Service Company, Inc, and on non-parties Restore Robotics LLC's counsel, Jeffrey Berhold, and Rebotix Repair LLC's counsel, Alexander Erwig, via electronic mail.

Dated: November 11, 2024 By: /s/ *Kenneth A. Gallo*
Kenneth A. Gallo

*Attorney for Intuitive Surgical, Inc.*