

November 15, 2024

<u>By ECF</u>

Hon. Araceli Martínez-Olguín
U.S. District Court, Northern District of California
Courtroom 10
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:     *Surgical Instrument Service Company, Inc. v. Intuitive Surgical, Inc.,*
                 No. 3:21- cv-03496-AMO (N.D. Cal.)

Dear Judge Martínez-Olguín:

I represent Surgical Instrument Service Company, Inc. ("SIS") in the above-captioned matter. I write in response to the letter filed by counsel for Defendant Intuitive Surgical, Inc. ("Intuitive"). Dkt. 286.

Nine (9) days after the parties filed their Joint Exhibit List which is over 200 pages (Dkt. 278-2 Appendix D to the Joint Proposed Final Pretrial Order), SIS filed two additional documents. One document corresponds to SIS's "First Amendments to the Trial Exhibit List" (Dkt. 284) and the second one corresponds to "SIS List of Third Party Produced Documents" (Dkt. 285).

SIS's additions to the Joint Exhibit List comprise almost entirely emails to or from SIS that were produced to Intuitive during discovery in this case. A handful of additions are documents that Intuitive produced during discovery. These documents were intended to be included on the Joint Exhibit List as filed on October 28, 2024.

Regrettably, due to the significant number of pretrial tasks and filings counsel were diligently working on, the additional SIS designated trial exhibits just did not make it on to the Joint List in time for the October 28 filing. There was nothing malicious intended by SIS's relatively modest additions to the trial exhibit list. There is no "gamesmanship" afoot here, attempting to gain some sort of tactical advantage. In this instance, what occurred was not optimum, but in no way is a rare occurrence in the final stages of preparing for a vigorously contested and complex civil jury trial. With nearly two months remaining before the start of the trial, Intuitive cannot credibly claim it has been unduly prejudiced.

SIS's List of Third Party Produced Documents are authentic and constitute business records, as apparent on their face under Rules 803(6), 901(a). Each of the documents SIS has listed was produced from the files of a third party in response to subpoenas served in this litigation or the related actions, or otherwise appears on the third party's website.



This is a complex antitrust case involving the production of tens of thousands of documents by both SIS and Intuitive. It also involves tens of thousands of documents from the related actions previously brought by Restore and Rebotix against Intuitive which were reproduced for use in this action. Many third parties were subpoenaed for documents and were deposed in this case and in the related actions. Those third party documents are part of the discovery record in this litigation.

SIS made substantial and diligent efforts to identify its trial exhibits and work with Intuitive's counsel to include them in the Joint Exhibit List filed on October 28. It is not at all surprising that in a case of this magnitude and complexity, the parties would likely have to amend the Exhibit List to add additional documents that had not yet been added to the Joint Exhibit List as of October 28.

Indeed, the parties contemplated that the Exhibit List may have to be amended under a number of circumstances and stated as part of the Joint Exhibit List (Dkt. 278-2 Appendix D to the Joint Proposed Final Pretrial Order):

> The Parties reserve the right to supplement or amend the Joint Exhibit List to add exhibits referenced in deposition designations and counter-designations when deposition designations and counter-designations are filed with the Court on December 30, 2024. Dkt. 235 § III. The Parties also reserve the right to supplement or amend the Joint Exhibit List in light of, among other things, the Court's pre-trial and trial evidentiary rulings and/or further amendments to trial witness lists. The Parties also reserve the right to supplement or amend the Joint Exhibit List to add exhibits inadvertently omitted from this Joint Exhibit List.

Dkt. 278-2 Appendix D to the Joint Proposed Final Pretrial Order at 1.

Both SIS's counsel and Intuitive's counsel worked diligently and cooperatively during October to complete the tasks set out in the Court's Schedule and Pretrial Order (Dkt. 235). There is no undue prejudice to Intuitive as a result of SIS's additional filings and Intuitive makes no such claim or showing. Accordingly, SIS respectfully submits that Intuitive's request that both filings be stricken should be denied.

Sincerely,

/s/Richard McCaulley
Richard McCaulley
McCaulley Law Group. LLC
Counsel for Plaintiff, SIS Company, Inc.