PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

DIRECT DIAL: (202) 223-7356
EMAIL: KGALLO@PAULWEISS.COM

NEW YORK
BEIJING
BRUSSELS
HONG KONG
LONDON

LOS ANGELES
SAN FRANCISCO
TOKYO
TORONTO
WILMINGTON

November 18, 2024

**By ECF**

Hon. Araceli Martínez-Olguín
U.S. District Court
Northern District of California
Courtroom 10
450 Golden Gate Avenue
San Francisco, CA 94102

         Re:    *Surgical Instrument Service Company, Inc.* v. *Intuitive Surgical, Inc.*, No. 3:21- cv-03496-AMO (N.D. Cal.)

Dear Judge Martínez-Olguín:

      We respectfully submit this letter on behalf of Defendant Intuitive Surgical to identify certain items that Intuitive suggests would be useful to discuss with the Court at the upcoming Final Pretrial Conference, scheduled for November 25, 2024, in the above-captioned action (Schedule and Pretrial Order of June 11, 2024, Dkt. No. 235, hereafter "Pretrial Order").

**I.    Plaintiff's Late Submission of Trial Exhibits and Deposition Designations**

      Having pushed repeatedly for a fast trial date, Plaintiff SIS has now missed two important pretrial deadlines, with no legitimate excuse or justification.

      First, as set forth in Intuitive's letter of November 11, 2024, Dkt. 286, SIS unilaterally filed Amendments to the Trial Exhibit List, adding **214 documents** as proposed trial exhibits, more than a week after the Court-ordered deadline for filing the parties' joint Exhibit List. SIS now states that these hundreds of additional documents "were intended to be included on the Joint Exhibit List as filed on October 28, 2024," but "just did not make it on to the Joint List in time." Dkt. 304 at 1. The parties exchanged multiple drafts of the proposed Exhibit List starting more than a month before October 28, and at no time did SIS ever identify these 214 documents as ones it "intended" to include or suggest that it would "just" be adding hundreds of additional documents to the Exhibit List after the Court-ordered filing deadline. As a result of SIS's delay, Intuitive had no opportunity to serve objections to these new exhibits or to address them in motions *in limine* before they were filed with the Court. For the reasons set forth in Intuitive's previous letter, Dkt. 286, SIS's late-filed exhibits should be stricken.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Araceli Martínez-Olguín                                                                                  2

Second, in order to facilitate meeting the Court-ordered deadline of December 30, 2024, for filing deposition designations and objections, the parties agreed months ago that they would exchange affirmative designations on November 15, 2024. Intuitive served its affirmative designations on SIS in compliance with this deadline. SIS did not. Instead, SIS served a set of depositions designations on the morning of November 16, 2024, and then followed up with an email to say that the designations it had served were "not complete." SIS's counsel offered no excuse or justification, other than to say: "Apologies, we had lost track of this deadline." To date, SIS has not provided its complete deposition designations or an estimate for when it will do so.

SIS's repeated failure to comply with Court-ordered and agreed-upon deadlines, in the face of a fast-approaching jury trial, is causing prejudice to Intuitive. We wish to discuss these matters with the Court on November 25, along with the more mundane though also important issues of pretrial procedure identified below.

**II.    Proposed Pretrial and Trial Procedure Stipulations Rejected by SIS**

Intuitive proposed several procedural stipulations in order to facilitate the presentation of evidence at trial and to ensure compliance with Court deadlines. Some the parties were able to agree upon. Others SIS rejected without explanation and without offering any counterproposal. Intuitive identifies below its proposals on three issues that we believe should be addressed in advance of trial and as to which we seek the Court's guidance.

1. <u>Compliance with Evidentiary Stipulations and *in Limine* Rulings</u>. Intuitive will identify specific edits or redactions to exhibits as required to comply with all stipulations and Court orders governing the admissibility of evidence in advance of the use of such exhibits at trial. Intuitive proposes that SIS do the same and further proposes that the Parties negotiate the time by which such edits or redactions must be identified. In the event the Parties cannot agree with respect to specific edits or redactions intended to implement agreed upon or mandated evidentiary exclusions after meeting and conferring, Intuitive proposes that Parties raise such disputes by letter with the Court.

2. <u>Cross-Examination Exhibits</u>. Intuitive proposes that the parties not be required to exchange in advance exhibits to be used on cross-examination, provided, however, that any exhibit that a party seeks to move into evidence (including on cross-examination) must be included on the joint Trial Exhibit List.[1] Intuitive proposes that documents to be used solely for impeachment or to refresh a witness's recollection need not be exchanged in advance or included on the Trial Exhibit List.

