

November 20, 2024

<u>By ECF</u>

Hon. Araceli Martínez-Olguín
U.S. District Court, Northern District of California
Courtroom 10
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    *Surgical Instrument Service Company, Inc. v. Intuitive Surgical, Inc.,*
             No. 3:21- cv-03496-AMO (N.D. Cal.)

Dear Judge Martínez-Olguín:

    I represent Surgical Instrument Service Company, Inc. ("SIS") in the above-captioned matter. I write in response to the letter filed by counsel for Defendant Intuitive Surgical, Inc. ("Intuitive"). Dkt. 305. SIS has no objection to discussing the items identified in the letter from Intuitive's counsel at the upcoming Final Pretrial Conference, scheduled for 11:00 am on November 25, 2024. However, SIS respectfully submits that the limited time allotted by the Court for the Final Pretrial Conference would be better spent addressing more important issues, such as the parties' motions in limine.

    With respect to the items that Intuitive requests an opportunity to discuss with the Court, SIS provides the following comments in response to the narrative provided by Intuitive's counsel.[1] First, Intuitive alleges that "Plaintiff SIS has now missed two important pretrial deadlines, with no legitimate excuse or justification." Dkt. 305 at 1. That accusation is simply not accurate.

    Intuitive states that the November 15, 2024 date for exchanging affirmative designations is an "important pretrial deadline", misleadingly implying that the "deadline" was set by the Court. It was not. The November 15 date was agreed upon by counsel as the first part of a multi-step process to prepare the Joint Filing of "all designations of deposition testimony, as well as any counter-designations or objections to the deposition testimony or discovery offered by any other party." Dkt. 235 at 4:2-5.

    Intuitive indignantly states that it "served its affirmative designations on November 15, 2024. SIS did not." Dkt. at 2. Intuitive apparently is outraged by SIS serving the bulk of its affirmative deposition designations the morning of the next day, scoffing at SIS counsel's apology that "we had lost track of this deadline." Moreover, Intuitive makes a fuss about SIS counsel's email of the same

---

[1] A portion of Intuitive's November 18 letter (Dkt. 305) merely regurgitates its complaint lodged previously with the Court about the trial exhibits and their listing (Dkt. 286). SIS filed a response to that missive (Dkt. 304) and will not repeat its position in this letter.

Hon. Araceli Martínez-Olguín

day alerting them that the designations were "not complete." Intuitive's letter, however, leaves out the context provided by SIS counsel's email, which states:

> "The designations we sent [November 16] are not complete. <u>We identified the majority of the substantive testimony that we intend to designate, and are in the process of designating material to provide context for that testimony.</u> I will have an estimate of when we will be complete as soon as possible."

November 16, 2024 Email from Richard McCaulley (SIS counsel) to Heather Milligan (Intuitive counsel) (emphasis added).

      SIS provided Intuitive with its complete affirmative deposition designations-- three (3) days after (including two days of the weekend) the counsel-agreed upon November 15 exchange date. The next date the parties agreed to is December 11 for exchanging objections to designations and counter-designations. Intuitive asserts that receiving SIS's affirmative deposition designations three days late "is causing prejudice to Intuitive." Notwithstanding the fact that Intuitive has not articulated any support for its prejudice claim, SIS submits that such claim is hyperbolic considering that the actual due date for this Joint Filing is December 30, 2024-- still six weeks away.

      With regard to Intuitive's "Proposed Pretrial and Trial Procedure Stipulations", SIS provides the following comments to provide context for the Court's consideration. Intuitive states that its counsel proposed "several procedural stipulations". In fact, Intuitive proposed 11 separate stipulations, nine (9) of which SIS accepted over two months ago.

      Intuitive's letter provides "its proposals on three issues that we [Intuitive] believe should be addressed in advance of trial and as to which we [Intuitive] seek the Court's guidance." Dkt. 305 at 2.

**Intuitive's Proposal 1 states**:

"<u>Compliance with Evidentiary Stipulations and in Limine Rulings</u>.

Intuitive will identify specific edits or redactions to exhibits as required to comply with all stipulations and Court orders governing the admissibility of evidence in advance of the use of such exhibits at trial. Intuitive proposes that SIS do the same and further proposes that the Parties negotiate the time by which such edits or redactions must be identified. In the event the Parties cannot agree with respect to specific edits or redactions intended to implement agreed upon or mandated evidentiary exclusions after meeting and conferring, Intuitive proposes that Parties raise such disputes by letter with the Court."



Hon. Araceli Martínez-Olguín

The above proposal is essentially the same as the Intuitive's previously proposed stipulation reproduced below which SIS accepted two months ago:

"9. *Compliance with Evidentiary Stipulations and Motions* in Limine. The Parties agree to identify specific edits or redactions to exhibits as required to comply with all stipulations and Court orders governing the admissibility of evidence in advance of the use of such exhibits at trial. The Parties will negotiate the time by which such edits or redactions must be identified. In the event the Parties cannot agree with respect to specific edits or redactions intended to implement agreed upon or mandated evidentiary exclusions, the Parties reserve their rights, after meeting and conferring in good faith, to seek the Court's intervention and to seek the exclusion of any references or evidence they believe should be precluded."

