# [PROPOSED] ORDER REGARDING DISGORGEMENT OF PROFITS AT TRIAL

On June 11, 2024, the Court entered its Schedule and Pretrial Order, which required the Parties to serve any motions in limine by October 28, 2024.  Dkt. 235 at Section II.B.  On October 28, 2024, Plaintiff served on Defendant Plaintiff's Motion in Limine #3, through which Plaintiff "moves in limine to exclude all testimony[], evidence, and argument regarding disgorgement of SIS's alleged profits as that evidence relates to [Intuitive's] counterclaims" from trial in this matter, on the basis that "Disgorgement of profits, as an equitable remedy, is not appropriate for determination by a jury."  On November 1, 2024, Defendant provided to Plaintiff a proposed stipulation to resolve Plaintiff's Motion in Limine #3.

The Parties now jointly stipulate and agree, and the Court so-orders, that Intuitive shall not present any testimony, evidence or argument to the jury regarding disgorgement of SIS's profits.

Nothing in this Order in any way limits, precludes, or prevents Intuitive from offering any testimony, evidence or argument to the Court regarding disgorgement of SIS's profits or presenting any testimony, evidence or argument to the jury regarding SIS's profits for any other purpose.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated _____ November 25, 2024                    BY THE COURT:

_____
HON. ARACELI MARTÍNEZ-OLGUÍN
United States District Judge