| | |
|---|---|
| 1 | Kenneth A. Gallo (*pro hac vice*) |
| | Paul D. Brachman (*pro hac vice*) |
| 2 | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |
| | 2001 K Street, NW |
| 3 | Washington, DC  20006-1047 |
| | Telephone:  (202) 223-7300 |
| 4 | Facsimile:  (202) 223-7420 |
| | Email: kgallo@paulweiss.com |
| 5 | Email: pbrachman@paulweiss.com |
| 6 | William B. Michael (*pro hac vice*) |
| | Crystal L. Parker (*pro hac vice*) |
| 7 | Daniel A. Crane (*pro hac vice*) |
| | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |
| 8 | 1285 Avenue of the Americas |
| | New York, NY 10019-6064 |
| 9 | Telephone:  (212) 373-3000 |
| | Facsimile:  (212) 757-3990 |
| 10 | Email: wmichael@paulweiss.com |
| | Email: cparker@paulweiss.com |
| 11 | Email: dcrane@paulweiss.com |
| 12 | Joshua Hill Jr. (SBN 250842) |
| | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |
| 13 | 535 Mission Street, 24th Floor |
| | San Francisco, CA 94105 |
| 14 | Telephone:  (628) 432-5100 |
| | Facsimile:  (628) 232-3101 |
| 15 | Email: jhill@paulweiss.com |
| 16 | *Attorneys for Defendant Intuitive Surgical, Inc.* |
| 17 | [Additional counsel listed on signature page] |

18                     **UNITED STATES DISTRICT COURT**

19                     **NORTHERN DISTRICT OF CALIFORNIA**

20                           **SAN FRANCISCO DIVISION**

| | | |
|---|---|---|
| 21 | | |
| 22 | SURGICAL INSTRUMENT SERVICE COMPANY, INC., | Case No. 3:21-cv-03496-AMO |
| 23 | *Plaintiff*, v. | **OMNIBUS SEALING MOTION IN CONNECTION WITH** |
| 24 | INTUITIVE SURGICAL, INC., | **DEFENDANT'S MOTION IN LIMINE NO. 1** |
| 25 | *Defendant*. | |
| 26 | | The Honorable Araceli Martínez-Olguín |
| 27 | | |
| 28 | | |

# MOTION AND NOTICE OF MOTION

Pursuant to Civil Local Rules 7-11 and 79-5, and the Joint Stipulation and Order Regarding Omnibus Sealing Procedures, Dkt. 242, Defendant Intuitive Surgical, Inc. ("Intuitive") hereby files this Omnibus Sealing Motion (the "Motion to Seal") to seal certain materials submitted in connection with its Motion in Limine No. 1.

## I.  BACKGROUND

On November 11, 2024, Intuitive filed its Motion in Limine No. 1 to Exclude Out-of-Court Hospital Statements. Dkt. 290. Pursuant to Section II.B of the Court's Schedule and Pretrial Order, Dkt. 235, this filing consisted of a single, collated document that included (1)Intuitive's Motion in Limine, along with a declaration attaching exhibits in support of the Motion, and (2) the Opposition brief of Plaintiff Surgical Instrument Service Company., Inc. ("SIS"), along with a declaration attaching exhibits in support of the Opposition.

In support of its Motion, Intuitive cited and attached as exhibits certain materials that had been marked "Confidential" or "Highly Confidential-AEO," pursuant to the operative Protective Order, Dkt. 78 (as modified by Dkt. 107), and which had not previously been filed on the docket. SIS also cited and attached as exhibits in support of its Opposition certain materials that had been marked "Confidential" or "Highly Confidential-AEO." Intuitive accordingly filed the collated Motion papers under seal. *See* Dkt. 289.

