UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Defendant. | Case No. 21-cv-03496-AMO<br><br>**ORDER RE DEFENDANT'S MOTION IN LIMINE NO. 1**<br><br>Re: Dkt. No. 290 |

Before the Court is Defendant Intuitive Surgical, Inc.'s ("Intuitive") motion in limine #1 to exclude out-of-court hospital statements. The Court resolved several motions in limine at the pretrial conference held November 26, 2024, but instructed Plaintiff Surgical Instrument Services Company, Inc. ("SIS"), to submit an evidentiary proffer in support of the asserted hearsay exception. *See* Minute Entry (ECF 316).[1] SIS submitted its evidentiary proffer on December 11, 2024. ECF 332. Intuitive submitted its response to the evidentiary proffer on December 18, 2024. ECF 358. Having read the papers filed by the parties and carefully considered their arguments therein and those made at the hearing, as well as the relevant legal authority, the Court hereby **GRANTS** Intuitive's motion in limine #1, for the following reasons.

Federal Rule of Evidence 803(3) creates an exception to the hearsay rule for "[a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed[.]" "The bar applies only when the

---

[1] The Court resolved other motions in limine by Order entered on December 11, 2024. *See* Order re Motions in Limine (ECF 330).

statements are offered to prove the truth of the fact underlying the memory or belief." *Wagner v. Cnty. of Maricopa*, 747 F.3d 1048, 1053 (9th Cir. 2013). Courts have found that "testimony concerning the motivation of customers for ceasing to deal with a business is admissible under the 'state of mind' exception to the hearsay rule, Rule 803(3) of the Federal Rules of Evidence, provided that there is otherwise admissible proof that business was lost." *Discover Fin. Servs. v. Visa U.S.A. Inc.*, No. 04-CV-7844 BSJ DFE, 2008 WL 4560707, at *1 (S.D.N.Y. Oct. 9, 2008) (citations omitted).

Here, SIS proffers evidence to establish the foundational elements for the state of mind hearsay exception to certain identified out-of-court statements made by hospital representatives to Keith Johnson. *See* Johnson Decl. (ECF 332-2). SIS falls short of presenting otherwise admissible proof that it lost business. It only offers Johnson's testimony that representatives of these hospitals told him "in words or substance" that they wanted to purchase repaired EndoWrists from Intuitive but could not "take the risk of being penalized or the pressure we would get from Intuitive Surgical." Johnson Decl. ¶ 21 at 12-13. Johnson's testimony is itself hearsay for which SIS has not offered a modicum of reliability. Thus, Johnson's testimony cannot be used to prove the fact of lost opportunity.

For the foregoing reasons, the Court **GRANTS** Intuitive's motion in limine #1. SIS may not present to the jury the supposed views of hospitals through out-of-court statements that will not be tested through cross-examination.

**IT IS SO ORDERED.**

Dated: December 20, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

2