1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7   SURGICAL INSTRUMENT SERVICE                Case No.  21-cv-03496-AMO
    COMPANY, INC., et al.,
8
                    Plaintiffs,                **ORDER RE SIMPLIFIED**
9                                              **STATEMENT OF THE CASE**
            v.
                                               Re: Dkt. No. 269
10
    INTUITIVE SURGICAL, INC.,
11
                    Defendant.
12

13        The parties submitted their proposed simplified statements of the case as part of their

14   pretrial submissions.  The Court plans to read the simplified statement of the case below to the

15   jury.  Any objections to the simplified statement shall be filed on or before January 2, 2024.

16                                              * * *

17        This is an antitrust case.

18        The plaintiff in this case is a company called Surgical Instrument Service Company (or

19   "SIS"), based in Glendale Heights, Illinois.  The defendant is a company called Intuitive Surgical,

20   based in Sunnyvale, California.

21        Intuitive invented a device called "da Vinci" which is used by surgeons to perform surgery.

22   The da Vinci allows a surgeon sitting at a console to operate on patients by controlling surgical

23   instruments called EndoWrists, also invented by Intuitive.  EndoWrists are attached to mechanical

24   arms suspended above the patient, and inserted into the patient's body through small incisions.  As

25   controlled by a surgeon, EndoWrists can perform movements such as cutting, grasping, suturing,

26   and other surgical movements.  EndoWrists' labeling, including the instructions for use, state they

27   are to be replaced after a specified number of uses, usually 10 uses.

28

1     SIS works directly with hospitals to provide servicing of surgical instruments ranging from

2     stainless instruments to systems such as surgical video systems and flexible endoscopes.  In the

3     spring of 2019, SIS became aware of a company called Rebotix that had a procedure for

4     modifying EndoWrists for the purpose of permitting them to be reused for more than the number

5     of uses specified by Intuitive.  SIS began offering the Rebotix service to its customer base in fall

6     of 2019.

7     SIS alleges that Intuitive's contracts with its customers prevented them from engaging SIS

8     to service hospitals' EndoWrist Instruments, which included resetting the use counter to allow the

9     EndoWrist instruments to be reused for another 10 uses.  SIS alleges that Intuitive enforced those

10    contractual restrictions by sending cease and desist letters to customers who used modified

11    EndoWrists.  SIS alleges that Intuitive is able to force customers to accept these contractual

12    restrictions because it is a monopolist in what SIS contends is a market for minimally invasive

13    soft-tissue surgical robots.  SIS disputes Intuitive's claims that the contractual provisions that SIS

14    challenges were put in place for legitimate procompetitive reasons.

15    Intuitive denies these claims.  Intuitive asserts that customers choose its da Vinci surgical

16    systems over other competing alternatives because Intuitive offers a superior combination of

17    product quality, service and price.  Intuitive contends that its customers are highly sophisticated

18    buyers who understand the contract terms and costs associated with da Vinci systems, including

19    EndoWrists, understand that EndoWrists are designed for a limited number of uses, and

20    knowingly and expressly agree not to use EndoWrists that have been modified by any

21    unauthorized third party when they make the choice to buy or lease a da Vinci system.  Intuitive

22    asserts that the contractual provisions that SIS challenges were put in place for legitimate and

23    procompetitive reasons, including patient safety, ensuring product quality, promoting innovation,

24    and protecting Intuitive's reputation and brand.  Intuitive contends that its contracts have not

25    harmed competition or excluded competitors.  Intuitive maintains that its contracts restrict only the

26    use of unauthorized third-party products and services, and that SIS chose not to seek authorization

27    for its products and services.  Intuitive contends that the da Vinci surgical system competes

28    against other products and methods of performing surgery, and that customers can elect to use

United States District Court
Northern District of California

2

those alternative products and surgical methods if they do not wish to accept Intuitive's products, prices, or contract terms.

Intuitive also asserts counterclaims against SIS arising out of SIS's marketing, advertising, and related activities. First, Intuitive alleges that in its marketing materials and communications, SIS made false and misleading statements and engaged in unfair competition. Second, Intuitive alleges that SIS engaged in deceptive and fraudulent conduct with the intent to confuse and deceive the public into using its service and purchasing modified EndoWrists. Third, Intuitive alleges that SIS was aware of Intuitive's contractual relationships with its customers that contain limitations concerning the modification or alteration of Intuitive EndoWrists by unauthorized third-parties, and that SIS undertook intentional acts to disrupt and/or induce Intuitive customers to breach those contractual relationships. SIS denies these counterclaims.

**IT IS SO ORDERED.**

Dated: December 28, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**