# Exhibit A

1   Kenneth A. Gallo (*pro hac vice*)
    Paul D. Brachman (*pro hac vice*)
2   **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
    2001 K Street, NW
3   Washington, DC  20006-1047
    Telephone:  (202) 223-7300
4   Facsimile:  (202) 204-7420
    Email: kgallo@paulweiss.com
5   Email: pbrachman@paulweiss.com

6   William B. Michael (*pro hac vice*)
    Crystal L. Parker (*pro hac vice*)
7   Daniel A. Crane (*pro hac vice*)
    **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
8   1285 Avenue of the Americas
    New York, NY 10019-6064
9   Telephone:  (212) 373-3000
    Facsimile:  (212) 757-3990
10  Email: wmichael@paulweiss.com
    Email: cparker@paulweiss.com
11  Email: dcrane@paulweiss.com

12  Joshua Hill Jr. (SBN 250842)
    **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
13  535 Mission Street, 24th Floor
    San Francisco, CA 94105
14  Telephone:  (628) 432-5100
    Facsimile:  (628) 232-3101
15  Email: jhill@paulweiss.com

16  *Attorneys for Defendant Intuitive Surgical, Inc.*

17  [Additional counsel listed on signature page]

18                    **UNITED STATES DISTRICT COURT**

19                  **NORTHERN DISTRICT OF CALIFORNIA**

20                       **SAN FRANCISCO DIVISION**

21

22  SURGICAL INSTRUMENT SERVICE          Case No. 3:21-cv-03496-AMO
    COMPANY, INC.,
23                                       **DEFENDANT'S OBJECTIONS TO**
                *Plaintiff*,             **PLAINTIFF'S DEMONSTRATIVE**
           v.                            **EXHIBIT FOR OPENING**
24                                       **STATEMENTS**
    INTUITIVE SURGICAL, INC.,
25                                       The Honorable Araceli Martínez-Olguín
                *Defendant*.
26

27

28

_____
                DEFENDANT'S OBJECTIONS TO PLAINTIFF'S OPENING DEMONSTRATIVE
                            Case No. 3:21-cv-03496-AMO

SIS's opening demonstratives make clear that SIS intends to present the jury with a misleading and incomplete account of disputed facts that Intuitive will not be able to correct without referencing evidence that SIS successfully moved to exclude from trial. Intuitive respectfully requests that the Court preclude SIS from using the demonstratives at issue and from referring to their disputed content in its opening statement. There are three overarching issues:

**1. SIS falsely argues that Intuitive "killed" the businesses of Rebotix and Restore, while Intuitive is barred from introducing evidence showing those third parties remain in business and have had EndoWrist modifications approved under Intuitive's contracts (slides 12, 18, 26).** SIS's demonstratives identify SIS, Restore, and Rebotix as "Independent Service Organizations" (ISOs) (slide 3), assert that Intuitive's contracts prohibited ISOs from servicing EndoWrists (slide 13), and then argue that Intuitive "killed the EndoWrist servicing market" (slide 18). The collective implication of these slides is that Intuitive blocked all third parties, including Restore and Rebotix, from servicing EndoWrists and "killed" their businesses. That is untrue. Intuitive's contracts allow approved third-party products and services. Intuitive publicly announced in March 2023 that hospital customers could purchase FDA-cleared remanufactured EndoWrists under the terms of their contracts with Intuitive. Restore (through its affiliate Iconocare) and Rebotix each have obtained FDA clearance to remanufacture EndoWrist instruments. Neither has been "killed" or blocked from providing third-party service for EndoWrists. But Intuitive will not be able to correct the false impression conveyed by SIS's slides because SIS successfully argued that the Court should exclude from trial "any evidence or argument about what happened after November 2022" (with limited exceptions not applicable here) as well as any FDA-related evidence. Dkt. 330 at 2-6 (FDA); Dkt. 330 at 8-9 (post-2022 evidence). SIS should not be permitted to mislead the jury in this manner without opening the door to evidence excluded under the Court's *in limine* rulings.

