**MCCAULLEY LAW GROUP LLC**
JOSHUA V. VAN HOVEN, (CSB No. 262815)
E-Mail: josh@mccaulleylawgroup.com
3001 Bishop Dr., Suite 300
San Ramon, California 94583
Telephone: 925.302.5941

RICHARD T. MCCAULLEY (*pro hac vice*)
E-Mail: richard@mccaulleylawgroup.com
180 N. Wabash Avenue, Suite 601
Chicago, Illinois 60601
Telephone: 312.330.8105

*Attorneys for Plaintiff and Counter-Defendant,*
SURGICAL INSTRUMENT SERVICE COMPANY, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC. <br><br> *Plaintiff/Counter-Defendant,* <br><br> v. <br><br> INTUITIVE SURGICAL, INC., <br><br> *Defendant/Counterclaimant.* | Case No. 3:21-cv-03496-AMO <br><br> Honorable Araceli Martínez-Olguín <br><br><br> **PLAINTIFF SIS'S EVIDENTIARY PROFFER REGARDING INTUITIVE'S MOTION IN LIMINE #1** |

1

Pursuant to the Court's Order (Dkt. 316), Plaintiff Surgical Instrument Service Company, Inc. ("SIS") makes this pretrial proffer as part of laying the foundation for the challenged statements placed at issue by Defendant Intuitive Surgical, Inc.'s ("Intuitive") Motion in Limine #1 (Dkts. 289-290).   In opposition to this motion, SIS argued that a blanket ruling on the challenged statements is inappropriate at this time. *Id.* at SIS Opp. pp. 3:22-4:10. Additionally, SIS argued that many or most of the challenged statements would not be offered for the truth of the matter asserted. *Id.* at p. 4:11-5:8.[1] Lastly, SIS argued that the challenged statements are admissible as state of mind evidence under Fed.R.Evid. 803(3)'s exception to the hearsay rule. *Id.* at pp. 5:9-7:3.

SIS submits this evidentiary proffer to establish the foundational elements for the state of mind hearsay exception pursuant to Rule 803(3) applicable to certain identified out-of-court statements made by hospital representatives to Mr. Keith Johnson. By submitting this evidentiary proffer, SIS does not withdraw nor does it waive the other arguments referenced above and presented in opposition to Intuitive's Motion in Limine #1 (Dkt. 289-290).

"The state of mind exception to the hearsay rule requires that: (1) the statement was made contemporaneously with the mental state to be proven; (2) circumstances do not suggest a motive for the declarant to fabricate or misrepresent his or her thoughts; and (3) the declarant's state of mind is relevant to an issue in the case." *Consol. Credit Agency v. Equifax, Inc.*, No. CV-03-1229 CAS (CWx), 2005 U.S. Dist. LEXIS 46851, at *6-7 (C.D. Cal. Jan. 26, 2005).   As to relevance, "[s]tatements revealing a person's state of mind may be relevant evidence to show matters such as… [a] customer's reason for refusing to deal with a supplier or dealer." *Id.* at *7 (quoting 5 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 803.05[2] [a] (Joseph M. McLaughlin, ed., 2d ed. 2004)); *see also L.A. Int'l Corp. v. Prestige Brands Holdings, Inc.*, No. 18-6809-MWF (MRWx), 2023 U.S. Dist. LEXIS 230550, at *8 (C.D. Cal. Nov. 14, 2023) (concluding that "evidence falls under an exception to the hearsay rule under Rule 803(3) because it is being used for the purpose of showing customer motive").

SIS attaches the Declaration of Mr. Keith Johnson as Exhibit 1.  Mr. Johnson was SIS's Executive Vice President of Sales and Clinical Programs for 14 years.  Van Hoven Decl. Ex. 1 at ¶

---

[1] SIS stands on its arguments contained in the briefing.

