# EXHIBIT 11

to

# PAUL D. BRACHMAN DECLARATION IN SUPPORT OF DEFENDANT'S TRIAL BRIEF

1  **MCCAULLEY LAW GROUP LLC**
   JOSHUA V. VAN HOVEN, (CSB No. 262815)
2  E-Mail: josh@mccaulleylawgroup.com
   3001Bishop Dr., Suite 300
3  San Ramon, California 94583
   Telephone: 925.302.5941
4
   RICHARD T. MCCAULLEY (*pro hac vice*)
5  E-Mail: richard@mccaulleylawgroup.com
   180 N. Wabash Avenue, Suite 601
6  Chicago, Illinois 60601
   Telephone: 312.330.8105
7
   *Attorneys for Plaintiff and Counter-Defendant,*
8  SURGICAL INSTRUMENT SERVICE COMPANY, INC.

9  **UNITED STATES DISTRICT COURT**

10 **NORTHERN DISTRICT OF CALIFORNIA**

11 **SAN FRANCISCO DIVISION**

12

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC.,<br><br>*Plaintiff/Counter-Defendant,*<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>*Defendant/Counterclaimant.* | Case No. 3:21-cv-03496-AMO<br>Honorable Araceli Martínez-Olguín<br><br>**PLAINTIFF SIS's RESPONSES TO DEFENDANT INTUITIVE SURGICAL, INC.'S SECOND SET OF REQUESTS FOR ADMISSION AND THIRD SET OF INTERROGATORIES** |

PROPOUNDING PARTY:    Defendant Intuitive Surgical, Inc.

RESPONDING PARTY:     Plaintiff Surgical Instrument Service Co., Inc.

SET NUMBER:           Two of Requests for Admission

                      Three of Interrogatories

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure Plaintiff Surgical Instrument Service Co., Inc. ("Plaintiff" or "SIS"), by and through the undersigned counsel, hereby responds to Defendant Intuitive Surgical, Inc.'s ("Defendant" or "Intuitive") Second Set of Requests for Admission and Third Set of Interrogatories as follows:

## **GENERAL OBJECTIONS**

Plaintiff makes the following general responses and objections ("General Objections") to each definition, instruction, and request propounded in Defendant's second set of requests for admission. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar, or additional objections or partial responses to individual requests does not waive any of Plaintiff's General Objections.

Plaintiff reserves its right to and will supplement its responses to Defendant's second set of requests for admission in accordance with Fed. R. Civ. P. 26(e) and the objections as set forth herein are made without prejudice to Plaintiff's right to assert any additional or supplemental objections pursuant to Fed. R. Civ. P. 26(e).

1. Plaintiff objects to Defendant's definition of "EndoWrist Instruments" as vague and ambiguous, and further on the basis that determining the scope of "Intuitive's patented 'EndoWrist' technology" necessarily requires legal opinion and testimony.

2. Plaintiff objects to the definitions and instructions accompanying Defendant's Requests to the extent they seek to impose duties or obligations upon Plaintiff greater than required by the Federal Rules of Civil Procedure and Local Rules for the Northern District of California.

3. Plaintiff objects to each request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege, doctrine, or discovery immunity. Plaintiff's answers do not waive any attorney client privilege and Defendant may not use Plaintiff's answers to support an argument or a further line of questioning regarding the legal conclusion a request calls for.

4. Plaintiff objects to Defendant's requests to the extent that they are vague, ambiguous, or seek to impose obligations on Plaintiff that are broader than, or inconsistent with,

the Federal Rules of Civil Procedure or the local rules of this Court. Unless indicated otherwise, Plaintiff shall give the terms of these requests their ordinary and plain meanings. If Defendant subsequently assert an interpretation of any request that differs from Plaintiff's understanding, Plaintiff reserves the right to amend or supplement its objections and/or responses.

5. Plaintiff objects to Defendant's definition of "Customer" as vague and ambiguous. Plaintiff objects to "Customer" including any person who was "marketed" any "SIS services," as such definition is vague, ambiguous, and potentially covers any person who has seen marketing materials of Plaintiff, without regard to whether Plaintiff has engaged with or even knows of such person. Plaintiff further objects to Defendant's definition of "Customer" as including any person who has "inquired about" any "SIS services," as such definition is vague and ambiguous, for example, by lacking any limitation as to whether such person has made an inquiry to Plaintiff, whether Plaintiff has any knowledge of such inquiry, or whether such inquiry is made for the purpose of potentially purchasing SIS services. Plaintiff further objects to "Customers" as being vague and ambiguous in view of Plaintiff and Defendant both being in a market in which the party making a purchasing decision may range from individual surgeons or surgical centers, to hospitals, to entire hospital systems or purchasing organizations.

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR ADMISSION NO. 16:** Admit that SIS did not, after November 2022, whether alone or with a third party, seek FDA clearance for any service, procedure, or technology for resetting or reprogramming the use counter on any EndoWrist Instrument.

