1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    SURGICAL INSTRUMENT SERVICE          Case No.  21-cv-03496-AMO
     COMPANY, INC., et al.,

8                Plaintiffs,              **ORDER RE SIMPLIFIED**
                                          **STATEMENT OF THE CASE**
9          v.

10   INTUITIVE SURGICAL, INC.,

11               Defendant.

12

13         Members of the jury requested a copy of the simplified statement of the case read to them

14   on the first day of trial.  Neither party objected to providing the jury with a copy of the simplified

15   statement of the case.  The Court reproduces the simplified statement below.

16                                        * * *

17         This is an antitrust case.

18         The plaintiff in this case is a company called Surgical Instrument Service Company (or

19   "SIS"), based in Glendale Heights, Illinois.  The defendant is a company called Intuitive Surgical,

20   based in Sunnyvale, California.

21         Intuitive invented a device called "da Vinci" which is used by surgeons to perform surgery.

22   The da Vinci allows a surgeon sitting at a console to operate on patients by controlling surgical

23   instruments called EndoWrists, also invented by Intuitive.  EndoWrists are attached to mechanical

24   arms suspended above the patient, and inserted into the patient's body through small incisions.  As

25   controlled by a surgeon, EndoWrists can perform movements such as cutting, grasping, suturing,

26   and other surgical movements.  EndoWrists' labeling, including the instructions for use, state they

27   are to be replaced after a specified number of uses, usually 10 uses.

28

United States District Court
Northern District of California

SIS works directly with hospitals to provide servicing of surgical instruments ranging from stainless instruments to systems such as surgical video systems and flexible endoscopes.  In the spring of 2019, SIS became aware of a company called Rebotix that had a procedure for modifying EndoWrists for the purpose of permitting them to be reused for more than the number of uses specified by Intuitive.  SIS began offering the Rebotix service to its customer base in fall of 2019.

SIS alleges that Intuitive's contracts with its customers prevented them from engaging SIS to service hospitals' EndoWrist Instruments, which included resetting the use counter to allow the EndoWrist instruments to be reused for another 10 uses.  SIS alleges that Intuitive enforced those contractual restrictions by sending cease and desist letters to customers who used modified EndoWrists.  SIS alleges that Intuitive is able to force customers to accept these contractual restrictions because it is a monopolist in what SIS contends is a market for minimally invasive soft-tissue surgical robots.  SIS disputes Intuitive's claims that the contractual provisions that SIS challenges were put in place for legitimate procompetitive reasons.

Intuitive denies these claims.  Intuitive asserts that customers choose its da Vinci surgical systems over other competing alternatives because Intuitive offers a superior combination of product quality, service and price.  Intuitive contends that its customers are highly sophisticated buyers who understand the contract terms and costs associated with da Vinci systems, including EndoWrists, understand that EndoWrists are designed for a limited number of uses, and knowingly and expressly agree not to use EndoWrists that have been modified by any unauthorized third party when they make the choice to buy or lease a da Vinci system.  Intuitive asserts that the contractual provisions that SIS challenges were put in place for legitimate and procompetitive reasons, including patient safety, ensuring product quality, promoting innovation, and protecting Intuitive's reputation and brand.  Intuitive contends that its contracts have not harmed competition or excluded competitors.  Intuitive maintains that its contracts restrict only the use of unauthorized third-party products and services, and that SIS chose not to seek authorization for its products and services.  Intuitive contends that the da Vinci surgical system competes against other products and methods of performing surgery, and that customers can elect to use

those alternative products and surgical methods if they do not wish to accept Intuitive's products, prices, or contract terms.

Intuitive also asserts counterclaims against SIS arising out of SIS's marketing, advertising, and related activities.  First, Intuitive alleges that in its marketing materials and communications, SIS made false and misleading statements and engaged in unfair competition.  Second, Intuitive alleges that SIS engaged in deceptive and fraudulent conduct with the intent to confuse and deceive the public into using its service and purchasing modified EndoWrists.  Third, Intuitive alleges that SIS was aware of Intuitive's contractual relationships with its customers that contain limitations concerning the modification or alteration of Intuitive EndoWrists by unauthorized third-parties, and that SIS undertook intentional acts to disrupt and/or induce Intuitive customers to breach those contractual relationships.  SIS denies these counterclaims.

**IT IS SO ORDERED.**

Dated: January  8 , 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**