# Exhibit A

Homayune A. Ghaussi (SBN 325716)
WARNER NORCROSS + JUDD LLP
2715 Woodward Avenue
Suite 300
Detroit, Michigan
hghaussi@wnj.com

*Attorneys for Non-Party – Stryker Sustainability Solutions, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC., | Case No: 3:21-cv-03496-AMO |
| Plaintiff, | The Honorable Araceli Martínez-Olguín |
| v | **DECLARATION OF ERIC VARTY IN SUPPORT** |
| INTUITIVE SURGICAL, INC., | **OF NON-PARTY STRYKER SUSTAINABILITY** |
| Defendant. | **SOLUTIONS, INC'S STATEMENT** |

I, Eric Varty, hereby declare under penalty of perjury under the laws of the United States of America that the following is true and correct to the best of my knowledge, information and belief.

1.      I am over the age of 18 and able to testify regarding the matters contained herein.

2.      I am the Director of Advanced Engineering and Business Development for non-party Stryker Sustainability Solutions, Inc. ("SSS").

3.      I have worked as the Director of Advanced Engineering since July 2020 and as the Director of Business Development since January 2024, and I have worked for SSS or predecessor companies in other related roles for over 23 years. Among other things, I am responsible for managing and directing the company's M&A and business development activities, including evaluating potential acquisition targets.

4.      SSS is the nation's leading provider of reprocessing and remanufacturing services for single-use medical devices.  This generally includes inspecting, cleaning, function testing, sterilizing and packaging single-use devices so that they can be clinically and safely used again. Using reprocessed/remanufactured devices provides significant financial savings for hospitals and patients and allows medical providers to divert large amounts of medical waste from being unnecessarily discarded into landfills.

5.      I have reviewed and am familiar with the documents SSS seeks to maintain under seal—TX1732, TX1733, TX1734, TX1736, TX1738.  These documents include highly confidential indications of interest, internal memorandum providing rationale and mental impressions, financial assessments, and related documents and correspondence that contain painstaking detail and insight created by SSS and its parent company, Stryker Corporation, to analyze a potential acquisition of Rebotix Repair, LLC, a company that repairs/refurbishes used endo-wrist devices to be used in conjunction with da Vinci surgical robots produced by Intuitive Surgical.  The documents include detailed confidential data about Rebotix and SSS/Stryker's mental impressions regarding Rebotix as a potential acquisition target.

6.      SSS/Stryker considers indications of interest, internal memorandum providing rationale and mental impressions pertaining to a potential acquisition, and detailed financial assessments, including the subject documents, to be highly confidential, as they reveal the data, methods, and internal analyses used by SSS and Stryker in evaluating target businesses prior to acquiring them.

7.      For example, the documents provide detailed information regarding how SSS and Stryker analyze potential acquisitions, including financial projections and valuations, estimations of average sales price and marketing expenses, estimations surrounding litigation following

SSS/Stryker's acquisition, and estimations relating to the profitability of the acquisition to SSS/Stryker and how much Stryker might be willing to pay. Indeed, the documents painstakingly detail SSS's rationale for its recommendation, which SSS and Stryker consider to be highly confidential and relevant to this day.

8.      The documents also reveal financial assumptions used by Stryker to assess acquisitions, which applies not only to Rebotix, but any other target business.

9.      Public disclosure of these highly confidential documents would injure Stryker by revealing the various considerations and methods Stryker uses to analyze acquisitions, which might be used by future target businesses to manipulate the process, or a competitor to undercut Stryker's future acquisitions. Stryker's methods and thresholds surrounding key considerations must remain confidential. This is, in part, why SSS and Stryker consider indications of interest, internal memorandum providing rationale and mental impressions, and financial assessments highly confidential and limit their disclosure.

10.      Public disclosure of these documents would also be harmful because the documents contain highly detailed financial information concerning Rebotix that would be damaging if known, even several years after the fact (the financial information includes certain projections through 2025). (*See e.g.*, TX1736.) Indeed, this is private financial information of competitive value, which Rebotix's competitors might use to analyze the viability of the company.

FURTHER DECLARANT SAYETH NOT.

Pursuant to 28 U.S.C. § 1746, I, Eric Varty, hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

1/09/2025

DATE

ERIC VARTY