1  Kenneth A. Gallo (*pro hac vice*)
   Paul D. Brachman (*pro hac vice*)
2  **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
   2001 K Street, NW
3  Washington, DC 20006-1047
   Telephone: (202) 223-7300
4  Facsimile: (202) 204-7420
   Email: kgallo@paulweiss.com
5  Email: pbrachman@paulweiss.com

6  William B. Michael (*pro hac vice*)
   Crystal L. Parker (*pro hac vice*)
7  Daniel A. Crane (*pro hac vice*)
   **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
8  1285 Avenue of the Americas
   New York, NY 10019-6064
9  Telephone: (212) 373-3000
   Facsimile: (212) 757-3990
10 Email: wmichael@paulweiss.com
   Email: cparker@paulweiss.com
11 Email: dcrane@paulweiss.com

12 Joshua Hill Jr. (SBN 250842)
   **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
13 535 Mission Street, 24th Floor
   San Francisco, CA 94105
14 Telephone: (628) 432-5100
   Facsimile: (628) 232-3101
15 Email: jhill@paulweiss.com
   *Attorneys for Defendant Intuitive Surgical, Inc.*
16 [Additional counsel listed on signature page]

17                    **UNITED STATES DISTRICT COURT**

18                    **NORTHERN DISTRICT OF CALIFORNIA**

19                         **SAN FRANCISCO DIVISION**

20

21 SURGICAL INSTRUMENT SERVICE          Case No. 3:21-cv-03496-AMO
   COMPANY, INC.,
22                                      **DEFENDANT'S PROPOSED JURY
                Plaintiff,              VERDICT FORM**
23
         v.                             The Honorable Araceli Martínez-Olguín
24
   INTUITIVE SURGICAL, INC.,
25
                Defendant.
26

27

28

Pursuant to the Court's order on the record, as reflected in the Minute Entry for January 22, 2025, Dkt. 428, Defendant Intuitive Surgical, Inc. ("Intuitive") hereby submits its proposed jury verdict form. The evidence presented at trial does not require any modifications to the proposed jury verdict form that Intuitive previously submitted, Dkt. 276.

**Please deliberate and answer the Questions below.**[1]

**SIS'S CLAIMS**

**Question 1**

Did SIS prove, by a preponderance of the evidence, that there is a relevant market limited to surgical robots used in minimally invasive soft tissue (or "MIST") surgery in the United States?

         Yes_____         No_____

**Question 2**

Did SIS prove, by a preponderance of the evidence, that there is a relevant aftermarket limited to EndoWrist repair and replacement in the United States?

         Yes_____         No_____

**If you answered "No" to either Question 1 or Question 2, then SIS has not proved any of its claims and you are finished with your deliberations with respect to all of SIS's claims; you must proceed to Question 10 to begin your deliberations regarding Intuitive's claims. If you answered "Yes" to both Question 1 and Question 2, then you must proceed to Question 3.**

**Question 3**

Did SIS prove, by a preponderance of the evidence, all of the elements of an unlawful tying arrangement, according to the elements set forth in Instructions ____ of the Court's Jury Instructions?

         Yes_____         No_____

**If you answered "No" to Question 3, then SIS has not proved its tying claim and you are finished with your deliberations with respect to this claim; you must proceed to Question 5 to begin your deliberations regarding SIS's exclusive dealing claim. If you answered "Yes" to Question 3, then you must go on to answer Question 4.**

---

[1] Throughout this draft verdict form, placeholders have been left for references to particular jury instructions, pending finalization from the Court as to the instruction numbering.

**Question 4**

Did Intuitive prove, by a preponderance of the evidence, a business justification for the alleged tying arrangement, according to Instruction ____ of the Court's Jury Instructions?

        Yes_____           No_____

**If you answered "Yes" to Question 4, then SIS has not proved its tying claim and you are finished with your deliberations with respect to this claim. If you answered "No" to Question 4, then you must address SIS's injury and damages in Question 9 and Question 10. Either way, you must first proceed to Question 5 to begin your deliberations regarding SIS's exclusive dealing claim.**

**Question 5**

Did SIS prove, by a preponderance of the evidence, all of the elements of an unlawful exclusive dealing arrangement, according to the elements set forth in Instructions ____ of the Court's Jury Instructions?

        Yes_____           No_____

**If you answered "No" to Question 5, then SIS has not proved its exclusive dealing claim and you are finished with your deliberations with respect to this claim. If you answered "Yes" to Question 5, then you must address SIS's injury and damages in Question 8 and Question 9. Either way, you must first proceed to Question 6 to begin your deliberations regarding SIS's monopolization claim.**

**Question 6**

Did SIS prove, by a preponderance of the evidence, all of the elements of unlawful monopolization, according to the elements set forth in Instructions ____ of the Court's Jury Instructions?

