| | |
|---|---|
| 1 | Kenneth A. Gallo (*pro hac vice*) |
| | Paul D. Brachman (*pro hac vice*) |
| 2 | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |
| | 2001 K Street, NW |
| 3 | Washington, DC  20006-1047 |
| | Telephone:  (202) 223-7300 |
| 4 | Facsimile:  (202) 223-7420 |
| | Email: kgallo@paulweiss.com |
| 5 | Email: pbrachman@paulweiss.com |
| 6 | William B. Michael (*pro hac vice*) |
| | Crystal L. Parker (*pro hac vice*) |
| 7 | Daniel A. Crane (*pro hac vice*) |
| | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |
| 8 | 1285 Avenue of the Americas |
| | New York, NY 10019-6064 |
| 9 | Telephone:  (212) 373-3000 |
| | Facsimile:  (212) 757-3990 |
| 10 | Email: wmichael@paulweiss.com |
| | Email: cparker@paulweiss.com |
| 11 | Email: dcrane@paulweiss.com |
| 12 | Joshua Hill Jr. (SBN 250842) |
| | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |
| 13 | 535 Mission Street, 24th Floor |
| | San Francisco, CA 94105 |
| 14 | Telephone:  (628) 432-5100 |
| | Facsimile:  (628) 232-3101 |
| 15 | Email: jhill@paulweiss.com |
| 16 | *Attorneys for Defendant Intuitive Surgical, Inc.* |
| 17 | [Additional counsel listed on signature page] |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC., | Case No. 3:21-cv-03496-AMO |
| *Plaintiff*, | **DEFENDANT'S PROPOSED JURY INSTRUCTIONS TO STRIKE IN LIGHT OF TRIAL EVIDENCE** |
| v. | |
| INTUITIVE SURGICAL, INC., | The Honorable Araceli Martínez-Olguín |
| *Defendant*. | |

Pursuant to the Court's order on the record, as reflected in the Minute Entry for January 22, 2025, Dkt. 428, Defendant Intuitive Surgical, Inc. ("Intuitive") hereby identifies the following jury instructions from the Parties' Joint Proposed Jury Instructions, Dkt. 266, that are unnecessary for presentation to the jury in light of the Court's orders to date and the evidence presented at trial:

- Disputed Instruction No. 4
- Disputed Instruction No. 15
- Disputed Instruction No. 65
- Disputed Instruction No. 66

Additionally, in Appendix A, Intuitive proposes edits to Disputed Instruction No. 31 and Disputed Instruction No. 69, with proposed deletions indicated in strikethrough, red text.

For the record and clarity, Intuitive maintains its objections to Court orders that result in the identification of Disputed Instructions Nos. 4, 65, and 66 above, as well as the deleted text in Disputed Instructions Nos. 31 and 69, and its position that such instructions should be given but for those rulings. Intuitive also maintains its positions on all remaining jury instructions, as articulated in the Parties Joint Proposed Jury Instructions, Dkt. 266, and Intuitive's Memorandum of Law in Support of Disputed Jury Instructions, Dkt. 275.

Dated: January 23, 2025

By: /s/ *Kenneth A. Gallo*
Kenneth A. Gallo

Kenneth A. Gallo (*pro hac vice*)
Paul D. Brachman (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 204-7420
Email: kgallo@paulweiss.com
Email: pbrachman@paulweiss.com

William B. Michael (*pro hac vice*)
Crystal L. Parker (*pro hac vice*)
Daniel A. Crane (*pro hac vice*)

- 1 -
Defendant's Proposed Jury Instructions to Strike in Light of Trial Evidence
3:21-cv-03496-AMO

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: wmichael@paulweiss.com
Email: cparker@paulweiss.com
Email: dcrane@paulweiss.com

Joshua Hill Jr. (SBN 250842)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101
Email: jhill@paulweiss.com

Sonya D. Winner (SBN 200348)
**COVINGTON & BURLINGTON LLP**
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Email: swinner@cov.com

Kathryn E. Cahoy (SBN 298777)
**COVINGTON & BURLINGTON LLP**
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, California 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: kcahoy@cov.com

Andrew Lazerow (*pro hac vice*)
**COVINGTON & BURLINGTON LLP**
One City Center, 850 Tenth Street NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: alazerow@cov.com

Allen Ruby (SBN 47109)
**ALLEN RUBY, ATTORNEY AT LAW**
15559 Union Ave. #138
Los Gatos, California 95032
Telephone: (408) 477-9690
Email: allen@allenruby.com

Attorneys for *Defendant Intuitive Surgical, Inc.*

# CERTIFICATE OF SERVICE

On January 23, 2025, I caused a copy of Defendant's Proposed Jury Instructions to Strike in Light of Trial Evidence to be electronically filed via the Court's Electronic Case Filing System, which pursuant to the Court's order of September 29, 2008, constitutes service in this action on counsel of record for Surgical Instrument Service Company, Inc.

