UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> INTUITIVE SURGICAL, INC., <br><br> Defendant. | Case No. 21-cv-03496-AMO <br><br> **ORDER FOLLOWING JURY CHARGE CONFERENCE** |

During the conference discussing the Court's Tentative Jury Charge, counsel for Plaintiff Surgical Instrument Service Company, Inc. ("SIS") objected to the Court's proposed instruction regarding single-brand aftermarket. *See* ECF 437 at 23. The Court declined to remove the instruction at the conference, indicating that a plaintiff seeking to establish a single-brand aftermarket needs to satisfy the four-part test from *Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 977 (9th Cir. 2023). However, based on counsel's argument and the evidence presented in this case, SIS does not contend that Defendant Intuitive Surgical, Inc. ("Intuitive") lacks market power in the purported market of minimally-invasive soft tissue robots and that Intuitive's customers are "locked-in" to an alleged single-brand aftermarket of replacement and repaired EndoWrist instruments. *See Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 464-66, 476-78 (1992); *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1051-52 (9th Cir. 2008). To the contrary, SIS asserts that Intuitive has market power in the purported market of minimally-invasive soft tissue robots. *See Eastman Kodak*, 504 U.S. at 464-66. In light of this theory of the case, the Court finds the proposed jury instruction requiring SIS to prove the *Epic v. Apple* factors unnecessary. The Court will accordingly not provide that instruction to the jury.

1   Intuitive requested edits to the proposed instructions on pages 20 and 46 of the Tentative
2   Jury Charge stating that consideration of the Section 2 claim is limited to evidence presented in
3   support of SIS's Section 1 tying and exclusive dealing claims. That is not an accurate statement of
4   the law, and the Court declines Intuitive's proposed edits accordingly.

5   During the conference, Intuitive requested an additional jury instruction about evidence
6   regarding design changes to X and Xi model Endowrists. Reviewing it as a stand-alone
7   instruction, the Court proposed some edits to Intuitive's proposal and indicated that it would be
8   included among the final instructions. Upon further reflection, and in trying to work the design
9   instruction into the jury charge, the Court concludes that it will ultimately be more confusing than
10  helpful to the jury to instruct them about the consideration of design evidence. Thus, it will not be
11  included.

13  **IT IS SO ORDERED.**

14  Dated: January 27, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**