Kenneth A. Gallo (*pro hac vice*)
Paul D. Brachman (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 204-7420
Email: kgallo@paulweiss.com
Email: pbrachman@paulweiss.com

William B. Michael (*pro hac vice*)
Crystal L. Parker (*pro hac vice*)
Daniel A. Crane (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email: wmichael@paulweiss.com
Email: cparker@paulweiss.com
Email: dcrane@paulweiss.com

Joshua Hill Jr. (SBN 250842)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:  (628) 432-5100
Facsimile:  (628) 232-3101
Email: jhill@paulweiss.com

*Attorneys for Defendant Intuitive Surgical, Inc.*

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC.,<br><br>    *Plaintiff*,<br> v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>    *Defendant*. | Case No. 3:21-cv-03496-AMO<br><br>**DEFENDANT'S OBJECTION TO ORDER FOLLOWING JURY CHARGE CONFERENCE**<br><br>The Honorable Araceli Martínez-Olguín |

Defendant Intuitive Surgical respectfully submits this objection to the Court's order after the charging conference declining to instruct the jury on the four factors that the Ninth Circuit held, in *Epic Games* v. *Apple*, that a plaintiff "must show" in order to define a single-brand aftermarket.[1]  Intuitive does so both to preserve the record for appeal and because we respectfully submit that the Court's order constitutes a clear error of law on a critical issue.

Contrary to SIS's argument, *Eastman Kodak Co.* v. *Image Tech. Servs., Inc.,* 504 U.S. 451 (1992) did not hold that it is unnecessary for a plaintiff to prove "lock in" to establish a single-brand aftermarket so long as the plaintiff can prove the defendant has market power in a foremarket.  Rather, *Kodak* held—under the very specific circumstances of that case—that a lack of market power in the foremarket does not *preclude* a claim based on a single-brand aftermarket.  The Court in *Kodak* had no occasion to address the question presented in this case—whether a plaintiff can establish a single-brand aftermarket without demonstrating "lock in," if there is market power in the foremarket.  *Epic*, however, held that in *all* cases a plaintiff "must show" each of the four enumerated factors set out by the Ninth Circuit in order to define a single-brand aftermarket.  The Ninth Circuit then confirmed that result in *Coronavirus Reporter*, where the defendant (Apple) had been alleged to have a near total monopoly in the foremarket.

This issue must be understood in light of the distinctive facts of *Kodak*.  In *Kodak*, there were three markets at issue: (1) the primary market for copier machines (which was ***not*** the "tying" market); (2) an aftermarket for parts for Kodak copiers (which ***was*** the "tying" market); and (3) an aftermarket for service for Kodak copiers (which was the "tied" market).  *Id.* at 459.  It was undisputed that the primary market was competitive.  Kodak argued that "because competition exists in the equipment market … it could not have the ability to raise prices of service and parts above the level that would be charged in a competitive market because any

---

[1] Defendant met and conferred with Plaintiff regarding this objection prior to this filing.

increase in profits from a higher price in the aftermarkets at least would be offset by a corresponding loss in profits from lower equipment sales as consumers began purchasing equipment with more attractive service costs." *Id.* at 465.  The Supreme Court rejected that argument, holding that "there is no immutable physical law—no 'basic economic reality'—insisting that competition in the equipment market cannot coexist with market power in the aftermarkets." *Id.* at 471.  The *Kodak* Court did *not* hold that the factors it discussed—which subsequently became the basis for the *Epic* test—apply ***only*** in cases where the defendant lacks market power in the foremarket.

By contrast, in *Epic* and *Coronavirus Reporter*—as in most tying cases, including this one—the foremarket and the tying market were alleged to be one and the same.  This matters because under established Supreme Court law, the plaintiff in a tying case must *always* establish that the defendant has market power in the tying market.  *Illinois Tool Works Inc.* v. *Independent Ink, Inc.*, 547 U.S. 28, 46 (2006).  If SIS's argument were correct, then the *Epic* factors would only apply in those limited cases like *Kodak* itself where the foremarket and the tying market were different, because in all cases where the tying market and the foremarket are the same, the plaintiff's establishment of market power in the tying market would moot the need to establish the *Epic* factors.  Under that erroneous view of the law, the *Epic* factors would not have been applicable in *Epic* itself.  That obviously makes no sense, and is contrary to the relevant precedents including:

