UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>    Defendant. | Case No.  21-cv-03496-AMO<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO RULE 54(b)** |

For the reasons stated on the record on January 28, 2025, the Court hereby GRANTS Defendant Intuitive Surgical, Inc.'s ("Intuitive") motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). Specifically, Plaintiff Surgical Instrument Service Company, Inc. ("SIS") has conceded that it lacks evidence sufficient to satisfy the factors the Court held are required under *Epic Games, Inc.* v. *Apple, Inc.*, 67 F.4th 946 (9th Cir. 2023), to prove its alleged aftermarket for repaired and replacement EndoWrists. Accordingly, SIS cannot prove a necessary element of each of its claims under Sections 1 and 2 of the Sherman Act. Those claims thus fail as a matter of law and judgment should be entered on them.

The Court has previously denied Intuitive's motion for judgment as a matter of law under Rule 50(a) on other grounds presented on the record. *See* Trial Tr. at 1741:7–1748:23; Trial Tr. at 2442:9–2447:16; Dkt. 426. The Court hereby affirms those prior rulings.

Under Federal Rule of Civil Procedure 54(b), "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The Court finds that it has finally resolved SIS's claims under Sections 1 and 2 and that there is no just reason for delay in this case. There is no

risk that entry of final judgment on SIS's claims under Sections 1 and 2 would result in unnecessary appellate review. Nor would resolution of these claims, and appellate review by the Ninth Circuit, cause a risk of inconsistent verdicts as to Intuitive's counterclaims under the Lanham Act and California law. Entering final judgment on SIS's claims would also conserve judicial resources and streamline future proceedings.

Consistent with the above, IT IS HEREBY ORDERED that final judgment is entered in favor of Intuitive under Federal Rule of Civil Procedure 54(b) on Counts I – IV of SIS's Complaint.

The Court STAYS further proceedings on Intuitive's counterclaims pending resolution of any appeal on SIS's claims.

The Court recognizes that both parties reserve all rights to seek further remedies.

**IT IS SO ORDERED.**

Dated: January 28, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**