Kenneth A. Gallo (*pro hac vice*)
Paul D. Brachman (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: pbrachman@paulweiss.com

William B. Michael (*pro hac vice*)
Crystal L. Parker (*pro hac vice*)
Daniel A. Crane (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: wmichael@paulweiss.com
Email: cparker@paulweiss.com
Email: dcrane@paulweiss.com

Joshua Hill Jr. (SBN 250842)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101
Email: jhill@paulweiss.com

*Attorneys for Defendant Intuitive Surgical, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC., *Plaintiff*, v. INTUITIVE SURGICAL, INC., *Defendant*. | Case No. 3:21-cv-03496-AMO **DECLARATION OF PAUL D. BRACHMAN IN SUPPORT OF DEFENDANT'S BILL OF COSTS** The Honorable Araceli Martínez-Olguín |

I, PAUL D. BRACHMAN, declare as follows:

1. I am an attorney licensed to practice in New York and the District of Columbia, and am admitted *pro hac vice* to practice before this Court. I am a partner with the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"), counsel for Defendant Intuitive Surgical, Inc. ("Intuitive") in this matter. I have personal knowledge of the facts set forth herein, and if called to testify, I could and would testify competently hereto.

2. I submit this Declaration in support of Intuitive's application for costs incurred in this action in the amount of **$524,938.57**.

3. On January 30, 2025, the Court entered judgment pursuant to Federal Rule of Civil Procedure 54(b) in Intuitive's favor and against Plaintiff Surgical Instrument Service Company, Inc. ("SIS") on all remaining claims pending against Intuitive. Dkt. 462. As the prevailing party as to those claims, Intuitive seeks to recover its costs pursuant to Federal Rule of Civil Procedure 54(d)(1), as reflected in Intuitive's Bill of Costs and supporting Exhibits,[1] and as further explained below.

**Trial Transcript Costs**

4. Pursuant to Civil Local Rule 54-3(b)(1), "[t]he cost of transcripts necessarily obtained for an appeal is allowable." Intuitive seeks to recover **$14,621.58** in costs incurred to obtain trial transcripts in this matter. This amount does not include the costs of Realtime, which Intuitive does not seek to recover. Attached hereto as **Exhibit 1** is a true and correct copy of an invoice reflecting Intuitive's costs incurred to obtain trial transcripts in this matter.

**Deposition Costs**

5. Pursuant to Civil Local Rule 54-3(c)(1), "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable."[2] Additionally, pursuant to Civil Local Rule 54-3(c)(3), "[t]he cost of

---

[1] Pursuant to Federal Rule of Civil Procedure 5.2, redactions have been applied to the exhibits to remove taxpayer identification numbers and financial account numbers.

[2] Section I.A.4 of the parties' Joint Stipulation and Order Regarding Deposition Protocol, Dkt. 95, provides that depositions taken in *Restore Robotics LLC* v. *Intuitive Surgical, Inc.*, No. 5:19-cv-55-TKW-MJF (N.D. Fla.) (the "*Restore* action") or *Rebotix Repair LLC* v. *Intuitive Surgical*, Inc., No. 8:20-cv-02274-VMC-TGW (M.D. Fla.) (the "*Rebotix* action"), may be

- 1 -

Brachman Declaration in Support of Defendant's Bill of Costs
3:21-cv-03496-AMO

reproducing exhibits to depositions is allowable if the cost of the deposition is allowable." Intuitive seeks to recover **$200,311.20** in costs incurred to obtain deposition transcripts and video recordings, and **$6,921.35** in costs incurred to reproduce deposition exhibits. Intuitive seeks to recover costs associated with the depositions taken in this case, and to recover the costs associated with a subset of depositions taken in the *Restore* and *Rebotix* actions of witnesses who were listed on the parties' trial witness lists in this matter, *see* Dkt. 278-3.[3] True and correct copies of the invoices supporting those costs are as attached as **Exhibit 2**. Attached hereto as **Appendix A** is a chart identifying the line items from each deposition invoice for which Intuitive seeks to recover costs. To the extent Intuitive seeks to recover only a discounted portion of a specific line item, that information is noted in footnotes to **Appendix A**. Intuitive does not seek to recover costs excluded by Civil Local Rule 54-3(c).

**Document Discovery Costs**

6. Pursuant to Civil Local Rule 54-3(d)(2), "[t]he cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable." Intuitive seeks to recover **$38,665.00** in costs related to the production of formal discovery documents. These costs include the costs of processing documents for production in this action and the cost of processing documents for production in the *Restore* and *Rebotix* actions, to the extent that those documents were reproduced or treated as reproduced in this case.[4] Intuitive does not seek to recover costs incurred in reviewing documents for production. Attached hereto as **Exhibit 8** are

---

used as if they were taken in this matter. Attached hereto as **Exhibit 3** is a true and correct copy of the parties' Joint Stipulation and Order Regarding Deposition Protocol, Dkt. 95.

[3] Attached hereto as **Exhibit 4** is a true and correct copy of the parties' trial witness lists, Dkt. 278-3.

[4] Attached hereto as **Exhibit 5** is a true and correct copy of the Stipulated ESI Order in this matter, Dkt. 86, which contains the processing specifications for documents produced in this case, and specifies in Section 7 that any documents produced "in this litigation that originally were produced or processed as part of a response to a government investigation or discovery request in" the *Restore* or *Rebotix* actions "may be produced in a manner and form consistent with how the Documents were originally produced or processed." Attached hereto as **Exhibit 6** is a true and correct copy of the Agreed Protocol for Production of Hard-Copy Documents and Electronically Stored Information in the *Restore* action, which was filed at ECF No. 35 in that action. Attached hereto as **Exhibit 7** is a true and correct copy of the Agreed Protocol for Production of Hard-Copy Documents and Electronically Stored Information in the *Rebotix* action, which was executed by the parties in the *Rebotix* action.

true and correct copies of billing entries of Consilio LLC (formerly, Legility LLC) reflecting costs incurred for reproducing formal discovery documents.

