**MCCAULLEY LAW GROUP LLC**
JOSHUA V. VAN HOVEN, (CSB No. 261815)
E-Mail: josh@mccaulleylawgroup.com
3001 Bishop Dr., Suite 300
San Ramon, California 94583
Telephone: 925.302.5941

RICHARD T. MCCAULLEY (*pro hac vice*)
E-Mail: richard@mccaulleylawgroup.com
180 N. Wabash Avenue, Suite 601
Chicago, Illinois 60601
Telephone: 312.330.8105

*Attorneys for Plaintiff and Counter-Defendant,*
SURGICAL INSTRUMENT SERVICE COMPANY, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC. <br><br> *Plaintiff/Counter-Defendant,* <br><br> v. <br><br> INTUITIVE SURGICAL, INC., <br><br> *Defendant/Counterclaimant.* | Case No. 3:21-cv-03496-AMO <br><br> **PLAINTIFF SURGICAL INSTRUMENT SERVICE COMPANY, INC.'S OBJECTIONS TO DEFENDANT INTUITIVE SURGICAL, INC.'S BILL OF COSTS** <br><br><br> The Honorable Araceli Martinez-Olguin <br> Complaint Filed May 10, 2021 |

# PLAINTIFF SURGICAL INSTRUMENT SERVICE COMPANY, INC.'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS

On January 30, 2025, the Court entered judgment pursuant to Federal Rule of Civil Procedure 54(b) in Defendant Intuitive Surgical, Inc.'s ("Intuitive") favor and against Plaintiff Surgical Instrument Service Company, Inc. ("SIS") on all remaining claims pending against Intuitive. Dkt. 462. On February 13, 2025, Intuitive filed its bill of costs, requesting a total of $524,938.57 for four (4) categories of costs: 1) reporters' transcripts; 2) depositions; 3) reproduction and exemplification; and 4) witness expenses. Dkt. No. 470.

SIS generally objects to Intuitive's request for taxation of over half-million dollars in costs because the amount is unreasonably large. Even if costs are allowable, a court has the discretion to deny or reduce the taxable expenditures if they are "unreasonably large." *See, e.g., Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 998 (N.D. Cal. 2009).

"An award of standard costs in federal court is normally governed by Federal Rule of Civil Procedure 54(d)." *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003). The types of costs that may be awarded under Rule 54(d) are limited to those enumerated in 28 U.S.C. § 1920. *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 573 (2012); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987).

28 U.S.C. § 1920 limits the types of costs that a court may award under Rule 54 to the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; and (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Civil L.R. 54-3 provides guidance regarding the taxable costs in each category allowed under section 1920. The party seeking the taxation of costs has the obligation to itemize its costs with sufficient detail to establish that each expense is taxable under Section 1920. *See Plantronics,*

1  *Inc. v. Aliph, Inc.*, 09-cv-1714 WHA(LB), 2012 U.S. Dist. LEXIS 152297, 2012 WL 6761576 at *3 (N.D. Cal. Oct. 23, 2012); *Oracle America, Inc. v. Google, Inc.*, No. C 10-03561 WHA, 2012 U.S. Dist. LEXIS 125237, 2012 WL 3822129, at *3 (N.D. Cal. Sept.4, 2012); *accord In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1368 (Fed. Cir. 2011) (applying Ninth Circuit law to deny costs to a prevailing party that "did not meet its burden" to itemize costs with specificity).

Several categories of expenses requested by Intuitive extend well beyond the narrow, incidental expenses that prevailing parties may recover under section 1920, as articulated by the Supreme Court in *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 573 (2012) ("Taxable costs are limited to relatively minor, incidental expenses as is evident from §1920, which lists such items as clerk fees, court reporter fees, expenses for printing and witnesses, expenses for exemplification and copies, docket fees, and compensation of court-appointed experts."). Additionally, many of the costs sought are not supported as taxable costs with sufficient documentation as required by Civil L.R. 54-1(a). *See Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 998 (N.D. Cal. 2009) ("A district court may reduce costs . . . which are not supported by adequate documentation.").

