Kenneth A. Gallo (*pro hac vice*)
Paul D. Brachman (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: pbrachman@paulweiss.com

William B. Michael (*pro hac vice*)
Crystal L. Parker (*pro hac vice*)
Daniel A. Crane (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email: wmichael@paulweiss.com
Email: cparker@paulweiss.com
Email: dcrane@paulweiss.com

Joshua Hill Jr. (SBN 250842)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:  (628) 432-5100
Facsimile:  (628) 232-3101
Email: jhill@paulweiss.com

*Attorneys for Defendant Intuitive Surgical, Inc.*

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> INTUITIVE SURGICAL, INC., <br><br> *Defendant*. | Case No. 3:21-cv-03496-AMO <br><br> **DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS** <br><br> The Honorable Araceli Martínez-Olguín |

1

# TABLE OF CONTENTS

2  INTRODUCTION ..................................................................................................1

3  I.     The Total Amount of Costs Sought by Intuitive Is Reasonable ...........................1

4  II.    The Specific Categories of Costs Sought by Intuitive Are Recoverable ...........................2

5          A.     Intuitive Should Be Awarded $11,348.58 in Trial Transcript Costs. ....................3

6          B.     Intuitive Should be Awarded $190,077.53 in Deposition Related

7             Costs..........................................................................................................4

8               1.     Intuitive's Costs for Videotaping Depositions Are

9                    Recoverable..............................................................................4

10               2.     SIS Cannot Avoid the Costs of *Restore* and *Rebotix*

                  Depositions That Were Identified for Use at Trial. ...................6

11               3.     SIS Is Not Entitled to Split Costs with the Hospital

12                    Plaintiffs. .................................................................................8

13          C.     Intuitive Should be Awarded $38,665.00 in Document Discovery

14             Costs........................................................................................................11

        D.     Intuitive Should Be Awarded $248,868.25 in Visual Aid Costs. ..........................11

15  CONCLUSION..................................................................................................14

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alflex Corp.* v. *Underwriters Lab'ys, Inc.*,
  914 F.2d 175 (9th Cir. 1990) (per curiam)...................................................................................4

*Andresen* v. *International Paper Co.*,
  2015 WL 3648972 (C.D. Cal. June 10, 2015) ....................................................................3, 9

*Apple Inc.* v. *Samsung Electronics Co.*,
  2015 WL 4967769 (N.D. Cal. Aug. 20, 2015) ...........................................................2, 12, 13

*Apple Inc.* v. *Samsung Electronics Co., Ltd.*,
  2014 WL 4745933 (N.D. Cal. Sept. 19, 2014) .....................................................................3

*Batiste* v. *City of Richmond*,
  2024 WL 4894841 (N.D. Cal. Nov. 25, 2024) ....................................................................1

*California Institute of Technology* v. *Broadcom Ltd.*,
  2020 WL 13042578 (C.D. Cal. Aug. 13, 2020).................................................................12

*Competitive Technologies* v. *Fujitsu Ltd.*,
  2006 WL 6338914 (N.D. Cal. Aug. 23, 2006) .................................................................12

*Concord Boat Corp.* v. *Brunswick Corp.*,
  309 F.3d 494 (8th Cir. 2002) ........................................................................................9, 10

*Fitbug Ltd.* v. *Fitbit, Inc.*,
  2015 WL 2251257 (N.D. Cal. May 13, 2015) ..................................................................14

*GATX/Airlog Co.* v. *Evergreen Int'l Airlines Inc.*,
  2002 WL 35651304 (N.D. Cal. June 24, 2002)..............................................................8, 10

*GS Holistic, LLC* v. *Cali Smoke Depot LLC*,
  2024 U.S. Dist. LEXIS 85413 (C.D. Cal. May 8, 2024) .................................................9

*Gustave* v. *SBE ENT Holdings, LLC*,
  2021 WL 4463149 (S.D. Fla. Sept. 10, 2021) .................................................................7

*Hardwick* v. *County of Orange*,
  2017 WL 5664992 (C.D. Cal. Oct. 2, 2017)....................................................................6

*Hynix Semiconductor Inc.* v. *Rambus Inc.*,
  697 F. Supp. 2d 1139 (N.D. Cal. 2010) .....................................................................9, 10

*Juno Therapeutics, Inc.* v. *Kite Pharma, Inc.*,
  2020 WL 2220206 (C.D. Cal. Apr. 2, 2020) ...............................................................11, 12

*Kilopass Tech. Inc.* v. *Sidense Corp.*,
2013 WL 843104 (N.D. Cal. Mar. 6, 2013)..............................................................5

*Kirola* v. *City & County of San Francisco*,
2022 WL 1539781 (N.D. Cal. May 16, 2022)..............................................................1

*Linex Techs.* v. *Hewlett-Packard Co.*,
2014 WL 5494906 (N.D. Cal. Oct. 30, 2014)........................................................2, 7, 8

*Mesa Underwriters Specialty Ins. Co.* v. *Iverson*,
2018 WL 5309944 (N.D. Cal. July 5, 2018)..............................................................9

*Miles* v. *California*,
320 F.3d 986 (9th Cir. 2003) ..................................................................................1

*Monolithic Power Systems, Inc.* v. *O2 Micro Int'l Ltd.*,
2011 WL 13154032 (N.D. Cal. Mar. 3, 2011)..............................................................7

*In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*,
2019 WL 12194763 (N.D. Cal. Dec. 6, 2019)..................................................1, 2, 3, 5

*In re Online DVD-Rental Antitrust Litig.*,
779 F.3d 914 (9th Cir. 2015) ..................................................................................2

*In re Online DVD-Rental Antitrust Litig.*,
No. 09-md-02029 (N.D. Cal. Mar. 19, 2015)..............................................................2

