UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURGICAL INSTRUMENT SERVICE COMPANY, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Defendant. | Case No. 21-cv-03496-AMO<br><br>**ORDER RE BILL OF COSTS**<br><br>Re: Dkt. No. 470 |

Before the Court is Defendant Intuitive Surgical, Inc.'s ("Intuitive") bill of costs. On January 30, 2025, the Court entered judgment pursuant to Federal Rule of Civil Procedure 54(b) in Intuitive's favor and against Plaintiff Surgical Instrument Service Company, Inc. ("SIS") on all remaining claims pending against Intuitive. Dkt. No. 462. On February 13, 2025, Intuitive filed its bill of costs, requesting a total of $524,938.57 for four (4) categories of costs: (1) reporters' transcripts, (2) depositions, (3) reproduction and exemplification, and (4) witness expenses. Dkt. No. 470. SIS objects to the full amount of costs sought by Intuitive. Dkt. No. 473. Having read the papers filed by the parties and carefully considered their arguments therein, as well as relevant legal authority, and good cause appearing, the Court hereby rules as follows.

**I.  DISCUSSION**

"An award of standard costs in federal court is normally governed by Federal Rule of Civil Procedure 54(d)." *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003). The types of costs that may be awarded under Rule 54(d) are limited to those enumerated in Title 28 U.S.C. § 1920. *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 573 (2012); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987). Taxable costs under Title 28 U.S.C. § 1920 include: (1) filing fees and other court fees, (2) fees for transcripts

"necessarily obtained for use in the case," (3) costs of exemplification and copies also "necessarily obtained," (4) certain fees for printing and witnesses, (5) docket fees under 28 U.S.C. Section 1923, and (6) costs of court-appointed experts or compensation for interpreters.

Rule 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc); *accord Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (recognizing presumption in favor of awarding costs to the prevailing party and providing that "the losing party must show why costs should not be awarded"). "This discretion, however, is not without limits." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014) (citation omitted). "A district court must specify reasons for its refusal to award costs." *Id.* (quotation marks and citation omitted). "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Id.* at 1247-48 (citation omitted). "This is not an exhaustive list of good reasons for declining to award costs, but rather a starting point for analysis." *Id.* at 1248 (quotation marks and citation omitted).

SIS objects to Intuitive's bill of costs (A) generally, and (B) specifically to (1) reporter's transcripts, (2) deposition transcripts and video recordings, (3) formal discovery documents, and (4) visual aids. SIS does not object to Intuitive's recovery of $10,905.95 for the reproduction of trial exhibits or $4,645.24 in witness fees and expenses, and the Court will therefore award those uncontested sums in the total calculated below. The Court considers SIS's objections in turn.

### A.   General Objection to the Total Amount

SIS "generally objects" to Intuitive's costs "because the amount is unreasonably large." Dkt. No. 473 at 2. However, general objections to costs are not permitted under the Civil Local Rules, which require "specific objections to any item of cost." Civil L.R. 54-2(a). Further, the circumstances of this case gave rise to significant costs. For example, trial lasted more than three weeks, with some 31 witnesses testifying, including eleven live witnesses, 18 videotaped depositions, and two witnesses who testified both live and via videotaped deposition. The subject

matter included complex engineering, medical, economic, and business issues. In light of the complexity of the case, the significant sums of money involved, and the unavailability of a "general" objection to a bill of costs, the Court OVERRULES SIS's general objection.

### B. Objections to Specific Categories of Costs

#### 1. Reporter's Transcripts

Civil Local Rule 54-3(b)(1) "allow[s] for recovery of costs for one copy of the trial transcript." Intuitive seeks to recover $14,621.58 in costs incurred to obtain daily trial transcripts in this matter. Brachman Decl. (Dkt. No. 470-1) ¶ 4.

SIS objects to Intuitive's request for costs incurred to obtain daily trial transcripts and cites *Andresen v. International Paper Co.*, 2015 WL 3648972 (C.D. Cal. June 10, 2015), for the proposition that daily transcript fees are not recoverable absent prior judicial approval. Dkt. No. 473 at 4. However, the *Andresen* case applied a Central District of California local rule specifically requiring prior approval for daily transcripts. *Id.* at *6. This District does not have a corresponding rule, and there was no obligation for Intuitive to obtain prior approval to recover costs for daily trial transcripts.