3. <u>Deposition Designations to be Used at Trial</u>. Pursuant to the Pretrial Order, on December 30, 2024, the parties shall jointly file all designations of deposition testimony or other

---

[1] Intuitive recognizes that this modifies the Court's instruction in Section VII of its Schedule and Pretrial Order, Dkt. 235, which otherwise would require the parties to "provide a list of all exhibits to be used with the same witness on cross-examination (other than for impeachment)" within 24 hours of receiving notice that a witness will be called.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Araceli Martínez-Olguín                                                                                                 3

discovery that a party wishes to offer, as well as any counter-designations or objections to the deposition testimony or discovery offered by any other party.  To streamline the presentation of deposition testimony at trial and to avoid the presentation of duplicative evidence, Intuitive expects that as trial progresses it will become necessary to further narrow at least some of the designations to be filed on December 30, 2024.  Intuitive proposes the following procedure for doing so:

- Each Party serves its final affirmative designations of deposition testimony to be played in that Party's case-in-chief, and a report of the runtime of the designations, by 8:00 p.m. no later than 4 days before the Party offering the affirmatively designated testimony reasonably anticipates that such testimony will be played at trial.

- Each Party serves its final objections to the opposing Party's final affirmative deposition designations, as well as its counter designations and a report of the runtime of each counter-designated segment, by 8:00 p.m. no later than 2 days after receiving the opposing Party's final affirmative deposition designations.

- Counsel for the proponent of deposition testimony is permitted to introduce the testimony by reading the witness's name, employer(s), title(s), and employment history before the deposition testimony is played or read to the jury.  The proponent of such testimony will serve the opposing Party with a copy of the introduction concurrent with the proposed final deposition designations, and the opposing Party reserves all rights to object to that introduction.

For the avoidance of doubt, the Parties' final affirmative designations, final objections, and final counter-designations shall not include any designations, objections, and counter-designations that were not listed in the Parties' December 30, 2024 joint filing.

**III.    Other Procedural Issues**

Intuitive also respectfully requests the Court's guidance at the Pretrial Conference as to the following issues:

1. <u>Objections to demonstrative exhibits to be used in opening statements</u>.  The Parties have agreed to exchange the demonstrative exhibits (including slides) to be used in opening statements the day before opening statements are to be given and have agreed to negotiate the exact timing of this exchange at a later date.  Dkt. 278 at 6:25-28.  In the event that the Parties are unable to resolve through the meet and confer process one or more disputes regarding the opening demonstratives, Intuitive proposes that any such disputes be submitted to the Court by letter no later than 10:00 p.m. on the day those demonstratives are exchanged, so that they can be addressed in Court the following morning and before opening statements are presented.

2. <u>Objections regarding materials to be used in direct examination of a witness</u>.  The Parties have stipulated to a procedure for the exchange of exhibits for the direct examination

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Araceli Martínez-Olguín                                                                                                    4

of witnesses. Dkt. 278 at D.4.[2] Intuitive proposes that any disputes regarding materials to be used in the direct examination of any witness will be submitted to the Court by no later than 8 p.m. on the day before that witness will testify.

        3. <u>Time Limits for Witness Testimony</u>. The Court has set an overall number of hours for the trial, and the parties have agreed to divide the allotted trial time evenly between them. Dkt. 278 at 7:20-22. Intuitive suggests that the time allotted to witness testimony be treated cumulatively for each side, rather than setting time limits in advance for each individual witness.

        4. <u>Procedure for Moving Unobjected-To Exhibits into Evidence</u>. For trial exhibits as to which no party has lodged objections, Intuitive requests the Court's guidance regarding whether such exhibits can be moved into evidence without otherwise laying a foundation with a witness.

Respectfully submitted,

*/s/ Kenneth A. Gallo*

Kenneth A. Gallo


cc:   All counsel of record (by ECF)

---

[2] ***Exchange of Exhibits for Direct Examination of Witnesses****.* Each Party will disclose, by exhibit number, the exhibits that will be used in its direct examination of a witness called in its case-in-chief no later than 9:00 a.m. on the day before the Party reasonably anticipates the witness will testify. This stipulation shall not apply to documents that prove necessary to refresh the witness's recollection. Dkt. 278 at 6:15-19.