**Intuitive's Proposal 2 states**:

"Cross-Examination Exhibits.

Intuitive proposes that the parties not be required to exchange in advance exhibits to be used on cross-examination, provided, however, that any exhibit that a party seeks to move into evidence (including on cross-examination) must be included on the joint Trial Exhibit List.[1] Intuitive proposes that documents to be used solely for impeachment or to refresh a witness's recollection need not be exchanged in advance or included on the Trial Exhibit List."

Footnote 1: "Intuitive recognizes that this modifies the Court's instruction in Section VII of its Schedule and Pretrial Order, Dkt. 235, which otherwise would require the parties to "provide a list of all exhibits to be used with the same witness on cross-examination (other than for impeachment)" within 24 hours of receiving notice that a witness will be called."

Intuitive never presented the above proposal to SIS for consideration, but it is closely related to Intuitive's previously proposed stipulation reproduced below which SIS accepted months ago:

"5. *Exchange of Exhibits for Direct Examination of Witnesses*. Each Party will disclose, by exhibit number, the exhibits that will be used in its direct examination of a witness called in its case-in-chief no later than 9:00 a.m. on the day before the Party reasonably anticipates the witness will testify. This stipulation shall not apply to documents that prove necessary to refresh the witness's recollection."

**Intuitive's Proposal 3 states:**

"• Each Party serves its final affirmative designations of deposition testimony to be played in that Party's case-in-chief, and a report of the runtime of the designations, by 8:00 p.m.

McCaulley
LAW GROUP

4

Hon. Araceli Martínez-Olguín

no later than 4 days before the Party offering the affirmatively designated testimony reasonably anticipates that such testimony will be played at trial.

    • Each Party serves its final objections to the opposing Party's final affirmative deposition designations, as well as its counter designations and a report of the runtime of each counter-designated segment, by 8:00 p.m. no later than 2 days after receiving the opposing Party's final affirmative deposition designations.

    • Counsel for the proponent of deposition testimony is permitted to introduce the testimony by reading the witness's name, employer(s), title(s), and employment history before the deposition testimony is played or read to the jury. The proponent of such testimony will serve the opposing Party with a copy of the introduction concurrent with the proposed final deposition designations, and the opposing Party reserves all rights to object to that introduction."

    Intuitive presented this proposal to SIS in a letter dated September 9, 2024. SIS responded on September 17 in an email from Richard McCaulley (SIS counsel) to William Michael (Intuitive counsel) and stated with respect to the proposed stipulation for handling deposition designations at trial: *"SIS believes that your proposed stipulations may conflict with the Court's Schedule and Pretrial Order (Doc 235, Section III). Please explain why you believe your stipulation is consistent with the Court's instructions."* Intuitive did not provide the requested explanation and has been silent on the matter for the last two months.

    Lastly, Intuitive presents for the first time to SIS and the Court, four "Other Procedural Issues", requesting the Court's guidance at the Pretrial Conference.

    <u>As to objections to demonstrative exhibits to be used in opening statements</u>, "Intuitive proposes that any such disputes be submitted to the Court by letter no later than 10:00 p.m. on the day those demonstratives are exchanged, so that they can be addressed in Court the following morning and before opening statements are presented." SIS has no objection to this procedure.

    <u>As to objections regarding materials to be used in direct examination of a witness</u>, "Intuitive proposes that any disputes regarding materials to be used in the direct examination of any witness will be submitted to the Court by no later than 8 p.m. on the day before that witness will testify." SIS has no objection to this procedure, as long as "materials" is understood to be limited to (1) the exhibits that will be used in a party's direct examination of a witness called in its case-in-chief and (2) the demonstrative exhibits (including slides) to be used in its direct examination of a witness called in its case-in-chief.

    <u>As to time limits for witness testimony</u>, "Intuitive suggests that the time allotted to witness testimony be treated cumulatively for each side, rather than setting time limits in



Hon. Araceli Martínez-Olguín

advance for each individual witness." The parties have agreed that each party's allotted trial hours shall be inclusive of opening statements, closing statements, direct and cross examination, and the reading/playing of that Party's deposition designations." SIS does not understand Intuitive's suggestion and does not see why adopting it is necessary.

<u>As to procedure for moving unobjected-to exhibits into evidence</u>, "Intuitive requests the Court's guidance regarding whether such exhibits can be moved into evidence without otherwise laying a foundation with a witness." SIS has no objection, subject to the Court's approval, to moving such exhibits into evidence without otherwise laying a foundation with a witness.


Sincerely,

<u>/s/Richard McCaulley</u>
Richard McCaulley
McCaulley Law Group. LLC
Counsel for Plaintiff, SIS Company, Inc.