The confidential materials filed under seal in support of Intuitive's Motion include:

- Excerpts from the transcript of the 30(b)(6) deposition of Keith Johnson taken in this matter on October 27, 2022 (Brachman Decl. Ex. 4);

- Excerpts of the transcript of the 30(b)(6) deposition of Greg Posdal taken in *Restore Robotics LLC* v. *Intuitive Surgical, Inc.*, No. 19-cv-00055 (N.D. Fla.) on May 10, 2021 (Brachman Decl. Ex. 5);

- Excerpts of the transcript of the 30(b)(6) deposition of Edward Harrich taken in *Rebotix Repair LLC* v. *Intuitive Surgical, Inc.*, No. 20-cv-02274 (M.D. Fla.) on May 24, 2021 (Brachman Decl. Ex. 6)

- An email thread identified on the Parties' Joint Exhibit List as Trial Ex. No. 510 and produced at Intuitive-00110255-58 (Brachman Decl. Ex. 7);

- A report titled "Surgical Needs Exploration: Qualitative IDI Research Report" identified on the Parties' Joint Exhibit List as Trial Ex. No. 535 and produced at Intuitive-00246469-91 (Brachman Decl. Ex. 11);

- Excerpts of the transcript of the deposition of Mike Madewell taken in *Restore Robotics LLC* v. *Intuitive Surgical, Inc.*, No. 19-cv-00055 (N.D. Fla.) on June 11, 2021 (Brachman Decl. Ex. 13);

- Excerpts of the transcript of the deposition of Clif Parker taken in *Restore Robotics LLC* v. *Intuitive Surgical, Inc.*, No. 19-cv-00055 (N.D. Fla.) on May 4, 2021 (Brachman Decl. Ex. 14);

- Excerpts of the transcript of the deposition of Clif Parker taken in this matter on October 25, 2022 (Brachman Decl. Ex. 15);

- Excerpts of the transcript of the deposition of Kevin May taken in this matter on November 3, 2022 (Brachman Decl. Ex. 16);

- Excerpts of the transcript of the deposition of Chris Gibson taken in *Rebotix Repair LLC* v. *Intuitive Surgical, Inc.*, No. 20-cv-02274 (M.D. Fla.) on June 22, 2021 (Brachman Decl. Ex. 17);

- Excerpts of the transcript of the deposition of Jake Colletti taken in *Restore Robotics LLC* v. *Intuitive Surgical, Inc.*, No. 5:19-cv-00055 (N.D. Fla.) on May 7, 2021 (Brachman Decl. Ex. 18);

- An email thread identified on the Parties' Joint Exhibit List as Trial Ex. No. 136 and produced at SIS095115-39 (Brachman Decl. Ex. 19);

- An email thread identified on the Parties' Joint Exhibit List as Trial Ex. No. 430 and produced at Intuitive-00214231-34 (Brachman Decl. Ex. 20);

- An email identified on the Parties' Joint Exhibit List as Trial Ex. No. 470 and produced at Intuitive-00011487 (Brachman Decl. Ex. 21);

- An email thread identified on the Parties' Joint Exhibit List as Trial Ex. No. 479 and produced at Intuitive-00029346-47 (Brachman Decl. Ex. 22);

- An email thread identified on the Parties' Joint Exhibit List as Trial Ex. No. 509 and produced at Intuitive-00110252-54 (Brachman Decl. Ex. 23);

- An email identified on the Parties' Joint Exhibit List as Trial Ex. No. 517 and produced at Intuitive-00133628-30 (Brachman Decl. Ex. 24);

- A document identified on the Parties' Joint Exhibit List as Trial Ex. No. 519 and produced at Intuitive-00141567-68 (Brachman Decl. Ex. 25);

- An email thread identified on the Parties' Joint Exhibit List as Trial Ex. No. 528 and produced at Intuitive-00214231-34 (Brachman Decl. Ex. 26); and

- An email thread identified on the Parties' Joint Exhibit List as as Trial Ex. No. 840 and produced at Restore-00030379-84 (Brachman Decl. Ex. 29).