SIS also runs directly afoul of the Court's order regarding post-2022 evidence in slide 12 (referring to the alleged "market" and Intuitive's alleged "control" from 2023-2024), and

slide 26 (referring to undisclosed expert opinions concerning market definition, monopoly power and anticompetitive conduct without any limitation on the timeframe of those opinions).

  **2.  SIS refers to hospital hearsay testimony that the Court has held to be unreliable and inadmissible (slides 15, 21, 28).**  In its MIL #1, Intuitive moved to exclude SIS's fact and expert witnesses from conveying to the jury the substance of statements by out-of-court hospital declarants purporting to show demand for modified EndoWrists by hospitals and lost sales or opportunities by SIS.  Dkt. 289-1 at 1-2, 7.  The Court granted Intuitive's motion.  Dkt. 368. Intuitive cited as a specific example of inadmissible testimony Keith Johnson's statement describing hospital demand for modified EndoWrists as "monumental."  Dkt. 289-1 at 2 (citing Johnson 30(b)(6) Tr. at 44:7-45:22 (Mot. Ex. 3)).  SIS thereafter submitted an evidentiary proffer with a declaration from Johnson repeating his assertion that "interest from both current and potential new hospital customers was monumental," and making clear he was relying for that assertion exclusively on out-of-court discussions with hospitals.  Dkt. 332-2 ¶¶ 10, 13.  The Court held that "Johnson's testimony is itself hearsay for which SIS has not offered a modicum of reliability," and barred SIS from "present[ing] to the jury the supposed views of hospitals through out-of-court statements that will not be tested through cross-examination."  Dkt. 368 at 2.

  Given the Court's ruling, SIS should be precluded from presenting to the jury in opening two slides characterizing hospital demand for modified EndoWrists as "monumental" (slides 15, 21)—*i.e.*, the same testimony based on hospital hearsay that the Court has excluded. The Court should likewise preclude SIS from using its damages expert Mr. Bero as a mouthpiece for the same inadmissible hearsay statements of Johnson (and double-hearsay statements of Greg Posdal, who repeats what Johnson told him about hospital demand)—as SIS does in slide 28 (referencing "Documented Demand" and "great demand," based on Posdal and Johnson).

  **3.  SIS makes arguments about the EndoWrist use limit and use counter that are misleading and unduly prejudicial if Intuitive cannot refer to the FDA's clearance of EndoWrists as limited-use devices (slides 8, 13, 18, 19, 23, 25).**  Use limits are part of the FDA-cleared labeling for EndoWrists.  Intuitive is accordingly bound by federal law and regulations in

what it can do or say about the use limits and use counter.  Intuitive, for example, could not lawfully market or promote its products to hospitals by telling them simply to ignore the FDA-cleared labeling for those devices.  SIS's opening slides repeatedly make assertions regarding the EndoWrist use limits and use counter that will be misleading and unduly prejudicial if Intuitive cannot contextualize those assertions by reference to FDA clearances and labeling requirements. SIS should not be permitted to tell the jury that *Intuitive* requires hospitals to comply with the use limit while omitting any mention from trial of what the *FDA* requires.  As it stands, Intuitive cannot complete the record and contextualize these statements for the jury, because SIS successfully moved to exclude FDA-related evidence in its motions *in limine* Nos. 1 & 5.  Dkt. 330 at 2-6.

SIS's attempt to leverage the Court's ruling to further unfairly prejudice Intuitive is also reflected in slide 19, which shows an excerpt of a letter containing references to "Regulatory Clearances and Safety Precautions."  The excerpt SIS proposes to use includes Intuitive's statement that "Intuitive's medical devices, including EndoWrist instruments, are evaluated by the United States Food and Drug Administration ('FDA')" and Intuitive's assertion that "[r]efurbishing activities performed by an unauthorized third party violate the U.S. Federal Food, Drug, and Cosmetic Act."  Despite the Court's rulings, SIS has proposed no redactions to the underlying document, and proposes to feature one particular sentence in it (edited by SIS), call it a "threat letter," and not allow Intuitive to reference FDA-related content shown (in small print) on SIS's own slide.  SIS is obviously using the Court's rulings as both shield and sword.