1. Mr. Johnson was deposed during the discovery period in this case and he is on SIS's trial witness list and will be testifying live at trial. Mr. Johnson will testify at trial about his presentations to prospective hospital customers regarding SIS's EndoWrist refurbishment services, the monumental interest in that service Mr. Johnson perceived the relevant decision makers at those hospitals express, and the resulting sales and sales meetings specific to EndoWrist repair that SIS was able to achieve before Intuitive's intimidation campaign shut down SIS's EndoWrist repair and reset business. *E.g.*, *id.* at ¶¶ 10-11, 13, 15-16, 18-31. Mr. Johnson will testify that these sales and meetings were with hospital decision makers, and will testify to the specific timing and circumstances of each meeting. *E.g.*, *id.* at ¶¶ 12, 18-31. Mr. Johnson will testify that existing sales of EndoWrist repair to hospitals then stopped as did further sales meetings. *E.g.*, *id.* ¶¶ 18-21. Mr. Johnson will testify based on his personal knowledge that SIS's customers and potential customers stated that the reason for ceasing to purchase repaired EndoWrists from SIS or retracting their previously expressed desire to purchase repaired EndoWrists from SIS was their contracts with Intuitive and/or Intuitive threat letters. *E.g.*, *id.* at ¶¶ 21-24, 26-31. Mr. Johnson will testify that SIS was unable to make any further sales for the repair and reset of hospital-owned EndoWrist instruments after Intuitive's threat letter campaign. *E.g.*, *id.* at ¶¶ 20-31. Mr. Johnson will also testify that decision makers at various hospitals personally told him the reasons that that they would no longer be using or would not consider using SIS to service their EndoWrist instruments. *E.g.*, *id.* at ¶¶ 21-24, 26-31. In sum, Mr. Johnson's declaration confirms that this testimony is being presented to demonstrate motive and state of mind, not the truth of the matter asserted (*e.g.*, that Intuitive's contracts did in fact prohibit third-party repair and Intuitive enforced those terms, which will be established through other evidence at trial).[2]

Hearsay is ultimately a question of the reliability of the evidence offered. And here, the circumstances do not suggest a motive for the declarant to fabricate or misrepresent his or her thoughts, but rather, confirm the reliability of those statements. For example, shortly after SIS entered the EndoWrist repair business, Intuitive put together an "Unauthorized Remanufactured

---

[2] There is of course ample independent evidence of these facts, including the Intuitive agreements, the Intuitive threat campaign, and the testimony of every Intuitive witness to discuss these subjects.

1  Instruments Overview" presentation outlining its corporate program and policies for responding to

2  use of repaired EndoWrists.  Van Hoven Decl. Ex. 2 at p. 1; *see also* Van Hoven Decl. Ex. 3 (in

3  September 2019, discussing "formal process for these situations" and seeking "assistance on

4  dealing with SIS").



SIS EVIDENTIARY PROFFER RE: INTUITIVE MOTION IN LIMINE #1



Indeed, one of Intuitive's examples of its corporate policy and process in action was one of SIS's initial customers, Legacy Good Samaritan. *Id.* at pp. 20-21; Van Hoven Decl. Ex. 4; Van Hoven Decl. Ex. 1 at ¶ 23.

Specifically, Intuitive sent an e-mail seeking to "educate you as best we can to ensure

1    contract compliance" including that "Legacy Good Samaritan Medical Center is likely in breach of

2    contract with Intuitive Surgical due to the utilization of third party reprogrammed instrumentation."

3    Van Hoven Decl. Ex. 5 at pp. 1-2.  Legacy Good Samaritan's President responded the same day,

4    confirming that "we are using some reprocessed parts at the recommendation of our CS leaders as

5    part of our overall work to reduce costs" but as a result of Intuitive "calling this to our attention[,]"

6    "[w]e have asked them to cease and desist."  *Id.* at p. 1.

7        In sum, the state of mind of SIS hospital customers is relevant to this case, these statements

8    were made contemporaneously with the mental state to be proven, these statements are not being

9    presented for the truth of the matter asserted, and reams of independent evidence confirms the

10   reliability of these statements.  Accordingly, Mr. Johnson should be permitted to offer evidence of

11   customer motive pursuant to Fed R Ev 803(3).

12

13   Dated: December 11, 2024          McCAULLEY LAW GROUP LLC
                                        By: */s/ Joshua Van Hoven*
14                                          JOSHUA V. VAN HOVEN

15                                       E-Mail: josh@mccaulleylawgroup.com
16                                       3001 Bishop Dr., Suite 300
                                         San Ramon, California 94583
17                                       Telephone: 925.302.5941

18                                       RICHARD T. MCCAULLEY (*pro hac vice*)
19                                       E-Mail: richard@mccaulleylawgroup.com
                                         180 N. Wabash Avenue, Suite 601
20                                       Chicago, Illinois 60601
                                         Telephone: 312.330.8105
21

22                   *Attorneys for* SURGICAL INSTRUMENT SERVICE COMPANY, INC.

23

24

25

26

27

28