**Response:**

Plaintiff objects to this Request because it implies that FDA clearance is required for any service, procedure, or technology for resetting or reprogramming the use counter on any EndoWrist

Instrument. That is not the case. As the Court stated in the <u>Order Re: Cross Motions for Summary Judgment</u> (Doc. 204 p. 10):

> "[T]his query is problematic because '[t]he FDCA [(Food, Drug and Cosmetic Act)] leaves no doubt that it is the Federal Government rather than private litigants who are authorized to file suit for noncompliance with the medical device provisions.' *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 349 n.4 (2001). Indeed, a private action brought under the Lanham Act may not be pursued when it requires litigating an alleged underlying FDCA violation where the FDA has not itself concluded that a violation exists. *PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 924 (9th Cir. 2010) (affirming grant of summary judgment for defendant on Lanham Act false advertising claim where FDA had not taken a position on defendant's laser's need for Section 510(k) clearance, and claim was based on defendant allegedly misrepresenting that its laser had received FDA clearance). * * * [C]ourts have consistently precluded private actions which require establishing a violation of the FDCA. *See, e.g., Amarin Pharma, Inc. v. International Trade Commission*, 923 F.3d 959, 968 (Fed. Cir. 2019) (citing *PhotoMedex*, 601 F.3d at 924, 928) (finding that Lanham Act claim could not stand where it was "based on proving violations of the FDCA and where the FDA has not taken the position that the articles at issue do, indeed, violate the FDCA.")."

The Court ruled that "SIS has not clearly engaged in unlawful conduct and accordingly may still seek to prove that Intuitive's anticompetitive conduct caused its antitrust injury at trial." Doc. 204 p. 16.

    Subject to the foregoing objection, Admitted.

**REQUEST FOR ADMISSION NO. 17:** Admit that SIS did not, after November 2022, whether alone or with a third party, develop any service, procedure, or technology for resetting or reprogramming the use counter on X/Xi EndoWrist Instruments.

**Response:**

Subject to the foregoing General Objections, Admitted.

**REQUEST FOR ADMISSION NO. 18:** Admit that SIS took no steps, after November 2022, whether alone or with a third party, to sell, distribute, or market any EndoWrist Instruments with reset and/or reprogrammed use counters, or any service for resetting or reprogramming the use counter on EndoWrist Instruments.

**Response:**

Subject to the foregoing General Objections, Admitted.

**REQUEST FOR ADMISSION NO. 19:** Admit that SIS has continued, since November 2022, to offer its EndoWrist "recovery service" to customers.

**Response:**

Subject to the foregoing General Objections, Admitted.

### INTERROGATORY

19. If You answer any of Requests for Admission 16 through 19 with anything other than an unqualified admission, state in detail the factual basis for Your answer.

**No Response Required**

| | | |
|---|---|---|
| 1 | Dated: October 16, 2024 | McCAULLEY LAW GROUP LLC |
| 2 | | By: */s/ Richard T. McCaulley* |
| 3 | | RICHARD T. MCCAULLEY (pro hac vice) |
| 4 | | E-Mail: richard@mccaulleylawgroup.com |
| | | 180 N. Wabash Avenue, Suite 601 |
| 5 | | Chicago, Illinois 60601 |
| 6 | | Telephone: 312.330.8105 |
| 7 | | JOSHUA V. VAN HOVEN |
| 8 | | E-Mail: josh@mccaulleylawgroup.com |
| | | 3001 Bishop Dr., Suite 300 |
| 9 | | San Ramon, California 94583 |
| | | Telephone: 925.302.5941 |

Attorneys for SURGICAL INSTRUMENT SERVICE COMPANY, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2024, I caused a copy of the foregoing **PLAINTIFF SIS's RESPONSES TO DEFENDANT INTUITIVE SURGICAL, INC.'S SECOND SET OF REQUESTS FOR ADMISSION AND THIRD SET OF INTERROGATORIES**, to be electronically to be served *via* electronic mail to counsel of record:

**Crystal Lohmann Parker**
Paul, Weiss, Ritkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
212-373-3000
Email: cparker@paulweiss.com

**Joshua Hill , Jr.**
Paul, Weiss, Ritkind, Wharton & Garrison LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
(628) 432-5123
Email: jhill@paulweiss.com

**Kenneth A. Gallo**
Paul, Weiss, Ritkind, Wharton & Garrison LLP
2001 K Street NW
Washington, DC 20006-104 7
202-223-7356
Fax: 202-204-7356
Email: kgallo@paulweiss.com

**Paul David Brachman**
Paul, Weiss, Ritkind, Wharton & Garrison LLP
2001 K St., NW
Washington, DC 20006
202-223-7440
Email: pbrachman@paulweiss.com

**William Michael**
Paul, Weiss, Rifkind, Wharton and Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
212-373-3000
Email: WMichael@paulweiss.com

**Allen Ruby**
Attorney at Law
15559 Union Ave. #138
Los Gatos, CA 95032
408-4 77-9690
Email: allen@allenruby.com

**Andrew David Lazerow**
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
202-662-5081
Email: alazerow@cov.com

**Kathryn Elizabeth Cahoy**
Covington & Burling LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
650-632-4700
Email: kcahoy@cov.com

**Sonya Diane Winner**
Covington & Burling LLP
Floor 54
415 Mission Street
San Francisco, CA 94105-2533
(415) 591-6000
Email: swinner@cov.com

Dated: October 16, 2024                  /s/ Joshua Van Hoven
                                         Joshua Van Hoven