        Yes_____           No_____

**If you answered "No" to Question 6, then SIS has not proved its monopolization claim and you are finished with your deliberations with respect to this claim. If you answered "Yes" to Question 6, then you must address SIS's injury and damages in Question 8 and Question 9. Either way, you must first proceed to Question 7 to begin your deliberations regarding SIS's attempted monopolization claim.**

**Question 7**

Did SIS prove, by a preponderance of the evidence, all of the elements of unlawful attempted monopolization, according to the elements set forth in Instructions _____ of the Court's Jury Instructions?

        Yes_____               No_____

**If you answered "No" to Question 7, then SIS has not proved its attempted monopolization claim and you are finished with your deliberations with respect to this claim. If you answered "Yes" to Question 7, then you must address SIS's injury and damages in Question 8 and Question 9.**

**Question 8**

**If your answers to the prior Questions have resulted in a finding that SIS has not proved any of its claims, then you are finished with you deliberations with respect to SIS's claims and you must proceed to Question 10 to begin your deliberations regarding Intuitive's claims. Otherwise, you must answer this Question.**

Did SIS prove, by a preponderance of the evidence, all of the elements of injury and causation, according to the elements set forth in Instructions _____ of the Court's Jury Instructions?

        Yes_____               No_____

**If you answered "No" to Question 8, then SIS has not proved any of its claims and you are finished with your deliberations with respect to SIS's claims; you must proceed to Question 10 to begin your deliberations regarding Intuitive's claims. If you answered "Yes" to Question 8, then you must go on to answer Question 9.**

**Question 9**

What amount, if any, do you award to SIS as compensatory damages for its claims, in accord with Instructions _____ of the Court's Jury Instructions?

        _____

**You have now completed your deliberations with respect to SIS's claims. You must now proceed to Question 10 to begin your deliberations regarding Intuitive's claims.**

# INTUITIVE'S CLAIMS

### Question 10

Did Intuitive prove, by a preponderance of the evidence, all of the elements of unfair competition and false advertising under the Lanham Act, according to Instruction _____ of the Court's Jury Instructions?

Yes_____          No_____

**If you answered "No" to Question 10, then Intuitive has not proved its claim for unfair competition and false advertising under the Lanham Act, and you are finished with your deliberations with respect to this claim. If you answered "Yes" to Question 10, then you must address Intuitive's damages in Question 13. Either way, you must proceed to Question 11 to begin your deliberations regarding Intuitive's claim for unfair competition.**

### Question 11

Did Intuitive prove, by a preponderance of the evidence, all of the elements of unfair competition, according to the elements set forth in Instructions _____ of the Court's Jury Instructions?

Yes_____          No_____

**If you answered "No" to Question 11, then Intuitive has not proved its unfair competition claim and you are finished with your deliberations with respect to this claim. If you answered "Yes" to Question 11, then you must address Intuitive's damages in Question 13. Either way, you must first proceed to Question 12 to begin your deliberations regarding Intuitive's tortious interference with contract claim.**

### Question 12

Did Intuitive prove, by a preponderance of the evidence, all of the elements of tortious interference with contract, according to the elements set forth in Instructions _____ of the Court's Jury Instructions?

Yes_____          No_____

**If you answered "No" to Question 12, then Intuitive has not proved its tortious interference with contract claim and you are finished with your deliberations with respect to this claim. If you answered "Yes" to Question 12, then you must go on to address Intuitive's damages in Question 13.**

**Question 14**

**If your answers to the prior Questions have resulted in a finding that Intuitive has not proved any of its claims, then you are finished with you deliberations with respect to Intuitive's claims. Otherwise, you must answer this Question.**

What amount, if any, do you award to Intuitive as compensatory damages for its claims, in accord with Instructions _____ of the Court's Jury Instructions?

_____

**You have now completed your deliberations with respect to Intuitive's claims.**

**The Foreperson should sign and date this Verdict Form and inform the Court Security Officer that a unanimous verdict has been reached.**

Dated:_____     By: _____
                                           Jury Foreperson

## CERTIFICATE OF SERVICE

On January 23, 2025, I caused a copy of Defendant's Proposed Jury Verdict Form to be electronically filed via the Court's Electronic Case Filing System, which pursuant to the Court's order of September 29, 2008, constitutes service in this action on counsel of record for Surgical Instrument Service Company, Inc.

Dated: January 23, 2025     By: /s/ *Kenneth A. Gallo*
                                Kenneth A. Gallo