Dated: January 23, 2025

By: */s/ Kenneth A. Gallo*
Kenneth A. Gallo

# **APPENDIX A**

**Disputed** Instruction No. 31 Re Business Justification Defense Offered by **Intuitive**[1]

Intuitive contends that the alleged tying arrangement is justified. If you find that SIS has proven all elements of a tying claim, then you should consider whether Intuitive has proven, by a preponderance of the evidence, a business justification for the tying arrangement. Intuitive has the burden of proof on this issue.

Intuitive contends that its contractual restrictions on the unauthorized modification of EndoWrists by third parties are justified <u>by procompetitive patient safety as well as business reasons including, for example, that: Intuitive's da Vinci system was designed to work with Intuitive's proprietary EndoWrist instruments; the use of EndoWrist instruments beyond the number of lives specified in their Instructions for Use</u> ~~and cleared by the FDA~~ <u>presents serious risks to health and safety of patients; Intuitive has no way to ensure the safety and effectiveness of unauthorized third-party products and services</u> ~~that have not been cleared by the FDA~~<u>; by posing risks to patient health and safety, the use of unauthorized third-party products and services with the da Vinci surgical system also poses a risk to Intuitive's reputation in the marketplace and would expose Intuitive to additional costs and liability that Intuitive's contracts help to avoid; and allowing unauthorized third parties to modify Intuitive's EndoWrists would permit such third parties to "free ride" on Intuitive's goodwill and the substantial investments Intuitive has made in developing and creating the da Vinci surgical system</u>.[2]

---

[1] MODEL JURY INSTRUCTIONS IN CIVIL ANTITRUST CASES, Chapter 2 Section 1 of the Sherman Act—Tying Arrangements, Instruction 11: Business Justification Defense (AM. BAR ASS'N ANTITRUST L. SECTION 2016).

[2] The model instruction has a placeholder for the defendant to provide its contentions as to its business justifications. The underlined text has been inserted by Intuitive to provide those contentions, which are supported by ample case law. *See, e.g.*, *Cont'l T. V., Inc.* v. *GTE Sylvania Inc.*, 433 U.S. 36, 55 n.23 (1977) (recognizing legitimate justifications arising from federal and state laws requiring "that manufacturers assume direct responsibility for the safety and quality of their products"); *Hobart-Mayfield, Inc.* v. *National Operating Commission on Standards for Athletic Equipment*, 48 F.4th 656, 669–70 (6th Cir. 2022) (because helmet manufacturer served a "market that places high regard on the safety and warranty of its products," it had a "legitimate business interest" in "desir[ing] to protect their reputations and sell safe products"); *HDC Medical Inc.* v. *Minntech Corporation*, 474 F.3d 543, 549–50 (8th Cir. 2007) (since manufacturer could not "predict how its machines would react" to competitors' solutions, it was right to "believe[] that it could not feasibly warrant the performance of the product").

In determining whether the tying arrangement is justified, you must decide whether it serves a legitimate business purpose of Intuitive. In making this determination, you should consider whether the justification Intuitive offers is the real reason that it imposed the tying arrangement. <u>A legitimate business purpose is one that benefits the actor regardless of any harmful effect on competitors, such as a purpose to promote efficiency or quality, offer a better product or service, or increase short-run profits. This inquiry does not turn on an assessment of Intuitive's subjective intent, but instead whether Intuitive's policies and practices have an objective justification.</u>[3]

You must also consider whether Intuitive's claimed objective could reasonably have been realized through <u>substantially</u> less restrictive means.[4] Even if some type of constraint is necessary to promote a legitimate business interest, Intuitive must not adopt a constraint that is more restrictive than reasonably necessary to achieve that interest.

In determining whether Intuitive's claimed objective could reasonably have been achieved through substantially less restrictive means, you may assess such factors as whether other means to achieve Intuitive's objective were more or less expensive and more or less effective than the means chosen by Intuitive.