- *Coronavirus Reporter* v. *Apple, Inc.*, 85 F.4th 948 (9th Cir. 2023).  The complaint alleged that Apple had a market share of 60-80% and "operates a *de facto* monopoly for smartphone internet access devices," which was one of two foremarkets that plaintiffs asserted as a predicate to pleading a single-brand aftermarket along with another foremarket for U.S. iOS devices, in which they asserted that Apple is a total monopolist.  *Coronavirus Reporter* v. *Apple, Inc.*, 2021

WL 5936910, at *3 (N.D. Cal. Nov. 30, 2021); *see* Case No. 3:21-cv-05567, Dkt. 41, ¶¶ 11, 18, 234. Despite these allegations of near-total monopoly power in the foremarket, the Ninth Circuit affirmed dismissal for failure to meet the *Epic* factors.

- *Epic* itself, where Epic alleged a foremarket for "smartphone operating systems," 67 F.4th at 970, that was "nearly 100%" controlled by Apple and Google. Epic Complaint ¶ 40, No. 4:20-cv-05640 (N.D. Cal. Aug. 14, 2020). The district court noted that Epic deliberately chose to plead the foremarket as the "smartphone operating systems," not smartphone themselves, since Apple "only has a 15 percent of global market share" in smartphones. 559 F. Supp. 3d at 955. Epic deliberately pled operating systems and not smartphones as the relevant foremarket, because that was necessary to giving Apple market power in the foremarket. Nonetheless, the Ninth Circuit affirmed dismissal for failure to plead the *Epic* factors.

- *Subspace Omega* v. *Amazon Web Servs.*, 2024 WL 5202517, at *6 (W.D. WA. Dec. 23, 2024), where the district court dismissed the complaint for failure to allege the *Epic* factors even though Amazon was alleged to have "at least a 60% share" in the foremarket.

- *Blizzard Ent. Inc.* v. *Ceiling Fan Software LLC*, 941 F. Supp. 2d 1227, 1230 (C.D. Cal. 2013), where the court dismissed the complaint where defendant had "at least 62 percent" of the foremarket for failure to plead the *Epic* factors.

In short, the Ninth Circuit and other courts in this district have not limited application of *Epic* factors to circumstances like those in *Kodak* where the tying market and foremarket were different markets, nor have they declined to apply the *Epic* factors in cases where the defendant allegedly had market power in the foremarket. To so hold would constitute reversible error that would require retrial of this case should the jury return a verdict in SIS's favor.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: January 27, 2025 | By: */s/ Kenneth A. Gallo* |
| 3 | | Kenneth A. Gallo |

Kenneth A. Gallo (*pro hac vice*)
Paul D. Brachman *(pro hac vice)*
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 204-7420
Email: kgallo@paulweiss.com
Email: pbrachman@paulweiss.com

William B. Michael (*pro hac vice*)
Crystal L. Parker (*pro hac vice*)
Daniel A. Crane (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email: wmichael@paulweiss.com
Email: cparker@paulweiss.com
Email: dcrane@paulweiss.com

Joshua Hill Jr. (SBN 250842)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:  (628) 432-5100
Facsimile:  (628) 232-3101
Email: jhill@paulweiss.com

Sonya D. Winner (SBN 200348)
**COVINGTON & BURLINGTON LLP**
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone:  (415) 591-6000
Facsimile:  (415) 591-6091
Email: swinner@cov.com

Kathryn E. Cahoy (SBN 298777)
**COVINGTON & BURLINGTON LLP**
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, California 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: kcahoy@cov.com

Andrew Lazerow (*pro hac vice*)
**COVINGTON & BURLINGTON LLP**
One City Center 850 Tenth Street NW
Washington DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: alazerow@cov.com

Allen Ruby (SBN 47109)
**ALLEN RUBY, ATTORNEY AT LAW**
15559 Union Ave. #138
Los Gatos, California 95032
Telephone: (408) 477-9690
Email: allen@allenruby.com

*Attorneys for Defendant
Intuitive Surgical, Inc.*

**CERTIFICATE OF SERVICE**

I, Kenneth A. Gallo, hereby certify that on January 27, 2025, I caused a true and correct copy of the foregoing Defendant's Objection to Order Following Jury Charge Conference to be electronically filed via the Court's Electronic Case Filing System, which pursuant to the Court's order of September 29, 2008, constitutes service in this action on counsel of record for Surgical Instrument Service Company, Inc.

Dated: January 27, 2025                    By:  */s/ Kenneth A. Gallo*
                                                 Kenneth A. Gallo

                                           *Attorney for Intuitive Surgical, Inc.*