**Trial Exhibit Costs**

7. Pursuant to Civil Local Rule 54-3(d)(4), "[t]he cost of reproducing trial exhibits is allowable to the extent that a Judge requires copies to be provided." Section VIII.C of the Court's Schedule and Pretrial Order, Dkt. 235, required the parties to "jointly prepare a single set of all trial exhibits" for delivery to the Court.[5] Intuitive seeks to recover costs of **$10,905.95** incurred in reproducing trial exhibits pursuant to the Court's order. Attached hereto as **Exhibit 10** is a true and correct copy of an invoice reflecting these costs.

**Visual Aid Costs**

8. Pursuant to Civil Local Rule 54-3(d)(5), "[t]he cost of preparing charts, diagrams, videotapes, and other visual aids to be used as exhibits is allowable if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at the trial."

9. Intuitive seeks to recover **$248,868.25** in costs incurred in preparing charts, diagrams, and other visual aids that were used as demonstrative exhibits for the purpose of assisting the jury and the Court in understanding the issues at trial.

10. Attached hereto as **Exhibit 11** are true and correct copies of invoices from Impact Trial Consulting LLC ("Impact") reflecting costs incurred by Intuitive in the amount of $211,261.25. Intuitive has excluded from the invoices included in **Exhibit 11**, and is not seeking to recover, certain categories of costs, including (among other things) costs associated with the preparation of videotapes used at trial and costs associated with the presentation of visual aids during trial (*i.e.*, "hot seater" time). Although Impact professionals in some instances worked more than eight hours per day preparing for and during trial, Intuitive seeks to recover costs associated with no more than eight hours of work time per day, per Impact professional. Time entries reflected on **Exhibit 11** have accordingly been limited to no more than eight hours.

---

[5] Attached hereto as **Exhibit 9** is a true and correct copy of the Court's Schedule and Pretrial Order, Dkt. 235.

11.     Attached hereto as **Exhibit 12** are true and correct copies of invoices from Fulcrum Legal Graphics reflecting costs associated with preparing visual aids that were used as demonstrative exhibits in the amount of $37,607.

**Witness Fees/Expenses**

12.     Pursuant to Civil Local Rule 54-3(e), "[p]er diem, subsistence, and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821." Pursuant 28 U.S.C. § 1821, "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance [at any court of the United States]. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance."

13.     Intuitive called five live witnesses to testify during trial in this matter: David Rosa, Dr. Myriam Curet, Dr. Maxwell Meng, Grant Duque, and Dr. Loren Smith. Intuitive seeks to recover **$4,645.24** in witness fees and expenses: $600 in attendance fees and $4,045.24 in costs incurred in connection with the testimony of these witnesses.

14.     Attached hereto as **Exhibit 13** is a true and correct copy of an invoice reflecting subsistence costs, specifically lodging costs, incurred for witness David Rosa for the night before the first trial day on which he was reasonably anticipated to testify through the last day he testified (1/20/2025–1/23/2025). **Exhibit 13** reflects costs for this time period totaling $936.85.

15.     Attached hereto as **Exhibit 14** is a true and correct copy of an invoice reflecting subsistence costs, specifically lodging costs, incurred for witness Dr. Myriam Curet for the night before the first trial day on which she was reasonably anticipated to testify through the day she testified (1/20/2025–1/23/2025). **Exhibit 14** reflects costs totaling $1,860.76; however, consistent with Civil Local Rule 54-3(e), 28 U.S.C § 1821, and "the maximum per diem allowance for federal government employees," Form CAND 133, Intuitive seeks to recover $1,036.

16.     Attached hereto as **Exhibit 15** is a true and correct copy of an invoice reflecting subsistence costs, specifically lodging costs, incurred for witness Grant Duque for the night

- 5 -

before the first trial day on which he was reasonably anticipated to testify through the day he testified (1/22/2025–1/23/2025).  **Exhibit 15** reflects costs totaling $597.89; however, consistent with Civil Local Rule 54-3(e), 28 U.S.C § 1821, and "the maximum per diem allowance for federal government employees," Form CAND 133, Intuitive seeks to recover $493.21.

17. Attached hereto as **Exhibit 16** is a true and correct copy of an invoice reflecting subsistence costs, specifically lodging costs, incurred for expert witness Loren Smith for the night leading into his first reasonably anticipated day of testimony through the night before the day he testified (1/22/2025–1/23/2025).  **Exhibit 16** reflects costs for this time period totaling $468.43.

18. Attached hereto as **Exhibit 17** is a true and correct copy of invoices reflecting subsistence costs, specifically travel costs, incurred for expert witness Loren Smith.  **Exhibit 17** reflects first-class airfare costs totaling $2,221.49; however, consistent with *Shum* v. *Intel Corp.*, 682 F.Supp.2d 992, 1002 (N.D. Cal. 2009), Intuitive seeks to recover only half of these costs, $1,110.75.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:  February 13, 2025                             By: /s/ *Paul D. Brachman*
                                                                             PAUL D. BRACHMAN

## FILER'S ATTESTATION

I, Kenneth A. Gallo, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatory identified above has concurred in this filing.

Dated: February 13, 2025

By: /s/ *Kenneth A. Gallo*
    Kenneth A. Gallo

Kenneth A. Gallo (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com

*Attorney for Defendant*
*Intuitive Surgical, Inc.*