Pursuant to Civil L.R. 54-2(b), on February 26, 2025, lead counsel for SIS, Richard T. McCaulley, met and conferred telephonically with Intuitive's counsel in an effort to resolve disagreement about the taxable costs claimed in Intuitive's submitted Bill of Costs (Dkt. No. 470). The parties did not resolve the disputes concerning the recoverability of costs.

Accordingly, pursuant to Civil L.R. 54-2[1], Plaintiff SIS submits the following specific objections to the various items of costs noted below which are claimed in the bill submitted by Intuitive, and succinctly sets forth the grounds for each objection.

---

[1] **54-2. Objections to Bill of Costs**
**(a) Time for Filing Objections**. Within 14 days after service by any party of its bill of costs, the party against whom costs are claimed must serve and file any specific objections to any item of cost claimed in the bill, succinctly setting forth the grounds of each objection.
**(b) Meet and Confer Requirement**. Any objections filed under this Local Rule must contain a representation that counsel met and conferred in an effort to resolve disagreement about the taxable costs claimed in the bill, or that the objecting party made a good faith effort to arrange such a conference.

1.  REPORTERS' TRANSCRIPTS

Pursuant to Civil Local Rule 54-3(b)(1), "[t]he cost of transcripts necessarily obtained for an appeal is allowable." Intuitive seeks to recover $14,621.58 in costs incurred to obtain daily trial transcripts in this matter. Dkt. No. 470-1 Brachman Decl. at ¶ 4.

SIS objects to Intuitive's request for costs incurred to obtain daily trial transcripts. "[D]aily trial transcript costs are generally not to be taxed absent prior approval" and Intuitive has not overcome this presumption. *See Jared Andresen v. International Paper Company*, 2015 U.S. Dist. LEXIS 75912 *16; 2015 WL 3648972 (C.D. Cal. June 10, 2015). Courts in the Northern District, however, generally allow for recovery of costs for one copy of the trial transcript. *See, e.g., TransPerfect Global, Inc. v. MotionPoint Corp.*, No. 10-02590, 2014 U.S. Dist. LEXIS 47179, 2014 WL 1364792, at *3 (N.D. Cal. Apr. 4, 2014).

Even if deemed allowable, SIS objects to the amount Intuitive seeks to recover because the invoice submitted as reflecting Intuitive's costs incurred to obtain trial transcripts in this matter indicates that the cost for the original transcript was $11,348.58. Dkt. No. 470-3. SIS is not aware of any authority for the proposition that Intuitive may recover costs for multiple copies of each day's trial transcripts. Accordingly, this item of costs should be disallowed entirely, or at least reduced by $3,273.00.

2.  DEPOSITIONS

Section 1920 allows costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." With respect to deposition transcripts, Civil Local Rule 54-3(c)(1) allows only "[t]he cost of an original and one copy of any deposition (including videotaped depositions) **taken for any purpose in connection with the case** is allowable." (emphasis added). Additionally, pursuant to Civil Local Rule 54-3(c)(3), "[t]he cost of reproducing exhibits to depositions is allowable if the cost of the deposition is allowable." Dkt. No. 470-1 Brachman Decl. at ¶ 5. The local rule permits recovery of the cost of an original, a copy, and exhibits. The costs taxed in this category are so limited. *See Ibrahim v. Dep't of Homeland Sec.*, No. C 06-00545 WHA, 2014 U.S. Dist. LEXIS 56029 *10-11 (N.D. Cal. April 16, 2014).

If the depositions for which a party seeks costs were not taken in connection with the case

1  where costs are sought, then those deposition costs are not taxable. *See Linex Techs. v. Hewlett-*
2  *Packard Co.*, Case No. 13-cv-00159-CW (MEJ), 2014 U.S. Dist. LEXIS 154056 *14; 2014 WL
3  5494906 (N.D. Cal. October 30, 2014) (costs of depositions taken in separate ITC action not
4  recoverable); *see also, Gatx/Airlog Co. v. Evergreen Int'l Airlines Inc.*, No. C 96-2494 CW; Case
5  Nos. C 97-0378 CW; C 97-2484 CW; C 98-0385 CW; C 98-2387 CW, 2002 U.S. Dist. LEXIS
6  30211 *17 (N.D. Cal. June 24, 2002) (for purposes of assessing costs, separate actions must "stand
7  on [their] own feet."; expenses solely relating to separate actions disallowed).