*Opticurrent, LLC* v. *Power Integrations, Inc.*,
2019 WL 2869954 (N.D. Cal. July 3, 2019)..............................................................4

*Oracle Int'l Corp.* v. *Rimini St., Inc.*,
2024 WL 4267783 (D. Nev. Sept. 23, 2024)..............................................................2

*Phoenix Techs. Ltd.* v. *VMWare, Inc.*,
2018 WL 4700347 (N.D. Cal. Sept. 30, 2018) ..............................................................3

*Rodriguez* v. *Nike Retail Servs., Inc.*,
2018 WL 420027 (N.D. Cal. Jan. 16, 2018)..............................................................1

*Save Our Valley* v. *Sound Transit*,
335 F.3d 932 (9th Cir. 2003) ..................................................................................1

*Shields* v. *Federation Internationale de Natation*,
2023 WL 8360169 (N.D. Cal. Nov. 17, 2023) ..............................................................5

*Tainoapp, Inc.* v. *Amazon.com Inc.*,
2015 WL 7015558 (N.D. Cal. Nov. 12, 2015)..............................................................1

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
2014 WL 12635766 (N.D. Cal. Feb. 3, 2014)..........................................................1, 8

iii

*TransPerfect Global, Inc.* v. *MotionPoint Corp.*,
    2014 WL 1364792 (N.D. Cal. Apr. 4, 2014) ...........................................................................3

*Vericool World LLC* v. *Igloo Prods. Corp.*,
    2024 WL 3641380 (N.D. Cal. July 31, 2024) .........................................................................5

**Statutes**

28 U.S.C. § 1920(2) ........................................................................................................................4

**Other Authorities**

Federal Rule of Civil Procedure Rule 54(d) ...................................................................................9

Civil Local Rule 54-2(a) .................................................................................................................1

Civil Local Rule 54-3(b)(1) ............................................................................................................3

Civil Local Rule 54-3(c)(1) ........................................................................................................4, 6

Civil Local Rule 54-3(c)(3) .............................................................................................................4

Civil Local Rule 54-3(d) ...............................................................................................................13

Civil Local Rule 54-3(d)(2) ..........................................................................................................11

Civil Local Rule 54-3(d)(5) ..........................................................................................................11

Civil Local Rule 54-4(a) .................................................................................................................1

1

### INTRODUCTION[1]

2       At the conclusion of a three-week jury trial involving more than 30 witnesses, in which

3  Plaintiff Surgical Instrument Service Company, Inc. ("SIS") sought $420 million in damages

4  (post-trebling), the Court granted judgment as a matter of law in favor of Defendant Intuitive

5  Surgical, Inc. ("Intuitive") on all of SIS's claims.  *See* Dkt. 462.

6       Intuitive, as the prevailing party, filed a bill of costs seeking to recover $524,938.57

7  necessarily incurred in defending—and prevailing on—SIS's claims.  *See* Dkt. 470.  There is a

8  "strong presumption" that Intuitive is entitled to costs.  *Miles* v. *California*, 320 F.3d 986, 988 (9th

9  Cir. 2003).  "The presumption itself provides all the reason a court needs for awarding costs."

10  *Save Our Valley* v. *Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).  As "[t]he losing party," SIS

11  "bears the burden of showing why costs should not be awarded."  *In re Nat'l Collegiate Athletic*

12  *Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*, 2019 WL 12194763, at *5 (N.D. Cal. Dec. 6,

13  2019) ("*In re NCAA*") (citing *Quan* v. *Comput. Scis. Corp.*, 623 F.3d 870, 888 (9th Cir. 2010),

14  *abrogated on other grounds by Fifth Third Bancorp* v. *Dudenhoeffer*, 573 U.S. 409 (2014)),

15  *adopted* (Feb. 24, 2020).  SIS now objects to all but $77,897.45 of the costs sought by Intuitive,

16  Dkt. 473 at 14, but SIS has not carried its burden of showing why additional costs should not be

17  awarded for the reasons below.

18  **I.    The Total Amount of Costs Sought by Intuitive Is Reasonable**

19       SIS "generally objects" to Intuitive's costs "because the amount is unreasonably large."

20  Dkt. 473 at 2.  "General" objections to costs are not permitted, as SIS acknowledges.  Dkt. 473 at

21  3 n.1; Civil Local Rule 54-2(a) (requiring "specific objections to any item of cost").  In any event,

22  SIS's objection is unfounded.  This antitrust case took years to litigate.  SIS sought approximately

23

24  _____

[1] The Civil Local Rules provide that "[t]he Clerk may require and consider further affidavits and
25  documentation as necessary to determine allowable costs," Civil L.R. 54-4(a), and responses in
support of costs are routinely filed and considered.  *See, e.g.*, *Batiste* v. *City of Richmond*, 2024
26  WL 4894841, at *1 (N.D. Cal. Nov. 25, 2024) (Martínez-Olguín, J.); *Kirola* v. *City & County of
San Francisco*, 2022 WL 1539781, at *1 (N.D. Cal. May 16, 2022); *Rodriguez* v. *Nike Retail
27  Servs., Inc.*, 2018 WL 420027, at *1 (N.D. Cal. Jan. 16, 2018); *Tainoapp, Inc.* v. *Amazon.com Inc.*,
2015 WL 7015558, at *1 (N.D. Cal. Nov. 12, 2015); *In re TFT-LCD (Flat Panel) Antitrust Litig.*,
28  2014 WL 12635766, at *9 (N.D. Cal. Feb. 3, 2014).

$140 million in damages, which would have been trebled to approximately $420 million if SIS had prevailed. Trial lasted more than three weeks, with much of that time spent on SIS's case in chief. There were thirty-one witnesses, again, the majority of whom were called by SIS. Eleven witnesses testified live, 18 testified via videotaped depositions, and two testified both live and via videotaped deposition; all but two of the deposition witnesses were called by SIS. The subject matter included complex engineering, medical, economic, and business issues.