In the alternative, SIS argues that Intuitive's allowable costs for trial transcripts should be reduced by $3,273.00 to remove the cost of obtaining a second copy of each day's transcript. Dkt. No. 473 at 4. Intuitive does not contest this reduction. Dkt. No. 475 at 8.

Therefore, the Court SUSTAINS SIS's objection in part and reduces the taxable cost to an award of $11,348.58 in costs for trial transcripts.

#### 2. Deposition Transcripts and Video Recordings

Intuitive seeks to recover $200,311.20 in costs incurred to obtain deposition transcripts and video recordings, and $6,921.35 in costs incurred to reproduce deposition exhibits. Brachman Decl. ¶ 5. SIS does not object to Intuitive recovering costs associated with transcripts or exhibits. *See* Dkt. No. 473 at 8. SIS also does not object to taxing costs associated with any of the specific depositions taken in this action for which Intuitive seeks recovery. *See id.* But SIS objects to Intuitive's recovery of costs of copies for video depositions in addition to copies of transcripts of the same deposition, SIS objects to Intuitive's recovery of depositions taken in other cases, and

3

1  SIS objects to the apportionment of the full costs of depositions to SIS rather than sharing those
2  costs with plaintiffs in the case administratively related to this one.  The Court takes up these
3  contentions in turn.

### a. Videotape Deposition Costs

Section 1920 allows costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  Pursuant to Civil Local Rule 54-3(c)(1), "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable."  Additionally, pursuant to Civil Local Rule 54-3(c)(3), "[t]he cost of reproducing exhibits to depositions is allowable if the cost of the deposition is allowable."

SIS avers that "[a]dditional costs incurred in videotaping depositions for which stenographic written transcripts were also obtained are not allowable costs."  Dkt. No. 473 at 5 (citing *Hardwick v. Cty. of Orange*, SACV 13-1390-JLS (ANx), 2017 WL 5664992 (C.D. Cal. October 2, 2017)).  SIS's argument, as well as the cases cited in support, does not apply here because "the local rule [in the Central District] excludes as taxable 'the cost of videotaping or recording depositions unless otherwise ordered by the Court.' "  *Hardwick*, 2017 WL 5664992, at *2 (quoting C.D. Cal. R. 54-3.5(a)).  This District's Rules do not impose a similar requirement and, to the contrary, expressly allow for the recovery of the cost for a deposition, including videotaped deposition.  Civil L.R. 54-3(c)(1).  Indeed, "courts in this district routinely allow a prevailing party to recover costs for videotaped deposition transcripts under § 1920(2)."  *Vericool World LLC v. Igloo Prods. Corp.*, No. 22-CV-02440-HSG, 2024 WL 3641380, at *2 (N.D. Cal. July 31, 2024) (citing *Opticurrent, LLC v. Power Integrations, Inc.*, No. 17-CV-03597-EMC, 2019 WL 2869954, at *2 (N.D. Cal. July 3, 2019)).  And courts in this District find that "fees for both the videotaped and stenographic versions of the same transcript are taxable."  *Opticurrent*, 2019 WL 2869954, at *2 (quotation marks and citation omitted) (awarding costs of videotaping depositions where defendant "fail[ed] to show [plaintiff's] decision to videotape the deposition was unreasonable"), aff'd, 815 F. App'x 547 (Fed. Cir. 2020).  The Court thus OVERRULES SIS's objection to taxation of videotape deposition costs.

4

### b. Costs for Depositions Taken in Other Cases

In addition to the costs for depositions taken in this case, Intuitive seeks to recover costs associated with "a subset of depositions taken in the *Restore* and *Rebotix* actions of witnesses who were listed on the parties' trial witness lists in this matter[.]" Brachman Decl. ¶ 5.[1] SIS objects to the cost of depositions that were taken in the *Restore* and *Rebotix* Actions. Intuitive argues that it is entitled to recover the costs for the depositions taken in the *Restore* and *Rebotix* Actions because (1) the parties agreed and the Court ordered that depositions from those actions were to be treated "as if they were taken" in this case or the related class action, Dkt. No. 95 at 2; and (2) Intuitive seeks only to recover for the depositions of those witnesses that were included on either of the parties' trial witness lists in this matter, *see* Brachman Decl. ¶ 5; *see also* Dkt. No. 278-3. While those deposition transcripts may have been necessarily used in this case, the costs have already been accounted for. Both the *Restore* and *Rebotix* Actions were dismissed pursuant to joint stipulations of dismissal that specified each party would bear its own costs and fees. *See Restore Robotics*, No. 5:19-cv-55-TKW-MJF (N.D. Fla.) Dkt. No. 224; *Rebotix Repair*, No. 8:20-cv-02274-VMC-TGW (M.D. Fla.) Dkt. No. 193. Therefore, Intuitive is not entitled to recover any of the $64,103.44 in costs associated with these depositions from separate actions brought by Restore and Rebotix, costs Intuitive already agreed to bear as a condition of those dismissals. Deducting these non-taxable costs from the total amount sought by Intuitive leaves $143,129.11 remaining for the deposition costs Intuitive claims are taxable and were incurred in connection with this case.