The confidential materials filed under seal in support of SIS's Opposition include:

- A document identified on the Parties' Joint Exhibit List as Trial Ex. No. 560 and produced at Intuitive-00439333-55 (Van Hoven Decl. Ex. 1);

- Excerpts of the transcript of the deposition of Antonio (AJ) Inacay taken in *Rebotix Repair LLC* v. *Intuitive Surgical, Inc.*, No. 20-cv-02274 (M.D. Fla.) on June 8, 2021 (Van Hoven Decl. Ex. 2);

- Excerpts of the transcript of the deposition of Glenn Vavoso taken in *Rebotix Repair LLC* v. *Intuitive Surgical, Inc.*, No. 20-cv-02274 (M.D. Fla.) on May 14, 2021 (Van Hoven Decl. Ex. 3);

- Excerpts of the transcript of the deposition of Ronald Lee Bair, Jr. taken in *Rebotix Repair LLC* v. *Intuitive Surgical, Inc.*, No. 20-cv-02274 (M.D. Fla.) on May 24, 2021 (Van Hoven Decl. Ex. 4);

- A letter identified on the Parties' Joint Exhibit List as Trial Ex. No. 556 and produced at Intuitive-00373885-87 (Van Hoven Decl. Ex. 5);

- An email thread identified on the Parties' Joint Exhibit List as Trial Ex. No. 489 and produced at Intuitive-00049108-12 (Van Hoven Decl. Ex. 6);

- An email thread identified on the Parties' Joint Exhibit List as Trial Ex. No. 511 and produced at Intuitive-00110473-78 (Van Hoven Decl. Ex. 7); and

- An email thread identified on the Parties' Joint Exhibit List as Trial Ex. No. 510 and produced at Intuitive-00110255-58 (Van Hoven Decl. Ex. 8).

Intuitive filed its Motion and SIS's Opposition under seal because the Motion and Opposition quoted from and described the sealed confidential materials listed above.

Pursuant to the Joint Stipulation and Order Regarding Omnibus Sealing Procedures, Dkt. 242, the materials described above were filed under seal pursuant to an interim sealing motion. Dkt. 289. Intuitive has since conferred with SIS and with the non-parties whose confidential materials are at issue, and now submits this Motion to Seal setting forth each party's and/or non-party's position with respect to the treatment of its own confidential materials.

## II. LEGAL STANDARD

Parties seeking to seal documents bear the burden of providing "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana* v. *City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citations omitted). Compelling reasons for sealing have been found for information including "business strategies and plans for future products," *e.g.*, *Hadley* v. *Kellogg Sales Co.*, 2019 WL 12495009, at *2 (N.D. Cal. Dec. 12, 2019) (citation omitted), "trade secrets," *e.g.*, *Microsoft Corp.* v. *Hon Hai Precision Indus. Co.*, 2020 WL 8991707, at *3 (N.D. Cal. Feb. 21, 2020) (quoting *Kamakana*, 447 F.3d at 1179), and other "business information that might harm a litigant's competitive standing," *e.g.*, *Ctr. for Auto Safety* v. *Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978)). Sealing of court records under the compelling reasons standard also is appropriate where "'court files might . . . become a vehicle for improper purposes.'" *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).

## III. ARGUMENT

### A. Intuitive's Request to Seal Certain Documents

Intuitive seeks to maintain under seal a limited subset of the confidential materials submitted in connection with its Motion in Limine No. 1. Specifically, Intuitive seeks to seal the entirety of Exhibits 11, 21, and 24 to the declaration of Paul Brachman submitted in support of Intuitive's Motion, and Exhibit 1 to the declaration of Joshua van Hoven submitted in support of SIS's Opposition. Intuitive also seeks to redact limited portions of the transcripts from depositions of Intuitive witnesses in Exhibits 3 and 4 to the declaration of Joshua van Hoven submitted in support of SIS's Opposition. Each of these categories of documents is addressed in turn below.[1]

***Exhibits 11, 21, and 24 to the Brachman Declaration.*** Intuitive proposes to seal in their entirety Exhibits 11, 21, and 24 used in support of its Motion. Each of the three documents reflects

---

[1] Intuitive does not seek to maintain under seal Exhibits 7, 20, 22, 23, 24, or 25 to the declaration of Paul Brachman submitted in support of Intuitive's Motion, or Exhibits 2, 5, 6, 7, or 8 to the declaration of Joshua van Hoven submitted in support of SIS's Opposition.