Separate from the objections noted above, Intuitive also objects to SIS's slides 10 and 13, which refer to prejudicial arguments about environmental waste that are legally and factually irrelevant to this antitrust trial:  "while the environmental quality of energy sources may be a worthwhile concern, it does not appear to be a problem whose solution is found in the Sherman Act."  *Schuylkill Energy Res., Inc.* v. *Penn. Power & Light Co.*, 113 F.3d 405, 414 n.9 (3d Cir. 1997) (rejecting environmental harms as basis for antitrust claims and collecting similar cases); *see also Gutierrez* v. *E. & J. Gallo Winery Co.*, 604 F.2d 645, 646 (9th Cir. 1979) (affirming dismissal of antitrust claims where alleged harms were unrelated to purpose of antitrust laws).

1

2      Dated:  January 5, 2025                    By: */s/ Kenneth A. Gallo*
                                                        Kenneth A. Gallo
3
                                                   Kenneth A. Gallo (*pro hac vice*)
4                                                  Paul D. Brachman (*pro hac vice*)
                                                   **PAUL, WEISS, RIFKIND, WHARTON &**
5                                                  **GARRISON LLP**
                                                   2001 K Street, NW
6                                                  Washington, DC  20006-1047
                                                   Telephone:  (202) 223-7300
7                                                  Facsimile:  (202) 204-7420
                                                   Email: kgallo@paulweiss.com
8                                                  Email: pbrachman@paulweiss.com

9                                                  William B. Michael (*pro hac vice*)
                                                   Crystal L. Parker (*pro hac vice*)
10                                                 Daniel A. Crane (*pro hac vice*)
                                                   **PAUL, WEISS, RIFKIND, WHARTON &**
11                                                 **GARRISON LLP**
                                                   1285 Avenue of the Americas
12                                                 New York, NY 10019-6064
                                                   Telephone:  (212) 373-3000
13                                                 Facsimile:  (212) 757-3990
                                                   Email: wmichael@paulweiss.com
14                                                 Email: cparker@paulweiss.com
                                                   Email: dcrane@paulweiss.com
15
                                                   Joshua Hill Jr. (SBN 250842)
16                                                 **PAUL, WEISS, RIFKIND, WHARTON &**
                                                   **GARRISON LLP**
17                                                 535 Mission Street, 24th Floor
                                                   San Francisco, CA 94105
18                                                 Telephone:  (628) 432-5100
                                                   Facsimile:  (628) 232-3101
19                                                 Email: jhill@paulweiss.com

20                                                 Sonya D. Winner (SBN 200348)
                                                   **COVINGTON & BURLINGTON LLP**
21                                                 415 Mission Street, Suite 5400
                                                   San Francisco, California 94105-2533
22                                                 Telephone:  (415) 591-6000
                                                   Facsimile:  (415) 591-6091
23                                                 Email: swinner@cov.com

24                                                 Kathryn E. Cahoy (SBN 298777)
                                                   **COVINGTON & BURLINGTON LLP**
25                                                 3000 El Camino Real
                                                   5 Palo Alto Square, 10th Floor
26                                                 Palo Alto, California 94306-2112
                                                   Telephone: (650) 632-4700
27                                                 Facsimile: (650) 632-4800
                                                   Email: kcahoy@cov.com

28

- 4 -

Andrew Lazerow (*pro hac vice*)
**COVINGTON & BURLINGTON LLP**
One City Center 850 Tenth Street NW
Washington DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: alazerow@cov.com

Allen Ruby (SBN 47109)
**ALLEN RUBY, ATTORNEY AT LAW**
15559 Union Ave. #138
Los Gatos, California 95032
Telephone: (408) 477-9690
Email: allen@allenruby.com


*Attorneys for Defendant*
*Intuitive Surgical, Inc.*

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S OPENING DEMONSTRATIVE
Case No. 3:21-cv-03496-AMO