If you find that Intuitive could reasonably have achieved its legitimate business purpose by substantially less restrictive means, then you may find that there was no business

---

[3] The underlined text has been added to the model instruction. *See Barry Wright Corp.* v. *ITT Grinnell Corp.*, 724 F.2d 227, 232 (1st Cir. 1983) (Breyer, J.) (observing that, though "[s]ome courts have written as if one might look to a firm's 'intent to harm' to separate 'good' from 'bad' [conduct]," this search for "improper intent" in reality "refer[s] to a set of objective economic conditions"); *see also United States* v. *Microsoft Corp.*, 253 F.3d 34, 59 (D.C. Cir. 2001) ("[I]n considering whether the monopolist's conduct on balance harms competition and is therefore condemned as exclusionary for purposes of § 2, our focus is upon the effect of that conduct, not upon the intent behind it.").

[4] The underlined text has been added to the model instruction. *See Nat'l Collegiate Athletic Ass'n* v. *Alston*, 594 U.S. 69, 100–101 (2021) ("In this suit, as in any, the district court had to determine whether the defendants' agreements harmed competition and whether any procompetitive benefits associated with their restraints could be achieved by '*substantially* less restrictive alternative' means." (emphasis added)); *Epic Games, Inc.* v. *Apple, Inc.*, 67 F.4th 946, 985–86, 990 (9th Cir. 2023) ("[T]his circuit's test—which the Supreme Court approved in *Alston*—requires a '*substantially* less restrictive' alternative." (emphasis in original; citation omitted)).

1  justification and find for SIS on the tying claim.  If you find that the alleged tying arrangement
2  serves a legitimate business purpose of Intuitive, and that there are not substantially less
3  restrictive means reasonably available to achieve that purpose, then you must find for Intuitive and
4  against SIS on the tying claim.

**Disputed** Instruction No. 69 Re Causation and Disaggregation Offered by **Intuitive**[5]

If you find that Intuitive violated the antitrust laws and that SIS was injured by that violation, SIS is entitled to recover for such injury that was the direct result or likely consequence of the unlawful acts of Intuitive. SIS bears the burden of showing that its injuries were caused by Intuitive's antitrust violation, as opposed to any other factors. If you find that SIS's alleged injuries were caused in part by Intuitive's alleged antitrust violation and in part by other factors, then you may award damages only for that portion of SIS's alleged injuries that was caused by Intuitive's alleged antitrust violation.

SIS claims that it suffered injury because it lost sales and profits as a result of Intuitive's alleged violations of the antitrust laws. Intuitive claims that any profits or sales lost by SIS occurred as a result of other factors that have nothing to do with the alleged antitrust violations. These include SIS's failure to seek and obtain ~~clearance from the FDA or~~ authorization from Intuitive to sell modified EndoWrists; SIS's reliance on Rebotix to provide parts and services, rather than developing its own processes; SIS's lack of preparedness to launch a business based on "resetting" X/Xi EndoWrists, as opposed to S/Si EndoWrists; and preference by customers for purchasing EndoWrists from the original manufacturer for patient safety, ~~regulatory,~~ and liability concerns. SIS is not entitled to recover for lost profits that resulted solely from these or other causes arising from the normal course of business activity. The presence of these factors does not mean SIS did not suffer antitrust injury, but SIS is not entitled to recovery for damages caused by them. SIS only may recover for damages caused by the alleged antitrust violations.

SIS bears the burden of proving damages by a preponderance of the evidence, including apportioning damages between lawful and unlawful causes. If you find that SIS has not established a reasonable basis to apportion its alleged injuries between lawful and unlawful

---

[5] MODEL JURY INSTRUCTIONS IN CIVIL ANTITRUST CASES, Chapter 6 – Causation and Damages – Damages, Instruction 4: Causation and Disaggregation (AM. BAR ASS'N ANTITRUST L. SECTION 2016). The underlined text has been added, in accordance with model instruction's directive to "list, as appropriate, defendant's examples of ways plaintiff could lose sales in the normal course of competitive business activity."

causes, or that apportionment can only be accomplished through speculation or guesswork, then you may not award any damages at all.  If you find that the SIS was injured by Intuitive's alleged antitrust violations, and there is a reasonable basis to apportion its alleged injuries between lawful and unlawful causes, then you may award damages.