8        Additional costs incurred in videotaping depositions for which stenographic written
9  transcripts were also obtained are not allowable costs. *See Hardwick v. Cty. of Orange*, SACV 13-
10 1390-JLS (ANx), 2017 U.S. Dist. LEXIS 232817 *3-5; 2017 WL 5664992 (C.D. Cal. October 2,
11 2017) (where no justification offered for the video depositions aside from impeachment,
12 videotaped depositions were not necessarily obtained and associated costs are not taxable). If the
13 deposition had only been videotaped, Intuitive may have been entitled to recover the cost of both
14 an original tape and a copy, i.e., two tapes total. But, having ordered written transcripts of its
15 depositions, Intuitive may not recover costs incurred for also videotaping those same depositions.
16 The costs for such "extra" deposition services should be disallowed. *See ATS Prods. Inc. v.*
17 *Ghiorso,* No. 10-4880, 2012 U.S. Dist. LEXIS 50372, 2012 WL 1194151, at *1 (N.D. Cal. Apr.
18 10, 2012) (disallowing the taxing of costs for both the videotaping and the stenographic
19 transcription of the deposition)*; Affymetrix, Inc. v Multilyte Ltd.*, 2005 U.S. Dist. LEXIS 41177
20 (N.D. Cal. 2005). Further, shipping or expedited delivery charges and "extra" charges such as
21 ASCII/Mini/E-transcripts, however, are also not allowed. *Ishida Co., Ltd. v. Taylor*, 2004 U.S.
22 Dist. LEXIS 24480, 2004 WL 2713067, at *1 (N.D. Cal. 2004); *see also Fowler v. Cal. Highway*
23 *Patrol*, Case No. 13-cv-01026-TEH, 2014 U.S. Dist. LEXIS 112540 *11-12; 2014 WL 3965027
24 (N.D. Cal. August 13, 2014) ( "Video Depo/transcript Synchronization from VHS/DVD" is not a
25 taxable cost, "Video Clip Editing from Synchronized Video" and "Video Editing - Non Linear"
26 are ambiguous and thus impossible to determine if these line items are taxable, thus disallowed on
27 the ground of inadequate documentation and explanation).

28       Intuitive seeks to recover $200,311.20 in costs incurred to obtain deposition transcripts and

1  video recordings, and $6,921.35 in costs incurred to reproduce deposition exhibits. Intuitive seeks
2  to recover costs associated with the depositions taken in this case, and to recover additional costs
3  associated with depositions taken in the *Restore* and *Rebotix* actions. Dkt. No. 470-1 Brachman
4  Decl. at ¶ 5.

SIS objects to Intuitive's request for costs for the following depositions because they were <u>not taken in connection with this case</u>. *See Gatx/Airlog Co. v. Evergreen Int'l Airlines Inc.*, No. C 96-2494 CW; Case Nos. C 97-0378 CW; C 97-2484 CW; C 98-0385 CW; C 98-2387 CW, 2002 U.S. Dist. LEXIS 30211 *17 (N.D. Cal. June 24, 2002) (for purposes of assessing costs, separate actions must "stand on [their] own feet."; expenses solely relating to separate actions disallowed). These depositions were taken in connection with either the separate *Rebotix* or *Restore* lawsuits, which were pending against Intuitive in the U.S. District Courts for the Middle District and Northern District of Florida. Those actions were dismissed pursuant to joint stipulations of dismissal that specified each party was to bear its own costs and fees.[2] SIS was not a party to either of those cases and did not participate in any of the Restore or Rebotix depositions. See Dkt. No. 470-2, Appendix A Deposition Costs:

Exhibit 2.001   Ronald Arkin June 9, 2021 fact deposition in Restore;

Exhibit 2.003   Ronald Bair May 24, 2021 fact deposition in Rebotix;

Exhibit 2.004   Ronald Bair May 24, 2021 fact deposition in the Restore action;

Exhibit 2.007   John Bomalaski October 8, 2021 expert deposition in the Rebotix action.