The costs Intuitive seeks are well within the bounds of costs deemed reasonable in long-running, complex commercial cases like this one. In *In re NCAA*, 2019 WL 12194763, at *5–7, for example, the Clerk taxed costs of over $300,000 in an antitrust case resolved following a ten-day bench trial. In *Apple Inc.* v. *Samsung Electronics Co.*, 2015 WL 4967769, at *15 (N.D. Cal. Aug. 20, 2015), the court awarded $1,110,639 in costs to Apple as the prevailing party in a patent case. Other cases similarly confirm that costs in the range sought by Intuitive are not abnormal. *See, e.g.*, *In re Online DVD-Rental Antitrust Litig.*, No. 09-md-02029 (N.D. Cal. Mar. 19, 2015), Dkt. 654 (awarding defendant that prevailed on summary judgment in an antitrust action over $415,000 in costs, consistent with the Ninth Circuit affirming in part and reversing in part the court's previous cost award, *see In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 925 (9th Cir. 2015)); *Linex Techs.* v. *Hewlett-Packard Co.*, 2014 WL 5494906, at *10 (N.D. Cal. Oct. 30, 2014) (in a patent infringement case, awarding over $720,000 to defendants who prevailed at summary judgment), *adopted*, 2014 WL 6482602 (N.D. Cal. Nov. 18, 2014); *Oracle Int'l Corp.* v. *Rimini St., Inc.*, 2024 WL 4267783, at *8 (D. Nev. Sept. 23, 2024) (in copyright and unfair competition dispute, awarding prevailing plaintiff over $320,000 in costs following bench trial, including $185,000 in deposition costs, *see* No. 14-cv-01699l, Dkt. 1560).

SIS's "general[]" objection that Intuitive's costs are unreasonable should accordingly be rejected.

## II.    The Specific Categories of Costs Sought by Intuitive Are Recoverable

SIS also specifically objects to certain categories of costs sought by Intuitive. Each of these categories of costs sought by Intuitive is recoverable for the reasons set forth below.

### A.    Intuitive Should Be Awarded $11,348.58 in Trial Transcript Costs.

SIS concedes that Civil Local Rule 54-3(b)(1) "allow[s] for recovery of costs for one copy of the trial transcript." Dkt. 473 at 4. SIS objects to the cost of obtaining "daily" transcripts, but courts routinely award such costs in complex cases like this one. *TransPerfect Global, Inc.* v. *MotionPoint Corp.*, 2014 WL 1364792 (N.D. Cal. Apr. 4, 2014)—cited by SIS—recognizes as much. In that case, the Court awarded $10,589 for "daily trial transcripts," even though it disallowed costs for "hourly" delivery of transcripts. Intuitive does not seek costs for hourly delivery here. *Id.* at *4 n.3. Likewise, in *In re NCAA*, 2019 WL 12194763, at *6, the court awarded over $18,000 in daily trial transcript costs, reasoning that such costs were necessary "for purposes of appeal, and more urgently for use in the ongoing proceedings." Other courts in this district have also awarded daily transcripts costs. *See, e.g.*, *Apple Inc.* v. *Samsung Electronics Co., Ltd.*, 2014 WL 4745933, at *7–8 (N.D. Cal. Sept. 19, 2014) (awarding over $27,000 in costs for the delivery of daily trial transcripts, notwithstanding the losing party's objection that daily deliver was not necessary); *Phoenix Techs. Ltd.* v. *VMWare, Inc.*, 2018 WL 4700347, at *3 (N.D. Cal. Sept. 30, 2018) ("The Court is satisfied that the cost of Defendant's daily trial transcript ought to be taxed, given the general practice in this district and the utility of such a transcript on appeal."). Daily transcripts were required in this case, given that witness testimony at times spanned multiple days and because closing arguments were set to take place shortly after the conclusion of witness testimony.

SIS cites *Andresen* v. *International Paper Co.*, 2015 WL 3648972 (C.D. Cal. June 10, 2015), for the proposition that daily transcript fees are not recoverable absent prior judicial approval. Dkt. 473 at 4. But that case applied a Central District of California local rule specifically requiring prior approval for daily transcripts. *Id.* at *6. This District has no corresponding rule. And, as discussed above, courts routinely tax costs for daily trial transcripts without requiring prior approval. In the alternative, SIS argues that Intuitive's allowable costs for trial transcripts should be reduced by $3,273.00 to remove the cost of obtaining a second copy of each day's transcript. Dkt. 473 at 4. Intuitive does not contest this reduction.

Accordingly, Intuitive should be awarded $11,348.58 in costs for trial transcripts.

### B.    Intuitive Should be Awarded $190,077.53 in Deposition Related Costs.

"The cost of deposition copies is encompassed by [28 U.S.C. § 1920(2)]," *Alflex Corp.* v. *Underwriters Lab'ys, Inc.*, 914 F.2d 175, 177 (9th Cir. 1990) (per curiam) (quotation marks omitted), which provides that a "judge or clerk of any court of the United States may tax as costs . . . [f]ees for printed or electronically recorded transcripts *necessarily obtained for use in the case*," 28 U.S.C. § 1920(2) (emphasis added).    Pursuant to Civil Local Rule 54-3(c)(1), "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable."    Additionally, pursuant to Civil Local Rule 54-3(c)(3), "[t]he cost of reproducing exhibits to depositions is allowable if the cost of the deposition is allowable."    Intuitive seeks to recover costs incurred to obtain deposition transcripts and video recordings, and costs incurred to reproduce deposition exhibits.    *See* Dkt. 470-1 ¶ 5.