### c. Splitting Costs with Plaintiffs in Related Case

SIS also asserts that it should be liable for only half of the deposition costs that Intuitive reasonably and necessarily incurred in this action, urging that the other half should be borne by the plaintiffs ("Hospital Plaintiffs") in a separate action, *In Re: Da Vinci Surgical Robot Antitrust Litigation*, No. 21-cv-03825 (N.D. Cal.). *See* Dkt. No. 473 at 8-9. SIS fails to cite, however, any case in which a court apportioned costs across separate cases. SIS cites *Hynix Semiconductor Inc.*

---

[1] The "*Restore* Action" is *Restore Robotics LLC v. Intuitive Surgical, Inc.*, No. 5:19-cv-55-TKW-MJF (N.D. Fla.), and the "*Rebotix* Action" is *Rebotix Repair LLC v. Intuitive Surgical, Inc.*, No. 8:20-cv-02274-VMC-TGW (M.D. Fla.).

*v. Rambus Inc.*, but that case merely stands for the premise that courts retain discretion in determining apportionment of costs under a default rule of losing parties' joint and several liability for costs. Dkt. No. 473 at 8 (citing *Hynix*, 697 F. Supp. 2d 1139, 1143 (N.D. Cal. 2010)). There, the court awarded $764,839.93 out of $790,234.35 in costs sought by the prevailing party, reasoning that costs should not be apportioned to other plaintiffs in consolidated and coordinated cases unless the objecting party could show that "costs incurred by [the defendant] in pursuing the parties other than [the plaintiff in the instant action] . . . could, with reasonable certainty, be 'disaggregated' from those costs necessary for the litigation of the issues raised by [the plaintiff]." *Hynix*, 697 F. Supp. 2d at 1144. Specific to the cost of depositions, the *Hynix* court held that the party opposing costs retained the "burden of establishing that any [] claimed costs are so uniquely particular to other [parties in other actions] that it is inequitable to tax them against [that party]." *Id.* at 1147. Here, SIS fails to disaggregate or identify unique costs incurred by Intuitive in this action that would be irrelevant to SIS yet only relevant to the related class action. Further, as the *Hynix* court explained, "it would not be fair to [the prevailing party] to impose upon it the risk of noncollection for [a portion] of its otherwise presently recoverable costs, particularly in light of the delay that will occur before it is determined whether [the prevailing party] is the ultimate prevailing party against" the party who has not lost to the prevailing party. *Id.* at 1145; *see also Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 497 (8th Cir. 2002) ("In the absence of strong opposing considerations, it would be inequitable to place the risk of noncollection on the prevailing party."). SIS accordingly fails to bear its burden to show that apportioning costs between SIS and the Hospital Plaintiffs is warranted.[2]

### 3. Formal Discovery Documents

Pursuant to Civil Local Rule 54-3(d)(2), "[t]he cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable." Intuitive seeks to

---

[2] As referenced by SIS in another section of its brief, "for purposes of assessing costs, separate actions brought by [different plaintiffs] must stand on [their] own feet." *GATX/Airlog Co. v. Evergreen Int'l Airlines, Inc.*, No. C 96-2494 CW, 2002 WL 35651304, at *3 (N.D. Cal. June 24, 2002) (internal quotation marks, citation omitted); *see also* Dkt. No. 473 at 5-6. The independence of this separate action against Intuitive further weighs against SIS's proposed apportionment of costs.

1    recover $38,665.00 in costs related to the production of formal discovery documents. Brachman

2    Decl. ¶ 6. SIS objects on the basis just discussed – SIS contends that the costs of production

3    should be split in half and apportioned across this case and the related case. *See* Dkt. No. 473 at 9.