feedback solicited by Intuitive (or an outside consulting firm acting on Intuitive's behalf) from surgeons and hospitals regarding Intuitive's products. The results of such surveys contain proprietary information that Intuitive uses to formulate its business strategies. Such customer survey information is routinely found to satisfy the compelling reasons standard. *See, e.g.*, *Hyams* v. *CVS Health Corp.*, 2023 WL 2960009, at *2 (N.D. Cal. Mar. 15, 2023) (finding internal business documents including "employee and customer survey results" sealable under the compelling interest standard because "public disclosure of these confidential business materials could result in improper use by business competitors"); *Craig* v. *Am. Tuna, Inc.*, 2023 WL 9503374, at *2 (S.D. Cal. Dec. 13, 2023) ("[D]ata from customer surveys concerning the information customers rely on in making a purchasing decision is proprietary business information of the kind that might harm a [party's] competitive standing if filed publicly." (quotation marks and alteration omitted)).

As discussed in the attached declaration of Dr. Wong, public disclosure of this information could cause competitive harm to Intuitive because, if publicly revealed, competitors would be able to gain insight into Intuitive's business and business strategies, and would be able to benefit from confidential and proprietary customers' feedback that Intuitive invested in soliciting. Wong Decl. ¶ 2. Because the entirety of Exhibits 11, 21, and 24 to the Brachman Declaration contain confidential and commercially sensitive information, Intuitive seeks to maintain them under seal in their entirety.

***Exhibit 1 to the Van Hoven Declaration.*** SIS's Exhibit 1 in support of its Opposition to Intuitive's Motion in Limine No. 1 consists of an internal, confidential Intuitive document that provides an overview of hospital customers' use of unauthorized remanufactured EndoWrist instruments, and Intuitive's proposed responses to such incidents. The information collected in the document is proprietary to Intuitive. And Intuitive's proposed responses to its hospital customers reflect Intuitive's confidential business strategy. Courts have found that materials like these, which reflect a company's confidential business strategy, should be maintained under seal under the compelling interest standard. *See, e.g.*, *Hyams*, 2023 WL 2960009, at *2. As discussed in the attached declaration of Dr. Wong, public disclosure of this information could cause Intuitive

significant competitive harm because, if publicly revealed, it would give other parties insight into Intuitive's customers' behaviors and Intuitive's business strategies, and would allow competitors to adjust their own business strategies in response.  *See* Wong Decl. ¶ 3.  Because the entirety of SIS's Exhibit 1 in support of its Opposition to Intuitive's Motion in Limine No. 1 contains confidential, commercially sensitive information, Intuitive seeks to maintain the document under seal in its entirety.

***Exhibits 3 and 4 to the Van Hoven Declaration.***  Intuitive seeks to redact limited portions of pages 76-77 and 125 of the deposition transcript of Glenn Vavoso (Van Hoven Decl. Ex. 3) and limited portions of pages 52-58, 73-75, 77, 92-95, and 146-147 of the deposition transcript of Ronald Lee Bair, Jr. (Van Hoven Decl. Ex. 4), in order to protect confidential and competitively sensitive information relating to Intuitive's costs, prices, and margins for sales of its EndoWrist products.  Financial and pricing information is routinely found to satisfy the compelling reasons standard.  *See Rodman* v. *Safeway Inc.*, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (granting motions to seal "information discussing Safeway's pricing strategy, business decisionmaking, and financial records"); *see also Nicolosi Distrib., Inc.* v. *Finishmaster, Inc.*, 2018 WL 3932554, at *3 (N.D. Cal. Aug. 16, 2018) (permitting sealing of "specific pricing terms," under the compelling reasons standard); *DiscoverOrg Data, LLC* v. *Bitnine Glob., Inc.*, 2020 WL 8669859, at *3 (N.D. Cal. Nov. 6, 2020) (finding that "that the competitive harm that would result from the disclosure of Plaintiff's pricing . . . is a compelling reason that outweighs the general history of access and the public policies favoring disclosure" and granting motion to seal (citing *Kamakana*, 447 F.3d at 1178–79)); *In re Elec. Arts, Inc.*, 298 F. App'x at 569 (finding district court erred in denying motion to seal "pricing terms, royalty rates, and guaranteed minimum payment terms" under the compelling reasons standard).