Exhibit 2.009   Rafal Chudzik June 7, 2021 fact deposition in the Restore action;

                Ricardo Ferreira June 7, 2021 fact deposition in the Restore action;

Exhibit 2.011   John J. Colletti, Jr. May 07, 2021 fact deposition in the Restore action;

Exhibit 2.012   Myriam Curet May 07, 2021 fact deposition in the Rebotix action;

                Myriam Curet May 07, 2021 fact deposition in the Restore action;

Exhibit 2.013   Bob DeSantis May 27, 2021 fact deposition in the Rebotix action;

---

[2] *Restore Robotics LLC v. Intuitive Surgical, Inc.*, No. 5:19-cv-55-TKW-MJF (N.D. Fla.) (the "Restore action") Dkt. No. 224; *Rebotix Repair LLC v. Intuitive Surgical, Inc.*, No. 8:20-cv-02274-VMC-TGW (M.D. Fla.) (the "Rebotix action") Dkt. No. 193.

| | | |
|---|---|---|
| 1 | Exhibit 2.014 | Bob DeSantis May 20, 2021 fact deposition in the Restore action; |
| 2 | Exhibit 2.015 | Eugene Otto Dickens May 27, 2021 fact deposition in the Restore action; |
| 3 | Exhibit 2.016 | Stacey Donovan May 27, 2021 fact deposition in the Rebotix action; |
| 4 | Exhibit 2.024 | Chris Gibson June 22, 2021 fact deposition in the Rebotix action; |
| 5 | Exhibit 2.029 | West Gordon May 13, 2021 fact deposition in the Restore action; |
| 6 | Exhibit 2.031 | Stan Hamilton June 4, 2021 fact deposition in the Rebotix action; |
| 7 | Exhibit 2.032 | Edward W. Harrich May 24, 2021 fact deposition in the Rebotix action; |
| 8 | Exhibit 2.033 | Sherry Harvey May 14, 2021 fact deposition in the Restore action; |
| 9 | Exhibit 2.036 | Antonio (AJ) Inacay June 08, 2021 fact deposition in the Rebotix action; |
| 10 | Exhibit 2.038 | Mark Johnson June 04, 2021 fact deposition in the Rebotix action; |
| 11 | Exhibit 2.039 | Mark Johnson April 29, 2021 fact deposition in the Restore action; |
| 12 | Exhibit 2.043 | Mario Lowe May 5, 2021 fact deposition in the Restore action; |
| 13 | Exhibit 2.044 | Michael Madewell June 11, 2021 fact deposition in the Restore action; |
| 14 | Exhibit 2.049 | Kevin May June 8, 2021 fact deposition in the Restore action; |
| 15 | Exhibit 2.050 | Kevin May May 6, 2021 fact deposition in the Restore action; |
| 16 | Exhibit 2.051 | Tyler McDonald May 21, 2021 fact deposition in the Restore action; |
| 17 | Exhibit 2.052 | Anthony McGrogan June 07, 2021 fact deposition in the Rebotix action; |
| 18 | Exhibit 2.054 | David Mixner June 10, 2021 fact deposition in the Rebotix action; |
| 19 | Exhibit 2.058 | Joe Morrison June 14, 2021 fact deposition in Rebotix action; |
| 20 | Exhibit 2.061 | Bob Overmars June 15, 2021 fact deposition in the Rebotix action; |
| 21 | Exhibit 2.062 | Glenn Papit June 02, 2021 30(b)(6) fact deposition in the Rebotix action; |
| 22 | Exhibit 2.064 | Clif Parker May 4, 2021 fact deposition in the Restore action; |
| 23 | Exhibit 2.070 | Todd Pope April 30, 2021 fact deposition in the Restore action; |
| 24 | Exhibit 2.072 | Greg Posdal May 10, 2021 fact deposition in the Restore action; |
| 25 | Exhibit 2.075 | David Rosa May 19, 2021 fact deposition in the Restore action; |
| 26 | Exhibit 2.081 | Katie Scoville May 28, 2021 fact deposition in the Restore action; |
| 27 | Exhibit 2.082 | Katie Scoville May 26, 2021 fact deposition in the Rebotix action; |
| 28 | Exhibit 2.084 | Ryan Shaw May 17, 2021 fact deposition in the Restore action; |

Exhibit 2.091 Glenn Vavoso May 14, 2021 fact deposition in the Rebotix action;

Therefore, Intuitive is not entitled to recover any of the costs associated with these depositions from separate actions brought by Restore and Rebotix, which total $64,103.44. Deducting these non-taxable costs from the total amount sought by Intuitive leaves $143,129.11 remaining for the costs Intuitive claims are taxable and were incurred in connection with this case.