SIS does not object to Intuitive recovering costs associated with transcripts or exhibits.    *See* Dkt. 473 at 8.    SIS also does not appear to object to taxing costs associated with any of the specific depositions taken in this action for which Intuitive seeks recovery.    *See id.*    SIS objects, however, to Intuitive recovering the cost of deposition videos in addition to written transcripts, to the cost of depositions that were taken in the *Restore* and *Rebotix* Actions (defined below), and seeks to split the costs of any remaining depositions with the plaintiffs in the *In re da Vinci* putative class action.    None of SIS's objections has merit.

### 1.    Intuitive's Costs for Videotaping Depositions Are Recoverable.

SIS objects, incorrectly, that "[a]dditional costs incurred in videotaping depositions for which stenographic written transcripts were also obtained are not allowable costs."    Dkt. 473 at 5. The plain language of Civil Local Rule 54-3(c)(1) specifically provides that the "cost of an original and one copy of any deposition (*including videotaped depositions*) . . . is allowable." Civil Local Rule 54-3(c)(1) (emphasis added).    And numerous cases confirm that "fees for both the videotaped and stenographic versions of the same transcript are taxable."    *Opticurrent, LLC* v. *Power Integrations, Inc.*, 2019 WL 2869954, at *2 (N.D. Cal. July 3, 2019) (quotation marks and citation omitted) (awarding costs of videotaping depositions where defendant "fail[ed] to show [plaintiff's] decision to videotape the deposition was unreasonable"), *aff'd*, 815 F. App'x 547 (Fed. Cir. 2020).

*See, e.g.*, *Vericool World LLC* v. *Igloo Prods. Corp.*, 2024 WL 3641380, at *2 (N.D. Cal. July 31, 2024) (finding costs, including costs for videotaping depositions, were not unreasonable and denying motion to review costs); *Kilopass Tech. Inc.* v. *Sidense Corp.*, 2013 WL 843104, at *3–4 (N.D. Cal. Mar. 6, 2013) (denying motion to strike video deposition costs, finding that "[e]ven though this case did not go to trial, the video may have assisted the jury in understanding the evidence in this case, much of which was complicated"); *Shields* v. *Federation Internationale de Natation*, 2023 WL 8360169, at *2 (N.D. Cal. Nov. 17, 2023) (holding "the circumstances of the case warrant[ed] duplicate costs of both a videotape and written transcript of a deposition" where "19 of 29 deponents reside outside the subpoena power of the Court and would not have testified in person," "and many of those witnesses were non-parties who could not have been compelled to testify at trial" (quotation marks and citation omitted from first quotation)); *In re NCAA*, 2019 WL 12194763, at *6 (finding use of video recording for depositions was necessary in complex antitrust case and granting motion to review costs so as to include costs for videorecording).

There is no reason to deviate from that typical approach here. This case involved complex antitrust issues. More than half of the individuals deposed were non-parties who were outside of the Court's subpoena power and therefore unlikely to appear live at trial. Further, of the more than 60 witnesses on SIS's trial witness list, SIS indicated it would call over 50 of them *by deposition*. *See* Dkt. 278-3 at 4–9. For a number of these witnesses, Intuitive only ordered the video recordings of these depositions after receiving SIS's witness list. *See, e.g.*, Dkt. 470-4 (Brachman Decl. Ex. 2) at Ex. 2.008 (Burke); *id.* at Ex. 2.076 (Rubach); *id.* at Ex. 2.080 (Schimmel); *id.* at Ex. 2.090 (Tourand). SIS did, in fact, call a number of trial witnesses by video deposition, as did Intuitive. In these circumstances, incurring the costs of both transcripts and video depositions was reasonable and these costs are therefore taxable.

SIS nevertheless cites older cases for the proposition that Intuitive may not recover the costs of videotaping depositions for which it also ordered written transcripts. *See* Dkt. 473 at 5 (citing *ATS Prods. Inc.* v. *Ghiorso*, 2012 WL 1194151, at *1 n.3 (N.D. Cal. Apr. 10, 2012) ("The cost of only one method of recording the deposition is allowable."); *Affymetrix, Inc.* v. *Multilyte Ltd.*, 2005 WL 2072113, at *2 (N.D. Cal. Aug. 26, 2005) (disallowing costs for videotaping

1    depositions because the party had also ordered written transcripts of the same depositions)).  Those

2    holdings are not consistent with the language of Civil Local Rule 54-3(c)(1), and are contrary to

3    the recent weight of authority in this District interpreting the Civil Local Rule and statute.[2]

4        SIS also argues that certain "extra" charges, such as charges for shipping and expedited

5    delivery and "ASCII/Mini/E-transcripts," may not be allowable, Dkt. 473 at 5, but Intuitive is not

6    seeking these costs.[3]  As to those line item costs that include costs for "synchronization," as well

7    as other costs, such as "Video - Digitizing & Transcript Synchronization," *e.g.*, Dkt. 470-2

8    (Brachman Decl. App'x A) at 10, Intuitive agrees to seek only half of those costs.

9        Accordingly, Intuitive reduces the deposition costs for which it seeks recovery from

10   $200,311.20 to $183,156.18, and maintains its request for $6,921.35 in costs incurred to reproduce

11   deposition exhibits, to which SIS does not object.  After this reduction, the total costs Intuitive

12   seeks for depositions is $190,077.53.