4    However, for the same reasons discussed above, and given SIS's failure to establish that the

5    expenses were unnecessary to Intuitive's defense of this case, the Court must reject SIS's effort to

6    split the costs with the plaintiffs in the related case. The Court OVERRULES SIS's objection and

7    will award Intuitive $38,665.00 in costs related to the production of formal discovery documents.

### 4.     **Visual Aids**

Pursuant to Civil Local Rule 54-3(d)(5), "[t]he cost of preparing charts, diagrams, videotapes, and other visual aids to be used as exhibits is allowable if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at the trial." Intuitive seeks $248,868.25 in costs incurred in preparing charts, diagrams, and other visual aids that were used as demonstrative exhibits at trial in this matter. Brachman Decl. ¶¶ 9-11.

SIS initially objects to Intuitive's request for visual aids costs on the basis that the nearly-quarter-million-dollar sum is unreasonably large. *See* Dkt. No. 473 at 10. In support of its proposed reduction for unreasonably large visual aid expenses, SIS cites *Hardwick v. Cty. of Orange*, 2017 WL 5664992. *See* Dkt. No. 473 at 10. However, the *Hardwick* court did not merely reduce the taxable amount as too large a monetary sum; rather, it relied on the distinct Central District of California Local Rules to reduce taxable costs based on the prevailing party's "overly voluminous" exhibits and block billing related to the preparation of trial presentation documents. *Hardwick*, 2017 WL 5664992 at *3-5. This Court declines to shrink the amount requested merely based on the size of the bill, particularly in light of the cases cited by Intuitive demonstrating similarly substantial costs for trial graphics and demonstratives. *See, e.g.*, Dkt. No. 475 at 17 (citing *Apple Inc. v. Samsung Elecs. Co.*, No. 5:12-CV-00630-LHK, 2015 WL 4967769, at *10 (N.D. Cal. Aug. 20, 2015) (granting prevailing party $458,487.50 for trial graphics costs)).

SIS further objects to Intuitive's request for visual aids costs as inadequately supported by itemized and detailed documentation. *See* Dkt. No. 473 at 10-12. Intuitive submitted an invoice from Impact Trial Consulting, its vendor, that itemizes the work done. Dkt. No. 470-13. Contrary

7

1   to SIS's contention, the invoices show that the entries for which Intuitive seeks to recover its costs
2   consist of the physical preparation and production of its demonstratives. *Id.* The itemized invoice
3   identifies the particular person who worked on each project and a description of their work,
4   including reference to the particular witnesses or other trial phases for which their work would be
5   used. *See* Dkt. No. 470-13; *cf. Fitbug Ltd. v. Fitbit, Inc.*, No. 13-1418 SC, 2015 WL 2251257, at
6   *4 (N.D. Cal. May 13, 2015) (finding contractor invoice descriptions such as "Continue Slide
7   Deck Revisions . . ." and "Review of PowerPoint Draft . . ." to be taxable under Local Rule 54-
8   3(d)(5) "because they reflect the physical preparation of the contents separately decided upon by
9   counsel."). The cost Intuitive seeks for the work of Impact was incurred in the creation of
10  demonstratives for use at trial, including PowerPoint presentations for use with witness
11  examinations, opening statements, and closing arguments, and Intuitive is accordingly entitled to
12  recover that cost.

13  On the other hand, Intuitive seeks to recover the costs associated with developing visual
14  aids from Fulcrum Legal Graphics. Dkt. No. 470-14. Review of the Fulcrum invoices reveals that
15  the visual aids in question were prepared in 2022, in connection with the *Restore* and *Rebotix*
16  Actions. For the reasons discussed above, Intuitive is not entitled to recover for expenditures
17  arising from that earlier litigation in which it committed to bear its own costs.

18  Therefore, Intuitive is entitled to recover $211,261.25 related to visual aids incurred in this
19  case, but Intuitive is not entitled to recover the $37,607 expenditure incurred in the *Restore* and
20  *Rebotix* Actions.
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

## II. CONCLUSION

For the foregoing reasons, the Court SUSTAINS in part and OVERRULES in part SIS's objections. The Court finds Intuitive is entitled to the following costs:

- Trial transcripts: $11,348.58
- Video deposition copies and transcripts: $143,129.11
- Trial exhibits: $10,905.95
- Witness fees and expenses: $4,645.24
- Production of formal discovery documents: $38,665.00
- Visual aids: $211,261.25

Based on these figures, the Court finds that Intuitive is entitled to a total award of **$419,955.13** in costs.

**IT IS SO ORDERED.**

Dated: October 7, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**