Additionally, Intuitive seeks to redact limited portions of pages 81-83 and 93-95 of deposition transcript of Ronald Lee Bair, Jr. (Van Hoven Decl. Ex. 4) that reflect estimates of Intuitive's market penetration from introducing potential new products.  Intuitive also seeks to redact limited portions of pages 154-164 of the deposition transcript of Glenn Vavoso (Van Hoven

Decl. Ex. 3) that reflect internal Intuitive discussions about the company's response to potential new competitor entry into the market. Information regarding forward-looking business strategies and plans for future products meets the standard for sealing under the compelling reasons standard. *See, e.g.*, *Hadley*, 2019 WL 12495009, at *2 (holding that "business strategies and plans for future products" are sealable under the compelling reasons standard); *Prescott* v. *Reckitt Benckiser LLC*, 2022 WL 847309, at *2 (N.D. Cal. Mar. 22, 2022) (finding "compelling reasons" to seal information regarding "product development").

As discussed in the attached declaration of Dr. Wong, public disclosure of this information could cause Intuitive significant competitive harm because, if publicly revealed, it would give other parties insight into Intuitive's business and allow them to use that competitive intelligence to further their own pricing and business strategies. *See* Wong Decl. ¶¶ 4–5.

Intuitive has narrowly tailored its sealing requests by redacting only the specific portions of the deposition transcripts containing the categories of confidential, proprietary, and/or competitively sensitive information described above. Sealing these materials thus would not impede the public's ability to understand the nature of the proceedings and the factual bases for the parties' arguments. Indeed, none of the proposed redacted testimony is cited by SIS in its Opposition to this Motion, and thus making the proposed redacted information public would not advance the public's ability to understand the nature of the proceedings.

Proposed redacted versions of Exhibits 3 and 4 to the declaration of Joshua van Hoven are attached as Exhibits A and B, respectively.

**B.     SIS Request to Seal SIS Documents**

Counsel for Intuitive conferred with counsel for SIS, who confirmed that it does not seek to maintain under seal documents produced by SIS or SIS witness testimony submitted in connection with Intuitive's Motion in Limine No. 1. Specifically, SIS does not seek to seal excerpts of the deposition transcripts of Keith Johnson and Greg Posdal (Brachman Decl. Exs. 4 and 5), or the SIS email attached to the Motion as Exhibit 19 to the declaration of Paul Brachman.

### C.  Third-Party Requests to Seal Third-Party Documents

There are five non-parties who have designated material as confidential that was filed in connection with Intuitive's Motion: Pullman Regional Hospital, Panama City Surgical Center, Medline Industries, Restore Robotics LLC, and Rebotix Repair LLC. Counsel for Intuitive conferred with counsel for these non-parties regarding the treatment of their materials.

Counsel for Pullman Regional Hospital confirmed that it does not seek to maintain under seal the excerpts from the deposition of Edward Harrich (Brachman Decl. Ex. 6).

Counsel for Rebotix Repair LLC confirmed that it does not seek to maintain under seal the excerpts from the transcript of the deposition of Chris Gibson (Brachman Decl. Ex. 17).

Counsel for Restore Robotics LLC confirmed that it does not seek to maintain under seal the excerpts from the depositions of Clif Parker and Kevin May (Brachman Decl. Exs. 14, 15, and 16), or the document produced by Restore (Brachman Decl. Ex. 29).

Counsel for Medline Industries confirmed that it does not seek to maintain under seal the excerpts from the transcript of the deposition of Jake Colletti (Brachman Decl. Ex. 18.

Counsel for Panama City Surgical Center did not respond to our outreach regarding excerpts from the transcript of the deposition of Mike Madewell (Brachman Decl. Ex. 13).

### D.  Treatment of Motion and Opposition Briefs

Given the positions set forth above regarding the exhibits to the Motion and Opposition, counsel for Intuitive has proposed limited redactions to SIS's Opposition to redact confidential information reflected in the Van Hoven Exhibit 1, discussed above, that Intuitive requests be maintained under seal. A proposed redacted versions of SIS's Opposition is attached as Exhibit C.