With respect to the depositions that were taken in connection with this case, Intuitive is allowed to recover only the costs of the transcripts and associated exhibits, which total $63,331.35, excluding non-taxable costs associated with the videotaping of the depositions.

Moreover, since this case was consolidated with the Hospital Plaintiffs' class action lawsuit for discovery purposes (Dkt. No. 90), the depositions were taken in connection with both cases (Dkt. No. 95). The court has broad discretion in determining whether, and on what conditions to apportion costs. *Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F.Supp. 2d 1139, 1143 (N.D. Cal. 2010). Therefore, the allowable costs for the depositions taken in connection with this case should be apportioned no more than equally between SIS and the Hospital Plaintiffs. *See Gatx/Airlog Co. v. Evergreen Int'l Airlines Inc.*, No. C 96-2494 CW; Case Nos. C 97-0378 CW; C 97-2484 CW; C 98-0385 CW; C 98-2387 CW, 2002 U.S. Dist. LEXIS 30211 *15-16 (N.D. Cal. June 24, 2002).

There are two primary equitable concerns arising from the present case: (1) preventing duplicative cost recovery by Intuitive, (2) avoiding "unfairness" in taxing costs, ensuring to the extent possible that SIS is not taxed with costs that are not fairly taxable to it, while awarding to Intuitive the taxable costs to which it is entitled as the prevailing party.

It would be inequitable to make SIS jointly and severally liable with the Hospital Plaintiffs' separate class action lawsuit because the claim for damages in each case was based on substantially different calculations, asserted through separate damages experts, not jointly, and the cases were consolidated during discovery only for purposes of judicial economy. Additionally, there is no mechanism by which SIS may recover contribution from the Hospital Plaintiffs if it pays all the taxable deposition costs. Lastly, Intuitive cannot reasonably contend that it bears any serious risk of non-collection of a 50 percent share of the otherwise recoverable deposition costs should it prevail against the Hospital Plaintiffs' after a separate trial in the separate class action lawsuit.

Accordingly, SIS submits that the amount of allowable costs for the deposition transcripts and exhibits taken in connection with case potentially taxable to SIS should be limited to $31,665.68.

3.     REPRODUCTION, EXEMPLIFICATION

**Disclosure/formal discovery documents, Civil L.R. 54-3(d)(2)**

Pursuant to Civil Local Rule 54-3(d)(2), "[t]he cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable." Intuitive seeks to recover $38,665.00 in costs related to the production of formal discovery documents. These costs include the costs of processing documents for production in this action and the additional cost of processing documents for production in the *Restore* and *Rebotix* actions, to the extent that those documents were reproduced or treated as reproduced in this case. Dkt. No. 470-1 Brachman Decl. at ¶ 6.

This case was consolidated with the Hospital Plaintiffs' class action lawsuit for discovery purposes. The costs Intuitive seeks for processing documents for production should therefore be attributed equally to this action and to the separate Hospital Plaintiffs' class action. Accordingly, the amount Intuitive seeks to recover from SIS in costs related to the production of formal discovery documents should be reduced by 50 percent, which would then be $19,332.00.

**Trial exhibits, Civil L.R. 54-3(d)(4)**

Pursuant to Civil Local Rule 54-3(d)(4), "[t]he cost of reproducing trial exhibits is allowable to the extent that a Judge requires copies to be provided." Section VIII.C of the Court's Schedule and Pretrial Order, Dkt. 235, required the parties to "jointly prepare a single set of all trial exhibits" for delivery to the Court. Intuitive seeks to recover costs of $10,905.95 incurred in reproducing trial exhibits pursuant to the Court's order. Dkt. No. 470-1 Brachman Decl. at ¶ 7.

SIS does not object to the amount of costs for this item which Intuitive seeks to recover.