13              **2.      SIS Cannot Avoid the Costs of *Restore* and *Rebotix* Depositions That
                          Were Identified for Use at Trial.**

14

15       SIS seeks to avoid costs associated with depositions taken in *Restore Robotics LLC* v.

16   *Intuitive Surgical, Inc.*, 5:19-cv-00055-TKW-MJF (N.D. Fla.) ("*Restore* Action") and *Rebotix*

17   *Repair LLC* v. *Intuitive Surgical, Inc.*, No. 8:20-cv-02274-VMC-TGW (M.D. Fla.) ("*Rebotix*

18   Action").  Dkt. 473 at 6–8.  SIS's objection should be overruled for two reasons.

19

20

21

---

22   [2] *Hardwick* v. *County of Orange*, 2017 WL 5664992, at *2–3 (C.D. Cal. Oct. 2, 2017), from the
     Central District of California, is also inapposite.  "[T]he local rule [in the Central District] excludes

23   as taxable 'the cost of videotaping or recording depositions *unless otherwise ordered by the
     Court*.'"  *Id.* at *2 (quoting C.D. Cal. R. 54-3.5(a)) (emphasis added).  There is no such requirement

24   in this District's rules.  Further, in *Hardwick,* the court noted that "[d]efendants could have used,
     and did use, only printed deposition transcripts to impeach the witnesses, and offer no justification

25   for the video depositions aside from impeachment."  *Id.* at *2.  Here, by contrast, the video
     depositions were played during trial, not just used to impeach witnesses—and nearly all of the

26   depositions were played by SIS during its case-in-chief.

27   [3] In the few instances in which invoices did not disaggregate the costs of expedited delivery,

28   Intuitive has reduced the costs it was seeking associated with those line items to reflect regular,
     rather than expedited, delivery.  *See, e.g.*, Dkt. 470-2 (Brachman Decl. App'x A) at 9 n.12.

*First*, SIS ignores that the parties agreed and the Court ordered that depositions from the *Restore* and *Rebotix* Actions were to be treated "as if they were taken in the N.D. Cal. Cases." Dkt. 95 at 2.

*Second*, Intuitive is not seeking costs associated with *all* depositions in the *Restore* and *Rebotix* Actions, but only the depositions of those witnesses that were included on either of the parties' trial witness lists in this matter. *See* Dkt. 470-1 at ¶ 5; *see also* Dkt. 278-3. Of these 40 or so depositions, all but one was identified as a trial witness *by SIS*. *See* Dkt. 470-2; Dkt. 278-3. Furthermore, of the depositions actually played at trial, more than half were from the *Restore* or *Rebotix* Actions, and these depositions were all played by SIS, not Intuitive. Thus, copies of the *Restore* and *Rebotix* depositions for both parties' trial witnesses, which the parties agreed were to be used as if they were taken in this case, were necessary to review SIS's proposed deposition designations, and otherwise prepare for trial. Such costs are allowable. That was the Court's conclusion in *Monolithic Power Systems, Inc.* v. *O2 Micro International Ltd.*, 2011 WL 13154032 (N.D. Cal. Mar. 3, 2011). The *Monolithic* court held that because it had ordered that depositions and other discovery in a related International Trade Commission ("ITC") investigation could be used in the case, the nearly $100,000 in costs associated with depositions taken in that investigation that were "relevant and obtained for use in this case" were recoverable. *Id.* at *7. *See also Gustave* v. *SBE ENT Holdings*, *LLC*, 2021 WL 4463149 (S.D. Fla. Sept. 10, 2021) ("[28 U.S.C. § 1920(2)] permits a court to tax costs for any 'transcript necessarily obtained for use in the case'" and imposes no requirement "that the deposition from which the transcript is made be taken in the case").

SIS has failed to provide any support for its asserted categorical rule that depositions taken in another case are not taxable. *See* Dkt. 473 at 4–5. Neither case SIS cites for this proposition holds as much. In *Linex Technologies* v. *Hewlett-Packard Co.*, 2014 WL 5494906, at *4, the court declined to tax costs for depositions that, like *Monolithic*, were taken in a related ITC investigation. Unlike *Monolithic*, however, the court was not "convinced that the expenses related to taking the ITC depositions were necessarily incurred in th[at] case," where the witnesses had been re-deposed

in the pending case. *Id.* at *4.[4]  As noted above, although the court declined to tax these specific costs, it nevertheless awarded over $700,000 to the prevailing defendants.   Likewise, in *GATX/Airlog Co.* v. *Evergreen International Airlines Inc.*, 2002 WL 35651304, at *3 (N.D. Cal. June 24, 2002), the court disallowed costs associated with depositions from other litigations because the party seeking costs "offered only vague and general reasons why expenses attributable to separate parties and separate actions were incurred in connection with its defense of the [instant] action."  Both cases are readily distinguishable because the parties here agreed that depositions in the *Restore* and *Rebotix* Actions could be used "as if they were taken in the N.D. Cal. Cases," Dkt. 95 at 2, and because SIS included numerous witnesses that had been deposed in the *Restore* and *Rebotix* Actions on its witness list and in fact played a number of the *Restore* and *Rebotix* depositions at trial.

Finally, SIS notes that the *Restore* and *Rebotix* Actions were dismissed, with all parties to bear their own costs and fees.  Dkt. 473 at 6.  But that only further supports Intuitive's request here, because it confirms that Intuitive is not seeking duplicative recovery.  *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2014 WL 12635766, at *4 ("Best Buy's prior . . . settlement agreements expressly state that each side will bear its own fees and costs.  Therefore, the present fee application does not present the danger that Best Buy's attorneys will recover twice, or recover more in fees than were incurred." (internal citation omitted)).

### 3.    SIS Is Not Entitled to Split Costs with the Hospital Plaintiffs.

SIS also asserts that it should be liable for only half of the deposition costs that Intuitive reasonably and necessarily incurred in this action, urging that the other half should be borne by the plaintiffs ("Hospital Plaintiffs") in a separate action, *In Re: Da Vinci Surgical Robots Antitrust Litigation*, No. 21-cv-03825 (N.D. Cal.) ("Hospital Case"), at some hypothetical point in the future when Intuitive prevails in the Hospital Case.  *See* Dkt. 473 at 8–9.