## IV.  CONCLUSION

For the forgoing reasons, Intuitive respectfully requests that the Court seal the material identified in the attached proposed order.

| | | |
|---|---|---|
| 1 | Dated: November 25, 2024 | By: */s/ Kenneth A. Gallo* |
| 2 | | Kenneth A. Gallo |
| 3 | | Kenneth A. Gallo (*pro hac vice*)<br>Paul D. Brachman (*pro hac vice*) |
| 4 | | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |
| 5 | | 2001 K Street, NW<br>Washington, DC 20006-1047 |
| 6 | | Telephone: (202) 223-7300<br>Facsimile: (202) 223-7420 |
| 7 | | Email: kgallo@paulweiss.com<br>Email: pbrachman@paulweiss.com |
| 8 | | William B. Michael (*pro hac vice*) |
| 9 | | Crystal L. Parker (*pro hac vice*)<br>Daniel A. Crane (*pro hac vice*) |
| 10 | | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |
| 11 | | 1285 Avenue of the Americas<br>New York, NY 10019-6064 |
| 12 | | Telephone: (212) 373-3000<br>Facsimile: (212) 757-3990 |
| 13 | | Email: wmichael@paulweiss.com<br>Email: cparker@paulweiss.com |
| 14 | | Email: dcrane@paulweiss.com |
| 15 | | Joshua Hill Jr. (SBN 250842)<br>**PAUL, WEISS, RIFKIND, WHARTON &** |
| 16 | | **GARRISON LLP**<br>535 Mission Street, 24th Floor |
| 17 | | San Francisco, CA 94105<br>Telephone: (628) 432-5100 |
| 18 | | Facsimile: (628) 232-3101<br>Email: jhill@paulweiss.com |
| 19 | | Sonya D. Winner (SBN 200348) |
| 20 | | **COVINGTON & BURLINGTON LLP**<br>415 Mission Street, Suite 5400 |
| 21 | | San Francisco, California 94105-2533<br>Telephone: (415) 591-6000 |
| 22 | | Facsimile: (415) 591-6091<br>Email: swinner@cov.com |
| 23 | | Kathryn E. Cahoy (SBN 298777) |
| 24 | | **COVINGTON & BURLINGTON LLP**<br>3000 El Camino Real |
| 25 | | 5 Palo Alto Square, 10th Floor<br>Palo Alto, California 94306-2112 |
| 26 | | Telephone: (650) 632-4700<br>Facsimile: (650) 632-4800 |
| 27 | | Email: kcahoy@cov.com |
| 28 | | |

1
2      Andrew Lazerow (*pro hac vice*)
       **COVINGTON & BURLINGTON LLP**
3      One City Center 850 Tenth Street NW
       Washington DC 20001-4956
4      Telephone: (202) 662-6000
       Facsimile: (202) 662-6291
5      Email: alazerow@cov.com

6      Allen Ruby (SBN 47109)
       **ALLEN RUBY, ATTORNEY AT LAW**
7      15559 Union Ave. #138
       Los Gatos, California 95032
8      Telephone: (408) 477-9690
       Email: allen@allenruby.com
9

10     *Attorneys for Defendant
       Intuitive Surgical, Inc.*
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I, Kenneth A. Gallo, hereby certify that on November 25, 2024, I caused a true and correct copy of the foregoing Omnibus Sealing Motion in Connection with Defendant's Trial Brief, which was this day filed under provisional seal, to be electronically filed via the Court's Electronic Case Filing System and served via email on counsel of record for Surgical Instrument Service Company, Inc, and on non-parties Restore Robotics LLC's counsel, Jeffrey Berhold, Rebotix Repair LLC's counsel, Alexander Erwig, Panama City Surgical Center's counsel, Michael Dickey, Pullman Regional Hospital's counsel, Robert Rembert, and Medline Industries' counsel, Dan Monico, via electronic mail.

Dated: November 25, 2024         By: */s/ Kenneth A. Gallo*
                                     Kenneth A. Gallo

                                     *Attorney for Intuitive Surgical, Inc.*