**Visual aids, Civil L.R. 54(d)(5)**

Pursuant to Civil Local Rule 54-3(d)(5), "[t]he cost of preparing charts, diagrams, videotapes, and other visual aids to be used as exhibits is allowable if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at the trial." Only the actual production costs of visual aids "reasonably necessary to assist the jury or the Court in

understanding the issues at the trial" under section 1920(4) and Local Rule 54-3(d)(5) are allowable; costs associated with the intellectual effort involved in creating the content of demonstratives are not recoverable.[3] Additionally, consideration of reasonable necessity with respect to a visual aid includes assessing whether the nature and context of the information being presented genuinely called for the means of illustration that the party employed. *See Affymetrix, Inc. v Multilyte Ltd.*, 2005 U.S. Dist. LEXIS 41177 (N.D. Cal. 2005).

Thus, in order to recover costs for visual aids, Intuitive bears the burden of providing sufficient documentation (1) to establish that the costs sought are limited to the physical preparation and production of the demonstratives and do not include costs associated with the intellectual effort involved in creating the content of demonstratives, and (2) to establish for each demonstrative for which costs are sought that the visual aid was reasonably necessary to assist the jury or the Court in understanding the issues at the trial. *See Computer Cache Coherency Corp. v. Intel Corp.*, No. C-05-01766 RMW, 2009 U.S. Dist. LEXIS 122596 *8-9; 2009 WL 5114002 (N.D. Cal. December 18, 2009).

Intuitive seeks to recover costs of preparing trial graphics and demonstratives in the amount of $248,868.25. Dkt. No. 470-1 Brachman Decl. at ¶ 9.

SIS objects to Intuitive's asserted costs for visual aids in the amount of a quarter-million dollars as unreasonably large. *See Hardwick v. Cty. of Orange*, SACV 13-1390-JLS (ANx), 2017 U.S. Dist. LEXIS 232817 *3-5; 2017 WL 5664992 (C.D. Cal. October 2, 2017) (the Court in its discretion reduced the costs as unreasonably large, *citing Lichter Foundation, Inc. v. Welch,* 269 F.2d 142, 146 (6th Cir. 1959)). Further, SIS objects to the asserted costs as not supported by adequate documentation.

The burden is on Intuitive to establish the amount of compensable costs and expenses to which it is entitled. In other words, Intuitive is obligated to itemize its costs with sufficient detail to establish that each individual demonstrative / visual aid expense is properly taxable under Section 1920. *See Hardwick v. Cty. of Orange*, SACV 13-1390-JLS (ANx), 2017 U.S. Dist. LEXIS

---

[3] *See Ancora Techs., Inc. v Apple, Inc.*, 2013 U.S. Dist. LEXIS 121225 (N.D. Cal. 2013).

232817 *3-5; 2017 WL 5664992 (C.D. Cal. October 2, 2017) (party requesting costs must still provide the Court enough information to determine that the requested costs are within the scope of the federal statute and local rules); *Ancora Techs., Inc. v Apple, Inc.*, 2013 U.S. Dist. LEXIS 121225 (N.D. Cal. 2013). The evidence submitted by Intuitive in support of its claimed costs for visual aids is inadequate and insufficient.

"A prevailing party must itemize its costs with enough detail to establish that they are taxable under section 1920." *Ebay Inc. v. Kelora Sys., LLC*, No. C 10-4947 CW (LB); No. C 11-1398 CW (LB); No. C 11-1548 CW (LB), 2013 U.S. Dist. LEXIS 49835 *15; 2013 WL 1402736 (N.D. Cal. April 5, 2013). Intuitive has not met its burden for two reasons. First, because the documentation it has submitted is insufficient to determine which costs for charts, diagrams and other visual aids are associated with the physical preparation and production of the demonstrative (which may be taxable) as opposed to costs associated with the intellectual effort involved in creating the content of the visual aids (which are not taxable). Neither the Bill of Costs, submitted invoices, nor the Brachman Declaration explain the actual nature and scope of the various costs listed. The submitted invoices lack meaningful itemization of costs, employ generic terms and are the equivalent of a "bill for services rendered." *See Fitbug Ltd. v. Fitbit, Inc.*, Case No. 13-1418 SC, 2015 U.S. Dist. LEXIS 62879 *13 (N.D. Cal. May 13, 2015) (Generic entries "like '[a]ll-day meeting, review, and development of Defense slide deck' likely include some taxable expenses, however the Court finds Fitbit has not sufficiently shown that these costs stem from the physical preparation of the demonstrative exhibits and not the 'creation and preparation of the content of demonstrative exhibits,' which is not taxable.").