---

[4] On the other hand, the court held that costs associated with document production in the same ITC investigation were taxable because "[h]ad the ITC investigation not taken place, Apple would have incurred the same document production-related costs in this case that it incurred producing those documents during the ITC investigation."  *Linex Technologies*, 2014 WL 5494906, at *5.

1   SIS's argument directly contradicts "the presumption embodied in Rule 54(d) of the

2   Federal Rules of Civil Procedure . . . that a prevailing party is entitled to recover *all of its costs*."

3   *Concord Boat Corp.* v. *Brunswick Corp.*, 309 F.3d 494, 497 (8th Cir. 2002) (emphasis added);

4   *Hynix Semiconductor Inc.* v. *Rambus Inc.*, 697 F. Supp. 2d 1139, 1143 (N.D. Cal. 2010) (quoting

5   *Concord Boat,* 309 F.3d at 497)).   Courts within the Ninth Circuit have thus considered, and in

6   many cases rejected, arguments that costs should be apportioned even between multiple parties in

7   the same action—let alone parties in different actions, as here.  *See Mesa Underwriters Specialty*

8   *Ins. Co.* v. *Iverson*, 2018 WL 5309944, at *2 (N.D. Cal. July 5, 2018); *GS Holistic, LLC* v. *Cali*

9   *Smoke Depot LLC*, 2024 U.S. Dist. LEXIS 85413, at *24 (C.D. Cal. May 8, 2024); *Andresen*, 2015

10  WL 3648972, at *6.

11  SIS cites *Hynix Semiconductor Inc.* v. *Rambus Inc.*, but that case undercuts SIS's argument.

12  697 F. Supp. 2d at 1147.  There, the court awarded $764,839.93 out of $790,234.35 in costs sought

13  by the prevailing party, reasoning that costs should *not* be apportioned as to other plaintiffs in

14  consolidated and coordinated cases, unless the objecting party could show that "costs incurred by

15  [the defendant] in pursuing the parties other than [the plaintiff in the instant action] . . . could, with

16  reasonable certainty, be 'disaggregated' from those costs necessary for the litigation of the issues

17  raised by [the plaintiff]."  *Id.* at 1144.  Specifically as to depositions, the *Hynix* court held that the

18  "[party opposing costs] has the burden of establishing that any [] claimed costs are so uniquely

19  particular to other [parties in other actions] that it is inequitable to tax them against [that party]."

20  *Id.* at 1147.  SIS has failed to disaggregate or identify unique costs incurred by Intuitive in this

21  action only relevant to the Hospital Case that are irrelevant to SIS.[5]  Further, any argument that

22  depositions taken in this case were not relevant to issues in this case is belied by SIS's own trial

23  witness list, which included the majority of the fact witnesses deposed during the consolidated

24  discovery, including many representatives of the Hospital Plaintiffs.  Dkt. 278-3 at 2–9.

25

26  [5] If SIS means to argue that the costs for depositions of experts taken in the Hospital Case are not
    taxable, that is largely irrelevant.  Intuitive is seeking costs associated with only one expert
27  deposition taken in the Hospital Case, the deposition of Eugene Rubach.  The reason for this is
    that although Dr. Rubach was only disclosed as an expert and deposed in the Hospital Case, SIS
28  included him on its trial witness list as someone who may have been called by deposition.

SIS also argues that awarding full costs would be inequitable because "there is no mechanism by which SIS may recover contribution from the Hospital Plaintiffs if it pays all the taxable deposition costs." Dkt. 473 at 8. That is not inequitable, but simply rather a consequence of having separate trials, with SIS's case being tried first, which SIS not only agreed to but advocated for. And in any event, this argument is again foreclosed by *Hynix*:

> [W]hether or not [plaintiff] may seek contribution from the other [plaintiffs] at the appropriate time does not result in a balance of the equities in favor of [plaintiff]. Even if [plaintiff] is unable to seek contribution from the other [plaintiffs in other related actions], as long as the costs taxed to [plaintiff] are approximately what they would have been had [plaintiff] been the only [plaintiff], there is no unfairness in taxing all such costs to [plaintiff]. The other [plaintiffs] may obtain a windfall of sorts, but as between [plaintiff] and [defendant, the prevailing party], there is no inequity in a full cost award.

697 F. Supp. 2d at 1145.

SIS next argues that there is no serious risk that Intuitive will not be able to collect the remainder of its costs from this action in the Hospital Case. Dkt. 473 at 8. This argument flips the presumption that Intuitive is entitled to its full costs in this case, where it has already prevailed. As the *Hynix* court explained, "it would not be fair to [Intuitive] to impose upon it the risk of non-collection for [a portion] of its otherwise presently recoverable costs, particularly in light of the delay that will occur before it is determined whether [Intuitive] is the ultimate prevailing party against [the Hospital Plaintiffs]." *Id.* at 1145; *see also Concord Boat*, 309 F.3d at 497 ("In the absence of strong opposing considerations, it would be inequitable to place the risk of noncollection on the prevailing party.").

Lastly, SIS suggests awarding full costs could be inequitable because it could lead to duplicative recovery. Dkt. 473 at 8. Again, the *Hynix* court rejected this argument. *Id.* at 1144. The court found no significant risk of duplicative recovery, since, if defendant prevailed in those other actions, defendant would not seek reimbursement for the same costs from the other plaintiffs. *Id.* at 1144.[6]

---

[6] The only case other than *Hynix* that SIS cites, *GATX/Airlog Co.*, involved an entirely different situation to that present here, as the two cases at issue had been consolidated, rather than merely coordinated. 2002 WL 35651304, at *3. Also unlike here and *Hynix*, both the instant action and the consolidated action had been resolved and in settling the consolidated action, the party seeking costs, "waived its entitlement to any costs incurred in defense of th[at] action." *Id.* at *3. Given

1

\*    \*    \*

2

In sum, SIS has not carried its burden to exclude the cost of (1) videotaping depositions or

3 (2) depositions from *Restore* and *Rebotix* identified for use in this trial, nor has it shown (3) that

4 apportioning costs between SIS and the Hospital Plaintiffs is warranted.  Accordingly, Intuitive

5 should be awarded $183,156.18 in deposition costs and $6,921.35 in costs incurred to reproduce

6 deposition exhibits.