The Brachman Declaration (Dkt. No. 470-1 at ¶ 10), accompanying the Bill of Costs, attaches as Exhibit 11 (Dkt. No. 470-13) invoices from Impact Trial Consulting LLC ("Impact") and declares that these invoices reflect "costs incurred by Intuitive in the amount of $211,261.25." Review of the Impact invoices reveals that this amount includes much more than just the costs of physical preparation and production of some unspecified number of unidentified demonstratives and/or visual aids. Moreover, the Brachman Declaration provides no information about what those costs are or how to segregate those costs from the costs associated with the intellectual effort

1  involved in creating the content of visual aids, as reflected in the Impact invoices in Exhibit 11
2  (Dkt. No. 470-13). "The proper application of a narrowly construed §1920(4) requires that the
3  tasks and services for which an award of costs is being considered must be described and
4  established with sufficient specificity, particularity, and clarity as to permit a determination that
5  costs are awarded for making copies." *Resnick v. Netflix, Inc.(In re Online Dvd-Rental Antitrust
6  Litig.)*, 779 F.3d 914, 928 (9th Cir. 2015). Vague documentation that employs generic terms and
7  lacks specifity provides insufficient detail to establish the actual amount of each expense that is
8  taxable under Section 1920. In this case, Intuitive leaves SIS and the Clerk to speculate about
9  precisely what the invoiced costs actually represent. Accordingly, Intuitive's request for costs
10 based on the Impact invoices should be entirely disallowed.

11         The Brachman Declaration (Dkt. No. 470-1 at ¶ 11), accompanying the Bill of Costs,
12 attaches as Exhibit 12 (Dkt. No. 470-13) invoices from Fulcrum Legal Graphics ("Fulcrum") and
13 declares that these invoices reflect "costs associated with preparing visual aids that were used as
14 demonstrative exhibits in the amount of $37,607." Review of the Fulcrum invoices reveals that the
15 visual aids in question were <u>not prepared in connection with this case</u>. They were prepared in
16 connection with the Restore and Rebotix lawsuits. For this reason alone, these costs should be
17 disallowed.

18         Additionally, the amount billed by Fulcrum includes much more than just the costs of
19 physical preparation and production of the demonstratives. However, the Brachman Declaration
20 provides no information about what those costs are or how to segregate those costs from the costs
21 associated with the intellectual effort involved in creating the content of the visual aids, as reflected
22 in the Fulcrum invoices in Exhibit 12 (Dkt. No. 470-14). Accordingly, Intuitive's request for costs
23 based on the Fulcrum invoices should be entirely disallowed.

24         Even if the costs of physical preparation and production of the demonstrative exhibits could
25 be determined from the documentation Intuitive has submitted, Intuitive still fails to meet its
26 burden because the documentation is insufficient to determine the content of the demonstrative
27 exhibits and/or visual aids and thus, it is not possible to determine whether they necessary to assist
28 the jury and the Court in understanding the issues at trial.

Adequate documentation is essential for identifying and determining whether the demonstrative exhibits were necessary to assist the jury and the Court in understanding the issues at trial. The Brachman Declaration does not identify, describe nor submit a single demonstrative exhibit for consideration on this requirement. Additionally, none of the Impact invoices, or the Fulcrum invoices, identify or describe the nature and content of any demonstrative exhibits and/or visual aids associated with the services being billed. Thus, neither SIS nor the Clerk can conclude what portion of the services provided by Impact Trial Consulting LLC (Dkt. No. 470-13 Exhibit 11 to Brachman Decl.) or Fulcrum Legal Graphics (Dkt. No. 470-14 Exhibit 12 to Brachman Decl.) comprised the "cost of preparing charts, diagrams, videotapes, and other visual aids to be used as exhibits ... [where] such <u>exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at the trial</u>." (emphasis added).