7

### C.    Intuitive Should be Awarded $38,665.00 in Document Discovery Costs.

8

Pursuant to Civil Local Rule 54-3(d)(2), "[t]he cost of reproducing disclosure or formal

9 discovery documents when used for any purpose in the case is allowable."  Intuitive seeks to

10 recover $38,665.00 in costs related to the production of formal discovery documents.  Dkt. 470-1

11 ¶ 6.

12

SIS does not object to taxing the document production costs Intuitive seeks to recover.  *See*

13 Dkt. 473 at 9. Instead, SIS requests that it be taxed for only half of these costs.  *Id.*  For the same

14 reasons discussed above with respect to deposition costs, *see* Section II.B.3, this request should be

15 rejected and SIS should be taxed the full amount of $38,665.00 in this category.

16

### D.    Intuitive Should Be Awarded $248,868.25 in Visual Aid Costs.

17

Pursuant to Civil Local Rule 54-3(d)(5), "[t]he cost of preparing charts, diagrams,

18 videotapes, and other visual aids to be used as exhibits is allowable if such exhibits are reasonably

19 necessary to assist the jury or the Court in understanding the issues at the trial."  Furthermore,

20 "[a]mple Ninth Circuit authority supports awarding graphics consulting fees pursuant to section

21 1920."  *Juno Therapeutics, Inc.* v. *Kite Pharma, Inc.*, 2020 WL 2220206, at \*3 (C.D. Cal. Apr. 2,

22 2020).  Intuitive seeks $248,868.25 in costs incurred in preparing charts, diagrams, and other visual

23 aids that were used as demonstrative exhibits at trial in this matter.  Dkt. 470-1 ¶¶ 9–11.

24

SIS first objects to Intuitive's requested costs as "unreasonably large."  Dkt. 473 at 10.

25 However, courts have found similar amounts incurred in creating visual aids to be reasonably

26

27 this context, the court opted to award only a portion of the party's costs.  *Id.  GATX/Airlog* appears
to be an outlier in the Ninth Circuit, and, given the factual differences, is clearly distinguishable

28 from this case.

necessary, particularly in cases like this one, which involve complicated technology and many millions of dollars in potential damages. For example, the court in *Apple* v. *Samsung* awarded $458,487.50 in costs for "trial graphics and demonstratives" in a complex patent trial. 2015 WL 4967769, at *9–10. Likewise, the court in *Competitive Technologies* v. *Fujitsu Ltd.*, 2006 WL 6338914 (N.D. Cal. Aug. 23, 2006), awarded $133,003 in costs[7] to the defendant for demonstratives that had been used at a *Markman* hearing, court-requested technology tutorial, and summary judgment hearing. The *Competitive Technologies* court noted that the "complicated subject-matter of the patents-in-suit made it reasonably necessary for the parties to prepare visual aids to help educate the Court," and "the jury would have needed similar assistance" if the case had proceeded to trial. *Id.* at *9 (quotation marks and citation omitted). The Court further explained that "[g]iven the potential financial impact of this lawsuit, the cost of the demonstratives was reasonable in light of their usefulness." *Id.* And, the court in *California Institute of Technology* v. *Broadcom Ltd.*, 2020 WL 13042578, at *1–2 (C.D. Cal. Aug. 13, 2020), granted an award of $246,132 in costs for visual aids for a technology tutorial and *Markman* hearing in what the court described as a "complicated patent case, with complicated technology," that "resulted in a $1.1 billion award." *Id.* at *2 (quotation marks omitted); *see also Juno Therapeutics*, 2020 WL 22220206, at *3–4 (awarding $190,677.15 in costs for visual aids).

The visual aid costs in this case are likewise reasonable given the nature and magnitude of this proceeding. SIS sought approximately $140 million in damages, which would have been trebled to approximately $420 million had SIS prevailed. And the products at issue were complex medical devices, which necessitated visually demonstrating to the jury how those devices operated and, thus, why Intuitive's concerns about modifications to those devices were reasonable and pro-competitive. Trial also required explaining to the jury economic concepts and making visual presentations regarding Intuitive's history and financial performance to rebut SIS's allegations.

---

[7] Adjusting for inflation, $133,003 in August 2006 dollars is approximately $207,215 in January 2025 dollars, using the CPI Inflation Calculator promulgated by the U.S. Bureau of Labor Statistics, https://www.bls.gov/data/inflation_calculator.htm.

Given the large amount of damages at issue and the complicated technology and concepts, Intuitive's expenditure on visual aids was reasonable.

SIS next argues that Intuitive's request for these visual aid costs should be denied because Intuitive did not sufficiently itemize or detail the precise costs sought. *See* Dkt. 473 at 10–12. That argument is contradicted by the invoices supporting Intuitive's bill of costs. Intuitive submitted invoices from its two graphics vendors—Impact Trial Consulting (Dkt. 470-13) and Fulcrum Legal Graphics (Dkt. 470-14)—that itemize the work done by each, and show that the entries for which Intuitive seeks to recover its costs consist of the physical preparation and production of its demonstratives.