SIS submits that Intuitive has failed to demonstrate that the quarter-million dollars' worth of visual aids were necessary to its presentation of this case. *See Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431 SBA, 2008 U.S. Dist. LEXIS 107147 *16; 2008 WL 2020533 (N.D. Cal. May 8, 2008). Therefore, the entire amount of $248,868.25 in costs Intuitive seeks to recover for visual aids should be disallowed on the ground of inadequate documentation and explanation.

4.     <u>WITNESS FEES AND EXPENSES</u>

Pursuant to Civil Local Rule 54-3(e), "[p]er diem, subsistence, and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821." Pursuant 28 U.S.C. § 1821, "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance [at any court of the United States]. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." Dkt. No. 470-1 Brachman Decl. at ¶ 12.

Intuitive called five live witnesses to testify during trial in this matter: David Rosa, Dr. Myriam Curet, Dr. Maxwell Meng, Grant Duque, and Dr. Loren Smith. Intuitive seeks to recover $4,645.24 in witness fees and expenses: $600 in attendance fees and $4,045.24 in costs incurred

in connection with the testimony of these witnesses. Dkt. No. 470-1 Brachman Decl. at ¶ 1.

SIS does not object to the amount in costs for this item which Intuitive seeks to recover.

5.   SUMMARY OF SIS'S OBJECTIONS

Intuitive has applied for costs totalling $524,938.57, which allegedly were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. Dkt. No. 470.

SIS objects to Intuitive's Bill of Costs and submits that allowable costs identified in Intuitive's Bill of Costs total $77,897.45. The submissions of the parties for each item are summarized below.

### A.   Reporters' Transcripts

Intuitive seeks to recover $14,621.58 in costs incurred to obtain daily trial transcripts in this matter.

SIS objects and submits that this amount should be disallowed entirely or at least reduced to $11,348.58.

### B.   Depositions

Intuitive seeks to recover $200,311.20 in costs incurred to obtain deposition transcripts and video recordings, and $6,921.35 in costs incurred to reproduce deposition exhibits.

For the reasons discussed above, SIS objects and submits that the amount of allowable costs for the deposition transcripts and exhibits taken in connection with case is $31,665.68.

### C.   Reproduction, Exemplification

<u>Disclosure/formal discovery documents, Civil L.R. 54-3(d)(2)</u>

Intuitive seeks to recover $38,665.00 in costs related to the production of formal discovery documents.

For the reasons discussed above, SIS objects and submits that the amount Intuitive seeks to recover in costs related to the production of formal discovery documents should be apportioned equally between SIS and the Hospital Plaintiffs. SIS's share would then be $19,332.00.

<u>Trial exhibits, Civil L.R. 54-3(d)(4)</u>

Intuitive seeks to recover costs of $10,905.95 incurred in reproducing trial exhibits pursuant to the Court's order. Dkt. No. 470-1 Brachman Decl. at ¶ 7.

SIS does not object to the amount of costs for this item which Intuitive seeks to recover.

<u>Visual aids, Civil L.R. 54(d)(5)</u>

Intuitive seeks to recover $248,868.25 in costs incurred in preparing charts, diagrams, and other visual aids that were allegedly to be used as demonstrative exhibits for the purpose of assisting the jury and the Court in understanding the issues at trial. Dkt. No. 470-1 Brachman Decl. at ¶ 9.

For the reasons discussed above, SIS objects and submits that the entire amount of $248,868.25 in costs Intuitive seeks to recover for visual aids should be disallowed on the ground of inadequate documentation and explanation.

### D. Witness Fees And Expenses

Intuitive seeks to recover $4,645.24 in witness fees and expenses.

SIS does not object to the amount in costs for this item which Intuitive seeks to recover.

Dated: February 27, 2025

McCAULLEY LAW GROUP LLC
By: <u>/s/ Richard T. McCaulley</u>

RICHARD T. MCCAULLEY (*pro hac vice*)
E-Mail: richard@mccaulleylawgroup.com
180 N. Wabash Avenue, Suite 601
Chicago, Illinois 60601
Telephone: 312.330.8105

JOSHUA V. VAN HOVEN (CSB No. 261815)
E-Mail: josh@mccaulleylawgroup.com
3001 Bishop Dr., Suite 300
San Ramon, California 94583
Telephone: 925.302.5941

Attorneys for *SURGICAL INSTRUMENT SERVICE COMPANY, INC.*