Without any discussion of the contents of the actual entries in these invoices, SIS labels them in conclusory fashion "the equivalent of a 'bill for services rendered,'" and asserts that they are "insufficient" to distinguish between taxable and non-taxable costs Dkt. 473 at 11. To the contrary, the itemized invoices identify the particular person who worked on each project and a description of their work, including reference to the particular witnesses or other trial phases for which their work would be used. By way of example only, the Impact Trial Consulting invoice reflects entries such as:

- On December 13, 2024, Alison von Dollen spent 3.25 hours to, "Develop and/or edit slides for use on Intuitive surgical presentations – Smith, Martin, Duque, Opening. Research and develop concepts. Produce callouts, timelines, charts, graphs or tables. Create slides."

- On December 16, 2024, Allison Zheng spent 6.5 hours working on, "Rosa deck edits, Smith deck edits, quality control, Bero-Johnson demonstratives."

- On January 14, 2025, Christine Chen spent 8 hours, "Working directly with trial team and expert witnesses for real-time slide edits or last minute changes. Coordinate logistics of trial boards. Review slides during witness run-throughs. Making revisions to slides and creating testimony slides for closings."

- On January 28, 2025, Allison Zheng spent 4.5 hours making "edits to closing slides."[8]

---

[8] Courts have held that Civil Local Rule 54-3(d) "allows recovery for materials 'to be used' at trial and does not require actual use of each item so prepared." *Apple*, 2015 WL 4967769, at *9 (citing *Shum* v. *Intel Corp.*, 682 F. Supp. 2d 992, 1000 (N.D. Cal. 2009), *aff'd*, 629 F.3d 1360 (Fed. Cir. 2010)). Thus, even though closing arguments were not given in this matter, Intuitive may recover costs for visual aids prepared for closings, and other visual aids that were prepared for but ultimately not used at trial.

Dkt. 470-13 at 3, 9, 12. As these entries demonstrate, the costs Intuitive seeks for Impact's work are those incurred in the creation of demonstratives for use at trial, specifically PowerPoint presentations for use with witness examinations, opening statements, and closing arguments. These are the sorts of costs that courts have found may be taxed. Indeed, one of the cases cited by SIS, *Fitbug Ltd.* v. *Fitbit, Inc.*, 2015 WL 2251257, at *4 (N.D. Cal. May 13, 2015), found that "physical acts of preparing a slide template of use with [the defendant's] demonstratives," and the "physical acts of incorporating comments from counsel and making stylistic changes, referred to [in] invoices as 'Continue Slide Deck Revisions . . .' and 'Review of PowerPoint Draft . . .' are taxable because they reflect the physical preparation of the contents separately decided upon by counsel."

The Fulcrum Legal Graphics invoices similarly include entries for time spent on tasks such as "Animation production," "graphics development," and similar tasks. Dkt. 470-14 at 4–5. The "animation" and "graphics" referred to in these entries depicted the operation of Intuitive's EndoWrist surgical instruments and were shown to the jury in Intuitive's opening argument and in witness demonstratives, and would have been shown to the jury again in Intuitive's closing argument. The costs of producing those demonstratives are identifiable from the invoices, and are taxable. It does not matter that those animations were developed in conjunction with the *Restore* and *Rebotix* Actions, *see* Dkt. 473 at 11, because they were used in the trial in *this matter*, and were reasonably necessary to assist the Court and the jury in *this case* in understanding how EndoWrists function. Such costs would have been incurred by Intuitive in this case, had they not been incurred in the *Restore* and *Rebotix* Actions, and Intuitive is not seeking double recovery. Fulcrum's costs, totaling $37,607.00, are, therefore, taxable to SIS.

Accordingly, Intuitive should be awarded $248,868.25 in costs incurred in preparing charts, diagrams, and other visual aids that were used as demonstrative exhibits at trial in this matter.

## **CONCLUSION**

The Court should award Intuitive **$504,510.55** in costs for the reasons set forth above, and in Intuitive's Bill of Costs and related filings, Dkt. 470, 471.

Dated:  March 6, 2025

By: /s/ Kenneth A. Gallo
       Kenneth A. Gallo

Kenneth A. Gallo (*pro hac vice*)
Paul D. Brachman (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 204-7420
Email: kgallo@paulweiss.com
Email: pbrachman@paulweiss.com

William B. Michael (*pro hac vice*)
Crystal L. Parker (*pro hac vice*)
Daniel A. Crane (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email: wmichael@paulweiss.com
Email: cparker@paulweiss.com
Email: dcrane@paulweiss.com

Joshua Hill Jr. (SBN 250842)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:  (628) 432-5100
Facsimile:  (628) 232-3101
Email: jhill@paulweiss.com

Sonya D. Winner (SBN 200348)
**COVINGTON & BURLINGTON LLP**
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone:  (415) 591-6000
Facsimile:  (415) 591-6091
Email: swinner@cov.com

Kathryn E. Cahoy (SBN 298777)
**COVINGTON & BURLINGTON LLP**
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, California 94306-2112
Telephone:  (650) 632-4700
Facsimile:  (650) 632-4800
Email: kcahoy@cov.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Andrew Lazerow (*pro hac vice*)
**COVINGTON & BURLINGTON LLP**
One City Center, 850 Tenth Street NW
Washington, DC 20001-4956
Telephone:  (202) 662-6000
Facsimile:  (202) 662-6291
Email: alazerow@cov.com

*Attorneys for Defendant*
*Intuitive Surgical, Inc.*

**CERTIFICATE OF SERVICE**

On March 6, 2025, I caused a copy of Defendant's Response to Plaintiff's Objections to Defendant's Bill of Costs to be electronically filed via the Court's Electronic Case Filing System, which pursuant to the Court's order of September 29, 2008, constitutes service in this action on counsel of record for Surgical Instrument Service Company, Inc.

Dated: March 6, 2025                    By:  */s/ Kenneth A. Gallo*
                                              Kenneth A. Gallo